Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Morgan T. Nickerson (*pro hac vice forthcoming*)
morgan.nickerson@klgates.com
**K&L GATES**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Telephone: 617.261.3134
Facsimile: 617.261.3175

*Attorney for Plaintiff*
*Epson America, Inc.*

*Epson America, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP,<br><br>Defendant. | Civil Action No.: 8:23-cv-00222<br><br>**COMPLAINT FOR:**<br><br>1. **FALSE ADVERTISING / UNFAIR COMPETITION - LANHAM ACT; and**<br><br>2. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200 *et seq.***<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

COMPLAINT

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of defendant Global Aiptek Inc. d/b/a GAC Technology Group's ("GAC" or "Defendant") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. This is an action for trademark infringement including unfair competition and false advertising arising under the Lanham Act, 15 U.S.C. § 1051, et seq. and Business and Professions Code §§ 17200 et seq. GAC's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

3. This Court has supplemental jurisdiction over the related state law claims asserted in this action pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims providing this Court original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Indeed, the state law claims arise from the same set of operative facts common to the federal claim and the resolution of those claims serves the interests of judicial economy.

4. GAC is subject to personal jurisdiction in this forum because it misrepresented the nature of products to residents of the State of California and this District; because GAC has caused injury to Epson's trademarks in the State of California and this District; because GAC practices the unlawful conduct complained of herein, in part, within the State of California and this District; because GAC regularly conducts or solicits business within the State of California and this District; because GAC regularly and systematically directs electronic activity into the State of California and this District with the manifest intent of engaging in business within the State of California and this District, including the sale and/or offer for sale of products

COMPLAINT

to Internet users within the State of California and this District, as well as, upon information and belief, entry into contracts with residents of the State of California and this District through the sale of items through various online retail platforms.

5.     Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391. Given that California has more than one judicial district and GAC is subject to personal jurisdiction in California in connection with this action, venue is proper in this District because GAC's contacts with this District would be sufficient to subject it to personal jurisdiction if this District were a separate State.  *See* 28 U.S.C. § 1391(d).

**PARTIES**

6.     Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California.  It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano. Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories.  Epson has been a leading innovator in its field since it was founded in 1942.

7.     Upon information and belief, Defendant Global Aiptek Inc. d/b/a GAC Technology Group is an Illinois corporation with a place of business in Chicago, Illinois.  It sells, *inter alia*, projector products through online platforms such as https://www.hp-projector.com/ and www.bhphotovideo.com, as well as third-party marketplaces.

8.     This action seeks redress for Defendant's deliberate and unlawful misleading representations regarding the light output of its projectors.  Defendant uses false claims regarding the light output of its projectors in its product descriptions and advertising.

///

///

///

# FACTS GIVING RISE TO THIS ACTION

### A.    Portable Consumer Projectors

9.    While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

10.    Today, consumers use digital projectors in the same way as television or computer screens.  Digital projectors receive video signals from external devices, such as computers, and "project" those signals onto a screen.

11.    Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently-mounted projectors for home theaters.

12.    Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and light output.

13.    Projector light output is measured and described in lumens.  The higher the lumen rating, the brighter the projector, and, all else being equal, the more it will likely cost.

14.    The lumen rating for a projector is one of the most important and immediately recognizable projector features for consumers, and one that necessarily impacts consumer choice.

### B.    Epson Projectors

15.    Epson is recognized throughout the world and the United States as a leading projector manufacturer.

16.    As a market leader, Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors.  Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

///

///

17.     Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available.

### C.     Defendant's False Advertising of its Projectors

18.     Defendant is a direct competitor of Epson in the portable consumer projector market.   Defendant sells and offers for sale projectors to consumers throughout the United States via various online commerce sites including, but not limited to https://www.hp-projector.com/ and www.bhphotovideo.com, as well as third-party marketplaces.

19.     Defendant sells its projectors under various models including, but not limited to, the following: HP BP5000, HP CC200, and HP MP250.

20.     Defendant utilizes the ANSI standard for measuring the brightness of its projectors.     The ANSI Standard establishes protocols for measuring and communicating important performance attributes of projectors - including how to measure and communicate lumens.

21.     On www.bhphotovideo.com, Defendant advertises the brightness value of "4500 Lumen" for its HP BP5000 projector:



22.  On Defendant's website, the same projector is advertised with a brightness of "6000 Laser Lumens" or "2500 ANSI":





23.  On www.bhphotovideo.com, Defendant advertises the brightness value of "200 Lumen" for its HP CC200 projector:

1



2

3

4

5

6

7

8

9

10

11    24.    On Defendant's website, the same projector is advertised with a

12  brightness of "200 LED Lumens":

13



14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8



25.    On www.bhphotovideo.com, GAC advertises the brightness value of its "HP MP250" projector as "250-Lumen":



26.    On Defendant's website, the same projector is advertised with a brightness of "250 LED Lumens":

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7
COMPLAINT

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20



21    27.    As shown above, each of the above brightness values are prominently
22 displayed in the both the projectors' listing page titles as well as throughout the
23 projectors' listing pages.

24    28.    Throughout each of its products' pages, Defendant touts the brightness
25 performance of its projectors in both the product's title and throughout its description
26 of the product's performance, even though, Defendant is aware that "led lumens" and
27 "laser lumens" refer to the light source brightness of a projector, rather than the
28 projector's output brightness.

COMPLAINT

29.    Unlike a projector's output brightness, the light source brightness of a projector is irrelevant to a consumer's purchasing decision and is used by Defendant solely to mislead and confuse a potential customer.

30.    Defendant makes these claims, recognizing the importance of brightness to a consumer.

31.    In order to gain initial traction in the United States projector marketplace, GAC is purposefully and deceptively inflating the brightness specification of its projectors.

32.    Epson tested the brightness of several of Defendant's projector models. Of the projector models tested by Epson, each GAC model tested significantly below its advertised brightness value.

33.    As shown by Epson's testing, GAC is significantly misrepresenting the light output of its projectors to consumers and causing confusion in the marketplace.

34.    As a result, purchasers of any of GAC's projectors are likely to be, and have actually been, misled and deceived by GAC's literally false product labeling, descriptions, and advertisements.

35.    Consumers expect the represented product specifications to be accurate for GAC's projectors, as they base their purchasing decisions in large part on these representations.  In fact, consumers that purchase Defendant's projectors receive projectors with drastically lower performance outputs.

36.    GAC's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase Defendant's products over Epson's products.

37.    The natural, probable, and foreseeable result of GAC's wrongful conduct has been to cause confusion, deception, and mistake in the consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

COMPLAINT

38.    By means of example, after having a poor experience with GAC's projector with an improperly inflated lumen value of "4500 lumen," the consuming public is less likely to purchase a projector with a lumen rating of 4500 lumens as consumers will be unaware that GAC's "4500 lumen" projector is not representative of the performance of a true 4500 lumen projector.  This causes irreparable harm to Epson as well as to the entire portable projector marketplace.

39.    Epson is informed and believes that GAC's wrongful conduct has resulted in increased sales and market share of GAC's projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

40.    Epson has sustained and will continue to sustain irreparable damages as a result of GAC's wrongful conduct, unless enjoined.

## COUNT I

### False Advertising / Unfair Competition - Lanham Act

41.    Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42.    Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products.  These advertisements contain actual misstatements and/or misleading statements, including the light outputs of its projectors - attributes important to a consumer's purchasing decision.  These literally false statements and product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers.  This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

43.    Defendant's false and misleading advertisements constitute unfair competition and injure both consumers and Epson.

44.    Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

COMPLAINT

45.    Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law.  As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

46.    Defendant's actions are willful and done solely to improperly gain market share.

47.    Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendant the damages sustained by Epson as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

48.    Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendant the gains, profits, and advantages that it has obtained as a result of its unlawful acts.  Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

49.    Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action.  Moreover, Epson is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II

### Violation of Business and Professions Code §§ 17200 et seq.

50.    Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51.    The California Unfair Competition Law, codified at Business and Professions Code sections 17200, et seq., prohibits any unlawful, unfair, or fraudulent business act or practice.

///

COMPLAINT

52.     GAC's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, et seq.

53.     GAC's misconduct has a tendency and likelihood to deceive members of the public.

54.     The foregoing acts and practices have caused substantial harm to Epson.

55.      As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of GAC, Epson has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

56.     GAC's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Epson of property and/or legal rights or otherwise causing injury.  GAC's conduct subjected Epson to unjust hardship in conscious disregard of the Plaintiff's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Epson to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of GAC.

## **PRAYER FOR RELIEF**

WHEREFORE, Epson prays for judgment against GAC as follows:

A. For temporary, preliminary, and permanent injunctive relief prohibiting GAC, its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of GAC to sell their products, from engaging in false or misleading advertising with respect to its projector products, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of all GAC's products from online commerce sites, such as, but not limited to, Amazon.com, as well as retail stores, until such a time as GAC can correct its false or misleading advertisements;

1  B. For an order requiring GAC to correct any erroneous impression consumers

2     may have derived concerning the nature, characteristics, or qualities of GAC's

3     projectors, including without limitation, the placement of corrective advertising

4     and providing written notice to the public and its prior customers;

5  C. That GAC be adjudged to have violated 15 U.S.C. § 1125(a) and Business and

6     Professions Code §§ 17200 et seq. by unfairly competing against Epson by

7     using false, deceptive or misleading statements of fact that misrepresent the

8     nature, quality, and characteristics of Defendant's projectors;

9  D. That Epson be awarded damages it has sustained in consequence of Defendant's

10    conduct including, but not limited to, its loss of market share;

11 E. That Epson be awarded Defendant's profits obtained by Defendant as a

12    consequence of its conduct;

13 F. That such damages and profits be trebled and awarded to Epson as a result of

14    Defendant's willful, intentional, and deliberate acts in violation of Section 43

15    of the Lanham Act, 15 U.S.C. § 1125(a);

16 G. That Epson be awarded exemplary and punitive damages;

17 H. That Epson recover its costs and reasonable attorneys' fees;

18 I.  That all of Defendant's misleading and deceptive materials and products be

19    destroyed as allowed under 15 U.S.C. § 1118;

20 J.  That Epson be granted prejudgment and post judgment interest; and

21 K. That Epson be awarded such further relief as the Court deems just and proper.

22

23 Respectfully submitted,

                                    **K&L Gates LLP**

24 Date: February 6, 2023          By:  /s/ Zachary T. Timm
                                        Christina N. Goodrich
25                                      Morgan T. Nickerson (*pro hac vice*
                                        *forthcoming*)
26                                      Zachary T. Timm

27                                      *Attorney for Plaintiff*
                                        *Epson America, Inc.*
28

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff Epson America, Inc. hereby demands a trial by jury on all issues so

3   triable.

4    Respectfully submitted,

5                                                    **K&L Gates LLP**

6   Date: February 6, 2023                  By:  */s/ Zachary T. Timm*
                                                 Christina N. Goodrich
                                                 Morgan T. Nickerson (*pro hac vice*
7                                                *forthcoming*)
                                                 Zachary T. Timm
8
                                                 *Attorney for Plaintiff*
9                                                *Epson America, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

DEMAND FOR JURY TRIAL