**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com

*Attorneys for Plaintiff
Epson America, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC. | Case No.: 8:23-cv-00222-FWS-DFM |
| Plaintiff, | [Assigned to the Hon. Fred W. Slaughter, Courtroom 10D] |
| v. | **JOINT RULE 26(f) REPORT** |
| GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP, | |
| Defendant. | |
| | Date:  June 1, 2023<br>Time:  9:00 a.m.<br>Location:  10D |
| | Complaint Filed:  February 6, 2023 |

Pursuant to the Court's Order Setting Scheduling Conference (Dkt. 17), Rule 26(f) of the Federal Rules of Civil Procedure, and Local Rule 26, Plaintiff Epson America, Inc. ("Epson") and Defendant Global Aiptek Inc. d/b/a GAC Technology Group ("GAC"), by and through their respective counsel, having conducted a conference in accordance with Rule 26(f) on May 9, 2023, hereby respectfully submit the following Joint Rule 26(f) Report in anticipation of the Scheduling Conference set for 9:00 a.m. on June 1, 2023.

## A. STATEMENT OF THE CASE

Epson's Position: This is a false advertising case. Specifically, Epson seeks redress for GAC's deliberate and unlawful misleading representations regarding the light output of its portable consumer projectors in its product descriptions and advertising.

Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories. GAC is a direct competitor of Epson in the portable consumer projector market. GAC sells its projectors under various models including, but not limited to, the HP BP500, HP CC200, and HP MP250. In order to gain initial traction in the United States projector marketplace, GAC is purposefully and deceptively inflating the brightness specification of its projector. For example, on www.bhphotovideo.com, GAC advertises its HP BP500 projector, with a brightness value of "4500-Lumen" and on its own website, GAC advertises the same projector with a brightness value of "600 Laser Lumens" or "2500 ANSI". Moreover, on www.bhphotovideo.com, GAC advertises its HP CC200 projector with a brightness value of "200 Lumen" and its HP MP250 projector as "250 Lumen", and on its own website, GAC advertises the same projectors with a brightness value of "200 LED Lumens" and "250 LED Lumens." However, Epson tested the brightness of several of GAC's projectors, and of the projectors tested by Epson, each GAC projector tested significantly below its

advertised brightness value.

GAC's purposeful inflation of the brightness specification of its projectors has not gone unnoticed by consumers and there is evidence of actual confusion and harm in the marketplace. The lumen rating (the measurement of light output) for a projector is one of the most important and immediately recognizable projector features for consumers, and one that necessarily impacts consumer choice. These false and misleading representations are designed to entice consumers to purchase GAC's products over Epson's products. As such, GAC's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public.

GAC's Position:

The claims asserted and remedies sought by Epson are barred because GAC's representations are true, the measurements were properly tested by GAC, and the projector industry has adopted Laser Lumen and LED Lumen as acceptable measurements. Epson does not manufacture LED projectors, instead manufacturing incandescent bulb projectors which bulbs have a substantially shorter life span than LED bulbs. To unfairly compete with LED projector manufacturers such as GAC, Epson has filed numerous lawsuits against smaller manufacturers to silence LED projector manufacturers from publishing LED brightness projector specifications. Indeed, Epson has been aware of GAC's products and advertisements for years and has unnecessarily delayed suit to GAC's detriment, and should thus be barred from recovery under the doctrine of laches.

Finally, this Court lacks personal jurisdiction over GAC Technology Group. Thus, Epson should be precluded from any recovery.

### B. SUBJECT MATTER JURISDICTION

This Court had jurisdiction over the subject matter of this Complaint pursuant to 15. U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

**C. LEGAL ISSUES**

Epson's Position:  The primary disputed legal issues include:

1) Whether GAC's false and misleading representations regarding the light output of its portable consumer projector in its product descriptions and advertising violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)?

2) Whether GAC's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200?

3) Whether Epson is entitled to disgorgement of GAC's profits pursuant to 15 U.S.C. § 1117?

GAC's Position:

1. Whether the Court has personal jurisdiction over GAC.

2. Whether Epson's claims for relief are barred under the equitable doctrine of laches because Epson has been aware of GAC's products and advertisements for years but has unnecessarily delayed suit to GAC's detriment.

3. Whether GAC's representation regarding the brightness of its LED and laser projectors is based on a good-faith reliance on test results.

4. Whether Epson suffered actual harm as a result of GAC's actions.

**D. DAMAGES**

As set forth in its Complaint, Epson seeks:

1) Injunctive relief prohibiting GAC and its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of GAC from selling its products, including removal of GAC's products from online commerce sites, such as Amazon.com, as well as retail stores, until GAC corrects its false or misleading advertisements;

2) An order directing GAC to issue corrective advertising and destroy any existing misleading and deceptive materials or products;

3) An award of Epson's actual damages;

4) An award of disgorgement of GAC's profits;

5) An award of treble damages pursuant to 15 U.S.C. § 1125; and

6) An award of costs, reasonable attorneys' fees, and pre- and post-judgment interest.

GAC does not currently seek damages but it asserts that it is entitled to its attorneys' fees and costs from defending against Epson's allegations, and that Epson is not entitled to any monetary or injunctive relief.

**E. PARTIES AND EVIDENCE**

<u>Parties:</u>

1. Plaintiff Epson America, Inc.
    a. Plaintiff Epson America, Inc. is 100% owned by U.S. Epson, Inc., a holding company. Seiko Epson Corporation, a publicly-held Japanese corporation, owns 100% of U.S. Epson, Inc.
2. Defendant Global Aiptek Inc. d/b/a GAC Technology Group
    a. Defendant Global Aiptek Inc. d/b/a GAC Technology Group.

<u>Percipient Witnesses</u>

<u>Epson's Position:</u> Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Epson expects that Corporate Representative(s) of Global Aiptek will have information pertaining to its corporate structure, employees, sales data, profits, advertised products, product specifications, product sales, product source, consumer complaints, and substantiation for its advertised claims regarding the condition of its products' light output, among other relevant information.

A Corporate Representative of Epson America, Inc. will have knowledge regarding the consumer projector market in general, how light output is measured and advertised at Epson, Epson's sales of projectors in North America, and the effect

of Defendant's improper conduct on Epson's projector sales.

There may be individuals, as yet unidentified by Epson who possess discoverable information. Epson reserves the right to supplement its disclosures if additional information becomes available.

GAC's Position:

- Frank Sheu, President, Global Aiptek, Inc.
- Representative from Epson most knowledgeable regarding projector design and bulb choice.
- Representative from Epson most knowledgeable regarding marketing and advertising of projectors.
- Representative from Epson most knowledgeable regarding business strategy and projector market share growth.

Key Documents:

Epson's Position: Epson expects key documents to include documents relating to GAC's portable consumer projector(s), including documents demonstrating and/or testing the brightness of each. Epson additionally expects key documents to include documents relating to GAC's advertising and/or sale of its portable consumer projectors(s). Epson further expects key documents to include those relating to GAC's profits arising from or relating to its portable consumer projector(s).

There may be additional documents, as yet unidentified by Epson, that are relevant and/or key to this Action, and Epson reserves the right to supplement its disclosure if ad when such additional information becomes available.

GAC's Position: GAC expects key documents to include those relating to Epson's internal discussions regarding GAC and increasing Epson's market share, as well as monthly sales of Epson's products. Key documents will also include Laser Lumen and LED Lumen specifications, as well as the aforementioned test results relied upon by GAC in advertising and promoting its products. GAC will also

request key documents from Epson related to third party cease and desist letters, lawsuits, and settlements.

### F. INSURANCE

There is neither insurance coverage nor insurance-related issues involved in the instant matter.

### G. MANUAL FOR COMPLEX LITIGATION

The Parties believe this matter is not complex and does not require the procedures of the Manual for Complex Litigation. There are only two parties, and the parties do not expect a voluminous amount of documents or witnesses.

### H. MOTIONS

The Parties do not anticipate filing any motions to add parties or amend their pleadings. GAC does intend to move to challenge personal jurisdiction and venue.

### I. DISPOSITIVE MOTIONS

<u>Epson's Position</u>: Epson intends to file a motion for summary judgment as to all claims in this case at the earliest available opportunity, and as discovery in this action supports.

<u>GAC's Position</u>:

GAC intends to file a motion for summary judgment as to all claims in this case at the earliest available opportunity, and as discovery in this action supports.

### J. STATUS OF DISCOVERY

Epson has served initial written discovery on GAC, which the Parties have agreed is deemed to have been served on May 9, 2023.

The Parties have agreed that discovery responses and responsive documents will be provided on a rolling basis as long as the Parties continue good-faith settlement negotiations.

### K. DISCOVERY PLAN

<u>Initial Disclosures</u>: The Parties do not seek any changes in the form or requirement for disclosures under Rule 26(a) of the Federal Rules of Civil

Procedure. The Parties shall serve their initial disclosures by June 9, 2023.

<u>Discovery Subjects, Timing, Phasing</u>: The Parties expect to conduct discovery including requests for production of documents, electronic materials, and things, interrogatories, requests for admissions, and deposition testimony. The Parties do not believe that discovery needs to be phased.

*Epson's preliminary list of subjects on which discovery shall be obtained:* Among other things, Epson intends to seek the discoverable information pertaining to the following subjects:

1) GAC's advertisements on www.hp-projector.com, www.bhphotovideo.com, Amazon.com and elsewhere;
2) GAC's communications with the manufacturer of its projectors;
3) Packaging of GAC's projectors;
4) Source information for GAC's projectors;
5) Distribution of GAC's projectors;
6) Testing performed by or on behalf of GAC concerning the light output of its projectors;
7) Consumer complaints received by GAC concerning projector sales and light output;
8) GAC's online posting information;
9) GAC's sales data.

Epson reserves its right to add additional subjects as the case develops and discovery proceeds. Epson's preliminary list of subjects is not intended to be inclusive or preclusive and is made without waiving Epson's right to object to GAC's discovery as necessary.

*GAC's preliminary list of subjects on which discovery shall be obtained:* GAC intends to seek the discoverable information including but not limited to:

1) Epson's monthly sales between 2015 and present;
2) Epson's internal communications and documents regarding GAC and

advertising/marketing;

    3)    Cease and desist letters to third parties;

    4)    Documents, including records and reports, related to LED and incandescent bulb testing;

    5)    Epson's documents concerning the light output of its incandescent bulb projectors as compared to LED bulb projectors;

    6)    Studies and reports on the superior longevity of LED bulbs;

    7)    Settlements between Epson and third parties; and

    8)    Market share threats from LED companies.

GAC reserves its right to add additional subjects as the case develops and discovery proceeds.

<u>Electronically Stored Information ("ESI")</u>: The Parties stipulate that all electronically stored information shall be produced with an acceptable load file in .dat, .lfp, or other agreed-upon file type. Each load file shall be accompanied by .tif images with associated text searchable ("OCR") .txt files. Excel spreadsheets shall be produced in native format. All documents shall be Bates labeled in sequential order. All redactions shall be listed on an accompanying privilege log. The Parties' obligations for the production of ESI shall not otherwise extend beyond those imposed by the Federal Rules of Civil Procedure.

Counsel for each Party has instructed their respective clients to preserve discoverable ESI.

<u>Privilege</u>: The parties stipulate that all privileged materials requested in discovery shall be listed on a privilege log up to the filing of the Complaint, but excluding any privileged communications thereafter.

The Parties acknowledge that regardless of the diligence of any Party, an inadvertent production of privileged or attorney work product documents may occur. If a producing party, through inadvertence, produces or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, the

producing party may claw back the protected document by making a written request to the receiving party specifically identifying the protected document, including the date, author, addressees, and topic of the document, as well as a brief explanation substantiating the claim of privilege. If these conditions are met, the receiving party shall destroy or return to the producing party such inadvertently disclosed materials and all copies thereof within five (5) calendar days of receipt of the written request. The inadvertent production of privileged documents does not constitute a waiver of the privilege and the receiving party may not bring a motion to compel based on any alleged waiver caused by the inadvertent production. Return of the materials shall not constitute an admission or concession, or permit any inference, that the returned materials are, in fact, properly subject to a claim of privilege or immunity from discovery.  When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

Limitations on Discovery:  The Parties agree that the normal limitations on the number of interrogatories as provided by the Federal Rules of Civil Procedure and the Local Rules should apply to this case (25 each per party).  The Parties agree that the normal limitations on the number of depositions as provided by the Federal Rules of Civil Procedure should apply to this case (10 each per side); the 10 depositions shall include the depositions of fact witnesses, but not expert witness depositions.  Each deposition shall not exceed one seven-hour day unless agreed to by the parties or ordered by the Court prior to conducting the deposition. The Parties may petition the Court for leave to take additional depositions upon a showing of good cause.

Service of Discovery:   The Parties have stipulated that written discovery requests and responses shall be served via e-mail to the following:

*For Epson*:

Morgan T. Nickerson (*morgan.nickerson@klgates.com*)

Shaina M. Lefkowitz (*shaina.lefkowitz@klgates.com*)

Zachary T. Timm (*zach.timm@klgates.com*)

Christina N. Goodrich (*christina.goodrich@klgates.com*)

*For GAC:*

Milord A. Keshishian (*milord@milordlaw.com*)

Kirstin Jensvold-Rumage (*kirstin@milordlaw.com*)

Emily Mifflin (*emily@milordlaw.com*)

## L. DISCOVERY CUT-OFF

The Parties agree that Fact Discovery shall be completed by January 25, 2024, as set forth in the Proposed Schedule of Pretrial and Trial Dates, attached hereto as Exhibit A. Discovery shall be initiated so as to enable the opposing party to serve a response within the period allowed by the rules but in advance of the deadline.

## M. EXPERT DISCOVERY

The Parties agree that Expert Discovery shall be completed by March 7, 2024 as set forth in Exhibit A. Initial Expert Reports shall be disclosed by February 8, 2024. Rebuttal Expert Witness Reports shall be disclosed by February 22, 2024.

## N. SETTLEMENT CONFERENCE AND ALTERNATIVE DISPUTE RESOLUTION

The Parties have engaged in preliminary, settlement discussions, and have exchanged drafts of an agreement. However, the parties remain apart on core terms. Pursuant to Local Rule 16-15.4, the Parties choose ADR Procedure No. 1, a settlement proceeding before a magistrate judge.

## O. TRIAL ESTIMATE

Trial will be buy jury, and the Parties anticipate that the Court's standard four (4) day timed jury trial, where each side is given ten (10) hours (excluding jury selection, opening statement and closing argument) will suffice.

///

///

### P. TRIAL COUNSEL

*For Epson*:

    Morgan T. Nickerson (*morgan.nickerson@klgates.com*)

    Christina N. Goodrich (*christina.goodrich@klgates.com*)

    Zachary T. Timm (*zach.timm@klgates.com*)

*For GAC*:

    Milord A. Keshishian (*milord@milordlaw.com*)

    Kirstin Jensvold-Rumage (*kirstin@milordlaw.com*)

### Q. MAGISTRATE JUDGE

The Parties do not agree to try the case before a Magistrate Judge.

### R. INDEPENDENT EXPERT OF MASTER

The Parties do not believe there is a need to appoint a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert.

### S. SCHEDULE WORKSHEET

The Parties submit the attached Schedule of Pretrial and Trial Dates Worksheet (Exhibit A).

### T. OTHER ISSUES

At this time, the Parties are not aware of any other issues affecting the status or management of the case. The parties plan to file a protective order to protect their confidential and proprietary business information.

The Parties agree to electronic service of all documents in this action at the following email addresses:

*For Epson*:

    Morgan T. Nickerson (*morgan.nickerson@klgates.com*)

    Shaina M. Lefkowitz (*shaina.lefkowitz@klgates.com*)

    Zachary T. Timm (*zach.timm@klgates.com*)

    Christina N. Goodrich (*christina.goodrich@klgates.com*)

///

*For GAC:*

  Milord A. Keshishian (*milord@milordlaw.com*)

  Kirstin Jensvold-Rumage (*kirstin@milordlaw.com*)

  Emily Mifflin (*emily@milordlaw.com*)

Dated:           K&L GATES LLP

            By: */s/ Zachary T. Timm*
              Christina N. Goodrich
              Zachary T. Timm

              Attorneys for Plaintiff
              Epson America, Inc.

Dated:           MILORD & ASSOCIATES, P. C.

            By: */s/ Milord A. Keshishian*
              Milord A. Keshishian

              Attorney for Defendant
              Global Aiptek Inc. d/b/a GAC
              Technology Group

## **SIGNATURE ATTESTATION**

  Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

            K&L GATES LLP

            By: */s/ Zachary T. Timm*
              Zachary T. Timm

# EXHIBIT A
## PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: Epson America, Inc. v. Global Aiptek Inc., d/b/a GAC Technology Group

CASE NO: 8:23-cv-00222-FWS-DFM

| Matter | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| Jury Trial [Tuesday at 8:30am within 18 months after Complaint Filed] Est. Duration: 4 Days | 8/6/2024 | 8/6/2024 | |
| Final Pretrial Conferences, Hearing on Motion in Limine [Thursday at 8:30am at least 12 days before trial] | 7/25/2024 | 7/25/2024 | |

| Matter | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| Last Day to Hear Motions to Amend Pleadings/Add Parties [Thursday] | 6/29/2023 | 6/29/2023 | |
| Fact Discovery Cut-Off [26 weeks before FPTC, no later than deadline for filing dispositive motions] | 1/25/2024 | 1/25/2024 | |
| Last Day to Serve Initial Expert Reports [24 weeks before FPTC] | 2/8/2024 | 2/8/2024 | |
| Last Day to Serve Rebuttal Expert Reports [22 weeks before FPTC] | 2/22/2024 | 2/22/2024 | |

| | | |
|---|---|---|
| Expert Discovery Cut-Off<br>[20 weeks before FPTC] | 3/7/2024 | 3/7/2024 |
| Last Date to <u>Hear</u> Motions [Thursday]<br>• Motion for summary Judgment due at least 6 weeks before hearing<br>• All other motions due at least 4 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 weeks after Opposition is filed<br>[12 weeks before FPTC] | 5/2/2024 | 5/2/2024 |
| Deadline to Complete Settlement Conference [L.R. 16-15] through Private Mediation<br>[10 weeks before FPTC] | 5/16/2024 | 5/16/2024 |
| <u>Trial Filings (first round)</u><br>• Motions *in Limine* with Proposed Orders<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing | 7/3/2024 | 7/3/2024 |

| | | |
|---|---|---|
| Direct Testimony, if ordered (bench trial only)<br><br>[3 weeks before FPTC] | | |
| Trial Filings (second round)<br><br>- Oppositions to Motions *in Limine*<br>- Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>- Joint/Agreed Proposes Jury Instructions (jury trial only)<br>- Disputed Proposed Jury Instructions (jury trial only)<br>- Joint Proposed Verdict Forms (jury trial only)<br>- Proposed Additional Voir Dire Questions, if any (jury trial only)<br>- Evidentiary Objections to Declarations of Direct Testimony (bench trial only)<br><br>[2 weeks before FPTC] | 7/11/2024 | 7/11/2024 |