Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klates.com
Morgan T. Nickerson (*admitted pro hac vice*)
morgan.nickerson@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 8th Flr.
Los Angeles, CA 90067
T: (310) 552-5000
F: (310) 552-5001

*Attorneys for Plaintiff*
*Epson America, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP,<br><br>Defendant. | Civil Action No. 8:23-cv-00222-FWS-DFM<br><br>[Assigned to the Hon. Fred W. Slaughter, Courtroom 10D]<br><br>**STIPULATION AND REQUEST FOR ORDER TO MODIFY SCHEDULING ORDER AND FOR LEAVE FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:   February 6, 2023<br><br>Trial Date:           April 15, 2025 |

**STIPULATION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

## REQUESTED COURT ACTION

Pursuant to Fed. R. Civ. P. 15(a) and 16(b) and this Court's March 5, 2024 Order Modifying the Scheduling Order (ECF 33), Plaintiff Epson America, Inc. ("Epson") hereby moves for an order modifying the scheduling order and for leave for Epson to file a First Amended Complaint. A copy of the proposed First Amended Complaint is attached as **Exhibit A**. Defendant Global Aiptek Inc. d/b/a GAC Technology Group ("GAC") consents and stipulates to the relief requested by Epson. This Stipulation is brought based on the following:

## EPSON'S REQUEST

### I. Procedural Background

On February 6, 2023, Epson filed its Original Complaint (ECF 1) against Global Aiptek Inc. d/b/a GAC Technology Group ("GAC") alleging trademark infringement, including unfair competition and false advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and Business and Professions Code §§ 17200 *et seq.* On April 14, 2023, GAC filed its Answer. (DE 15.) On March 4, 2024, the Parties submitted a Second Stipulation to Continue Pretrial and Trial Dates from December 10, 2024 to April 15, 2025. (ECF 32.) On March 5, 2024, this Court issued a Case Management Order (ECF 33) modifying the prior Scheduling Order (ECF 31). The Court granted the Parties request for a brief continuance of the trial and associated dates to allow sufficient time for the Parties to complete all outstanding discovery. The Court declined, however, to continue the deadline to hear motions to amend pleadings, explaining that the Parties had made an insufficient showing of good cause, and focusing on Epson's diligence. (ECF 33 at fn. 2.)

### II. Epson Has Been Diligent and Good Cause Exists to Modify the Scheduling Order

Under Rule 16, a scheduling order may be modified "upon a showing of good cause." Fed. R. Civ. P. 16; *see also East West Bank v. Shanker*, No. 20-cv-07364-WHO, 2021 WL 3471177, at *2 (N.D. Cal. Aug. 6, 2021) ("Leave to amend

pleadings after the date set for amendment in a scheduling order is governed by [F.R.C.P. 16] and requires a showing of good cause.") (citing *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)).  Good cause focuses on the party's diligence in seeking an amendment following the party's discovery of new facts.  *See Moorhead v. Employment Screening Servs., Inc.*, No. 17-cv-1830-GPC-KSC, 2018 WL 3533267, at *1 (S.D. Cal. July 23, 2018); *see also Juarez v. Auto Zone Stores, Inc.*, No. 08cv417-L(BLM), 2010 WL 3470759 (S.D. Cal. Sept. 3, 2010).  Epson has been diligent and seeks to amend its Complaint as a result of new facts it could not have learned earlier.

Epson first served discovery on GAC in this Action on May 2, 2023, which was deemed served on May 9, 2023, following the Parties Rule 26(f) conference of counsel.  (*See* DE 18 at 7:20-22.)  The Parties thereafter engaged in numerous meet and confer efforts regarding Epson's written discovery and, eventually, attempts to take GAC's deposition.  This included numerous written and telephonic correspondence, as well as a September 28, 2023 discovery hearing before the assigned Magistrate Judge.  (DE 28.)  Such discovery was focused on the facts relevant to this Action, including the two identified websites on which GAC was advertising and selling its products.  (*See* DE 1 at ¶¶ 7, 18, 21- 28 (alleging GAC is falsely advertising its products "through online platforms such a https://www.hp-projector.com/ and www.bhphotovideo.com, as well as third-party marketplaces.")

Recently, GAC began advertising and selling the products in question on Amazon.com—a new development and fact.  Upon discovering this new fact, Epson rapidly sought to amend its complaint.  This included informing GAC of its desire.  Indeed, the parties subsequently entered and filed a stipulation to modify the scheduling order, including the deadline to hear motions for leave to amend.  (DE 32.)  Epson understands from this Court's order that the Court believes said stipulation did not set forth good cause and demonstrate Epson's diligence in seeking to amend its Complaint.  As discussed above, Epson seeks to amend its Complaint

2
**STIPULATION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

now to include newly discovered facts, which could not have been uncovered earlier *because they did not exist earlier*. As such, Epson has been diligent in seeking to amend and good cause therefore exists.

### III. Leave to Amend is Warranted

Once Rule 16 is satisfied, the court may consider amendment under Rule 15. Under Rule 15, leave to amend a pleading shall be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a); *Owens v. Kaiser Foundation Health Plan, Inc.* 244 F.3d 708, 712 (9th Cir. 2001). This policy is to be applied with extreme liberality. *See id.* In determining whether leave to amend is appropriate, courts consider the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility. *See id.* Epson alleges in its Complaint that GAC is falsely advertising its products "through online platforms such a https://www.hp-projector.com/ and www.bhphotovideo.com, as well as third-party marketplaces." (DE 1, at ¶¶ 7, 18, 21- 28.) Recently, GAC began advertising and selling the products in question on Amazon.com.

Epson's proposed First Amended Complaint seeks to include the addition of Amazon.com in the list of online platforms GAC uses to advertise and sell the products in question. Thus, this amendment is not futile, nor is it sought in bad faith.

Epson has not unduly delayed in seeking amendment, as this requested amendment is made soon after the discovery of GAC's new presence on Amazon.com.

Epson has provided GAC with a copy of its Proposed Amended Complaint showing in redline all changes from Epson's Original Complaint.

### IV. GAC Consents and Stipulates to the Requested Relief

While GAC continues to deny any wrongdoing, and further denies Epson has been damaged, it does not oppose the relief requested herein. Indeed, GAC previously stipulated to continue the deadline to hear motions to amend the pleadings until October 24, 2023. (*See* DE 32.) GAC has subsequently been provided with a

3

**STIPULATION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

copy of Epson's proposed First Amended Complaint and consents and stipulates to its filing. Such consent is not an admission of any of the claims or facts alleged in the proposed First Amended Complaint, which GAC denies, and GAC expressly reserves its rights to challenge the merits of the proposed First Amended Complaint.

### V.  Conclusion

WHEREFORE, Epson respectfully requests that this Stipulation to Modify the Scheduling Order and for Leave to file its Amended Complaint be granted.

Dated: April 24, 2024                           K&L GATES LLP

By: /s/ *Zachary T. Timm*
Morgan T. Nickerson (admitted *pro hac vice*)
Zachary T. Timm
Attorneys for Plaintiff
Epson America, Inc.

Dated: April 24, 2024                           MILORD & ASSOCIATES, P. C.

By: /s/ *Kirstin A. Jensvold-Rumage*
Milord A. Keshishian
Kirstin A. Jensvold-Rumage

Attorney for Defendant
Global Aiptek Inc. d/b/a GAC Technology Group

### SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

By: /s/ *Zachary T. Timm*
Zachary T. Timm