Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Kirstin Jensvold-Rumage, SBN 345916
kirstin@milordlaw.com
MILORD LAW GROUP, P.C.
333 South Hope Street, Suite 4025
Los Angeles, California 90071
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Defendant
Global Aiptek Inc. dba GAC Technology Group

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPSON AMERICA, INC., <br><br>　　　　Plaintiff, <br><br>　vs. <br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP, <br><br>　　　　Defendant, | Case No.: 8:23-cv-00222-FWS-DFM <br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br>Date:　　June 27, 2024 <br>Time:　　10:00 a.m. <br>Location: Courtroom 10D, Santa Ana |

**REQUEST FOR JUDICIAL NOTICE**

Defendant GLOBAL AIPTEK INC. ("GAI") hereby requests, pursuant to Rule 201 of the Federal Rules of Evidence and authorities cited below, that the Court take judicial notice of the following, in conjunction with their Motion to Dismiss:

1. Attached hereto as **EXHIBIT A** is a true and accurate copy of the July 14, 2021 HP Inc. authorization letter allowing use of the HP trademark on GT Technology Corp's Projectors, and Defendant GAI's distribution of the HP Projectors under the HP trademark in the United States.

2. Attached hereto as **EXHIBIT B** is a true and accurate copy of the About Us page on the HP Projector website accessible at the following URL: www.hp-projector.com/about.  This page provides the corporate structure of GAC Technology Group, as well as the statement at the bottom of the webpage: "© Copyright 2023 GAC Technology Group, is the official licensee and manufacturer of HP® Projectors, under license from HP Inc."

3. Attached hereto as **EXHIBIT C** is a true and accurate printout of the International Corporation for Assigned Names and Numbers ("ICANN") Lookup page for www.hp-projector.com, listing HP Inc. as the registrant and domain administrator.

4. Attached hereto as **EXHIBIT D** is a true and accurate copy of Epson's website showing the pricing for Epson's Portable Projectors, accessible at the following URL: https://epson.com/For-Work/Projectors/Portable/c/w310.

5. Attached hereto as **EXHIBIT E** is a true and accurate copy of Epson's website showing the pricing for Epson's Professional Projectors, showing the price range "17,000 to 20,999," accessible at the following URL: https://epson.com/For-Work/Projectors/Large-Venue/c/w330?q=%3Aprice-asc%3AdiscontinuedFlag%3Afalse%3AProjectors+Facets%2CBrightness+Range+Lumens%3A17%252C000%2B-%2B20%252C999&text=#scrollTgt_onRefresh.

6. Attached hereto as **EXHIBIT F** is a complete, true and accurate copy of the Amazon.com product listing identified in paragraph 22 of the FAC, accessible at the following URL: https://www.amazon.com/HP-projector-native-Motorized-Eye-

Friendly/dp/B0BTSW16LQ/ref=sr_1_fkmr0_1?crid=3MKEI9F3ARYUL&dib=eyJ2Ijoi MSJ9.v6UtY2e0ZzbPxmHo-ayzuf2ax-rc0Dr4HLMgbFZK652nZWWFPKFm7Og7z69j5zYP.feeuALRdVvqdinVcCDAni11MEAHV-E2R_AkeAcGiJQw&dib_tag=se&keywords=hp+projector+bobtsw16lq&qid=1716254421&sprefix=hp+projector+%2Caps%2C221&sr=8-1-fkmr0.

## BASIS FOR REQUESTING JUDICIAL NOTICE

Federal Rule of Evidence 201 permits courts to take judicial notice of any fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *See also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), overruled on other grounds by 307 F.3d 1119, 1125-26 (9th Cir. 2002).

**Incorporation by Reference**

The Court can take judicial notice of documents referenced in a complaint under the incorporation by reference doctrine, here, the HP Licensing Agreement, attached hereto as **EXHIBIT A**; the www.hp-projector.com website, attached hereto as **EXHIBITS B and C**; and the Amazon.com product listing only partially incorporated into the FAC, attached hereto as **EXHIBIT F**. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (explaining that under the doctrine of incorporation by reference, courts may "consider documents that were not physically attached to the complaint where the documents authenticity is not contested, and the plaintiff's complaint necessarily relies on them"). Because Epson's cause of action for advertising alleges that Global is not licensed to use the HP mark, HP's authorization letter is incorporated by reference. The FAC also references the www.hp-projector.com website, thus the pages can be

incorporated by reference, as too can the Amazon.com listing page in its entirety.

### The www.hp-projector.com Domain Name Registration Record

The ICANN registrant information page for www.hp-projector.com, **EXHIBIT C,** is judicially noticeable. *HMS Stores, LLC v. RGM Distribution, Inc.*, No. 2:14-CV-09730-SVW-E, 2015 WL 1299750, at *2 (C.D. Cal. Mar. 3, 2015) ("The Court GRANTS Defendants' request to judicially notice the registration record for the domain name ModernBath.com.").

### Websites

Websites—such as the www.hp-projector.com website attached as **EXHIBIT B,** and the Epson website, attached as **EXHIBIT D and E—**and their contents may be judicially noticed, if not for their truth, then for the fact that they existed in the public sphere. *Pac. Overlander, LLC v. Kauai Overlander*, 2018 WL 3821070, at *2 (N.D. Cal. Aug. 10, 2018) (*citing Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) ("... [A]s a general matter, websites and their contents may be proper subjects for judicial notice.").

### CONCLUSION

For the foregoing reasons, **EXHIBITS A-F** may be judicially noticed by this Court.

Dated:  May 28, 2024            Respectfully submitted,

MILORD LAW GROUP, P.C.

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Defendants
Global Aiptek, Inc.