1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPSON AMERICA, INC.,<br>    Plaintiff,<br><br>vs.<br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP,<br><br>    Defendant, | Case No.: 8:23-cv-00222-FWS-DFM<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date:     June 27, 2024<br>Time:    10:00 a.m.<br>Location: Courtroom 10D; Santa Ana |

1    Before the court is Defendant Global Aiptek Inc.'s ("Global" or
2  "Defendant") Motion to Dismiss Plaintiff Epson America, Inc.'s ("Plaintiff" or "Epson")
3  First Amended Complaint. (Dkt. 36) ("Motion"). The matter is fully briefed. (*See* Dkts.
4  ** ("Opposition"), ** ("Reply"). Based on the state of the record, as applied to the
5  applicable law, the court **GRANTS** the Motion and **DISMISSES** Plaintiff's First
6  Amended Complaint **WITHOUT LEAVE TO AMEND**.

## I.    Background

This case arises out of Epson's allegations that Global, the U.S. distributor of HP Projectors, is falsely advertising projectors under the HP brand. (Dkt. 36 ("First Amended Complaint" or "FAC") ¶1.) Global is a direct competitor of Epson in the portable consumer projector market. (*Id.*¶17.) At issue in this case is Global's alleged "false claims regarding the light output of its projectors." *Id.* ¶7; ¶27

Epson learned during deposition, from document production, and online statements that Global is the Chicago-based authorized distributor of HP® Projectors ("Projectors"). RFJN Ex. A. The Projectors are made by Global's associated company in China, Global Aiptek Corp d/b/a GT Technology Chongqing Limited ("GAC") under a license from HP Hewlett Packard Group LLC ("HP Inc."). RFJN Ex. A. Both distributor Global and manufacturer GAC are companies in GAC Technology Group. ( RFJN Ex. B.) Epson alleges that Global has misrepresented itself as a licensee of HP Inc.; however, per the FAC the HP license is held by GAC and HP projectors are advertised by GAC Technology Group. (*Id.* ¶34; RFJN Ex. A; RFJN Ex. B ("GAC Technology Group, is the official licensee and manufacturer of HP® Projectors, under license from HP Inc."). Global alleges that the website <www.hp-projector.com> is owned by HP Inc. and clearly lists GAC as an official HP licensee. (RFJN Exs. B and C; FAC ¶6, 17, 20, 22, 24.) Global also alleges that it's allowed to distribute the Projectors as "HP" projectors. *See* RFJN Ex. A.

The court previously granted Epson's leave to file FAC (Dkt. 35.) Epson subsequently filed FAC (Dkt. 36), and the instant Motion seeks dismissal of Epson's FAC in its entirety. Global argues that Epson fails to sufficiently plead false advertising claim: that the *defendant itself* made the false or misleading statements about projector brightness; that Plaintiff's claim for "trademark infringement" are implausible; and FAC should be dismissed in its entirety or alternatively strike allegations. (Mot. at 1-3.)

**II.     Legal Standard**

A. Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (stating that, in ruling on a Rule 12(b)(6) motion, the court may consider attached exhibits). Rule 12(b)(6) allows the court to dismiss a claim where the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content,

must be plausibly suggestive of a claim entitling the plaintiff to relief." *Levy v. adidas AG*, No. CV 18-6542 PSG (MAAx), 2018 WL 5942000, at *2 (C.D. Cal. Nov. 13, 2018) (citing *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)). When the complaint's allegations are refuted by documents, the court need not accept the allegations as true. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Lanham Act false advertising claims are subject to Rule 9(b)'s heightened pleading requirements. *Beyond Blond*, 2022 WL 2036306, at *3. This heightened standard applies when evaluating a Rule 12(b)(6) motion to dismiss. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985). Fraud allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 974–75 (N.D. Cal. 2015) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007)).

Rule 12(e) allows a court to grant a party's motion seeking a more definite statement if the allegations are "so vague or ambiguous that the party cannot reasonably prepare a response." *Palmtree Acquisition Corp. v. Neely*, 2011 WL 3419493, at*2 (N.D. Cal. Aug 4, 2011). A Rule 12(e) motion appropriately seeks clarity where allegations are so general that ambiguity arises in determining the nature of the claim. *Id*; *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994).

Rule 12(f) permits a court to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see, e.g., Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (explaining that district courts enjoy wide discretion under Rule 12(f) and defining "immaterial" and "impertinent" as having no "essential[,]" "important[,]" or "necessary" relationship to suit), *rev'd on other grounds*, 510 U.S. 517 (1994). Where allegations are unrelated to the claims, the court may strike such allegations as prejudicial. *Cortina v. Goya Foods, Inc.*, 94 F.Supp.3d 1174, 1182 (S.D. Cal. 2015) (a court may strike allegations under 12(f) if the "matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise

prejudice a party.").

### III. Discussion
#### A. Trademark Infringement

Under the Lanham Act 15 U.S.C. 1125(a)(1)(B) ("Section 1125") false advertising must be plead with specificity under Rule 9(b)'s heightened pleading standard. *Beyond Blond*, 2022 WL 2036306, at *3. Rule 9(b)'s heightened pleading standard applies not only when fraud is an essential element of a claim, but also where the claim is grounded in fraud. *DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010) ("many district courts have applied this heightened pleading standard to [Lanham Act false advertising] claims that are grounded in fraud, such as misrepresentation claims.").

A Lanham Act false advertising claim must identify "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly false statement, and why it is false." *Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*, No. 19-CV-00494-ABJEMX, 2019 WL 9050859, at *5 (C.D. Cal. Aug. 5, 2019) (citations omitted). A pleading is sufficient under Rule 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973). This requires that a plaintiff allege a false statement, and the "circumstances indicating falseness" must be set forth. *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994).

To sustain a Section 1125 claim, a plaintiff must plead with particularity: (1) a false statement of fact **by the defendant** in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a **substantial segment of its audience**; (3) the **deception is material** because it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter

interstate commerce; and (5) the plaintiff has been or is likely to be injured because of the false statement. *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012).

The court agrees with Global that Epson has failed to plead with particularity: (1) that the advertisements were created by Global, (2) the industry standard controlling projector brightness advertising and how its material (3) that advertising light *source* brightness rather than light *output* brightness is literally false or misleading to consumers without specifying by what standard/reasoning this is actually misleading, (4) Amazon's listing of HP as the manufacturer is literally false and actually misleading because of the licensing agreement, and (5) that a substantial numbers of consumers are likely to be, and actually are, misled by advertising.

In light of the nature the FAC's claims, Exhibits presented by Hlobal, the declaration sought, and the FAC's underlying factual basis, this Court does not finds Epson has not shown with particularity how the advertising light *source* brightness is false advertising.

   i. <u>Epson fails to allege the false advertisement was created by Global</u>

To plead the first prong of a false advertising claim, the plaintiff must plead there is "a false statement of fact **by the defendant** in a commercial advertisement about its own or another's product." *BHRS Grp., LLC v. Brio Water Tech., Inc.*, 553 F. Supp. 3d 793, 799 (C.D. Cal. 2021) (citation omitted) (emphasis added).

Epson cites a third-party website www.bhphotovideo.com and an image from GAC Technology Group's website. (FAC ¶¶ 19-24.) Epson's Section 1125 false advertising claim fails to allege facts that Global *itself* made the advertisements.

   ii. <u>Epson fails to allege the advertisement is Literally False or Misleading</u>

A plaintiff "must set forth what is false or misleading about the statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir.1997). If, however, defendant's statement is only impliedly false, or is literally true but also

likely to mislead or deceive consumers, plaintiff must produce evidence that the statement actually deceived or had a tendency to deceive consumers, and that the deception was material— was likely to influence purchasing decisions. *Century 21 Real Est. Corp. v. RE/MAX S. County*, 882 F. Supp. 915, 922 (C.D. Cal. 1994). The court finds that Epson has failed to allege how Global's use of light *source* brightness is literally false or misleading or actually deceived or has a tendency to deceive consumers

The FAC confuses two distinct measures of brightness: light *source* brightness and light *output* brightness. Though the FAC provides little to no detail on what these two measures of brightness are, it specifically alleges that Defendant Global uses "'led lumens' and 'laser lumens' [to] refer to the light source brightness of [its] projector, rather than the projector's output brightness." FAC ¶26 . Epson then asserts that because Global uses light *source* brightness—LED and laser lumens—to advertise its projectors, customers are misled and confused. *Id.* ¶27. .

Epson's pleading does not satisfy the Rule 9(b) requirements. Epson specifically asserts that the "action seeks redress for [Global's] deliberate and unlawful misleading representations regarding **the light output** of its projectors. Defendant uses false claims regarding **the light output** of its projectors in its product descriptions and advertising." *Id.* ¶7 (emphasis added). Epson does not plead that Global advertises light *output*.

Even *if* the advertisements' mere *use* of light *source* brightness was itself misleading, the FAC does not identify by what standard projectors must be advertised such that Global's alleged advertising is misleading or false.

Thus, the Court requests Epson to provide a more definite statement.

iii. Epson Fails to Plead the Standard for Advertising Projector Brightness, and Why Global's Use of Light Source Brightness is False or Misleading

Epson's failure to allege with particularity *why* or *how* Global's alleged use of light source brightness is literally false—or even misleading—is fatal to its claims. Allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend

-6-

[PROPOSED] ORDER RE DEFENDANTS' MOTION TO DISMISS THE SIXTH AMENDED COMPLAINT

1  against the charge and not just deny that they have done anything wrong." *Semegen*, 780
2  F.2d at 731.  Epson does not identify an industry standard or why Global's alleged use of
3  light *source* brightness is literally false.  While the determination whether an advertising
4  claim is misleading to consumers is evaluated from the public's perspective, "[i]n order
5  to determine whether a claim is literally false courts have looked to objective industry
6  standards ..." *Compaq Comput. Corp. v. Packard Bell Elecs.*, Inc., 163 F.R.D. 329, 336
7  (N.D. Cal. 1995) (citing *Castrol, Inc. v. Pennzoil, Co.*, 799 F.Supp. 424, 436
8  (D.N.J.1992)).  Epson provides not authority on sources regarding industry standard and
9  fails to specifically plead why or how Global's alleged advertising is improper, false, or
10 misleading.

11        Epson fails to specifically identify any industry mandate that only an ANSI
12 measurement must be used in advertising projectors rather than the readily acceptable
13 LED or Laser lumen unit of measurement.  Epson's allegations of where brightness
14 should be measured—source or output—does not meet Rule 9(b)'s heightened pleading
15 standard.  The court is "not bound to accept as true a legal conclusion couched as a
16 factual allegation." *Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted);
17 *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) ("the tenet that a court must accept as
18 true all of the allegations contained in a complaint is inapplicable to legal conclusions."
19 (citing *Iqbal*, 556 U.S. at 678).  "Nor does a complaint suffice if it tenders naked
20 assertion[s] devoid of further factual enhancement." *Id.* at 678 (alteration in original;
21 internal quotation marks omitted).  Thus, the Court orders Epson to plead with
22 particularity their allegations.

          iv.    <u>Epson's Claim of Falsely Advertisement</u>

23
24       The Lanham Act prohibits false advertising as to "the nature, characteristics,
25 qualities, or geographic origin" of the goods, not if the goods originate from a licensor or
26 licensee.  15 U.S.C. § 1125(a)(1)(B).  Epson uses the acronym "GAC" to refer to Global
27 to create confusion with Global's affiliated Chinese company GAC, which relationship
28

was detailed during Global's deposition. RFJN Ex. A. Throughout the FAC, Epson repeatedly alleges that Global has used "the false brand name" and is misleading consumers as to the "brand" of projector. *See, e.g.,* FAC ¶¶ 32-34, 37, 45.

Epson next argues that the advertisement is "literally false" because it lists "HP" next to "Manufacturer" on Amazon's webpage listing, which Global does not control—Amazon does. RFJN Ex. F (complete webpage). Notwithstanding Epson's verifiably untrue allegation in paragraph 33 that Global manufactures its own projectors (HP Projectors are manufactured in China by GAC, not in Illinois by Global).

In *Okyon*, plaintiff rested its doomed Lanham Act false advertising claims on allegations that, without any license from Nintendo, (1) defendant's falsely advertised its product was a "Nintendo Licensed Product" on its Amazon listing, (2) by displaying the Nintendo trademark on the product's packaging to mislead consumers that defendant had a license from Nintendo to officially manufacture the product, and (3) that defendant was authorized to use Nintendo's technologies or patents. *Okyn Holdings Inc. v. Hori (U.S.A.) Inc.*, No. 2:21-CV-09213-AB-PDX, 2022 WL 21805919, at *2 (C.D. Cal. Feb. 24, 2022). The court quickly dismissed plaintiff's Lanham Act claim because it did not meet the heightened pleading standard by "fail[ing] to allege why and how Defendant's use of the Nintendo license mark is misleading and has mislead a substantial portion of consumers and retailers. Instead, Plaintiff's allegations describe and depict Defendant's use of the Nintendo license mark, then state in a conclusory fashion those statements are misleading in three possible ways [listed above]. Plaintiff fails to set forth any facts demonstrating how Plaintiff arrived at that conclusion, which are required to show the allegation is plausible." *Id*. at *6.

Epson fails to allege "why and how" providing the HP mark on listing of goods instead of "manufactured under license from HP" would be misleading, let alone misleading to "a substantial portion of consumers and retailers."

Further, even if Global were infringing HP's mark or wrongfully associating itself with HP, Epson lacks standing to challenge Global's use of the HP® mark under the

-8-
[PROPOSED] ORDER RE DEFENDANTS' MOTION TO DISMISS THE SIXTH AMENDED COMPLAINT

Lanham Act because Epson does not plead that it owns or has any interest in the HP® mark. No allegation links Global's use of the HP® mark and Epson's claimed harm. *See* 5 McCarthy on Trademarks and Unfair Competition § 32:12 (5th ed.) ("In the context of the closely related claim of false advertising alleged to violate Lanham Act § 43(a)(1)(B), 15 U.S.C.A. § 1125(a)(1)(B), proximate causation means that the plaintiff can trace its economic or reputational damage directly to the defendant's misrepresentation"). Global's use of HP®'s mark to advertise its projectors is not only permitted by an express grant by HP®, but Epson does not—and cannot—plead how GAC's use of "HP" harms Epson. In light of the HP Authorization Letter to Global provided by Global, the Court dismisses this cause of action without leave to amend.

### B. Epson Cannot Sustain a UCL Fraud Claim

In failing to plead its Section 1125 claim, Epson's second cause of action must be dismissed because a corporate competitor cannot sustain a California unfair competition claim without first showing said conduct was unlawful under another statute. Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." *Cel–Tech Communications Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999). UCL claims must be "tethered to specific constitutional, statutory, or regulatory provisions"—they are not self-sustaining. *Centex Homes*, 2013 WL 4528956, at *4.

As indicated by the alternative "or" statute's language, each Section 17200 prong—unlawful, unfair, and fraudulent—is analyzed separately and has distinct legal meaning.

    i.   Unlawful: Epson's UCL Claim Fails Alongside its Lanham Act Section 1125 Claim

The UCL's "unlawful" prong "'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'" *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (quoting *Cel–Tech*,

-9-
[PROPOSED] ORDER RE DEFENDANTS' MOTION TO DISMISS THE SIXTH AMENDED COMPLAINT

20 Cal. 4th at 187). Here, only Epson's Lanham Act Section 1125 claim could support a claim under the "unlawful" prong of the UCL. *Finuliar v. BAC Home Loans Servicing, L.P.*, No. 3:11–cv–02629–JCS, 2011 WL 4405659, at *9 (N.D.Cal. Sep. 21, 2011) (citing *People v. McKale*, 25 Cal.3d 626, 635 (1979)). Epson failed to plausibly plead its Section 1125 claim, thus, it cannot sustain its UCL claim under the unlawful prong.

        ii.    Unfair: Epson Does Not Allege that Global's Conduct Violates Antitrust Law

The California Supreme Court has held that "[w]hen a plaintiff who claims to have suffered injury from a direct competitor's 'unfair' act or practice invokes section 17200, the word 'unfair' in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *BHRS Grp.*, 553 F. Supp. 3d at 802 (citation omitted).

Epson does not allege that Global's purported misconduct violates antitrust law or has effects comparable to violating an antitrust law. Rather, Epson merely alleges Global's "wrongful conduct has resulted in increased sales and market share of GAC's projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill." FAC ¶42. Such allegations are mere "labels and conclusions," which, without supporting evidentiary facts—and, here, a specific pleading of an antitrust claim—are not enough to survive a motion under Rule 12(b)(6). *See Twombly*, 550 U.S. at 555. Thus, Epson cannot sustain its UCL claim on the "unfair" prong of the UCL.

        iii.   Fraudulent: As a Competitor and Not a Consumer, Epson Lacks Standing to Bring Fraud Claim

Epson's allegations that Global committed "fraudulent business acts and practices" (FAC ¶¶ 54-55, 58-59), "corporate competitors," such as Epson, are "not entitled to the protection of the [fraudulent] prong of § 17200 because [they] are not a member of the public or a consumer entitled to such protection." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 2014 WL 8097683, at *11 (N.D. Cal., Dec. 23, 2014, C-14-3348 EMC) (citing

*Watson Laboratories, Inc. v. Rhone–Poulenc Rorer, Inc.*, 178 F.Supp.2d 1099, 1121 (C.D.Cal.2001).

The fraud prong of the UCL is intended to protect members of the "general public;" a sophisticated corporation such as Epson, cannot be defrauded under the UCL. *Rosenbluth International, Inc. v. Superior Court*, 101 Cal.App.4th 1073, 1077–79, 124 Cal.Rptr.2d 844 (2002) (holding that "sophisticated corporations" are not members of the "general public" for the purposes of the UCL); *Watson Labs*, 178 F. Supp. 2d at 1121 ("The Court has identified no case under the 'fraudulent' prong of [section] 17200 allowing one competitor to proceed against another on the basis that the defendant deceived him").

Like federal claims based in fraud, UCL fraud claims are subject to Rule 9(b)'s pleading requirements. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (finding Rule 9(b)'s heightened pleading standards apply to claims for violations of the UCL and upholding the district court's dismissal of a UCL claim grounded in fraud with particularity as required by Rule 9(b)). Epson cannot sustain a UCL claim under any theory that Global's alleged advertising was unlawful, unfair, or fraudulent because Epson's claims are not plead with the requisite specificity under Rule 9(b).

Epson's second cause of action is dismissed.

**IV.   The Court Strikes Epson's Allegations of Trademark Infringement**

Under Rule 12(f), this Court may strike immaterial or impertinent matter if it will eliminate "serious risks of prejudice to the moving party, delay, or confusion of the issues." *See* Fed. R. Civ. P. 12(f); *N.B. v. Cnty. of Los Angeles*, No. 221CV02165FLAPDX, 2022 WL 19915278, at *2 (C.D. Cal. Mar. 30, 2022) (citation omitted). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc.*, 984 F.2d at 1527. If a plaintiff cannot show a "nexus" between the claims at issue

and the allegations or evidence, it is both immaterial and impertinent. *See N.B.*, 2022 WL 19915278, at *2. The Ninth Circuit has held that prejudice may arise from allegations that cause "confusion of the issues." *Fantasy, Inc.*, 984 F.2d at 1528; *CD Ride, Corp. v. Travelers Companies, Inc.*, No. CV1104414SJOMRWX, 2011 WL 13220709, at *1 (C.D. Cal. July 12, 2011).

This Court strikes Plaintiff's allegations of: (1) trademark infringement; (2) misbranding; and (3) a prayer for relief of punitive or exemplary damages for the following reasons:

A. Epson's Allegations of "Trademark Infringement"

Epson pleads no claim for trademark infringement. Epson has presented no evidence that Global infringed on Epson's trademarks. Epson does not allege that Global is using the "Epson" mark on projectors, and such use is likely to cause consumer confusion. *See Gearsource Holdings, LLC v. Google LLC*, No. 18-CV-03812-HSG, 2020 WL 3833258, at *4 (N.D. Cal. July 8, 2020). Global pointed out this improper pleading of trademark infringement before and after filing the FAC, but Epson refused to remove the allegations. Keshishian Decl. ¶¶2-4.

Therefore, this Court strikes all references to trademark infringement.

- **FAC ¶1: "This is an action for trademark infringement"**

The first line of Epson's FAC incorrectly alleges that Global committed trademark infringement. Trademark infringement refers to the unauthorized use of a trademark in a way that is likely to cause consumer confusion. *See* 15 U.S.C. §§ 1114, 1125(a)(1)(A). Section 1125 creates two distinct bases of liability: false association/common law trademark infringement, Section 1125(a)(1)(A), and false advertising, Section 1125(a)(1)(B). *See Waits v. Frito–Lay, Inc.*, 978 F.2d 1093, 1108 (C.A.9 1992). Plaintiff's FAC alleges only false advertising. Trademark infringement is a distinct cause of action with distinct elements—including infringing use of a mark—not pleaded here.

Thus, the trademark infringement allegation is stricken.

- **FAC ¶3: "Global has caused injury to Epson's trademarks in the**

**State of California and this District"**

There are no allegations or evidence presented to support Epson's allegation of infringement, or that Global damaged Epson's trademark. Rule 12(f) permits a court to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Apart from being "immaterial," Epson's allegations of trademark infringement are false—Epson does not and cannot plead that Global used Epson's trademark. Only the owner of a trademark—or one with a direct interest in a mark—can bring an infringement cause of action. *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225 (9th Cir. 2008).Even *if* Epson is trying to allege that Global is infringing on HP®'s trademark, it lacks standing to do so.

Thus, the Court strikes these portions of the FAC.

B. <u>The Court Should Strike All Mentions of Projector Misbranding</u>

HP Inc. expressly authorized GAC to manufacture and Global to distribute HP branded projectors. Thus, Epson's mentions of misbranding and misuse of the HP mark, outlined in the Motion ¶17: 9-2 are stricken.

Epson has not sufficiently shown that Global's listings of the HP projectors was false or misleading. Defendant Global does not manufacture the projectors nor advertise itself as the licensee. The Court finds Global's actions does not falsely associate itself with HP.

C. <u>Exemplary or Punitive Damages</u>

Exemplary and punitive damages are unavailable for Epson's UCL cause of action and should be stricken. Nonrestitutionary and punitive damages are not available under the UCL. *See, e.g., Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1148 (2003) (noting that damages cannot be recovered under the UCL, limiting prevailing plaintiffs to injunctive relief and restitution); *Groupion, LLC v. Groupon, Inc.*, 859 F.Supp.2d 1067, 1083 (N.D. Cal. 2012) ("Punitive damages are not recoverable under ... California's UCL."); *Cosmos Jewelry Ltd. v. Po Sun Hon Co.*, 470 F.Supp.2d 1072 (C.D.

-13-
[PROPOSED] ORDER RE DEFENDANTS' MOTION TO DISMISS THE SIXTH AMENDED COMPLAINT

Cal. 2006) ("neither nonrestitutionary or punitive damages are an **available** form of remedy under California Business and Professions Code § **17200**").

In paragraph 59 of the FAC, Epson asserts that it is "entitl[ed] to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of [Global]." Neither form of damages Epson seeks is recoverable under this statute, thus, such claims must be dismissed or stricken. *Powell v. Wells Fargo Home Mortg.*, No. 14-CV-04248-MEJ, 2017 WL 2720182, at *7–8 (N.D. Cal. June 23, 2017), aff'd, 855 F. App'x 382 (9th Cir. 2021) ("Because the UCL only permits restitution or injunctive relief, the Court DISMISSES any claim for exemplary or punitive damages.").

## V.  Disposition

For the reasons stated, the court **GRANTS** the Motion. Plaintiff's First Amended complaint is **DISMISSED WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED.**

Dated: _____, 2024

_____
Honorable Fred W. Slaughter
UNITED STATES DISTRICT JUDGE