Christina N. Goodrich(SBN 261722)
christina.goodrich@klgates.com
Morgan T. Nickerson (*admitted pro hac*)
morgan.nickerson@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klates.com
K&L GATES LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
T: (310) 552-5000
F: (310) 552-5001
*Attorneys for Plaintiff*
*Epson America, Inc*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC. | Case No.: 8:23-cv-00222-FWS-DFM |
| Plaintiff, | **PLAINTIFF EPSON AMERICA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT, AND/OR STRIKE PORTIONS THEREOF, AND/OR FOR MORE DEFINITE STATEMENT** |
| v. | |
| GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP, | |
| Defendant. | |

Date: July 18, 2024
Time: 10:00 a.m.
Courtroom: 10D
Judge: Hon. Fred W. Slaughter

Trial Date: April 15, 2025

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS/STRIKE

# **TABLE OF CONTENTS**

I.    Introduction ...................................................................................................1

II.   Factual Background ........................................................................................2

III.  Legal Standard ...............................................................................................3

IV.   Argument .......................................................................................................4

      A.   Epson's FAC is Not Subject to the Heightened Pleading Standard
           of Rule 9(b) ...........................................................................................4

      B.   Even if Rule 9(b) Applied, Epson's Allegations are Pled with the
           Requisite Specificity .............................................................................5

           1.   Defendant Waives Any Argument that Epson Has Not
                Properly Alleged the Who, What, When, Where, and How of
                Fraud .............................................................................................6

           2.   The FAC Apprises Defendant of the Basis of Epson's Claims
                And Enables Defendant to Defend Against Epson's Claims ...........7

      C.   Epson's Lanham Act Cause of Action Satisfies the Required
           Elements ................................................................................................9

           1.   Defendant Made False Statements.................................................10

           2.   Epson Adequately Pleads that Defendant's Advertisements
                are Literally False and Misleading ...............................................11

           3.   Epson Adequately Pleads that Defendant Misleads By
                Advertising that its Projectors are Manufactured by Hewlett-
                Packard Company ........................................................................13

      D.   Epson's UCL Claim Is Properly Pled ...................................................15

           1.   The Unlawful Prong .....................................................................15

           2.   The Unfair Prong .........................................................................15

           3.   The Fraudulent Prong ...................................................................17

      E.   Epson is Entitled to Exemplary and Punitive Damages ..........................17

      F.   The FAC Does Not Contain Immaterial or Impertinent Allegations .......17

           1.   The Trademark Infringement Allegations ......................................18

           2.   The Misbranding Allegations ........................................................18

      G.   Defendant Fails to Support its Request for a More Definite
           Statement ..............................................................................................19

V.    Conclusion ...................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AirHawk Int'l, LLC v. TheRealCraigJ, LLC*,
    No. SACV1600624JVSKESX, 2017 WL 3891214 (C.D. Cal. Jan. 19, 2017) ................................................................................................................6

*Alfasigma USA, Inc. v. First Databank, Inc.*,
    398 F. Supp. 3d 578 (N.D. Cal. 2019) ..........................................................12

*Am. Greetings Corp. v. Dan-Dee Imports, Inc.*,
    619 F. Supp. 1204 (D.N.J. 1985) ..................................................................16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .........................................................................................4

*Autodesk, Inc. v. Dassault Systemes Solid Works Corp.*,
    C08–04397 WHA, 2008 WL 6742224 (N.D. Cal. Dec.18, 2008) ..................5

*Bautista v. L.A. Cnty.*,
    216 F.3d 837 (9th Cir. 2000) ........................................................................19

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 54 (2007) ...........................................................................................3

*Beyond Blond Prods., LLC v. Heldman*,
    No. CV205581DSFGJSX, 2022 WL 2036306 (C.D. Cal. Mar. 3, 2022), *reconsideration denied*, No. CV205581DSFGJSX, 2022 WL 2037828 (C.D. Cal. Apr. 4, 2022) ...............................................................................5

*BHRS Grp., LLC v. Brio Water Tech., Inc.*,
    553 F. Supp. 3d 793 (C.D. Cal. 2021) .........................................................11

*Bobbleheads.com, LLC v. Wright Bros., Inc.*,
    259 F. Supp. 3d 1087 (S.D. Cal. 2017) .........................................................9

*Brickman v. Fitbit, Inc.*,
    No. 15-CV-02077-JD, 2016 WL 3844327 (N.D. Cal. July 15, 2016) ....7, 8, 9

*Bushy v. Green*,
    No. CV220095FMOGJSX, 2022 WL 2442739 (C.D. Cal. Apr. 6, 2022) ....14

*Castillo v. T-Mobile USA, Inc.*,
    No. 223CV10466JLSMRW, 2024 WL 589882 (C.D. Cal. Jan. 5, 2024) .....17

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ..............................................................................15, 16

*Century 21 Real Est. Corp. v. Sandlin*,
    846 F.2d 1175 (9th Cir. 1988) ......................................................................18

*Clark v. WorldMark, The Club*,
No. 118CV01661LJOJLT, 2019 WL 3337892 (E.D. Cal. July 25, 2019) ...18

*Clorox Co. v. Reckitt Benckiser Grp. PLC*,
398 F. Supp. 3d 623 (N.D. Cal. 2019)....................................................11, 12

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,
911 F.2d 242 (9th Cir. 1990)........................................................................13

*Deonarine v. Lopez, et al.*,
No. 2:22-CV-03353-JLS (ADS), 2024 WL 2966155 (C.D. Cal. May 28, 2024).........................................................................................................17

*Doe v. United States*,
419 F.3d 1058 (9th Cir. 2005)..............................................................4, 11

*Echo & Rig Sacramento, LLC v. AmGuard Ins. Co.*,
No. 223CV00197DJCJDP, 2023 WL 6927314 (E.D. Cal. Oct. 18, 2023).....16

*Epson Am., Inc. v. USA111, Inc.*,
259 F. Supp. 3d. 387 (D.S.C. 2017) ..............................................................5

*Fin. Express LLC v. Nowcom Corp.*,
No. SACV0701225CJCANX, 2008 WL 11342755 (C.D. Cal. Mar. 6, 2008)........................................................................................................4

*Gillibeau v. City of Richmond*,
417 F.2d 426 (9th Cir. 1969) ......................................................................19

*Golden v. Sound Inpatient Physicians Med. Grp., Inc.*,
93 F. Supp. 3d 1171 (E.D. Cal. 2015) .........................................................15

*Harris v. Chipotle Mexican Grill, Inc.*,
303 F.R.D. 625 (E.D. Cal. 2014)...........................................................4, 18

*In re Adobe Sys., Inc. Priv. Litig.*,
66 F. Supp. 3d 1197 (N.D. Cal. 2014)....................................................15, 16

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
599 F.Supp.2d 1179 (N.D. Cal. 2009).........................................................3

*Julian Bakery, Inc. v. Healthsource Int'l, Inc.*,
No. 16CV2594-JAH (KSC), 2018 WL 1524499 (S.D. Cal. Mar. 28, 2018)..5

*K & N Eng'g, Inc. v. Spectre Performance*,
No. EDCV 09-01900-VAP, 2011 WL 4387094 (C.D. Cal. Sept. 20, 2011) 12

*Kwikset Corp. v. Superior Court*,
51 Cal. 4th 310 (2011) ................................................................................15

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ........................................................................4

*Medrano v. Kern Cnty. Sheriff's Officer*,
921 F. Supp. 2d 1009 (E.D. Cal. 2013) ........................................................19

iii
TABLES OF CONTENTS AND AUTHORITIES

*Newcal Indus., Inc. v. Ikon Off. Sol.*,
 513 F.3d 1038 (9th Cir. 2008) ..................................................7, 8

*Ollier v. Sweetwater Union High Sch. Dist.*,
 735 F.Supp.2d 1222 (S.D. Cal. 2010) ...........................................4

*Oracle Am., Inc. v. TERiX Computer Co.*,
 No. 5:13–CV–03385–PSG, 2014 WL 31344 (N.D. Cal. Jan.3, 2014) ..........5

*People ex rel. Mosk v. Nat'l Research Co.*,
 201 Cal. App. 2d 765 (1962) ...................................................15

*PhotoMedex, Inc. v. Irwin*,
 601 F.3d 919 (9th Cir. 2010) ................................................13, 14

*POM Wonderful LLC v. Coca-Cola Co.*,
 573 U.S. 102 (2014) ...........................................................10

*Produce Pay, Inc. v. Izguerra Produce, Inc.*,
 39 F.4th 1158 (9th Cir. 2022) ..................................................14

*RA Med. Sys., Inc. v. PhotoMedex, Inc.*,
 373 F. App'x 784 (9th Cir. 2010) ................................................6

*Semegen v. Weidner*,
 780 F.2d 727 (9th Cir. 1985) ....................................................6

*Southland Sod Farms v. Stover Seed Co.*,
 108 F.3d 1134 (9th Cir. 1997) ..................................................11

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*,
 992 F. Supp. 2d 962 (C.D. Cal. 2014) ..........................................16

*TransFresh Corp. v. Ganzerla & Assoc., Inc.*,
 862 F. Supp. 2d 1009 (N.D. Cal. 2012) ...........................................6

*U.S. v. Anderson*,
 472 F.3d 662 (9th Cir. 2006) ...................................................10

*U–Haul Int'l, Inc. v. Jartran, Inc.*,
 522 F. Supp. 1238 (D. Ariz. 1981), *aff'd,* 681 F.2d 1159 (9th Cir. 1982) ......13

*Upper Deck Co. v. Flores*,
 569 F. Supp. 3d 1050 (S.D. Cal. 2021) ....................................13, 14, 19

*Whittlestone, Inc. v. Handi-Craft Co.*,
 618 F.3d 970 (9th Cir. 2010) ...................................................17

*William H. Morris Co. v. Group W, Inc.*,
 66 F.3d 255 (9th Cir. 1995) ...................................................13

**Statutes**

15 USC § 1125(a)(1)(A) ...........................................................18

Cal. Bus. & Prof. Code § 17200 et. seq .......................................15, 17

Lanham Act.........................................................................................................passim

UCL   ……………………………………………………………………15, 16

**Rules**

C. D. Cal. L. R. 7-3 .................................................................................17

C.D. Cal. L. R. 7-4 .................................................................................17

C.D. Cal. L. R. 11-6.1 .............................................................................20

Fed. R. Civ. P 9(b) .............................................................................4, 5, 7

Fed. R. Civ. P. 12(b)(6) .........................................................................4

Fed. R. Civ. P. 12(e) .............................................................................19

Fed. R. Civ. P. 12(f)...............................................................................4

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Epson America, Inc. ("Epson") respectfully submits this Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss The First Amended Complaint, and/or Strike Portions Thereof, and/or For More Definite Statement ("MTD"), filed by Defendant Global Aiptek Inc. d/b/a GAC Technology Group ("Defendant" or "GAC").

## I.    INTRODUCTION

Defendant's MTD concerns a competitor entity's futile effort to dodge well-pled claims arising from Defendant's deliberate and misleading representations concerning the brightness capabilities of its projectors, and Defendant's role in manufacturing the projectors. The Court should deny Defendant's MTD as Epson's First Amended Complaint ("FAC") is more than sufficient to meet the requisite pleading standards for its respective causes of action and certainly apprises Defendant of Epson's claims.[1]

Defendant's MTD boils down to several flawed arguments: (1) the FAC is subject to the heightened pleading standard of Rule 9(b); (2) Epson's allegations are insufficiently pled to support its respective counts; (3) Epson's allegations concerning the misuse of the Hewlett-Packard Company's ("HP") trademark, the use of HP in its advertisements, and use of the term "trademark infringement" are immaterial and should be stricken; (4) punitive and exemplary damages are barred; and (5) the FAC is so lacking in detail that Defendant is incapable of ascertaining the nature of Epson's claims. Defendant's MTD lacks merit, mischaracterizes and misapplies the law, and inappropriately attempts to twist the FAC into its favor. The MTD fails for a number of reasons.

---

[1] Of note, the FAC alleges *the same claims* as the initial Complaint, but merely adds factual allegations based upon information Epson learned during the discovery process (and which occurred after the filing of the initial complaint). Defendant chose only to Answer the initial Complaint (Dkt. 15), but brings this MTD without explanation as to change in circumstances. Indeed, as discussed herein, discovery conducted in this case to-date further *supports* Epson's claims, and so it is puzzling that Defendant has chosen now to raise arguments it could have raised in response to the initial Complaint.

*First*, despite Defendant's suggestion to the contrary, the Ninth Circuit has *not* established that Rule 9(b) applies to false advertising or Lanham Act claims, and courts within the Circuit have declined to apply 9(b)'s heightened pleading standard to similar claims.

*Second,* notwithstanding the fact that Epson's claims are not subject to Rule 9(b), the allegations are pled with such specificity that they do satisfy Rule 9(b).

*Third,* Epson alleges with great detail why Defendant's use of HP in its advertisements is false, misleading, and causes damage to consumers and Epson.

*Fourth*, Defendant failed to meet and confer with respect to its motion to strike punitive damages.

*Fifth*, all allegations are material and pertinent.

*Lastly*, Defendant's demand for a more definite statement lacks specific points and fails to comply with the substantive requirements of Rule 12(e).

For these reasons, and as further detailed below, Defendant's arguments fail as a matter of law and the Court should deny Defendant's MTD in its entirety.

## II.   FACTUAL BACKGROUND

Epson is a leading manufacturer in a variety of categories—including digital projectors.  Dkt. 36, FAC ¶ 5.  Consumers use digital projectors in the same way as television or computer screens; they receive video signals from external devices, such as computers, and "project" those signals onto a screen.  *Id.* ¶ 9.  The quality and price of a projector is largely determined by its resolution and light output.  *Id.* ¶ 11. Projector light output is measured and described in lumens; the higher the lumen rating, the brighter the projector, and the more it will likely cost.  *Id.* ¶ 12.  The lumen rating for a projector is one of the most important and immediately recognizable projector features for consumers and necessarily impacts consumers' choice.  *Id.* ¶ 13.

Defendant is a competitor and sells projectors to consumers throughout the U.S. via commerce websites.  *Id.*  Throughout each of its product advertisement pages online, Defendant emphasizes the brightness performance of its projectors in both the

product's title and throughout its description of the product's performance.  *Id.* ¶ 26. Defendant is aware, however, that "LED lumens" and "laser lumens" refer to the light source brightness of a projector, rather than the projector's output brightness.  *Id.*

Unlike a projector's output brightness, the light source brightness of a projector is irrelevant to the experience of consumers using the product and is solely used by Defendant to mislead and confuse.  *Id.* ¶ 27.  Epson alleges that Defendant makes these deceptive claims in order to gain initial traction in the U.S. projector marketplace and hinder Epson's sales.  *See id.* ¶¶ 29, 37-40.  Epson tested the brightness of several of Defendant's projectors and discovered that the advertised brightness was incorrect and significantly overinflated. *See Id.* ¶¶ 29-31.  Also, Epson alleges that Defendant advertises that its projectors are manufactured by HP in order to improperly benefit from the HP brand name, deceive customers/retailers, and negatively affect Epson's market share/revenues.  *See id.* ¶ 32-40, 58.  Defendant admits that it manufactures the projectors—not HP.  Dkt No. 38, MTD p. 17.

Epson asserts causes of action for: (1) False Advertising/Unfair Competition – Lanham Act; and (2) Violation of Business and Professions Code §§ 17200 *et seq*.  *Id*. pp. 10, 12.

## III.  LEGAL STANDARD

The standard for dismissal under Fed. R. Civ. P. 12(b)(6) is well-known, dismissal is appropriate only when a party "fail[s] to state a claim upon which relief can be granted."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Davis v. Chase Bank U.S.A.*, N.A., 650 F. Supp. 2d 1073, 1079 (C.D. Cal. 2009).  To state a claim, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  In other words, the complaint must only "contain sufficient factual allegations 'to raise a right to relief above the speculative level.'"  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F.Supp.2d 1179, 1184 (N.D. Cal. 2009) (quoting *Twombly*, 550 U.S. at 555.)  In determining whether a party has stated a claim, the court must accept all well-pleaded allegations as true.

3

1    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court also must accept all material

2    allegations in the complaint—as well as any reasonable inferences to be drawn from

3    them—as true and construe them in the light most favorable to the non-moving party.

4    *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).  Courts generally may

5    not consider materials outside the pleadings when assessing a Rule 12(b)(6) motion.

6    *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

7         A Rule 12(e) motion is only proper where the complaint is so indefinite that the

8    defendant cannot ascertain the nature of the claim being asserted.  *See Fin. Express*

9    *LLC v. Nowcom Corp.*, No. SACV0701225CJCANX, 2008 WL 11342755, at *4 (C.D.

10   Cal. Mar. 6, 2008).

11        Rule 12(f) provides that courts "may strike from any pleading an insufficient

12   defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ.

13   P. 12(f).  Motions to strike are generally disfavored, often used as delaying tactics, and

14   courts ordinarily grant motions to strike only when the matter to be stricken clearly has

15   no possible bearing on the litigation and there is prejudice.  *See Harris v. Chipotle*

16   *Mexican Grill, Inc.*, 303 F.R.D. 625, 628 (E.D. Cal. 2014); *Ollier v. Sweetwater Union*

17   *High Sch. Dist.,* 735 F.Supp.2d 1222, 1223–24 (S.D. Cal. 2010).  Courts should view

18   the pleading sought to be struck in the light most favorable to the nonmoving party.

19   *Ollier,* 735 F.Supp.2d at 1223–24.

20   **IV.    ARGUMENT**

21        **A.    Epson's FAC is Not Subject to the Heightened Pleading Standard of**

22             **Rule 9(b)**

23        The MTD incorrectly argues that Epson's FAC is subject to the heightened

24   pleading standard of Rule 9(b).  Defendant's argument appears premised on the false

25   suggestion that Rule 9(b) is *per se* applicable to false advertising claims under the

26   Lanham Act.  *See* Dkt. 38 at 5:4-6.  Despite Defendant's suggestion, multiple courts—

27   including the very case Defendant relies on—have expressly acknowledged that "the

28   Ninth Circuit has not held that Rule 9(b) applies to false advertising claims under the

4

Lanham Act." *Beyond Blond Prods., LLC v. Heldman*, No. CV205581DSFGJSX, 2022 WL 2036306, at *3 (C.D. Cal. Mar. 3, 2022), *reconsideration denied*, No. CV205581DSFGJSX, 2022 WL 2037828 (C.D. Cal. Apr. 4, 2022); *See also Julian Bakery, Inc. v. Healthsource Int'l, Inc.*, No. 16CV2594-JAH (KSC), 2018 WL 1524499, at *4 (S.D. Cal. Mar. 28, 2018) (same).

In fact, courts within the Ninth Circuit have declined to apply Rule 9(b) to false advertising claims under the Lanham Act similar to those alleged by Epson in the FAC. *See, e.g, Oracle Am., Inc. v. TERiX Computer Co.,* No. 5:13–CV–03385–PSG, 2014 WL 31344, at *10 (N.D. Cal. Jan.3, 2014) (declining to apply Rule 9(b) to a false advertising claim under the Lanham Act because "the Ninth Circuit itself has never held as such"); *Autodesk, Inc. v. Dassault Systemes Solid Works Corp.,* C08–04397 WHA, 2008 WL 6742224, at *4 (N.D. Cal. Dec.18, 2008) (same).

Despite Defendant's suggestion, there is clearly no *per se* or overarching rule set forth by the Ninth Circuit that Rule 9(b) applied to all false advertising claims brought under the Lanham Act. As such, this Court need not apply Rule 9(b)'s heightened pleading standard to the FAC. Defendant has made no argument that Epson failed to satisfy the pleading standard under Rule 8 and has therefore waived such argument. Accordingly, the MTD should be denied.

**B.** <u>**Even if Rule 9(b) Applied, Epson's Allegations are Pled with the Requisite Specificity**</u>

Although Epson's FAC should not be subject to Rule 9(b) as noted above, it is pled with specificity and more than satisfies the heightened pleading standard.[2] A plaintiff must include "the who, what, when, where, and how" of the fraud in order to satisfy Rule 9(b). *TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009,

---

[2] Other district courts have applied more strenuous pleading requirements to nearly identical claims brought by Epson and held that Epson's claims were sufficient and likely to succeed on the merits. *See Epson Am., Inc. v. USA111, Inc.,* 259 F. Supp. 3d 387, 391 (D.S.C. 2017) (granting Epson's request for preliminary injunction against projector competitor that falsely advertised/overinflated the light output of its projectors).

MEMORANDUM OF POINTS AND AUTHORITIES

1017 (N.D. Cal. 2012) (citations omitted).  A claim for fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. *AirHawk Int'l, LLC v. TheRealCraigJ, LLC*, No. SACV1600624JVSKESX, 2017 WL 3891214, at *2 (C.D. Cal. Jan. 19, 2017) (denying defendant's motion to dismiss plaintiff's Lanham Act claim based upon Rule 9(b)).

Here, Epson's FAC adequately alleges the who, what, when, where, and how aspects of Defendant's misconduct, puts Defendant on notice as to the circumstances constituting Epson's claims, and provides Defendant with more than enough information to prepare an adequate answer.

### 1. Defendant Waives Any Argument that Epson Has Not Properly Alleged the Who, What, When, Where, and How of Fraud

As a threshold matter, Defendant has waived any argument that Epson has failed to properly allege the who, what, when, where, and how of Epson's claims.  The MTD makes a passing statement that Epson has not alleged "why" the advertising is false, but then follows it up by acknowledging that Epson does, in fact, make such allegations.  *See* Dkt. 38 7:17-8:6.  Aside from that, the MTD is noticeably devoid of any such argument. Thus, Defendant has waived any argument to the contrary, is not permitted to raise it for the first time in its reply, and has conceded the FAC satisfies these factors.  *See RA Med. Sys., Inc. v. PhotoMedex, Inc.*, 373 F. App'x 784 (9th Cir. 2010) (competitor company waived argument that rule requiring fraud be pled with particularity applied to the Lanham Act and state law claims for unfair competition/false advertising because it failed to raise the argument); *United States v. Anderson,* 472 F.3d 662, 668 (9th Cir.2006) (recognizing the general principle that arguments raised for the first time in a reply brief are waived).

MEMORANDUM OF POINTS AND AUTHORITIES

1

2. **The FAC Apprises Defendant of the Basis of Epson's Claims
And Enables Defendant to Defend Against Epson's Claims**

Epson's allegations clearly detail the misconduct and circumstances underlying its claims. The FAC goes to great lengths to intentionally include a "Facts Giving Rise to this Action" section, screenshots of advertisements that exemplify Defendant's misrepresentations, and detailed allegations that quantifiably outline actionable concerns with Defendant's advertisements. *See* Dkt. 36, FAC ¶¶ 7-52. Accordingly, Defendant was adequately notified of Epson's claims and is certainly informed enough to file a defense.

In *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1052 (9th Cir. 2008), the court reversed the district court's ruling and held the complaint properly set forth allegations sufficient to sustain false advertising claims under the Lanham Act under Rule 9(b). The plaintiff brought an action against the defendant competitors alleging that they made false and misleading statements in order to obtain customers' business. *Id.* at 1038. Notably, the plaintiff alleged that defendant IKON made the following statements: "that IKON [ ] would deliver 95% up-time service in their IKON Contracts" and "that original IKON Contracts were intended by IKON to be for a fixed term of sixty (60) months and would expire at the end of that term." *Id* at 1052–53. In assessing whether the alleged statements were adequately pled, the court noted that "a statement that is quantifiable, that makes a claim as to the 'specific or absolute characteristics of a product,' may be an actionable statement of fact." *Id.* at 1053. Applying this reasoning, the court determined that the allegations were quantifiable and factual questions and because its "review [was] limited to facts alleged in the complaint" and "[t]he complaint alleges that this statement was false when made," the complaint was sufficiently pled and thus "survive[d] 12(b)(6) scrutiny." *Id.* at 1053.

In *Brickman v. Fitbit, Inc.*, No. 15-CV-02077-JD, 2016 WL 3844327 (N.D. Cal. July 15, 2016), the plaintiffs alleged that defendant knowingly misled consumers through material misrepresentations about the devices' ability to track hours slept,

7

MEMORANDUM OF POINTS AND AUTHORITIES

1  times woken up, and sleep quality via statements and graphics on product packaging
2  and elsewhere.  While the defendant disputed these allegations, the court noted that the
3  "parties clearly have sharply divergent views about sleep monitoring technology and
4  what works and what does not, but those issues of fact are far beyond the scope of this
5  motion to dismiss." *Id*. In denying the defendant's motion to dismiss and finding the
6  complaint sufficiently pled under Rule 9(b), the court stated that "[t]he challenged
7  statements are specific representations" by Fitbit and "are not the kind of vague and
8  empty taglines . . . that courts have treated as non-actionable." *Id*. The disputed
9  statements were "the type of particularized statements that can be sued on because they
10 make measurable claims about a product's characteristics and functionality." *Id*.

11        Similar to *Newcal Indus.* and *Brickman*, Epson's FAC apprises Defendant of its
12 claims by detailing numerous and quantifiable statements as it relates to advertised
13 light input/output of the projectors, specific as to disputed characteristics of
14 Defendant's projectors, and measurable as to the disputed products' functionality and
15 testing performed by Epson.  For example, Epson alleges:

16        • Defendant falsely advertises the brightness value of "4500 Lumen for its
17          HP BP5000 projector" on www.bhphotovideo.com but advertises the
18          same projector differently on its website "with a brightness of 6000 Laser
19          Lumens or 2500 ANSI."  Dkt. 36, FAC ¶¶ 19-20, 25-31.

20        • Defendant falsely advertises the brightness value of "200 Lumen for its
21          HP CC200 projector" on www.bhphotovideo.com but advertises the same
22          projector differently on its website "with a brightness of 200 LED
23          Lumens."  *Id*. ¶¶ 21-22, 25-31.

24 These examples establish that there are numerous quantifiable statements that are
25 actionable and meet the pleading requirements necessary to sustain the FAC. Further
26 evidence of this is that Defendant filed an Answer to the initial Complaint that alleged
27 *the same claims* and has proceeded to litigate this case for over a year without ever
28 asserting it was unable to understand Epson's claims.  *See, e.g.* Dkt. 15.  The FAC

8

MEMORANDUM OF POINTS AND AUTHORITIES

merely adds newly discovered facts (and facts which occurred after the filing of the initial Complaint).   Nothing about the FAC makes Defendant less able to defend against Epson's claims that it has been for over a year since Defendant answered the initial Complaint.

Additionally, Defendant disputes Epson's testing and light output allegations, arguing that its projectors should be evaluated according to certain standards.  Dkt No. 38, MTD p. 9.  These arguments lack merit and are improper at this stage of litigation. As stated in *Brickman*, the fact that the "parties clearly have sharply divergent views about" projector technology "and what works and what does not," those are "issues of fact" which "are far beyond the scope of this motion to dismiss."  *See Brickman*, 2016 WL 3844327 at *3.  Because the Court is "limited to facts alleged in the complaint" and since "[t]he complaint alleges that [Defendant's] statement was false when made," the FAC must be taken as true and deemed sufficiently pled.  *See Newcal Indus., Inc.*, 513 F.3d at 1053; *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ("[A]ll material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them.  Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.") Accordingly, Defendant's MTD fails.

**C.    Epson's Lanham Act Cause of Action Satisfies the Required Elements**

"Under the Lanham Act, a prima facie case requires a showing that (1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product." *Bobbleheads.com, LLC v. Wright Bros., Inc.,* 259 F. Supp. 3d 1087, 1096–97 (S.D. Cal. 2017) (quoting

9

*Newcal Indus., Inc.*, 513 F.3d at 1052).   The FAC alleges facts to support each element.[3]

The MTD does not argue that Epson has failed to plead all of the elements of a Lanham Act claim.   Instead, Defendant only disputes that Epson has failed to allege certain aspects of the aforementioned elements.   *See* Dkt. No. 38, MTD, pp. 6-12. Epson addresses these limited aspects only, as Defendant waives any disputes with the other elements by not raising such arguments in the MTD.   *See, e.g., U.S. v. Anderson,* 472 F.3d 662, 668 (9th Cir. 2006) (arguments raised for the first time on reply are waived).

## 1.      Defendant Made False Statements

Epson's FAC clearly alleges that Defendant is the entity that has and continues to make false statements about its products.   This includes, but is not limited to, the following:

- The FAC defines Defendant as "Global Aiptek Inc. d/b/a GAC Technology Group."  Dkt. 36, FAC p. 1.

- Epson alleges that Defendant individually "***sells its projectors***" on various websites.  *Id*. ¶¶ 6, 17-24 (emphasis added).   Epson ***does not*** allege that any other entity sells its products on the various websites. *See Id.* ¶¶ 29-30.

Defendant contends that the first element is not satisfied because GAC Technology Group and Global Aiptek Inc. are purportedly distinct entities and GAC Technology made the disputed statements.   Dkt No. 38, MTD pp. 6-7.   However, Defendant's assertion does not accept Epson's definition of Defendant as true and

---

[3] Defendant makes a passing argument that Epson lacks standing to bring a false advertising claim.   This argument is quickly cast aside by the Supreme Court's *POM Wonderful LLC* decision making clear that Epson, as a competitor, maintains standing to challenge Defendant's falsely advertising its projectors as being manufactured by HP.   *See POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 106 (2014) ("[Section] 43 of the Lanham Act ... allows one competitor to sue another if it alleges unfair competition arising from false or misleading product descriptions.") (citation omitted).

directly contradicts how Epson has identified the responsible entity in the FAC. *See Doe*, 419 F.3d at 1062. Interestingly, Defendant relies on *BHRS Grp., LLC* to contest Epson's satisfaction of this element. In discussing a prior order, the court held that the plaintiff BHRS did not satisfy the first element because it "***did not allege that [defendant] Brio itself made the statements at issue*** . . . ." *BHRS Grp., LLC v. Brio Water Tech., Inc.*, 553 F. Supp. 3d 793, 799 (C.D. Cal. 2021) (emphasis added). In our present case, however, Epson undisputably alleges that Defendant—Global Aiptek Inc. d/b/a GAC Technology Group—is a single acting entity that made the disputed statements. [4]  Thus, Epson satisfies the first element.

### 2.    Epson Adequately Pleads that Defendant's Advertisements are Literally False and Misleading

Defendant misconstrues the pleading standard for satisfying these elements. Instead of applying the pleading standard that is appropriate at the motion to dismiss stage, Defendant's MTD improperly demands that the Court apply the evidentiary standard that is reserved for summary judgment.

"To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Courts have required plaintiffs to present "proof that the advertising actually conveyed the implied message and thereby deceived a significant portion of the recipients ***at the summary judgment stage or at trial***." *Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 635–36 (N.D. Cal. 2019) (emphasis added) (quoting *William H. Morris Co. v. Grp. W. Inc.*, 66 F.3d 255, 258 (9th Cir. 1995)). "However, that evidentiary showing ***is not required to survive a motion to dismiss***. Actual deception is a question of fact, and at the pleading stage the plaintiff need only allege

---

[4] Indeed, as this case is well into discovery, deposition testimony has demonstrated that these entities are one in the same.

MEMORANDUM OF POINTS AND AUTHORITIES

specific misleading statements and explain why they are misleading . . ."  *Clorox Co.*, 398 F. Supp. 3d at 635–36 (emphasis added).

Epson has properly alleged, with specificity, that Defendant's advertisements are literally false.  Epson alleges that it has tested Defendant's projectors and each projector emitted significantly different and lower brightness values as compared to the false values advertised by Defendant.  Dkt. 36, FAC ¶¶ 25-31.  By performing its own tests and alleging same, Epson has established that Defendant's advertisements and tests (if any exist) are contradicted or unsupported by Epson's scientific testing.  *See Alfasigma USA, Inc. v. First Databank, Inc.*, 398 F. Supp. 3d 578, 591 (N.D. Cal. 2019) (sufficiently alleged that defendant "made false or misleading statements by suggesting that the Products were available over-the-counter and that the source of its information was the FDA, neither of which" plaintiff alleged are true);  *K & N Eng'g, Inc. v. Spectre Performance*, No. EDCV 09-01900-VAP, 2011 WL 4387094, at *9 (C.D. Cal. Sept. 20, 2011) (showing that defendant's tests are contradicted or unsupported by other scientific tests).  Notably, Defendant does not contest (because it simply cannot) the validity of Epson's testing.  Standing alone, these allegations satisfy the falsity element as Defendant's advertisements are literally false.

Additionally, Epson alleges that the marketplace is confused by Defendant's advertisement of various light source and light output brightness levels—including LED lumens and laser lumens.  *See* Dkt. 36, FAC ¶¶ 8-43.  Indeed, the FAC goes to great lengths to explain why Defendant's statements are misleading.  *Id*.  For example, Epson alleges that Defendant purposefully emphasizes the light source brightness of its projectors, instead of the output brightness, because it allows Defendant to deceive and overinflate the perceived functionality of its projectors to consumers and retailers.  *Id*. Although Defendant's MTD demands that Epson produce evidence in support of its deceptive allegations (Dkt. 38, MTD p. 9), this is contrary to the law and beyond what is required at this stage of litigation.  *Clorox Co.*, 398 F. Supp. 3d at 635–36.  Thus, Defendant's demand for evidentiary proof is improper at this juncture, must be

MEMORANDUM OF POINTS AND AUTHORITIES

reserved for summary judgment proceedings or trial, and does not impact Epson's successful pleading of falsity.[5]  *William H. Morris Co. v. Group W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995).

### 3.    Epson Adequately Pleads that Defendant Misleads By Advertising that its Projectors are Manufactured by Hewlett-Packard Company

"[A] false advertising cause of action under the Act is not limited to literal falsehoods; it extends to false representations made by implication or innuendo." *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 932 (9th Cir. 2010) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990)).  For example, "[a] statement actionable under the Lanham Act may be an affirmatively misleading statement, a partially incorrect statement, or a statement which is untrue as a result of a failure to disclose a material fact."  *Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1064 (S.D. Cal. 2021).  Indeed, "[c]ourts have also recognized that a statement can be literally true, but nevertheless misleading in the way it is presented." *U–Haul Int'l, Inc. v. Jartran, Inc.*, 522 F. Supp. 1238, 1247 (D. Ariz. 1981), *aff'd,* 681 F.2d 1159 (9th Cir. 1982).  Therefore, Epson has actionable grounds under the Lanham Act related to literally false statements, false representations made by implication, and misleading statements concerning Defendant's use of the HP brand in its advertisements.

In support of its claim, Epson alleges that Defendant's online advertisements falsely provide that its projectors are manufactured by HP.  *See* Dkt. 36, FAC ¶¶ 32-43, 49, 58.  The purpose of this ruse is to unjustly capitalize on HP's brand recognition with retailers (to convince them to carry the projectors) and consumers (to convince them to purchase the projectors).  *Id*.  Defendant's deceptions also attempt to accomplish its aim to erode Epson's market share and reduce Epson's revenues.  *Id*.  In

---

[5] Epson finds Defendant's entire argument puzzling as, during discovery in this matter, it has produced the testing reports mentioned in the FAC to Defendant which evidence and support its well-pled allegations.

MEMORANDUM OF POINTS AND AUTHORITIES

response, Defendant admits that it, rather than HP, manufactures the projectors. Dkt. No. 38, MTD pp. 10-11. Thus, by Defendant's own admission, its advertisements are literally false. *Upper Deck Co.*, 569 F. Supp. 3d at 1065 ("[W]here a statement is literally false or the defendant intentionally set out to deceive, . . . actual deception is presumed.")

Defendant's attempt to focus on its disputed status as a licensee is also unconvincing for a number of reasons. First, as alleged in the FAC, Defendant has made contradictory statements as to its licensee status with HP. Dkt. 36, FAC ¶ 34. Thus, there is a factual dispute that should be viewed in favor of Epson and not decided at this stage of litigation. Second, regardless of its claimed veracity, it is improper for Defendant to provide and rely upon Ex. A to its Request for Judicial Notice during the motion to dismiss stage. *See Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1166 (9th Cir. 2022) (holding it improper to accept incorporated documents' contents as truthful to resolve factual disputes against well-pled complaint allegations); *Bushy v. Green*, No. CV220095FMOGJSX, 2022 WL 2442739, at *2 (C.D. Cal. Apr. 6, 2022) (appended documents addressing a factual issue "at the heart of the dispute" should be considered at summary judgment, not on a motion to dismiss). Third, the Ninth Circuit has held that misrepresentations regarding the extent of a party's contribution to a product is actionable under the Lanham Act. *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 932 (9th Cir. 2010) (holding the defendants' commercial depiction of Irwin as the "inventor" of XTRAC was actionable to the extent it misled consumers into believing that Irwin was the sole inventor or made more than his actual share of inventive contributions; Irwin was only named as an inventor in patents for XTRAC's cooling apparatus and others designed the bulk of XTRAC). Even if Defendant is an authorized licensee, its advertisements intentionally understate Defendant's involvement and overstates HP's contribution by inaccurately providing that HP ***manufactures*** the projectors. At minimum, this also constitutes a

14

MEMORANDUM OF POINTS AND AUTHORITIES

false representation by implication and a misleading statement. Taken as true, this clearly states a claim upon which relief can be granted.

### D. **Epson's UCL Claim Is Properly Pled**

The UCL imposes "broad" and "sweeping" prohibitions against unfair, unlawful, or fraudulent business acts or practices. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999); *see* Cal. Bus. & Prof. Code § 17200 et. seq. In enacting the statute, the legislature sought "to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011). Epson's UCL count sufficiently avails itself to the broad protections and standing afforded by the legislature and the courts. Simply put, Defendant's UCL arguments are patently flawed, do little to defeat Epson's second cause action under the UCL, and should be denied.

#### 1. The Unlawful Prong

Defendant's sole basis for dismissal is its belief that because Epson's Lanham Act claim fails, then Epson cannot sustain its UCL claim under this prong. However, for the reasons discussed herein, Epson's Lanham Act count is sufficiently pled and capable of supporting a claim for unlawful conduct. *See In re Adobe Sys., Inc. Priv. Litig.,* 66 F. Supp. 3d 1197, 1225 (N.D. Cal. 2014)*; Golden v. Sound Inpatient Physicians Med. Grp., Inc.*, 93 F. Supp. 3d 1171, 1180 (E.D. Cal. 2015). Accordingly, Defendant's argument is moot.

#### 2. The Unfair Prong

The UCL authorizes courts to use their equitable power to combat the varied forms of unfair practice that "may run the gamut of human ingenuity and chicanery." *People ex rel. Mosk v. Nat'l Research Co.*, 201 Cal. App. 2d 765, 772 (1962). The "unfair" prong creates a cause of action for a business practice that is unfair even if not proscribed by some other law. *In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d at 1226. The California Supreme Court utilizes the "tethering" test to determine whether conduct alleged by a competitor is unfair. *Echo & Rig Sacramento, LLC v. AmGuard Ins. Co.*,

15

No. 223CV00197DJCJDP, 2023 WL 6927314, at *2 (E.D. Cal. Oct. 18, 2023).  To satisfy the test, a plaintiff does "not need to plead any direct violations of a statute to bring a claim under the UCL's unfair prong."  *In re Adobe Sys., Inc. Priv. Litig.* 66 F. Supp. 3d at 1227.  Instead, a plaintiff needs merely to show that the effects of alleged conduct "are comparable to or the same as a violation of the law, or otherwise significantly threaten[ ] or harm[ ] competition." *Id.* (quoting *Cel–Tech,* 20 Cal. 4th at 187).

Contrary to Defendant's argument, Epson does not need to specifically allege that Defendant's misconduct violates antitrust law.  *Id.*, at 1227.  Rather, courts in the Ninth Circuit have routinely held that a party can maintain a claim under the unfair prong when allegations of misconduct violate any laws, the spirit of the laws, or the misconduct results in comparable effects to such violations, or otherwise significantly threatens to harm competition.  *See*, *e.g., id.* (finding the plaintiffs adequately pled facts to bring a claim under the tethering test of the UCL's unfair prong, a plaintiff need not plead any direct violations of a statute to bring a claim under the unfair prong, and the alleged misconduct was in violation of California's public policy of "protecting customer data" as set forth by the legislature and various state laws).  Epson alleges that Defendant has violated the Lanham Act (Dkt. 36, FAC ¶¶ 47, 53), explains why Defendant's actions constitute misconduct (*id.* ¶¶ 26-43, 49, 53, 58), and the effect of Defendant's misconduct on competition in the marketplace, Epson, and consumers (*id.* ¶¶ 1, 17, 26-43, 49, 55-59).  Defendant's misconduct undoubtedly causes significant harm to competition and violates the spirit of numerous laws.  *See*, *e.g.*, *Am. Greetings Corp. v. Dan-Dee Imports, Inc.*, 619 F. Supp. 1204, 1218 (D.N.J. 1985) ("The Lanham Act itself was designed to protect consumers and commercial interests from the effects of false advertising, counterfeit and imitated marks and false descriptions, *i.e.,* to protect the right of the consumer to be told the truth. . . [a]s a remedial statute, it is to be broadly construed."); *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 973 (C.D. Cal. 2014) (The California Consumer Legal Remedies Act ("CLRA") is

16

to be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.)

### 3. The Fraudulent Prong

Epson does not take the position that its claim seeks to invoke the fraudulent prong. Instead, Epson's FAC merely describes the extent of Defendant's misconduct by stating, "GAC's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, **and/or** fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, et seq." Dkt. 36, FAC ¶ 55 (emphasis added).

### E. Epson is Entitled to Exemplary and Punitive Damages

At no point during the meet and confer process with respect to the MTD did Defendant inform Epson it intended to strike or dismiss Epson's claim for punitive damages. Rather, Epson learned of Defendant's intention to strike the claim for punitive damages for the first time *while reviewing the MTD*. Defendant's failure to comply with Local Rule 7-3 alone constitutes grounds to deny Defendant's request. *See* L.R. 7-4 "The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."; *see also Castillo v. T-Mobile USA, Inc.*, No. 223CV10466JLSMRW, 2024 WL 589882, at *1 (C.D. Cal. Jan. 5, 2024) (striking motion to dismiss for failure to comply with Local Rule 7-3's meet and confer requirement.); *Deonarine v. Lopez, et al.*, No. 2:22-CV-03353-JLS (ADS), 2024 WL 2966155, at *1 (C.D. Cal. May 28, 2024) (recognizing a failure to comply with L.R. 7-3 "constitutes an independent reason for denial of Plaintiff's motion.")

### F. The FAC Does Not Contain Immaterial or Impertinent Allegations

Although Defendant may dislike certain allegations in the FAC, its disdain is not a legal basis to strike allegations. An immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses asserted. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Impertinent

17

matters consist of statements that do not pertain, and are not necessary, to the issues in question.  *See Clark v. WorldMark, The Club*, No. 118CV01661LJOJLT, 2019 WL 3337892, at *4 (E.D. Cal. July 25, 2019).  "Because motions to strike are often used as delaying tactics, they are generally disfavored and are rarely granted in the absence of prejudice to the moving party."  *Harris*, 303 F.R.D. at 628.  None of Epson's allegations are immaterial, impertinent, or prejudicial to Defendant.

### 1.    The Trademark Infringement Allegations

Plaintiff's claims undisputedly arise under the Lanham Trademark Act.  *See* Dkt. 36 at ¶¶ 44-52.  "Trademark infringement" refers to the conduct that is likely to cause consumer confusion.  *See* 15 USC § 1125(a)(1)(A); *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988) ("[t]he ultimate test for unfair competition is exactly the same as for trademark infringement: whether the public is likely to be deceived or confused by the similarity of the marks.")  As set forth in the FAC and herein, Epson takes issue with Defendant's use of the HP trademark and falsely advertising that HP is the manufacturer of the projectors.  Although Defendant is the true manufacturer of the projectors, its advertisements purposely fail to disclose this fact and overstates HP's contribution in an attempt to underhandedly capitalize on the HP trademark.  Epson's trademark infringement allegations speak directly to Defendant's misuse of the HP brand and the purposeful deception/confusion to consumers and Epson that results from Defendant's misconduct.  *See* Dkt. 36, FAC ¶¶ 1, 3, 32-43, 49, 58.  Therefore, Epson's allegations are material, essential, and squarely in-line with the purview of the UCL, Lanham Act, and trademark infringement laws.

### 2.    The Misbranding Allegations

Epson's misbranding allegations should not be stricken for the same reasons stated above.  On one hand, Defendant concedes that its advertisements are literally false because it—not HP—manufactures the projectors.  Dkt. 38, MTD pp. 10-11.  Then, on the other hand, Defendant somehow opposes Epson's use of the term "misbranding" even though HP is not the manufacturer.  *Id*. p. 17; *see* Dkt. 36, FAC ¶¶

18

MEMORANDUM OF POINTS AND AUTHORITIES

32-27, 45.  This defies logic as Defendant cannot have it both ways.  *Upper Deck Co.*, 569 F. Supp. 3d at 1065 ("[W]here a statement is literally false or the defendant intentionally set out to deceive, . . . actual deception" is presumed.")  Defendant's opposition falls woefully short and the Court should not strike Epson's allegations. Moreover, as with several other argues discussed above, Defendant's position relies on external information not included within the FAC, and therefore is without merit.

### G.    Defendant Fails to Support its Request for a More Definite Statement

Motions for a more definite statement of a pleading under Rule 12(e) "must point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e); *see Bautista v. L.A. Cnty.,* 216 F.3d 837, 843 n. 1 (9th Cir. 2000).  A Rule 12(e) motion that does not identify the details desired from the more definite statement is neither "effective" nor "in compliance with Rule 12(e)." *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 & n. 5 (9th Cir. 1969).  Additionally, a Rule 12(e) motion should be "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *Medrano v. Kern Cnty. Sheriff's Officer*, 921 F. Supp. 2d 1009, 1013 (E.D. Cal. 2013) (citations omitted).

Defendant's MTD is completely devoid of ***any*** information that remotely identifies purported defects or the details desired to fill in any such defects.  Also, Defendant does not argue that the FAC is unintelligible because it cannot. Consequently, Defendant's request for a more definite statement is ineffective, non-compliant with Rule 12(e), and must be denied.

## V.    CONCLUSION

For the foregoing reasons, Epson respectfully requests that the Court deny the MTD in its entirety.  Should the Court grant any portion of the MTD, Epson respectfully requests leave to amend.

19
MEMORANDUM OF POINTS AND AUTHORITIES

Dated: June 13, 2024                    K&L GATES LLP


                                        By:  */s/ Zachary T. Timm*
                                             Christina N. Goodrich
                                             Zachary T. Timm
                                             Morgan T. Nickerson (admitted *pro hac
                                             vice*)

                                             Attorneys for Plaintiff
                                             Epson America, Inc.


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned, counsel of record for Plaintiff Epson America, Inc., certifies that this brief contains 6,507 words, which complies with the word limit of L.R. 11-6.1.

Date: June 13, 2024                     */s/ Zachary T. Timm*

                                        Zachary T. Timm

MEMORANDUM OF POINTS AND AUTHORITIES