Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Morgan T. Nickerson (*admitted pro hac*)
morgan.nickerson@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klates.com
K&L GATES LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
T: (310) 552-5000
F: (310) 552-5001
*Attorneys for Plaintiff*
*Epson America, Inc*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP,<br><br>　　　　　Defendant. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>**PLAINTIFF EPSON AMERICA, INC.'S OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: July 18, 2024<br>Time: 10:00 a.m.<br>Courtroom: 10D<br>Judge: Hon. Fred W. Slaughter<br><br>Trial Date: April 15, 2025 |

PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 201 of the Federal Rules of Evidence and in Objection to Defendant's Request for Judicial Notice In Support of Motion to Dismiss The First Amended Complaint ("RFJN"), Plaintiff Epson America, Inc. ("Plaintiff" or "Epson") hereby requests that the Court deny Defendant Global Aiptek Inc. d/b/a GAC Technology Group's ("Defendant" or "GAC") RFJN as set forth herein.

## I. INTRODUCTION

Federal Rule of Evidence 201 provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). "On a motion to dismiss, we may consider materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)

If a document is not attached to a complaint, it may be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)**;** *see also Coto Settlement***,** 593 F.3d at 1038 ("The mere mention of the existence of a document is insufficient to incorporate the contents of a document.") However, if a document "merely creates a defense" to a complaint's allegations and "did not necessarily form the basis of the complaint," courts should decline to incorporate the document. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-3 (9th Cir. 2018); *see also Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1166 (9th Cir. 2022) (holding it improper to accept incorporated documents' contents as truthful to resolve factual disputes against well-pled complaint allegations); *Bushy v. Green*, No. CV220095FMOGJSX, 2022 WL 2442739, at *2

(C.D. Cal. Apr. 6, 2022) (finding that appended documents addressing a factual issue "at the heart of the dispute" should be considered at summary judgment rather than on a motion to dismiss). Courts must be careful of incorporating documents into a complaint that could present competing and inconsistent versions of the facts. *Khoja*, 899 F.3d at 1014. "The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Id.; see also In re Mora,* 199 F.3d 1024 (9th Cir. 1999) (declining to take judicial notice of alleged fact that first class mail was generally delivered overnight to locally designated cities; whether United States Post Office delivered check in question overnight, or whether check was probably delivered overnight, were disputable propositions and not appropriately admitted as facts under the judicial notice rule).

Additionally, federal courts "have expressed skepticism as to whether it is appropriate to take judicial notice of information or documents appearing on websites that are created and maintained by a party to the litigation." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) (collecting cases and declining to take judicial notice of private websites from the parties and third parties because the requesting party failed to demonstrate that the information is capable of "accurate and ready determination" in the territorial jurisdiction of the court); *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1324 (C.D. Cal. 2023) (screen capture of website purporting to display that the defendants were the holders of the trademark was inappropriate to determine the factual issue at the pleading stage and request for judicial notice was denied).

## II.  DEFENDANT'S DOCUMENTS ARE NOT JUDICIALLY NOTICEABLE

As a whole, Defendant's RFJN is legally deficient and contrary to well-established law in the Central District of California and the Ninth Circuit.

Accordingly, Defendant's RFJN should be denied in its entirety for the reasons set forth herein.

**Exhibit A.** The document purporting to be the HP Licensing Agreement should not be admitted because: (1) the FAC does not reference the HP Licensing Agreement whatsoever (*see* Dkt. No. 36, FAC; *Ritchie*, 342 F.3d at 908); (2) the mere mention of the existence of a document is insufficient to incorporate the contents of a document (*Coto Settlement*, 593 F.3d at 1038); and (3) there is a factual dispute as to Defendant's status as a licensee, the scope of Defendant's purported status as a licensee, and it is improper to accept the document's contents as truthful to resolve these factual disputes (*Khoja*, 899 F.3d at 1014). As alleged in Epson's FAC, Defendant has made contradictory statements as to its licensee status with HP. Dkt. No. 36, FAC ¶¶ 32-34. Defendant also admits that its Chinese operator manufactures the disputed projectors and HP does not manufacture the projectors, despite Defendant's advertisement stating otherwise. Dkt. No. 38, MTD pp. 10-11. Epson alleges that Defendant manufactures the disputed projectors and its advertisements are false with respect to this fact. Dkt. No. 36, FAC ¶¶ 32-40. Thus, there are factual disputes that should be viewed in favor of Epson and not decided at this stage of litigation. *Bushy*, 2022 WL 2442739, at *2.

**Exhibits B-F.** The documents purporting to be website screenshots or printouts should not be admitted because: (1) there is a factual dispute as to Defendant's status as a licensee, the scope of Defendant's purported status as a licensee, and it is improper to accept the document's contents as truthful to resolve these factual disputes (*Khoja*, 899 F.3d at 1014); (2) there is a factual dispute as to Defendant's corporate structure and it is improper to accept the document's contents as truthful to resolve the factual dispute (*id.*); (3) it is inappropriate to take judicial notice of information or documents appearing on websites that are created and maintained by a party to the litigation or a third party (*Gerritsen*, 112 F. Supp. 3d at 1030; *EVO Brands, LLC*, 657 F. Supp. 3d at 1324); and (4) Defendant's RFJN

summarily argues that the respective website screenshots or printouts should be judicially noticed. However, Defendant's RFJN is completely devoid of any substantive argument or explanation as to why each submitted exhibit demonstrates that the information is capable of "accurate and ready determination." *Gerritsen*, 112 F. Supp. 3d at 1030. Defendant's RFJN is replete with conclusory statements and Defendant's failure to expound upon its legal conclusions is fatal to its entire request. *Id.*

### III. CONCLUSION

Based on the foregoing, Plaintiff Epson requests that this Court deny Defendant's Request for Judicial Notice In Support of Motion to Dismiss The First Amended Complaint.

Dated: June 13, 2024                K&L GATES LLP

By: */s/ Zachary T. Timm*
Christina N. Goodrich
Zachary T. Timm
Morgan T. Nickerson (admitted *pro hac vice*)

Attorneys for Plaintiff
Epson America, Inc.