Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Kirstin Jensvold-Rumage, SBN 345916
kirstin@milordlaw.com
MILORD LAW GROUP, P.C.
333 South Hope Street, Suite 4025
Los Angeles, California 90071
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Defendant
Global Aiptek Inc. dba GAC Technology Group

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EPSON AMERICA, INC.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP,<br><br>　　　　Defendant, | Case No.: 8:23-cv-00222-FWS-DFM<br><br>[Assigned to the Hon. Fed W. Slaughter, Courtroom 10D]<br><br>**DEFENDANT GLOBAL AIPTEK INC.'S REPLY IN SUPPORT OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND/OR STRIKE PORTIONS THEREOF, AND/OR FOR MORE DEFINITE STATEMENT**<br><br>Date:　　June 27, 2024<br>Time:　　10:00 a.m.<br>Location: Courtroom 10 D, Santa Ana |

**REPLY IN SUPPORT OF MOTION TO DISMISS FAC/STRIKE/DEFINITE STATEMENT**

## I. Introduction

To avoid dismissal of its inadequately pleaded FAC, Epson fabricates strawman arguments that Global waived its position that Lanham Act claims must be pleaded with particularity by ignoring 11.5 pages of facts and controlling authority. *See* Motion at 5-12. Epson supports its fruitless position that fraud pleading standard does not apply to Lanham Act false advertising claims by citing unreported cases from outside this district and partially and misleadingly quoting Central District cases. But Epson's flailing arguments do little to address the Motion's primary argument: that the FAC failed to plead why advertising light *source* brightness is (1) false or misleading—either literally or under a certain standard—and (2) why Epson's opinion that projectors must be advertised by light *output* brightness lumens is the one and true method of advertising brightness. Thus, the Court should dismiss Epson's FAC without leave to amend, or strike impertinent portions and order Epson to provide a more definite statement.

## II. The FAC does not Plead a Section 1125 False Advertising Claim With Rule 9(b)'s Requisite Specificity

### A. Courts in the Central District of California Apply Rule 9(b) Pleading Standards to Lanham Act False Advertising Claims

The Opposition fails to support its position that Rule 9(b)'s heightened pleading standard does not apply to Lanham Act claims. Ignoring a plethora of decisions from this District applying the heightened standard, Epson instead digs up two decade-old, unreported Northern District cases. Opposition at 5:6-12. Courts in this District, however, uniformly agree that Rule 9(b)'s fraud pleading standard applies to Epson's Lanham Act false advertising claim. *See, e.g.*, *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010) ("The Court agrees that Plaintiff's false advertising claims are grounded in fraud and that Rule 9(b) applies to the pleading of this claim."); *Tracy Anderson Mind & Body, LLC v. Roup*, No. CV 22-4735-RSWL-EX, 2022 WL 17670418, at *4 (C.D. Cal. Dec. 12, 2022) ("Importantly, district courts in the Ninth Circuit apply a heightened pleading standard for [Lanham Act] false

advertising claims."); *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 642 F. Supp. 2d 1112, 1123 (C.D. Cal. 2009) (applying Rule 9(b) to false advertising claim under Lanham Act); *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 767 (C.D. Cal. 2015) (same); *BHRS Grp., LLC v. Brio Water Tech., Inc.*, No. 2:20-CV-07652-JWH-JCx, 2021 WL 6536662, at *3 (C.D. Cal. June 7, 2021) (same).

Notably, the Ninth Circuit has ruled that fraud pleading requirements apply to federal statues that specifically concern false statements. *Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (applying Rule 9(b) heightened pleading standard to 31 U.S.C.A. § 3729 *False* Claims Act claim).

The Opposition partially and misleadingly quotes *Beyond Blond* court's order and misrepresents its conclusion. Opposition at 4:23-5:5. The proper full quote provides: "[w]hile the Ninth Circuit has not held that Rule 9(b) applies to false advertising claims under the Lanham Act, **courts within the Central District routinely apply Rule 9(b) to Lanham Act claims**." *Beyond Blond Prods., LLC v. Heldman*, No. CV205581DSFGJSX, 2022 WL 2036306, at *3 (C.D. Cal. Mar. 3, 2022) (emphasis added). The court concluded that it too " will apply Rule 9(b)'s heightened pleading standard to Beyond Blond's Lanham Act claim." *Id.* Accordingly, the Court should—as "routinely" done in the Central District—apply the heightened Rule 9(b) pleading standard to Epson's Section 1125 Lanham Act false advertising claim.

### B.    Epson Failed to Plead its Section 1125 Claim with Specificity

The Opposition fails to counter Global's articulation that the Section 1125 claim should be dismissed for failure to plead (1) that Global created the advertisements ("who"), (2) the industry standard for projector brightness ("how"), (3) that advertising light *source* brightness rather than light *output* brightness is literally false or misleading ("what"), (4) how Amazon's listing of HP as the manufacturer is literally false or misleading ("who" and "what"), and (5) that a *substantial* number of consumers are likely to be, and actually are, misled by advertising of HP as the manufacturer or light *source* brightness rather than light *output* brightness ("what"). Motion at 6:1-9.

1      First, Epson does not plead *that Global itself* published the requisite false
2 statement in a commercial advertisement about the HP Projectors.  *See BHRS Grp., LLC*
3 *v. Brio Water Tech., Inc.*, 553 F. Supp. 3d 793, 799 (C.D. Cal. 2021) (citation omitted).
4 Instead, the advertisements copied and pasted into the FAC are not created by Global.
5      Second, Epson does not plead "*what* is false or misleading" about measuring
6 projector brightness as light source brightness "and *why* it is false." *Vess v. Ciba-Geigy*
7 *Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis added, citation omitted).
8 Epson does not plead (1) why Global's use of light *source* brightness to advertise its
9 projectors is "false" or by what standard it is improper, and (2) why Epson's choice to
10 advertise its projectors by light *output* brightness is the only correct way to advertise and
11 why all others are either false or misleading.  *See* Motion at 6:12-17; 8:24-9:2.  Indeed,
12 this Court recently dismissed a UCL claim for failure to plead with Rule 9(b) specificity,
13 noting that "the Complaint is short on allegations of the specific statements made **by**
14 **Defendant** and why those statements were **false** *at the time they were made*." *Toyo Tire*
15 *Holdings of Americas Inc. v. Ameri & Partners, Inc.*, No. 8-23-CV-01300-FWS-DFM,
16 2024 WL 1684482, at *8 (C.D. Cal. Mar. 13, 2024) (emphasis added).
17      Notably, the Opposition asserts that, regarding Epson's testing reports, "Defendant
18 does not contest (because it simply cannot) the validity of Epson's testing."  Opposition
19 at 12:15-16.  The validity of testing is not at issue—the question is *how* brightness was
20 measured.  Epson admits that "[t]his action seeks redress for Defendant's deliberate and
21 unlawful misleading representations *regarding the light output of its projectors*." FAC
22 ¶7 (emphasis added).  Epson then admits that the HP projectors advertise "led lumens"
23 and "laser lumens" which "*refer to the light source brightness of a projector*, rather than
24 the projector's output brightness." *Id.* ¶26 (emphasis added).  Epson's testing is by
25 Epson's own admission measuring projectors by a *different measurement*.  However, it is
26 well understood in the industry that for different projector light sources, brightness
27 "appears" and is measured differently. *See* Dkt. 15-1, Exhibit A (ViewSonic Whitepaper:
28 Understanding the Difference Between ANSI Lumens and LED Lumens: "By

observation, we know that many projectors with LED-based light sources have higher perceptible brightness than many lamp-based projectors, even though they may have the same measured ANSI lumen rating."). Thus, Epson's argument regarding testing is inextricably tied to, and falls with, its failure to plausibly plead that the advertising was false or misleading.

Third, the FAC states baldly and conclusory fashion that "a projector's output brightness" is important to a consumer's purchasing decision while "the light source brightness of a projector is irrelevant," and any use of light source brightness is false or misleading. FAC ¶ 27. It is not common knowledge that how *Epson* advertises projector brightness is proper and important to consumers, while all other methods are completely irrelevant to a consumer. The Court need not accept Epson's bald legal conclusions as plausible facts, thus, Epson fails to plausibly plead that consumers were actually or likely to be misled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Realizing the implausibility of its brightness claims, the Opposition fails to present an argument to resuscitate its fabricated allegation that an Amazon advertisement for an HP projector falsely advertises HP as the "manufacturer." FAC ¶¶32-37. To Epson's detriment, allegations that are contradicted by judicially noticeable facts—such as the HP license agreement and authorization letter—are not required to be accepted as true. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see* Opposition at 14:6. Again, Global does not control what information is placed on Amazon in what category, such as the manufacturer listing.

Further, if Epson's allegation were true, nearly *all* Amazon product listings would be misbranded, including Epson's[1]:

---

[1] When asked to confirm that Epson itself actually manufactures its projectors as advertised on Amazon, not a third-party factory in China or the Philippines, Epson's counsel stated he didn't know, despite representing Epson on false advertising cases since at least 2016. Jensvold-Rumage Decl. ¶3; *see Epson America, Inc. v. USA111, Inc. d/b/a iRulu*, 259 F. Supp. 3d 387 (D.S.C. 2017) (filed January 17, 2017, by Morgan T. Nickerson).

| Product information | |
|---|---|
| Product Dimensions | 12.2 x 11.2 x 3.5 inches |
| Item Weight | 7.7 pounds |
| ASIN | B08P59KNM4 |
| Item model number | Pro EX9240 |
| Customer Reviews | 4.6 ★★★★★ 485 ratings<br>4.6 out of 5 stars |
| Best Sellers Rank | #83 in Video Projectors |
| Date First Available | January 14, 2021 |
| Manufacturer | Epson |
| Country of Origin | China |

Notwithstanding Epson's verifiably untrue allegation in paragraph 33 that Global manufactures its own projectors (HP Projectors are manufactured by Chinese manufacturer GAC, not Global)[2], Epson would have this Court rule that every listing on Amazon must list the *manufacturing plant name* next to a product, rather than the product's brand name, or else it is false. This assertion is not only unreasonable, it does not comport with the spirit of the Lanham Act. Accordingly, the Court should dismiss this cause of action without leave to amend.

**C.     Epson's Improper Waiver Argument Should be Disregarded**

Throwing in a Hail-Mary, the Opposition incorrectly argues that Global waived its Rule 9(b) pleading argument for Lanham Act claims even though Global's motion contains 11.5 pages of argument on this point. *See* Motion at 5-12 (Section A: "Epson Does Not Plead with Specificity that Global Made the Advertisements and that They are Literally False or Misleading"). Indeed, the motion does not make a "passing statement" as to "why" Epson failed to plead the advertising is false as Epson claims (Opposition at 6:17-21), but thoroughly discusses why Epson's FAC is deficient on the issue of falsity

---

[2] The Opposition asserts that "Defendant admits that it, rather than HP, manufactures the projectors. Dkt. No. 38, MTD pp. 10-11." Even a cursory review of the Factual Background and this sentence itself disproves the Opposition's argument—Global's motion writes that GAC (the Chinese manufacturer) manufactures HP Projectors.

-5-
**REPLY IN SUPPORT OF MOTION TO DISMISS FAC/STRIKE/DEFINITE STATEMENT**

or misrepresentation.  *See* Motion Section A, subdivisions (2)(i)-(ii).

The Opposition cites *RA Med. Sys.* and confirms that an argument is only waived where the movant "failed to raise the argument," while admitting that Global *did* raise the argument: "[t]he MTD makes a passing statement that Epson has not alleged 'why' the advertising is false."  Opposition at 6:17-26.  *RA Med. Sys.*, however, specifically found, in a footnote, that "Ra Medical waived the claim that Rule 9(b) should apply by failing to raise it before the district court."  *RA Med. Sys., Inc. v. PhotoMedex, Inc.*, 373 F. App'x 784, 787, n.3 (9th Cir. 2010).  But Global's motion provides a detailed analysis of why Rule 9(b) applies to Lanham Act claims and how Epson's FAC fails to plead with particularity.  *See* Motion at 6:1-9; Section B above.  Thus, Epson's waiver argument is incorrect and should be disregarded by the Court.

### III.   The FAC's California UCL Claim Falls with its Section 1125 Claim

Epson does not deny that in failing to plead a Section 1125 claim, this Court must dismiss UCL claims because they are "tethered to specific constitutional, statutory, or regulatory provisions"—they are not self-sustaining.  *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-3638-SC, 2013 WL 4528956, at *4 (N.D. Cal. Aug. 26, 2013).  Epson concedes that the fraudulent prong does not apply, thus, only the unlawful and unfair prongs remain.  Opposition at 17:5-10.

The Opposition's argument is circular, asserting that this court can apply the "tethering" test to tether the unfair prong of the UCL to the FAC's Lanham Act claim.  *See* Opposition at 15:27-28, 16:17-21.  For the reasons outlined above and in Global's motion, Epson's Section 1125 claim is insufficiently pleaded, and Epson does not point to any other law by which Global's conduct would be "unfair," if not "unlawful": its allegations of wrongful conduct are not "tethered" to any law *as pleaded*.  Baldly asserting in an Opposition that Global's alleged conduct "violates the spirit of numerous laws" does not equate to pleading a UCL claim.  Opposition at 16:22.  Thus, the FAC fails to plausibly plead either prong of the UCL applies, and Epson's second cause of action must be dismissed.

### IV. The Opposition is Devoid of Any Argument or Legal Authority on Why the Court Cannot Strike the FAC's Immaterial and Impertinent Statements

Like the FAC, the Opposition provides legal conclusions devoid of factual or legal basis to support its arguments, baldly asserting that because "[n]one of Epson's allegations are immaterial, impertinent, or prejudicial to Defendant,"

First, Epson argues that the trademark allegations are relevant because "Epson takes issue with Defendant's use of the HP trademark and falsely advertising that HP is the manufacturer of the projectors." Opposition at 18:14-15. It is undisputed that Epson does not own or have an interest in the HP® trademark, and it is undisputed that the screenshot of the Amazon advertisement inserted in the FAC does not contain the word "Epson." "Taking issue" is not the basis for a cause of action. The Federal Rules do not allow a plaintiff to cite to *any* activity by the defendant it finds unsavory. Indeed, the central purpose of Rule 12(f) is to cut out these sort of unrelated, confusing, and prejudicial allegations. *Cortina v. Goya Foods, Inc.*, 94 F.Supp.3d 1174, 1182 (S.D. Cal. 2015). The Opposition's bald claims that the numerous mentions of trademark infringement—and harm to Epson's trademarks, specifically—are not "prejudicial" is unsupported and should be dismissed. Accordingly, the Court should strike these portions of the FAC.

Second, as discussed in detail under the Section 1125 argument above and in Global's motion, because (1) Global does not control the content posted on Amazon (or where such content is placed, e.g., in a table next to "Manufacturer"), and (2) Epson knows that HP expressly authorized GAC to manufacture HP projectors, and Global to sell them in the U.S., the FAC's liberal assertions of "misbranding" are impertinent and immaterial because they are untrue, thus, prejudicial. Accordingly, these references should be stricken.

Finally, as outlined below, the Court should strike Epson's improper request for exemplary and punitive damages.

### V. Epson Cannot Seek Damages that are Not Allowed Under the Statute

Epson cannot seek, and the jury cannot award, exemplary and punitive damages for a false advertising/unfair competition claim. *Powell v. Wells Fargo Home Mortg.*, No. 14-CV-04248-MEJ, 2017 WL 2720182, at *7–8 (N.D. Cal. June 23, 2017), aff'd, 855 F. App'x 382 (9th Cir. 2021) ("Because the UCL only permits restitution or injunctive relief, the Court DISMISSES any claim for exemplary or punitive damages.").

The Opposition improperly uses the meet-and-confer requirement as procedural weapon while failing to provide any authority in support of its request for exemplary and punitive damages. Further, this damages issue is not disputed—there is ample grounds to conclude that Epson's (1) refusal to amend its FAC on other, more complicated grounds, and (2) absence of legal argument in support of its position as to the damages issue show that Epson is not prejudiced by its inclusion. Failure to meet and confer on a small, specific point is not grounds for denial of a motion where the non-moving party has suffered no prejudice. *See CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) (considering Rule 12(b)(1) motion on the merits where the moving party met and conferred *after* filing the motion); *ECASH Techs., Inc. v. Guagliardo*, 35 Fed.Appx. 498, 500 (9th Cir. May 13, 2002) ("The Central District of California's local rules do not require dismissal of appellee's motions for failure to satisfy the meet-and-confer requirements"). Accordingly, should the Court deny Global's motion, it should strike Epson's improper request for exemplary and punitive damages.

### VI. Global Specifically Requests Clarification or a More Definite Statement Under FRCP 12(e) as an Alternative to Dismissal

Should the Court not dismiss Epson's clams in their entirety, it should order Epson to provide a more definite statement as to why the advertisements are false. Contrary to the Opposition's argument (Opposition at Subsection G), Global's motion clearly identifies the elements of Epson's FAC that are vague and ambiguous such that Global cannot meaningfully respond:

- "The [FAC's] allegations do not advise Global of the charges against it such that it can respond in any meaningful way. Though Global[1] asked Epson why advertising

light *source* brightness is false advertising—thus at least advising Epson that its claims were unclear—Epson's FAC provided no clarity.  Thus, Epson's false advertising cause of action should be dismissed." Motion at 6:12-17.

- o n.1: "Epson's original complaint asserted that Global's advertising of light source brightness was misleading and false because it violated the protocol of the 'ANSI Standard' for advertising projector brightness and lumens. *See* Dkt. 1, Complaint ¶20.  When asked during discovery to describe or identify the standard, Epson refused (or could not).  Epson removed this allegation from the FAC, but now fails to plead by what measure or 'industry standard' Global was falsely advertising its Projectors."
- "At the beginning of the FAC, Epson specifically asserts that the 'action seeks redress for [Global's] deliberate and unlawful misleading representations regarding *the light output* of its projectors.  Defendant uses false claims regarding *the light output* of its projectors in its product descriptions and advertising.' [FAC] ¶7 (emphasis added).  But Epson does not plead that Global advertises light output. How could Global falsely advertise or mislead consumers by advertising a measurement it does not use?  But even if the advertisements' mere use of light source brightness was itself misleading, the FAC does not identify by what standard projectors must be advertised such that Global's alleged advertising is misleading or false. Thus, should the Court not dismiss the claims, it should order Epson to provide a more definite statement." *Id.* at 8:24-9:2.

These sentences echo what is argued throughout the Motion: that Epson does not and cannot identify why Global's advertising is false or inaccurate, and Epson does not identify by what method Global must advertise its projectors.

Thus, Epson's assertion that "Defendant's MTD is completely devoid of *any* information that remotely identifies purported defects or the details desired to fill in any such defects" is incorrect.  Opposition at 19:17-18.  A complaint need not be "unintelligible" as Epson claims to be deemed unclear—the Rule clearly states that a

-9-
REPLY IN SUPPORT OF MOTION TO DISMISS FAC/STRIKE/DEFINITE STATEMENT

complaint need only be "vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Even so, Epson's FAC is *un*intelligible because Global cannot understand Epson's claims against it. If, *arguendo*, Global did create advertisements advertising LED light *source* brightness, why is (1) this false—either literally or under a certain standard, and (2) Epson's opinion—that projectors must be advertised by light *output* brightness lumens—the one and true method of advertising brightness? Accordingly, should the Court deny Global's motion to dismiss, there is ample reason and grounds to grant Global's motion for a more definite statement.

## VII. Conclusion

The Opposition does not overcome the FAC's failure to plausibly plead a Section 1125 false advertising claim with Rule 9(b)'s specificity requirement. Because Epson's UCL claim falls with its Section 1125 claim, both claims are thus unsustainable as pleaded. The Court should dismiss Epson's complaint in its entirety, or in the alternative, (1) strike the immaterial, impertinent and prejudicial allegations, or (2) order Epson to amend to provide a more definite statement.

Dated: June 27, 2024          Respectfully submitted,

**MILORD LAW GROUP P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Defendant
GLOBAL AIPTEK INC