Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Kirstin Jensvold-Rumage, SBN 345916
kirstin@milordlaw.com
MILORD LAW GROUP, P.C.
333 South Hope Street, Suite 4025
Los Angeles, California 90071
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Defendant
Global Aiptek Inc. dba GAC Technology Group

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPSON AMERICA, INC., <br>     Plaintiff, <br><br> vs. <br><br> GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP, <br><br>     Defendant, | Case No.: 8:23-cv-00222-FWS-DFM <br><br> [Assigned to the Hon. Fed W. Slaughter, Courtroom 10D] <br><br> **GLOBAL AIPTEK INC.'S RESPONSE TO EPSON AMERICA INC.'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE [DKT. 42-1]** <br><br> Date: June 27, 2024 <br> Time: 10:00 a.m. <br> Location: Courtroom 10D, Santa Ana |

-1-
**GLOBAL'S RESPONSE TO EPSON'S OPPOSITION TO
REQUEST FOR JUDICIAL NOTICE**

## I. Introduction

Movant Global Aiptek Inc. ("Global") submits this response to Plaintiff Epson America, Inc.'s ("Plaintiff" or "Epson") opposition to Global's Request for Judicial Notice ("RFJN").  In asking the court to deny the requests, Epson's reasoning is contrary to the courts discretionary power: "Federal Rule of Evidence 201 allows the court to take judicial notice of certain 'adjudicative facts' without converting a motion to dismiss into one for summary judgment." *Ronk v. Hudson*, No. 220CV09843FLAASX, 2021 WL 4898450, at *4 (C.D. Cal. 2021) (*Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)). For the reasons provided in the initial RFJN, Dkt. 38-1, and discussed in detail below, the Court may judicially notice Exhibits A-F.

## II. Exhibit A: This Court May Take Judicial Notice of the HP Authorization Letter

The Court may take judicial notice of Exhibit A, the HP Authorization Letter allowing Global to distribute HP-branded projectors in the United States under the incorporation by reference doctrine not because Epson literally mentions this document, but because Epson *selectively* omits text in arguing this document *does not exist.*

The FAC cites to deposition testimony (not quoted) arguing that Global admitted it has no licensing agreement and cites to press releases (not attached) arguing that Global improperly advertises itself as a licensee.  FAC ¶34.  However, this same deposition testimony clearly provides that Global has an *authorization* letter, and that the press releases discussing licensing are by GAC—a Chinese entity, not named in this lawsuit— who *does have a licensing agreement* with HP (also provided to Epson).

Because Epson has selectively pleaded that Global has no agreement that authorizes it to use the HP mark by citing writings it does not attach or quote, the Court should judicially notice the agreement if not for the truth of its contents but for the existence of the document.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (observing "the policy concern underlying the [incorporation by reference] rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting

MILORD LAW GROUP PC
333 South Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

references to documents upon which their claims are based"); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("The [incorporation-by-reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

### III. Exhibits B, D-F: The Court May Judicially Notice Webpages Cited and Pictured in the FAC that Contain Information Selectively Excluded by Epson

The Opposition to RFJN's argument regarding exhibits featuring the www.hp-projector.com website and Amazon.com product listings misconstrues the applicable law. Global does not request judicial notice of screenshots of unrelated third-party websites, but screenshots of the *same* webpages and items cited in Epson's FAC. Indeed, Epson cut out so much information from the Amazon.com listing that Global was only able to locate the item, its name, and who sold it on Amazon, by searching the ASIN. FAC ¶32.

First, Epson's FAC cites to these webpages, and even provides screenshots of these webpages, but selectively cuts out certain information. For example, paragraph 22 contains screenshots of images of HP projector listings on www.hp-projector.com but selectively removes the lower portion of the screen, which confirms that the www.hp-projector.com website " © Copyright 2023 GAC Technology Group, is the official licensee and manufacturer of HP® Projectors, under license from HP Inc." This exclusion "dooms" Epson's claim by proving that GAC wrote the website/advertisement, not Global, and that there is a license from HP not to Global but to GAC. As explained by the Ninth Circuit in *Khoja*, when a plaintiff incorporates a document (or here, a website) into its complaint by reference, it cannot "select only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002 (9th Cir. 2018).

Indeed, Epson's Opposition to RFJN undermines its own FAC, stating that judicial notice of these websites is not appropriate because these third-party websites should not be admissible for their truth. Opposition to RFJN at 3:22-28. However, these websites

MILORD LAW GROUP PC
333 South Hope Street, Suite 4025
Los Angeles, CA 90071
(310) 226-7878

1  are the very backbone of Epson's FAC—if they are inadmissible and cannot be
2  considered for their truth, then Epson has not plausibly pleaded false advertising. Thus,
3  the Court may judicially notice these documents.

### IV. **Exhibit C: Domain Registration Records are Judicially Noticeable**

The Opposition to RFJN provides no authority or argument for why the domain registration for www.hp-projector.com is not judicially noticeable. Unlike other websites and webpages, domain registration records "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Internet Corporation for Assigned Names and Numbers ("ICANN")—an organization that coordinates the maintenance of internet domain databases and security—registrant information page for www.hp-projector.com is thus judicially noticeable. *HMS Stores, LLC v. RGM Distribution, Inc.*, No. 2:14-CV-09730-SVW-E, 2015 WL 1299750, at *2 (C.D. Cal. Mar. 3, 2015).

### V. **Conclusion**

For the foregoing reasons, Exhibits A-F may be properly considered by the Court in ruling on Global's Motion to Dismiss the First Amended Complaint and Epson's objections to the RFJN should be disregarded.

Dated: June 27, 2024               Respectfully submitted,

**MILORD LAW GROUP, P.C.**
/s/ Kirstin A. Jensvold-Rumage
Kirstin A. Jensvold-Rumage
Attorney for Defendant
Global Aiptek Inc.