**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com

**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Telephone: 617.261.3134
Facsimile: 616.261.3175
Morgan T. Nickerson (admitted *pro hac vice*)
morgan.nickerson@klgates.com

*Attorneys for Plaintiff*
*Epson America, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP,<br><br>Defendant. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>[Assigned to the Hon. Fred W. Slaughter, Courtroom 10D]<br><br>**THIRD JOINT STIPULATION AND REQUEST FOR ORDER MODIFYING THE SCHEDULING ORDER**<br><br>Complaint Filed:   February 6, 2023<br><br>Current Trial Date:   April 15, 2025<br>New Trial Date         October 14, 2025 |

THIRD JOINT STIPULATION TO MODIFY THE SCHEDULING ORDER

Plaintiff Epson America, Inc. ("Epson") and Defendant Global Aiptek Inc. ("Global") (jointly, the "Parties"), by and through their respective counsel, respectfully submit this Joint Stipulation and Request for Order Modifying the Trial Scheduling Order (Docket Entry ("DE") 33) and continuing the hearing on Global's Motion to Dismiss (DE 48) with reference to the following facts:

WHEREAS, Epson filed its Complaint in this matter on February 6, 2023, and Global filed its Answer on April 14, 2023;

WHEREAS, the Parties have previously jointly requested modification of the trial scheduling order on two occasions, which this Court granted on December 19, 2023 (DE 31) and March 5, 2024 (DE 33);[1]

WHEREAS, Epson served Global with written discovery on May 2, 2023, Global served its responses on June 29, 2023, and the Parties subsequently conducted multiple meet and confer efforts regarding such responses and document productions, which included one informal discovery conference before the Magistrate Judge in this Action on September 28, 2023 (*see* DE 28);

WHEREAS, Global served Epson with written discovery on October 27, 2023, and Epson served its responses on December 18, 2023, and supplemental responses on January 22 and 25, 2024. The parties conducted two conferences of counsel pursuant to L.R. 37-1, and the parties are still in communication regarding the outstanding documents, production of which was delayed by mutual agreement after reinitiation of settlement discussions;

WHEREAS, through discovery, and during the course of this Action, Epson learned of facts necessitating the filing of an Amended Complaint, which was filed on April 29, 2024 (DE 36);

WHEREAS, discovery has continued in this Action since the filing of Epson's

---

[1] The Parties thereafter filed a request to modify the scheduling order to allow Epson to file an Amended Complaint, which supplemented the Parties' prior stipulation and was granted by this Court on April 26, 2024 (DE 35).

Amended Complaint;

WHEREAS, Global's Motion to Dismiss the Amended Complaint is currently set for hearing on August 15, 2024 (DE 48);

WHEREAS, the Parties recently re-engaged in settlement discussions, which they hope will resolve the disputes in this Action, thus negating any need for a hearing on Global's Motion, and further resulting in the dismissal of this Action;

WHEREAS, the Parties have begun devoting their resources to those settlement discussions, and believe continuing to do so provides the greatest chance of resolution of the disputes in this Action;

WHEREAS, the Parties believe, therefore, that the greatest chance at resolving this action would be to further modify the scheduling order to provide them with additional time to negotiate a potential resolution (which the Parties believe will be negatively impacted if they are required to devote significant resources towards finalizing discovery at this time);

WHEREAS, Epson has further learned additional (and new) facts it contends warrant the filing of a Second Amended Complaint ("SAC"), and has informed Global of the same;

WHEREAS, if the Court provides Epson leave to file this SAC[2] then additional discovery will be necessary on the amended allegations. As depositions will also be needed on these new allegations, the Parties desire to forestall depositions until after such time as the pleadings are settled so that they have complete knowledge of the claims (and defenses) at issue;

WHEREAS, for similar reasons, the Parties believe a continuance of the hearing on Global's Motion to Dismiss is appropriate to avoid the Court ruling on a motion to dismiss as to a complaint that is mooted through the filing of the SAC;

---

[2] The Parties have met and conferred regarding Epson's intention to file a Motion for Leave to File its SAC, with Global indicating it will oppose such motion. Such motion is forthcoming, and Epson believes it will be granted.

WHEREAS, fact-discovery in this matter is currently scheduled to close on August 16, 2024 (the day after the hearing on Global's Motion to Dismiss), and trial is scheduled for April 15, 2025 (DE 33);

WHEREAS, the Parties have met and conferred through their respective counsel, and have agreed that a brief continuance of the trial and associated dates would be beneficial, including to allow sufficient time for settlement negotiations to continue, or for the pleadings to be settled and for discovery to be completed once the pleadings have been settled; and

NOW THEREFORE, good cause appearing, the Parties, by and through their respective counsel of record hereby stipulate and respectfully request the Court enter an order as follows:

1. The hearing on Global's Motion to Dismiss Epson's First Amended Complaint be vacated and rescheduled only if Epson's forthcoming Motion for Leave to File a Second Amended Complaint is denied;

2. The Fact-Discovery Cut-Off (including hearing of discovery motions) be continued until March 14, 2025;

3. The deadline for the Initial Designation of Expert Witnesses be continued until April 4, 2025;

4. The deadline for the Designation of Rebuttal Expert Witnesses be continued until April 18, 2025;

5. The Expert Discovery Cut-Off (including expert depositions) be set at May 2, 2025;

6. The Dispositive Motion Hearing Cut-Off be continued until June 12, 2025;

7. The Deadline to Complete Settlement Conference be continued until July 3, 2025;

8. The first round of Trial Filings be continued until August 1, 2025;

9. The second round of Trial Filings be continued until August 15, 2025;

10. The deadline for Objections to Counter Designation(s) and Counter-Counter Deposition Designation(s) be continued until August 22, 2025;

11. The Final Pre-Trial Conference and Hearing on Motions in Limine be continued until September 18, 2025, at 10:00 a.m.; and

12. The Jury Trial be continued until October 14, 2025, at 8:30 a.m.

Dated: July 31, 2024                K&L GATES LLP


By: */s/ Zachary T. Timm*
    Christina N. Goodrich
    Zachary T. Timm
    Morgan T. Nickerson (admitted *pro hac vice*)

Attorneys for Plaintiff
Epson America, Inc.


Dated: July 31, 2024                MILORD LAW GROUP P. C.


By: */s/* Kirstin A. Jensvold-Rumage
    Milord A. Keshishian
    Kirstin A. Jensvold-Rumage

Attorney for Defendant
Global Aiptek Inc.

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

K&L GATES LLP

By: */s/ Zachary T. Timm*
    Zachary T. Timm