Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klates.com
Morgan T. Nickerson (admitted pro hac vice)
morgan.nickerson@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 8th Flr.
Los Angeles, CA 90067
T: (310) 552-5000
F: (310) 552-5001

*Attorneys for Plaintiff*
*Epson America, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP,<br><br>Defendant. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>**PLAINTIFF EPSON AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed Concurrently with Declaration of Zachary T. Timm; Declaration of Shaina M. Lefkowitz; [Proposed] Order; and [Proposed] Second Amended Complaint]*<br><br>Date:          September 5, 2024<br>Time:          10:00 a.m.<br>Courtroom:   10D<br><br>[Assigned to the Hon. Fred W. Slaughter, Courtroom 10D] |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on September 5, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10D of the above-captioned Court, located at 411 West 4th Street, Room 1053, Santa Ana, CA 92701, Plaintiff Epson America, Inc. ("Epson" or "Plaintiff") will and hereby does move the Court for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and 16 (the "Motion").

Epson seeks to amend its complaint to name GAC Technology Group as a named defendant as opposed to a mere trade name as it is currently referenced, as well as to add additional facts in support of its claim for false advertising and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1051, and for violation of Business and Professions Code sections 17200, et seq (the "California Unfair Competition Law"). This Motion is brought on the grounds that Epson only recently learned that GAC Technology Group is the alleged corporate parent of Global Aiptek Inc. (together "GAC") and are alter egos of one another. Whereas previously, Epson had sued both together as a d/b/a, Epson now seeks to add both entities as separate Defendants. Moreover, the entities have recently introduced new projectors to the market through new online platforms and are falsely advertising the manufacturer and white brightness of those projectors. Thus, this is the first time Epson has the requisite knowledge to sufficiently allege claims against them. Specifically, Epson learned of such information through its review of internet marketplaces and GAC's websites (and made such discoveries only recently, and after Epson had filed its First Amended Complaint). No such information has been produced through document production, though Epson anticipates that such information would be discovered once GAC made a more complete document production. This Motion is made on the further grounds that GAC will not be prejudiced by amendment, Epson has not unduly delayed in seeking amendment, and Epson's proposed amendments are made in good faith. Further, the Parties recently stipulated to continue the trial in this case, along with all other pre-trial deadlines, such

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

that allowing Epson to file its Second Amended Complaint will not disrupt or delay the trial or related dates.

Pursuant to this Court's Standing Order entered in this case (DE 14), GAC identifies the following specific pages and lines on which amendments are proposed to be made (and also attaches a redlined version of the Proposed Second Amended Complaint as an exhibit hereto):

- Caption Page, lines 16-17;
- Page 1, lines 2-3, 6, 17-18;
- Page 2, lines 10-16;
- Page 3, lines 6-9;
- Page 4, lines 2, 4, &5;
- Page 8, Lines 21-22;
- Page 9, image and lines 21-22;
- Page 10, lines 12-18 & 22-27;
- Page 11, lines 1-17;
- Page 12, lines 21-27;
- Page 13, line 6;
- Page 16, lines 15, 19-20, & 23; and
- Page 17, line 12.

This Motion is made following the conference of counsel for Epson and Defendants pursuant to Local Rule 7-3, which took place via teleconference on July 26, 2024. (Timm Decl., ¶ 11.) During that conference, Epson's counsel, Morgan T. Nickerson, asked Defendants' counsel, Milord Keshishian, if they would stipulate to allow Epson to amend its complaint substitute GAC as from a "d/b/a" to a named Defendant, and to add additional facts in support of its claims under the Lanham Act and California Unfair Competition Law. (*Id.*) Mr. Nickerson explained the reasoning for such request, including that Epson only learned of GAC's new falsely advertised projectors and that GAC Technology Group and Global Aiptek Inc. are alter egos of

2

one another through Epson's own investigation, as it waits for GAC's document production. (*Id.*) Prior to the Parties Local Rule 7-3 conference, Mr. Nickerson had first raised concerns about GAC's newly advertised projectors via email on July 5, 2024. (*Id.*, at 9.) Then, on July 10, 2024, Mr. Nickerson sent Epson's Proposed Second Amended Complaint to GAC's counsel. (*Id.* at ¶ 9.) GAC has responded that it intends to oppose Epson's Motion. (*Id.*, at ¶ 12.) Accordingly, the Parties have reached an impasse requiring Epson to bring the instant Motion. Epson is informed and believes that Defendants intend to oppose this Motion.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities and supporting declarations of Zachary T. Timm and Shaina M. Lefkowitz, the Complaint, the Proposed Second Amended Complaint, the complete files and records in this action, and such other and further matters as the Court may deem just and proper to consider this Motion.

**K&L Gates LLP**

Dated: August 8, 2024        By:    */s/ Zachary T. Timm*
                                          Christina N. Goodrich
                                          Zachary T. Timm
                                          Morgan T. Nickerson (pro hac)

                                          *Attorneys for Plaintiff Axos Bank*

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT**

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I.     INTRODUCTION ........................................................................................... 1

II.    PROCEDURAL BACKGROUND ................................................................ 3

III.   JUDICIAL STANDARD ............................................................................... 5

IV.   ARGUMENT.................................................................................................. 7

      A.     GOOD CAUSE EXISTS TO ALLOW EPSON TO AMEND ITS COMPLAINT PURSUANT TO RULE 16 ................................................. 7

      B.     LEAVE TO AMEND IS WARRANTED UNDER RULE 15 ............... 10

            1.     Epson's Second Amended Complaint Will Not Prejudice Defendants ...................................................................................... 10

            2.     Epson Has Not Engaged in Undue Delay or Bad Faith, Nor Has it Had Dilatory Motive or Filed Complaints Suffering From Uncured Deficiencies.................................................................................... 13

            3.     Amendment Would Not be Futile................................................... 15

            4.     Epson's SAC Will Add Facts Not Known at the Time the FAC Was Filed ....................................................................................... 16

V.    CONCLUSION ............................................................................................ 16

CERTIFICATE OF WORD COUNT........................................................................ 16

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Bowles v. Reade*,
   198 F.3d 752 (9th Cir. 1999) ...............................................................................14

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) .........................................................................6, 11

*East West Bank v. Shanker*,
   No. 20-cv-07364-WHO
2021 WL 3471177 (N.D. Cal. Aug. 6, 2021) ....................................... 6, 7, 9, 14-15

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) .................................................................6, 10, 15

*Griggs v. Pace American Group, Inc.*,
   170 F.3d 877 (9th Cir. 1999) ...............................................................................13

*Howey v. United States*,
   481 F.2d 1187 (9th Cir. 1973) .......................................................................10, 14

*Juarez v. Auto Zone Stores, Inc.*,
   No. 08cv417-L(BLM),
2010 WL 3470759 (S.D. Cal. Sept. 3, 2010)............................................6-7, 10-11

*Lincoln Nat'l Life Ins. Co. v. McClendon*,
   230 F. Supp. 3d 1180 (C.D. Cal. 2017)........................................................13, 14

*Moorhead v. Employment Screening Servs., Inc.*,
   No. 17-cv-1830-GPC-KSC, 2018 WL 3533267 (S.D. Cal. July 23,
   2018) ................................................................................................... 6-7, 9

*SAES Getters S.p.A v. Aeronex, Inc.*,
   219 F.Supp.2d 1081 (S.D. Cal. 2002) ...............................................................11

*United States v. Pend Oreille Pub. Util. Dist. No. 1*,
   926 F.2d 1502 (9th Cir. 1991).......................................................................7, 14

*Wehlage v. EmpRes Healthcare Inc.*,
   2012 WL 380364 (N.D. Cal. Feb 6, 2012)........................................................11

-ii-

1  **Other Authorities**

2  Fed. R. Civ. P. 15(a)(2).................................................................. 1, 5-6, 10

3  Fed. R. Civ. P. 16............................................................................. 1, 6-7

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLES OF CONTENTS AND AUTHORITIES**

319638136.4

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Epson America Inc ("Epson" or "Plaintiff") respectfully submits this Memorandum of Points and Authorities in support of its Motion for Leave to File a Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a)(2) and 16 (the "Motion").

## I.    INTRODUCTION

Epson's operative First Amended Complaint ("FAC") currently asserts claims against Global Aiptek Inc. d/b/a GAC Technology Group arising out of and relating to its false advertising and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, et seq. and Business and Professions Code §§ 17200 et seq.  Through Epson's investigation and discovery in this Action, Epson has now learned that GAC Technology Group is not just a "trade name" but rather a foreign entity that alleges to be the corporate parent of Global Aiptek Inc. and that the two are alter egos of one another (together "GAC").  Epson has also discovered through its own investigation that GAC has only recently begun falsely advertising and selling additional projector models on Walmart.com and BestBuy.com.  Finally, Epson has also now discovered that GAC has also begun to sell new and additional projectors, separate and apart from the models already included in Epson's FAC.  Therefore, Epson seeks leave to file its proposed SAC, which reflects the full scope of GAC's infringing conduct (and, specifically, includes the newly discovered facts).[1]

Beginning in May 2023 Epson sought discovery from GAC as well as provided a proposed ESI protocol to submit to the court. GAC, however, delayed responding. After numerous email exchanges and informal conferences, the Parties engaged in a Telephonic Discovery Conference with Magistrate Judge Douglas F. McCormick, on September 28, 2023.  (Timm Decl., ¶ 3; DE 28). Unfortunately, the discovery disputes did not end there.  (Timm Decl., ¶¶ 4-7).

---

[1] The SAC also addresses at least one concern and argument raised by GAC in its Motion to Dismiss the FAC by removing certain language GAC contended caused confusion as to whether Epson was asserting a *trademark infringement* claim.

In October 2023, upon reviewing GAC's document productions, Epson sent a meet and confer letter setting forth deficiencies therein. (Timm Decl., ¶ 4.) The Parties met and conferred and agreed to certain search terms to be used to collect additional documents. (*Id*.) Through a subsequent deposition in January 2024, however, Epson learned that GAC's document collection had been deficient. (*Id*.) The Parties continued to meet and confer, eventually conducting a further Telephonic Discovery Conference before Judge McCormick on June 12, 2024. (*Id.* ¶ 6.)

Because GAC delayed in making complete document productions (including that failing to run searches based upon an initially agreed upon list of terms), Epson was forced to continue to investigate GAC's infringing conduct through public searches. Through those public searches, Epson recently discovered that, on or about July 3, 2024, GAC released two (2) new projector models, HP CC 500 and HP CC 180. (Lefkowitz Decl., ¶ 4). Soon thereafter, Epson determined that GAC is now falsely advertising and selling those new projector models on internet marketplaces. (*Id.*) Epson had no way of learning this earlier, as this information did not exist. Epson may have learned of this information through a supplemental document production (and expects if the current settlement discussions are unsuccessful, GAC's future productions will include such information). Because of GAC's discovery delays, however, Epson did not receive any information about these new models through discovery.

Moreover, Epson's own searches have further uncovered that GAC is now also selling, and falsely advertising, its projectors on two additional third-party websites: Walmart.com and Bestbuy.com. (Lefkowitz Decl., ¶ 4.) Epson discovered that GAC is selling these new projector models under the Walmart Seller name, "HP Projector." (*Id.*) Epson was able to link the Walmart Seller to GAC through the business name and contact information on the seller profile. (*Id.*)  This is not the first time GAC has expanded its false advertising and sales during this litigation, as it also previously began selling on Amazon.com *during this lawsuit*. (*Id.* at ¶ 5.) When Epson learned of the

**MEMORANDUM OF POINTS AND AUTHORITIES**

prior new instance it similarly amended its complaint to include Amazon.com, and now seeks to do the same with these new third-party websites.

Finally, Epson also discovered that Global Aiptek Inc. and GAC Technology Group are alter egos of one another. This information would have been discovered earlier if GAC had provided fulsome documents in response to Epson's May 2023 document requests. These new facts, and others, significantly impact Epson's understanding of GAC's infringing conduct, including the relationship between Global Aiptek Inc.'s, GAC Technology Group, and Hewlett-Packard ("HP"), and Epson now desires to file its SAC.

As detailed below, good cause exists to allow Epson to amend its Complaint. There is no evidence of prejudice, undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendment, or that amendment is futile; thus, Epson's proposed amendment is appropriate.

## II. <u>PROCEDURAL BACKGROUND</u>

On February 6, 2023, Epson filed its Original Complaint (DE 1) against Global Aiptek Inc. d/b/a GAC Technology Group alleging trademark infringement, including unfair competition and false advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and Business and Professions Code §§ 17200 *et seq.* On April 14, 2023, GAC filed its Answer. (DE 15.) On March 4, 2024, the Parties submitted a Second Stipulation to Continue Pretrial and Trial Dates from December 10, 2024 to April 15, 2025. (DE 32.) On March 5, 2024, this Court issued a Case Management Order (DE 33) modifying the prior Scheduling Order. (DE 31.) The Court granted the Parties request for a brief continuance of the trial and associated dates to allow sufficient time for the Parties to complete all outstanding discovery. The Court declined, however, to continue the deadline to hear motions to amend pleadings, explaining that the Parties had made an insufficient showing of good cause, and focusing on Epson's diligence. (DE 33 at fn. 2.)

Epson first served discovery on GAC in this Action on May 2, 2023, which was

**MEMORANDUM OF POINTS AND AUTHORITIES**

deemed served on May 9, 2023, following the Parties Rule 26(f) conference of counsel. (*See* DE 18 at 7:20-22; Timm Decl., ¶ 3.)  The Parties thereafter engaged in numerous meet and confer efforts regarding Epson's written discovery and, eventually, attempts to take GAC's deposition.  This included numerous written and telephonic correspondence, as well as a September 28, 2023 discovery hearing before the assigned Magistrate Judge.  (DE 28.)  Such discovery was focused on the facts relevant to this Action, including the two identified websites on which GAC was advertising and selling its products on.

On April 26, 2024, Epson filed a Stipulation for an Order Modifying the Scheduling Order and Granting Epson leave to file its first amended complaint ("FAC"). The complaint was amended to include the addition of Amazon.com as an online platform which GAC began advertising and selling its products on. (*See* DE 36 at ¶¶ 6, 18, 19- 28 (alleging GAC is falsely advertising its products "through online platforms such a https://www.hp-projector.com/, www.bhphotovideo.com, Amazon.com, as well as third-party marketplaces.")).

On April 26, 2024, this Court granted Epson leave to file the FAC.  (DE 35, 36.) GAC filed a Motion to Dismiss the FAC and/or Strike Portions thereof.  (DE 38.)  Epson filed its Opposition to GAC's Motion to Dismiss on June 13, 2024.  (DE 42.) Two weeks later, GAC filed its Reply in support thereof.  (DE 44.)

The Parties engaged in a telephonic Discovery Conference, held before Magistrate Judge McCormick on June 12, 2024. (DE 43; Timm Decl., ¶ 3.) During the Discovery Conference, GAC described what they had done to collect and review documents. GAC explained that a custodian was provided search terms to run the search himself, however, the custodian stated that the terms were overbroad and instead ran searches which he deemed relevant. (Timm Decl., ¶ 6.)  At the time, this information had not been disclosed to Epson.  *Id.*  In fact, GAC's concerns regarding the search terms were not conveyed until March of 2024, nearly ten (10) months after being served with Epson' first set of discovery requests.  (*Id.*)  In order to resolve the discovery issues,

**MEMORANDUM OF POINTS AND AUTHORITIES**

the Court ordered the Parties to exchange proposed search terms and document collection/production protocols. (*Id*.) On June 17, 2024, counsel for Epson proposed search terms and collection and production protocols. (Timm Decl., ¶ 7.)  In light of fact discovery set to close in the middle of August, counsel for Epson stressed its concern for a production to be made earlier than GAC's proposed production date of sometime in October. (*Id*.)  GAC provided its own proposal which Epson had concerns with.  (*Id*.)  Epson, however, represented that it may be willing to accept it if GAC provided a date certain for the production to be complete. (*Id*.)

Due to this continued delay in document production, Epson has been forced to continue its investigation into GAC's infringing conduct through Internet searches. (Lefkowitz Decl., ¶ 3.) Epson recently discovered that GAC is falsely advertising other GAC projector models on Walmart.com and BestBuy.com. (*Id*. at ¶ 4.)  Such information *did not exist earlier*.  (*Id*).  GAC recently began advertising and selling these additional projector models and on Internet marketplaces not previously used by GAC. (*Id*. at ¶¶ 4-5.)  GAC also continues to make literally false statements regarding the manufacturer of these projectors. (*Id*. at ¶ 6.)

In discovering this information, Epson set out to amend its complaint. (Timm Decl., ¶¶ 8-10.) On July 10, 2024, Epson's counsel asked GAC's counsel if they would stipulate to such an amendment. (*Id.*, at ¶ 10.)  On July 26, 2024, via teleconference, Epson's counsel again explained the intended amendments—adding facts regarding GAC's false advertisement and sale of additional GAC projector models which support the existing claims—as well as the reasons for seeking an amendment of GAC Technology Group as a named defendant instead of a mere trade name. (*Id*., at ¶11.) GAC's counsel rejected such stipulation; thus, Epson was forced to file this Motion. (*Id*.)

### III.  <u>JUDICIAL STANDARD</u>

If a party is no longer able to amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave."

Fed. R. Civ. P. 15(a)(2).  Additionally, when a district court has established a deadline for amended pleadings, and that deadline has passed, Federal Rule of Civil Procedure applies.  Under Rule 16, a scheduling order may be modified "upon a showing of good cause."  Fed. R. Civ. P. 16; *see also East West Bank v. Shanker*, No. 20-cv-07364-WHO, 2021 WL 3471177, at *2 (N.D. Cal. Aug. 6, 2021) ("Leave to amend pleadings after the date set for amendment in a scheduling order is governed by [F.R.C.P. 16] and requires a showing of good cause.") (citing *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)).  Good cause focuses on the party's diligence in seeking an amendment following the party's discovery of new facts.  *See Moorhead v. Employment Screening Servs., Inc.*, No. 17-cv-1830-GPC-KSC, 2018 WL 3533267, at *1 (S.D. Cal. July 23, 2018); *see also Juarez v. Auto Zone Stores, Inc*., No. 08cv417-L(BLM), 2010 WL 3470759 (S.D. Cal. Sept. 3, 2010).

Once Rule 16 is satisfied, the court may consider amendment under Rule 15. Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In the Ninth Circuit, courts should apply this policy with "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*quoting Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  Although, under *Foman v. Davis*, 371 U.S. 178 (1962), courts consider several factors when determining whether to grant leave to amend, including prejudice, futility of amendment, repeated failure to cure deficiencies, and undue delay or bad faith, "it is the consideration of prejudice to the opposing party that carries the greatest weight."  *Eminence Capital, LLC*, 316 F.3d at 1052; *see generally DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend.).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital, LLC*, 316 F.3d at 1052.  In fact, "[w]here there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a

dilatory maneuver in bad faith, it is an abuse of discretion to deny leave to amend." *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1512 (9th Cir. 1991) (quotations omitted).

## IV.   ARGUMENT

In order to ensure that Epson is able to fully litigate and present the merits of its claims in this action, the Court should grant Epson leave to file its SAC.  As set forth below, good cause exists to allow Epson to amend its Complaint: there is no evidence of prejudice, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, or futility of amendment.

### A.   Good Cause Exists to Allow Epson to Amend its Complaint Pursuant to Rule 16

Under Rule 16, courts consider a party's diligence in seeking an amendment to the scheduling order following discovery of new facts.  *See Moorhead*, 2018 WL 3533267, at *1; *see also, Morehead v. City of Oxnard,* No. 221CV07689SPGADS, 2023 WL 3431289, at *3 (C.D. Cal. Jan. 23, 2023).  The court's inquiry under Rule 16 focuses on the time between the moving party's discovery of new facts, and when the moving party requests leave to file an amended pleading.  *Id*. at *2.  Notably, the court may allow a post-deadline amendment where "the deadline could not reasonably have been met despite the diligence of the moving party."  *Juarez*, 2010 WL 3470759, at *1.  Additionally, although the focus of the inquiry rests on the moving party's diligence and reasons for seeking an amendment, courts may also consider the existence of prejudice to the nonmoving party.[2]  *East West Bank*, 2021 WL 3471177, at *2.

Courts have found that good cause exists where plaintiffs diligently seek to amend their complaint following discovery of new facts sufficient to support new claims.  *See Moorhead*, 2018 WL 3533267, at *2 (finding that plaintiff acted with reasonable diligence when plaintiff "engaged in significant discovery [for a month] . . .

---

[2] Due to the overlapping analysis between Rule 15 and Rule 16, and for the court's ease of reference, Epson's argument related to lack of prejudice is provided in Section IV(B) of the Motion.

that led to the discovery of facts sufficient to set a foundation for [] pleading [] the new cause of action," and "[p]laintiff's counsel asserted that he required time to draft a motion for leave to amend" and the motion was filed almost a month after plaintiff's discovery of the new facts).

Here, good cause exists to amend the Complaint. Epson diligently pursued discovery from GAC—beginning in May 2023—including through two sets of requests for production and interrogatories, and extensive meet and confer correspondences, which resulted in two Discovery Conference with Magistrate Judge, the most recent of which occurring in June 2024.

Epson's proposed SAC seeks to include the addition of Walmart.com and BestBuy.com in the list of online platforms GAC uses to advertise and sell the products in question. It also seeks to include additional projector models which were newly discovered as being falsely advertised and sold on these online platforms. Further evidence of GAC's false advertisements, including those related to white brightness and the manufacturer of the projectors has also been newly discovered. In fact, Epson believes that GAC only began falsely advertising the newly identified products and falsely advertising on Walmart.com and Bestbuy.com *after* Epson filed its FAC (which was filed pursuant to stipulation and court order after the deadline to amend the pleadings). As such, it would not have even been possible for Epson to include these allegations in its FAC, and certainly not possible to amend its complaint to include the allegations prior to the deadline to amend pleadings as set by this Court. All of this information either did not previously exist or may have been discovered earlier if GAC agreed produced documents in response to Epson's discovery requests.

Additionally, when Epson filed its initial Complaint—and thereafter—Epson lacked sufficient knowledge regarding the extent of the relationship between Global Aiptek Inc., GAC Technology Group, and the alleged manufacture, HP. Epson only recently learned that HP was not the manufacturer of GAC projectors, even though it advertises as such. Epson would have more knowledge of this relationship, to this point,

**MEMORANDUM OF POINTS AND AUTHORITIES**

if GAC had agreed to an ESI protocol and search terms and made a document production. Again, this information was previously unknown and unavailable to Epson, and has only recently been learned.   Had GAC made more fulsome document productions earlier (including pursuant to the list of search terms it had initially agreed to use), Epson may have been able to discover this information sooner.   But, unfortunately, that did not occur. Epson's amendment with regard to the distinct entities is intended to recognize GAC's assertion that they are, in fact, two distinct entities, rather than one combined entity operating under a d/b/a as alleged in the FAC.

Because of the lack of documents produced by GAC Epson has made best efforts to continue to investigate and gather evidence of GAC's illegal acts, all of which is within GAC's possession. It was not until a recent search via Internet search engines did Epson learn of the facts it now relies on in its SAC (of which should have been disclosed in response to Epson's initial discovery requests served in May 2023 and second set of requests served in May 2024).   (Timm Decl., ¶ 3.)   Once this new information was discovered, Epson promptly and diligently sought to file its SAC. (Timm Decl., ¶¶ 8-10).   Accordingly, despite Epson's diligence, the amended pleading deadline of June 29, 2023 (DE 33) could not have reasonably been met.

Epson's delay in learning about the relationship between Global Aiptek Inc. and GAC Technology Group, as well as GAC's relationship with HP, was caused in no small part by GAC's discovery tactics.   Moreover, Epson did not know about the additional projector models and GAC's sale on Walmart.com and BestBuy.com because this information did not exist until recently. As this delay was caused by GAC and because this information was newly established, good cause exists for allowing Epson to file its SAC.   *See East West Bank*, 2021 WL 3471177, at *2 (finding good cause existed where "any delay was the result of Defendants' refusal to produce relevant documents" and, although plaintiff was previously aware of the individuals whom plaintiff sought to add as additional defendants, plaintiff was "unaware of [the individuals]'s *role*" until it reviewed information produced by defendants) (emphasis

provided)); *Moorhead*, 2018 WL 3533267, at *2 (agreeing that plaintiff could not have speculatively raised the new facts prior to engaging in discovery since such facts "were only in Defendant's possession" and "only known to Defendant prior to such discovery"); *see also Juarez*, 2010 WL 3470759, at *2 (finding good cause existed where plaintiff "did not know the new facts before the due date for amending pleadings had passed," and she "could not have learned them sooner, because Defendant did not disclose them in discovery in this case, although they were covered by Plaintiff's requests.").

Epson was diligent in bringing this Motion as soon as it learned of the facts supporting the same, and respectfully requests that the Court grant leave for Epson to file its SAC.

## B.    <u>Leave to Amend is Warranted Under Rule 15</u>

"The Ninth Circuit considers five factors in determining whether an amendment of a pleading should be granted under Rule 15: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Morehead v. City of Oxnard*, No. 221CV07689SPGADS, 2023 WL 3431289, at *5 (C.D. Cal. Jan. 23, 2023) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013)). "Not all of the factors merit equal weight," however, with prejudice being of the greatest importance. *Id*.

### 1.    <u>Epson's Second Amended Complaint Will Not Prejudice Defendants</u>

GAC's dilatory tactics and own recent acts to advertise new projector models on additional Internet marketplaces are the cause of any delay in bringing this Motion and, thus, any "prejudice" that GAC may point to is the result of their own wrongdoing. "Prejudice is the 'touchstone of the inquiry under Rule 15(a).'" *Eminence Capital, LLC*, 316 F.3d at 1052 (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)); *see also Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.

1973) ("[T]he crucial factor [in the Court's analysis] is the resulting prejudice to the opposing party.") "'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.p.A v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002). Such substantial prejudice may be found "where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Id.* (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). However, courts give less weight to prejudice toward defendants, where the defendants were on notice of the existence of facts giving rise to liability, and particularly where the defendants concealed those facts from the plaintiff. *See Juarez*, 2010 WL 3470759, at *2 (rejecting defendant's prejudice argument where "Defendant could have avoided the delay and the associated cost if it had forthrightly responded to Plaintiff's discovery in the first place" and noting that "while the new facts were new to Plaintiff, they are not new to Defendant"); *see also Wehlage v. EmpRes Healthcare Inc.*, 2012 WL 380364, at *2 (N.D. Cal. Feb 6, 2012) ("Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case."). Notably, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 187.

Epson's SAC does not prejudice GAC in any way. Epson seeks to name Global Aiptek's foreign parent company, GAC Technology Group, as a named defendant in lieu of being named as a mere "trade name." The entities are alter egos of one another, and GAC's counsel has acknowledged that there is nothing preventing Epson from filing a new lawsuit against this foreign parent company alleging the claims and facts included in the SAC (and then relating it to this case). (Timm Decl., ¶ 12.) Moreover, discovery into GAC Technology Group has been requested since the beginning of this action. GAC Technology Group has been aware and participating in this action since

**MEMORANDUM OF POINTS AND AUTHORITIES**

its inception because Global Aiptek Inc. and GAC Technology Group are one in the same.

Moreover, Epson does not seek to add any additional claims against the entities. It merely seeks to include additional facts which it has recently discovered and would have discovered earlier if GAC participated in the discovery process. The gravamen of Epson's claim is the same: GAC uses false claims regarding the light output of its projectors in its product descriptions and advertising. The SAC simply expands its allegations to include additional projector models and details of GAC's use of false white brightness and the HP name to deceive consumers into purchasing their projectors. Specifically, Epson seeks to include additional facts relating to *newly advertised projectors*, and projectors being *newly advertised on additional third-party websites*. GAC chose to begin advertising and selling these new products during this lawsuit, and similarly chose to begin advertising its projectors at issue in this lawsuit on new third-party websites. GAC cannot claim prejudice because Epson is now seeking to amend its complaint to merely include GAC's misconduct that has occurred *during the course of the lawsuit*.

GAC will not be prejudiced by defending against the same overarching legal theory which they have faced since Epson first filed its original complaint on February 6, 2023. Indeed, both Global Aiptek and GAC Technology Group were identified as defendants and as well as entities with knowledge of Epson's claims, and were (or at least should have been) involved in the collection of documents and information responsive to Epson's first set of discovery requests served in May 2023.

Moreover, and as addressed further below, had GAC provided sufficient discovery responses and produced documents (including in response to discovery served in May 2023), Epson would have had the information necessary to name GAC Technology Group as a defendant and not just a trade name. (*See, e.g.*, Timm Decl., Ex. 1 at No. 11 (requesting documents and communications sufficient to identify any owners and/or officers of GAC an); Ex. 1 at No. 12 (requesting documents sufficient to

identify GAC's corporate structure including, but not limited to, organizational charts); and Ex. 2 at No. 23, 24 (requesting documents and communications between GAC and HP regarding GAC's use of HP's intellectual property and HP's trademarks). GAC continues to introduce its projectors on new internet marketplaces, thus, any supplemental discovery which GAC should have been providing would have also provided Epson with the requisite information to amend its complaint earlier. GAC's failure to produce discovery relevant to these claims was intentional and deceptive— Defendants were required to conduct a diligent search for documents and respond to discovery requests, including interrogatories, as early as May 2023, yet failed to disclose highly relevant information within its possession. As such, Epson should not be foreclosed from seeking amendment due to recent discovery of the facts likely contained in documents withheld by GAC. *Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F. Supp. 3d 1180, 1190 (C.D. Cal. 2017) (allowing amendment where plaintiffs could not have discovered facts relevant to new claim through reasonable diligence because of defendant's deceptive conduct).

Finally, the Parties have recently re-engaged in settlement discussions, and have thus stipulated to continue the trial and related pre-trial proceedings and deadlines, and the Court recently granted such stipulation. (*See* DE 50.) As such, trial in this action is now set for July 15, 2025, and the discovery cut-off is now January 2, 2024. While the Parties hope settlement discussions are successful, even if they are not allowing Epson to file its SAC will not impact the new case schedule.

### 2. **Epson Has Not Engaged in Undue Delay or Bad Faith, Nor Has it Had Dilatory Motive or Filed Complaints Suffering From Uncured Deficiencies**

There is no evidence or suggestion of bad faith or dilatory motive. The "bad faith" that courts consider in determining whether to grant leave to amend is "understood to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity jurisdiction." *Aeronex*, 219 F.Supp.2d at 1086 (citing *Sorosky v.*

*Burroughs Corp.*, 826 F. 2d 794, 805 (9th Cir. 1987); *see also Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (holding bad faith exists when the moving party seeks to amend merely to prolong the litigation by adding "new but baseless legal theories."). Here, Epson's Motion is brought in good faith, and Epson does not seek to misuse the judicial process by amending its Complaint. Epson simply seeks to hold all wrongdoers accountable for their actions.

Additionally, while courts will consider undue delay in reviewing a motion for leave to amend, "[d]elay alone does not provide sufficient grounds for denying leave to amend." *See U.S. v. Pend Oreille Public Utility Dist. No. 1*, 926 F. 2d 1502, 1512 (9th Cir. 1991) (citations omitted); *see also Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("We have previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment."). In fact, the Ninth Circuit has concluded that even a delay of five years was insufficient grounds to deny a motion to amend where there was no obvious prejudice. *Howey*, 481 F.2d at 1190–91; *see also East West Bank*, 2021 WL 3471177, at *3 (finding no undue delay where the plaintiff sought to amend its complaint after reviewing documents which defendant initially refused to produce, and further noting that "a delay of four months was not unreasonable").

Here, there has been no undue delay in amending the Complaint—Epson is seeking to file its SAC as soon as practicable upon discovering the information supporting such amendments. (Timm Decl., ¶¶ 8-12; Lefkowitz Decl., ¶¶ 4-6.) As discussed above, any delay between the filing of Epson's initial Complaint (or FAC) and its SAC are the direct result of GAC's own conduct, including their attempts to circumvent the discovery process and failure to produce relevant documents, despite multiple requests to do so, as well as GAC's decision to begin falsely advertising *new* projectors and on *additional* websites during that same time period. (Timm Decl., ¶¶ 4-8; Lefkowitz Decl. ¶¶ 3-5); *see also Lincoln*, 230 F. Supp. 3d at 1190 (finding a lack

of undue delay where plaintiffs could not have discovered facts relevant to new claim through reasonable diligence due to defendant's deceptive conduct).)  Simply put, once Epson discovered: (i) information demonstrating that GAC Technology Group and Global Aiptek were (according to GAC) separate legal entities operating as alter egos of one another (rather than one entity operating under a trade name); (ii) that GAC continues to introduce new projectors and falsely advertise the brightness of those projectors on third-party marketplaces; and (iii) that the projectors are not manufactured by HP, though they advertise as such, Epson timely sought to amend via stipulation and, subsequently, through filing this Motion.  (Timm Decl., ¶¶ 8-11.)

Lastly, there is no evidence of a repeated failure to cure deficiencies by prior amendment.  *See Eminence Capital, LLC,* 316 F.3d at 1052.  This is only the second time that Epson has sought to amend its Complaint—the first, of which GAC stipulated to, was made to add the third-party marketplace, Amazon.com, which GAC had begun advertising and selling projectors on. This new amendment seeks to address *new* facts not known (or, in some cases, in existence) at the time the FAC was filed.

Accordingly, Epson's Motion should be granted, and it should be given leave to file its SAC.

### 3.  <u>Amendment Would Not be Futile</u>

Epson's proposed amendment is not futile.  A proposed amendment is considered futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *East West Bank*, 2021 WL 3471177, at *3.

GAC cannot demonstrate that Epson's proposed amendment is deficient as a matter of law.   Epson's amendment of the complaint is consistent with and in furtherance of its previous claims against GAC.  (*See* DE 1 & 36.)  Indeed, Epson's inclusion of additional GAC projector models and facts related to the false advertising of these projectors, including the false advertisement of who the manufacturer is, is evidence of the claims and based on the same legal theory as its initial and FAC—Epson

just now has additional facts to include in those allegations, *because they did not previously exist*. (Lefkowitz Decl., ¶ 4)  Epson's claims are supported by ample factual allegations to satisfy Rule 8's pleading requirements, and Epson has sufficiently pleaded the elements of its claims.  (Proposed SAC, Ex. A hereto.)  Thus, Epson should be granted to leave to file the SAC.

### 4. Epson's SAC Will Add Facts Not Known at the Time the FAC Was Filed

As addressed above, the proposed amendments in the SAC are to allege facts unknown (and unknowable) to Epson at the time the FAC was filed.  This includes either because the facts did not yet exist (as a result of GAC's only recent conduct to begin advertising new products and on new websites), or because GAC had withheld information in discovery.  Epson's operative FAC was filed to allege new facts that came into existence during this action, and the SAC similarly proposes to allege new facts that have come into existence since the FAC was filed.

## V. CONCLUSION

In light of the foregoing, Epson respectfully requests this Court grant Epson's Motion.

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Plaintiff Epson America, Inc., certifies that this brief contains 5,410 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 8, 2024                    **K&L GATES LLP**


By:  */s/ Zachary T. Timm*
Christina N. Goodrich
Zachary T. Timm
Morgan T. Nickerson (admitted *pro hac vice*)

Attorneys for Plaintiff
Epson America, Inc.