Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klates.com
Morgan T. Nickerson (admitted pro hac vice)
morgan.nickerson@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 8th Flr.
Los Angeles, CA 90067
T: (310) 552-5000
F: (310) 552-5001

*Attorneys for Plaintiff*
*Epson America, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC.; and d/b/a GAC TECHNOLOGY GROUP,<br><br>Defendant. | Civil Action No. 8:23-cv-00222-FWS-DFM<br><br>[Assigned to the Hon. Fred W. Slaughter, Courtroom 10D]<br><br>**FIRST SECOND AMENDED COMPLAINT FOR:**<br><br>1. **FALSE ADVERTISING / UNFAIR COMPETITION - LANHAM ACT; and**<br><br>2. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of defendants Global Aiptek Inc. ~~d/b/a~~and GAC Technology Group's (collectively, "GAC" or "Defendant") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. This is an action for ~~trademark infringement including~~ unfair competition and false advertising arising under the Lanham Act, 15 U.S.C. § 1051, et seq. and Business and Professions Code §§ 17200 et seq. GAC's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

3. GAC is subject to personal jurisdiction in this forum because it misrepresented the nature of products to residents of the State of California and this District; ~~because GAC has caused injury to Epson's trademarks in the State of California and this District~~; because GAC practices the unlawful conduct complained of herein, in part, within the State of California and this District; because GAC regularly conducts or solicits business within the State of California and this District; because GAC regularly and systematically directs electronic activity into the State of California and this District with the manifest intent of engaging in business within the State of California and this District, including the sale and/or offer for sale of products to Internet users within the State of California and this District, as well as, upon information and belief, entry into contracts with residents of the State of California and this District through the sale of items through various online retail platforms.

-1-
COMPLAINT

4. Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California.  It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano.  Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories.  Epson has been a leading innovator in its field since it was founded in 1942.

6. Upon information and belief, ~~Defendant~~ defendants Global Aiptek Inc. ~~d/b/a~~and GAC Technology Group are alter egos of one another.  Global Aiptek Inc. is an Illinois corporation with a place of business in Chicago, Illinois.  GAC Technology Group is a foreign entity that alleges to be the corporate parent of Global Aiptek Inc.  ~~It~~ GAC sells, *inter alia*, projector products through online platforms such as https://www.hp-projector.com/, www.bhphotovideo.com, amazon.com, Walmart.com, bestbuy.com, as well as third-party marketplaces.

7. This action seeks redress for Defendant's deliberate and unlawful misleading representations regarding the light output of its projectors.  Defendant uses false claims regarding the light output of its projectors in its product descriptions and advertising.

## FACTS GIVING RISE TO THIS ACTION

**A.     Portable Consumer Projectors**

8. While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

9. Today, consumers use digital projectors in the same way as television or computer screens.  Digital projectors receive video signals from external devices, such as computers, and "project" those signals onto a screen.

10. Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently-mounted projectors for home theaters.

11. Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and light output.

12. As the name suggests, a projector uses light to "project" an image or moving images onto a large screen or surface.

~~12.~~13. ~~Projector~~ The light ~~output~~ projected by a projector onto a screen is referred to as the projector's light output. Light output is measured and described in lumens. The higher the lumen rating, the brighter the projector, and, all else being equal, the more it will likely cost.

~~13.~~14. The lumen rating for a projector is one of the most important and immediately recognizable projector features for consumers, and one that necessarily impacts consumer choice.

**B.     Epson Projectors**

~~14.~~15. Epson is recognized throughout the world and the United States as a leading projector manufacturer.

~~15.~~16. As a market leader, Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors. Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

~~16.~~17. Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available.

**C.     Defendant's False Advertising of its Projectors**

~~17.~~18. Defendant is a direct competitor of Epson in the portable consumer projector market. Defendant sells and offers for sale projectors to consumers throughout the United States via various online commerce sites including, but not

limited to https://www.hp-projector.com/, www.bhphotovideo.com, amazon.com, Walmart.com, bestbuy.com, as well as third-party marketplaces.

18.19. Defendant sells its projectors under various models including, but not limited to, the following: HP BP5000, HP CC200, and HP MP250, HP CC500, and HP CC180.

19.20. On www.bhphotovideo.com, Defendant advertises the brightness value of "4500 Lumen" for its HP BP5000 projector:



20.21. On Defendant's website, the same projector is advertised with a brightness of "6000 Laser Lumens" or "2500 ANSI":





21. 22. On www.bhphotovideo.com, Defendant advertises the brightness value of "200 Lumen" for its HP CC200 projector:

-5-
COMPLAINT



22.23. On Defendant's website, the same projector is advertised with a brightness of "200 LED Lumens":





23.24. On www.bhphotovideo.com, GAC advertises the brightness value of its "HP MP250" projector as "250-Lumen":



24.25. On Defendant's website, the same projector is advertised with a brightness of "250 LED Lumens":





26. On various marketplaces, GAC advertises the HP CC500 projector as "500 lumens" or "500 LED lumens."



27. On various marketplaces, GAC advertises the HP CC180 projector as "200 lumens" or "200 LED lumens."

[Screenshot of a Best Buy product listing showing:
- Key Specs: Light Source: LED; Resolution: HD (720p); White Brightness: 200 lumens
- General: Product Name: CC180 720P Mini Portable Projector with Roku Express, 84" Screen Included; Brand: HP; Model Number: CC180]

28. As shown above, each of the above brightness values are prominently displayed in the both the projectors' listing page titles as well as throughout the projectors' listing pages.

29. To be clear, it is GAC that creates the various pages found on the retail websites. It is GAC and not the retailer that inputs the product specification into these pages. It is GAC, not the retailer, that is placing the false product specifications into the stream of commerce.

~~25.~~ 30. Indeed, the Walmart.com states on each of GAC's pages that "We aim to show you accurate product information. Manufacturers, suppliers and others provide what you see here, and we have not verified it."

31. Throughout each of its products' pages, Defendant touts the brightness performance of its projectors in both the product's title and throughout its description of the product's performance.~~,~~

32. ~~even though,~~ It is unclear what it meant by Defendant's use of ~~is aware that~~ "led lumens" and/or "laser lumens" as these terms are not defined in its advertisements. Assuming that these terms refer to ~~refer to~~ the internal light source brightness of a projector, they are misleading as there is no accurate or standardized means of measuring the internal light source of a projector. ~~rather than the projector's *output* brightness.~~

26.33. Moreover, as stated above, the only brightness specification that is relevant to a consumer in the amount of brightness that it projected onto a screen.

34. Unlike a projector's *output* brightness specification, the internal ~~light source~~ brightness of a projector is not consumer relevant as it cannot be seen by a consumer. Indeed, how brightness of the light *inside* a projector cannot be seen by a consumer and is entirely irrelevant to a consumer's purchasing decision and cannot be measured or tested.

27.35. ~~and~~ Therefore, if "led lumens" and "laser lumens: are intended to represent the internal light source ratings such values are~~is~~ used by Defendant solely to mislead and confuse a potential customer. Defendant misleads consumer hoping that the consumer will confuse an irrelevant light source value (which is typically higher than a light output value) with the highly relevant light output brightness specification. There is no other reason to list a light source specification but to confuse a potential customer and inflate the brightness specification of a projector.

28.36. Defendant makes these claims, recognizing the importance of brightness to a consumer as brightness is the top specification used by a consumer when purchasing a projector.

29.37. In order to gain initial traction in the United States projector marketplace, GAC is purposefully and deceptively inflating the brightness specification of its projectors.

30.38. Epson tested the brightness of several of Defendant's projector models. Of the projector models tested by Epson, each GAC model tested significantly below its advertised brightness value.

31.39. As shown by Epson's testing, GAC is significantly misrepresenting the light output of its projectors to consumers and causing confusion in the marketplace.

32.40. Moreover, on its online advertisements, Defendant prominently displays that its projectors are manufactured by "HP" suggesting to consumers that the projectors are manufactured by the Hewlett-Packard Company.

| Product information | |
|---|---|
| Product Dimensions | 8.82 x 6.7 x 12.48 inches |
| Item Weight | 6.7 pounds |
| ASIN | B0BTSW16LQ |
| Item model number | 471T7AA |
| Customer Reviews | 4.5 ★★★★½  2 ratings  4.5 out of 5 stars |
| Best Sellers Rank | #808 in Video Projectors |
| Date First Available | November 1, 2023 |
| Manufacturer | HP |

33.41. These advertisements are false as Defendant, not the Hewlett-Packard Company, manufactures the projectors sold by Defendant.

34.42. Furthermore, at its deposition, Defendant testified that it does not have a licensing agreement with the Hewlett-Packard Company. Yet, at the same time, Defendant in its press releases touts that it has a licensing agreement with the Hewlett-Packard Company. Defendant's positions are at odds with each other and only one can be true while the other is false.

43. Defendant makes these claims, recognizing the importance of brand recognition to a consumer.

44. Defendant falsely touts that its projectors are manufactured by HP when this statement is literally false. Instead, the projectors are manufactured by Defendant – whose brand name is far less recognized and valuable to the sales process that the HP brand.

35.45. Falsely stating that its projectors are manufactured by HP is done solely to confuse consumers into falsely believing that Defendant's projectors are manufactured under the goodwill and reputation associated with the HP brand.

46. As a result, purchasers of any of GAC's projectors are likely to be, and have actually been, misled and deceived by GAC's literally false product labeling, descriptions, and advertisements.

47. Upon information and belief, given their importance, GAC has used the false brand name and brightness specifications to entice retailers, including but not limited to Amazon.com, Bestbuy.com, and Walmart.com to carry its projectors.

48. Consumers expect the represented product specifications to be accurate for GAC's projectors, as they base their purchasing decisions in large part on these representations. In fact, consumers that purchase Defendant's projectors receive projectors with drastically lower performance outputs.

49. GAC's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase Defendant's products over Epson's products.

50. The natural, probable, and foreseeable result of GAC's wrongful conduct has been to cause confusion, deception, and mistake in the consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

51. By means of example, after having a poor experience with GAC's projector with an improperly inflated lumen value of "4500 lumen," the consuming public is less likely to purchase a projector with a lumen rating of 4500 lumens as consumers will be unaware that GAC's "4500 lumen" projector is not representative of the performance of a true 4500 lumen projector. This causes irreparable harm to Epson as well as to the entire portable projector marketplace.

52. Epson is informed and believes that GAC's wrongful conduct has resulted in increased sales and market share of GAC's projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

43.53. Epson has sustained and will continue to sustain irreparable damages as a result of GAC's wrongful conduct, unless enjoined.

## COUNT I

## False Advertising / Unfair Competition - Lanham Act

44.54. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

45.55. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements, including the brand and light outputs of its projectors - attributes important to a consumer's purchasing decision. These literally false statements and product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

46.56. Defendant's false and misleading advertisements constitute unfair competition and injure both consumers and Epson.

47.57. Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

48.58. Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

49.59. Defendant's actions are willful and done solely to improperly gain market share.

    ~~50.~~60. Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendant the damages sustained by Epson as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

    ~~51.~~61. Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendant the gains, profits, and advantages that it has obtained as a result of its unlawful acts. Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

    ~~52.~~62. Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action. Moreover, Epson is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II

## Violation of Business and Professions Code §§ 17200 et seq.

    ~~53.~~63. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

    ~~54.~~64. The California Unfair Competition Law, codified at Business and Professions Code sections 17200, et seq., prohibits any unlawful, unfair, or fraudulent business act or practice.

    ~~55.~~65. GAC's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, et seq.

    ~~56.~~66. GAC's misconduct has a tendency and likelihood to deceive members of the public.

    ~~57.~~67. The foregoing acts and practices have caused substantial harm to Epson.

COMPLAINT

58.68. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of GAC, Epson has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

59.69. GAC's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Epson of property and/or legal rights or otherwise causing injury. GAC's conduct subjected Epson to unjust hardship in conscious disregard of the Plaintiff's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Epson to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of GAC.

WHEREFORE, Epson prays for judgment against GAC as follows:

A. For temporary, preliminary, and permanent injunctive relief prohibiting GAC, its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of GAC to sell their falsely advertised products, from engaging in false or misleading advertising with respect to its projector products, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of all GAC's products from online commerce sites, such as, but not limited to, Amazon.com, bestbuy.com, Walmart.com, as well as retail stores, until such a time as GAC can correct its false or misleading advertisements;

B. For an order requiring GAC to remove any reference to their projectors being manufactured by "HP" projectors and to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of GAC's projectors, including without limitation, the placement of corrective advertising and providing written notice to the public and its prior customers of the correct product brand and brightness;

C. That GAC be adjudged to have violated 15 U.S.C. § 1125(a) and Business and Professions Code §§ 17200 et seq. by unfairly competing against Epson by using false, deceptive or misleading statements of fact that misrepresent the nature, quality, and characteristics of Defendant's projectors;

D. That Epson be awarded damages it has sustained in consequence of Defendant's conduct including, but not limited to, its loss of market share;

E. That Epson be awarded Defendant's profits obtained by Defendant as a consequence of its conduct;

F. That such damages and profits be trebled and awarded to Epson as a result of Defendant's willful, intentional, and deliberate acts in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

G. ~~That Epson be awarded exemplary and punitive damages;~~

~~H.~~G.   That Epson recover its costs and reasonable attorneys' fees;

~~I.~~H.   That all of Defendant's misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118;

~~J.~~I. That Epson be granted prejudgment and post judgment interest; and

~~K.~~J.   That Epson be awarded such further relief as the Court deems just and proper.

Respectfully submitted,

K&L GATES LLP

Dated: ~~April~~ August 7~~2~~4, 2023    By:

*/s/ Zachary T. Timm*
Christina N. Goodrich
Morgan T. Nickerson (admitted *pro hac vice*)
Zachary T. Timm

*Attorneys for Plaintiff*
*Epson America, Inc.*

## DEMAND FOR JURY TRIAL

Plaintiff Epson America, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**K&L Gates LLP**

Date: ~~April~~ August 7~~2~~4, 2024

By: */s/ Zachary T. Timm*

Christina N. Goodrich
Morgan T. Nickerson (admitted *pro hac vice*)
Zachary T. Timm

*Attorneys for Plaintiff*
*Epson America, Inc.*