Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klates.com
Morgan T. Nickerson (admitted pro hac vice)
morgan.nickerson@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 8th Flr.
Los Angeles, CA 90067
T: (310) 552-5000
F: (310) 552-5001

*Attorneys for Plaintiff
Epson America, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP,<br><br>Defendant. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>**DECLARATION OF ZACHARY T. TIMM IN SUPPORT OF EPSON AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:          September 5, 2024<br>Time:         10:00 a.m.<br>Courtroom: 10D<br><br>[Assigned to the Hon. Fred W. Slaughter, Courtroom 10D] |

**DECLARATION OF ZACHARY T. TIMM**

# **DECLARATION OF ZACHARY T. TIMM**

I, Zachary T. Timm, declare as follows:

1. I am an attorney at law duly licensed to practice before the Courts of the State of California and an associate with the law firm of K&L Gates LLP, counsel for Epson America. Inc. ("Epson"). I am one of the attorneys responsible for handling this action and I am personally familiar with the legal proceedings in this matter. I am over the age of 18 years, have personal knowledge of the facts contained in this declaration, and if called as a witness, could and would testify competently to the truth of the facts stated herein.

2. I submit this Declaration in support of Epson's Motion for Leave to File Second Amended Complaint (the "Motion"). A redlined version of this Proposed Second Amended Complaint is attached as Exhibit A to the Motion.

3. On May 2, 2023, Epson served its initial written discovery, which the Parties agreed were deemed served on May 9, 2023. A true and correct copy of Epson's First Set of Requests for Production is attached hereto as **Exhibit 1**. Upon receiving GAC's responses, Epson sent a meet and confer letter regarding deficiencies (including in GAC's document production). Following numerous meet and confer efforts, the Parties held a Telephonic Discovery Conference with Magistrate Judge Douglas F. McCormick, on September 28, 2023.

4. In October 2023, upon reviewing GAC's document productions, Epson sent a meet and confer letter setting forth deficiencies therein. The Parties met and conferred and agreed to certain search terms to be used to collect additional documents. Through a subsequent deposition in January 2024, however, Epson learned that GAC's document collection had been deficient.

5. On May 2, 2024, Epson served its second set of requests for production on GAC. A true and correct copy of Epson's Second Set of Requests for Production is attached hereto as **Exhibit 2**.

1
**DECLARATION OF ZACHARY T. TIMM**

6. The Parties continued to meet and confer regarding GAC's discovery responses and deficient document productions, eventually conducting a further Telephonic Discovery Conference before Judge McCormick on June 12, 2024. During the Discovery Conference, GAC described what they had done to collect and review documents. GAC explained that a custodian was provided search terms to run the search himself, however, the custodian stated that the terms were overbroad and instead ran searches which he deemed relevant. At the time, this information had not been disclosed to Epson. In fact, GAC's concerns regarding the search terms were not conveyed until March of 2024, nearly ten (10) months after being served with Epson' first set of discovery requests. In order to resolve the discovery issues, the Court ordered the Parties to exchange proposed search terms and document collection/production protocols

7. On June 17, 2024, counsel for Epson proposed search terms and collection and production protocols. In light of fact discovery set to close in the middle of August, counsel for Epson stressed its concern for a production to be made earlier than GAC's proposed production date of sometime in October. GAC provided its own proposal which Epson had concerns with. Epson, however, represented that it may be willing to accept it if GAC provided a date certain for the production to be complete.

8. On or about July 3, 2024, Epson became aware that GAC introduced two new projector models, HP CC 500 and HP CC 180, on the internet and began falsely advertising and selling its projectors on Walmart.com and BestBuy.com, internet marketplaces not previously used by GAC to sell its products. *See* Lefkowitz Decl. ¶¶ 4-6. In light of this newly discovered information, Epson set out to amend its Complaint. The amendments to the complaint are consistent with and in furtherance of its previous claims against GAC. Epson seeks to include the two new Internet marketplaces which GAC is selling on, Walmart.com and BestBuy.com. The SAC also includes two additional projector models which GAC falsely advertises, and facts related to the false advertisement of these projectors, including the literally false statement as to the manufacturer of the projectors. Lastly, the SAC names GAC Technology Group as a

2
**DECLARATION OF ZACHARY T. TIMM**

defendant instead a mere "trade name" because according to GAC, they are separate legal entities, and thus operating as alter egos of one another (rather than one entity operating under a trade name).

9. On July 5, 2024, my colleague, Morgan Nickerson, emailed GAC's counsel (copying me), informing them that Epson had just learned GAC had released two new projectors, and that Epson's initial testing showed the brightness was being improperly inflated in advertisements.

10. On July 10, 2024, Mr. Nickerson, emailed GAC's counsel regarding Epson's intention to file a Second Amended Complaint (copying me), and attached a copy of the proposed SAC to that email, and asking if GAC's counsel would stipulate to allow Epson to file the SAC, or if GAC would oppose Epson's Motion to file the same.

11. On July 26, 2024, I attended a telephonic meet and confer conference with GAC's counsel. During that conference, Mr. Nickerson again explained the intended amendments—adding facts regarding GAC's false advertisement and sale of additional GAC projector models which support the existing claims—as well as the reasons for seeking an amendment of GAC Technology Group as a named defendant instead of a mere trade name. Mr. Nickerson inquired as to whether GAC would stipulate to such amendment.

12. GAC's counsel acknowledged that there was nothing stopping Epson from filing an entirely new lawsuit and making the allegations against the newly identified defendant (also noting that such new lawsuit would probably need to be related to this action). But, ultimately, GAC's counsel stated that they would not stipulate to allow Epson to file its Second Amended Complaint, and would oppose Epson's Motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 8, 2024 in Los Angeles, California.

_____
Zachary T. Timm

3
**DECLARATION OF ZACHARY T. TIMM**