# EXHIBIT 1

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klates.com
Morgan T. Nickerson (*admitted pro hac vice*)
morgan.nickerson@klgates.com
K&L GATES LLP
One Park Plaza, Twelfth Floor
Irvine, CA 92614
T: (949) 253-0900
F: (949) 253-0902

*Attorneys for Plaintiff
Epson America, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC. <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP, <br><br> Defendant. | Civil Action No. 8:23-cv-00222-FWS-DFM <br><br> **EPSON AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP** |

1

EPSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

315281908.3

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Epson America, Inc. ("Plaintiff" or "Epson"), by its undersigned attorneys, K&L Gates, LLP, hereby requests that Defendant Global Aiptek Inc. d/b/a GAC Technology Group ("Defendant" or "GAC") produce for inspection, examination, and copying at a mutually agreeable place and time, no later than thirty (30) days after service of these requests upon GAC, any and all documents, communications, and objects requested herein that are in GAC's possession, custody, or control, including, without limitation, those in the possession, custody, or control of GAC's agents, attorneys, or other representatives.

## DEFINITIONS

When used herein, the following terms shall have the meaning, and shall be interpreted, as set forth below:

1. "**Action**" means the above-captioned lawsuit which is pending in the United States District Court for the Central District of California.

2. "**You**," "**Your**," "**Defendant**," or "**GAC**" means Defendant (as that term is defined in the opening paragraph).

3. "**Product(s)**" means any projectors advertised, distributed, offered for sale, sold, and/or manufactured by You, including but not limited to the HP BP5000, HP CC200, and HP MP250 projector.

4. The term "**Website(s)**" means www.hp-projector.com, www.bhphotovideo.com, and Amazon.com.

5. The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and will include, without limitation, any writing, stored in electronic format or otherwise, whether in your possession or the control of your counsel. A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "**communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

## INSTRUCTIONS

1. In responding to these Requests, you shall furnish all documents and communications in your possession, custody, or control, as well as any documents and communications in the possession, custody, or control of your agents, employees, representatives, accountants, experts, attorneys, or any other persons acting on your behalf.

2. Each Request is a request for the original of the final version of such document(s) and communications, although an identical copy may be produced when an original is not available, as well as any non-identical drafts or non-identical copies of such document(s) and communications, including those that are non-identical by reason of notations or markings on the copies.

3. A Request for any document or communication shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document or communications as well as any accompanying exhibits, enclosures, or attachments.

4. File folders with tabs or labels identifying documents and communications responsive to these Requests should be produced intact with such documents and communications.

5. Documents and communications that are attached to each other should not be separated.

6. Unless otherwise stated, the time period for each request is from January 1, 2018 to present.

7. The documents, communications, and objects requested herein are to be produced as they are kept in the usual course of business or otherwise organized and labeled to correspond to the categories in the Request. For electronically stored

information, responsive materials are to be produced in the form or forms in which they are ordinarily maintained, or in reasonably usable form or forms.

8. In the event that any document, communication, or object is not produced because the Request is claimed to be objectionable, please state with specificity the grounds for objecting to the request, including the reasons for the objection and whether any responsive materials are being withheld on the basis of the proffered objection. An objection to part of a request must specify the part and permit inspection of the rest. Where a document, communication, or object is responsive to a request that is not objected to, and is also responsive to a Request that is objected to, all portions of the document, communication, or object responsive to the Request to which there is no objection must be produced.

9. These Requests are continuing in nature so as to require the production of supplemental documents, communications, or objects and the filing of supplemental responses to the extent required under the Federal Rules of Civil Procedure and the Local Rules. Because the conduct underlying the Complaint is continuing, and pursuant to Rule 26, Epson will expect reasonably regular supplementation of GAC's responses to the below Requests.

## DOCUMENT REQUESTS

**REQUEST NO. 1.** Documents sufficient to identify the different models of Products GAC sold from January 1, 2018 to present.

**REQUEST NO. 2.** Documents sufficient to identify the light output or brightness GAC advertised for each Product GAC sold from January 1, 2018 to present.

**REQUEST NO. 3.** Documents sufficient to show GAC's revenue from GAC's sale of Products from January 1, 2018 to present including revenue on a quarterly and monthly basis.

**REQUEST NO. 4.** Documents sufficient to show GAC's costs from GAC's sale of Products from January 1, 2018 to present including costs on a quarterly and monthly basis.

**REQUEST NO. 5.** Bank account documents, including, but not limited to, monthly statements, evidencing the revenue and costs numbers provided by GAC in this litigation in responding to Request Nos. 3 and 4.

**REQUEST NO. 6.** Documents and communications between GAC and the Websites or any other Internet marketplace or resale channel utilized by GAC regarding revenue and costs associated with GAC's sale of the Products.

**REQUEST NO. 7.** Any distribution agreements that GAC has with retailers of GAC's Products.

**REQUEST NO. 8.** Any documents evidencing substantiation or test results for the claimed brightness or light output of GAC Projectors.

**REQUEST NO. 9.** Samples of all product packaging for the Products advertised, offered for sale, and sold from January 1, 2018 to the present.

**REQUEST NO. 10.** Documents and communications between GAC and GAC's supplier(s) or manufacturer(s) of GAC's Products concerning light output or brightness from January 1, 2018 to present.

**REQUEST NO. 11.** Documents and communications sufficient to identify any owners and/or officers of GAC.

**REQUEST NO. 12.** Documents sufficient to identify GAC's corporate structure including, but not limited to, organizational charts.

**REQUEST NO. 13.** Any documents or communications received by GAC from a customer complaining about GAC's services or GAC Products from January 1, 2018 to present.

**REQUEST NO. 14.** Any internal documents or communications involving or relating to Epson from January 1, 2018 to present.

**REQUEST NO. 15.** Any and all documents and communications submitted to the Websites regarding any requests to change or alter the light output or brightness of the Website page selling the Products.

**REQUEST NO. 16.** All advertisements of GAC Products that set forth the light output or brightness of the Product.

**REQUEST NO. 17.** Documents evidencing or supporting any costs GAC claims should be deducted from GAC revenue numbers concerning Products in this litigation.

**REQUEST NO. 18.** Documents and communications concerning any questions GAC has answered from a customer regarding the light output or brightness of its projectors on the Websites, or other third party platforms.

**REQUEST NO. 19.** Documents and communications concerning any negative customer reviews received by GAC from customers from January 1, 2018 to present. A negative customer review shall be considered any customer review of 4 stars on a five star review system.

Dated: May 2, 2023

/s/ Morgan T. Nickerson

Morgan T. Nickerson
morgan.nickerson@klgates.com
K&L GATES LLP
State Street Financial Center One
Lincoln Street
Boston, MA 02111
Telephone: 617.261.3100
Facsimile: 617.261.3175


Attorney for Plaintiff EPSON AMERICA, INC.

## **CERTIFICATE OF SERVICE**

I, Morgan T. Nickerson, hereby certify that on May 2, 2023 I caused this document to be served on counsel for Defendant via e-mail and first class mail.

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson