# EXHIBIT 2

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klates.com
Morgan T. Nickerson (*admitted pro hac vice*)
morgan.nickerson@klgates.com
K&L GATES LLP
One Park Plaza, Twelfth Floor
Irvine, CA 92614
T: (949) 253-0900
F: (949) 253-0902

*Attorneys for Plaintiff
Epson America, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC. <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP, <br><br> Defendant. | Civil Action No. 8:23-cv-00222-FWS-DFM <br><br> **EPSON AMERICA, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP** |

1

EPSON'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

318516883.1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Epson America, Inc. ("Plaintiff" or "Epson"), by its undersigned attorneys, K&L Gates, LLP, hereby requests that Defendant Global Aiptek Inc. d/b/a GAC Technology Group ("Defendant" or "GAC") produce for inspection, examination, and copying at a mutually agreeable place and time, no later than thirty (30) days after service of these requests upon GAC, any and all documents, communications, and objects requested herein that are in GAC's possession, custody, or control, including, without limitation, those in the possession, custody, or control of GAC's agents, attorneys, or other representatives.

## DEFINITIONS

When used herein, the following terms shall have the meaning, and shall be interpreted, as set forth below:

1. "**Action**" means the above-captioned lawsuit which is pending in the United States District Court for the Central District of California.

2. "**You**," "**Your**," "**Defendant**," or "**GAC**" means Defendant (as that term is defined in the opening paragraph).

3. "**Product(s)**" means any projectors advertised, distributed, offered for sale, sold, and/or manufactured by You, including but not limited to the HP BP5000, HP CC200, and HP MP250 projector.

4. "**HP**" means Hewlett-Packard Company and its affiliates, subsidiaries, partners, and joint ventures.

5. "**HP Mark(s)**" means HP's trademarks registered with the U.S. Patent and Trademark Office.

6. The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and will include, without limitation, any writing, stored in electronic format or otherwise, whether in your possession or the

control of your counsel. A draft or non-identical copy is a separate document within the meaning of this term.

7. The term "**communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

## INSTRUCTIONS

1. In responding to these Requests, you shall furnish all documents and communications in your possession, custody, or control, as well as any documents and communications in the possession, custody, or control of your agents, employees, representatives, accountants, experts, attorneys, or any other persons acting on your behalf.

2. Each Request is a request for the original of the final version of such document(s) and communications, although an identical copy may be produced when an original is not available, as well as any non-identical drafts or non-identical copies of such document(s) and communications, including those that are non-identical by reason of notations or markings on the copies.

3. A Request for any document or communication shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document or communications as well as any accompanying exhibits, enclosures, or attachments.

4. File folders with tabs or labels identifying documents and communications responsive to these Requests should be produced intact with such documents and communications.

5. Documents and communications that are attached to each other should not be separated.

6. Unless otherwise stated, the time period for each request is from January 1, 2018 to present.

7. The documents, communications, and objects requested herein are to be produced as they are kept in the usual course of business or otherwise organized

and labeled to correspond to the categories in the Request. For electronically stored information, responsive materials are to be produced in the form or forms in which they are ordinarily maintained, or in reasonably usable form or forms.

8. In the event that any document, communication, or object is not produced because the Request is claimed to be objectionable, please state with specificity the grounds for objecting to the request, including the reasons for the objection and whether any responsive materials are being withheld on the basis of the proffered objection. An objection to part of a request must specify the part and permit inspection of the rest. Where a document, communication, or object is responsive to a request that is not objected to, and is also responsive to a Request that is objected to, all portions of the document, communication, or object responsive to the Request to which there is no objection must be produced.

9. These Requests are continuing in nature so as to require the production of supplemental documents, communications, or objects and the filing of supplemental responses to the extent required under the Federal Rules of Civil Procedure and the Local Rules. Because the conduct underlying the Complaint is continuing, and pursuant to Rule 26, Epson will expect reasonably regular supplementation of GAC's responses to the below Requests.

## DOCUMENT REQUESTS

**REQUEST NO. 20.** All documents and communications between GAC and Amazon regarding the advertisement and sale of GAC Products on Amazon.com, including, but not limited to, account information, promotions, and advertisements, and the HP Marks.

**REQUEST NO. 21.** All documents and communications with Amazon regarding the promotion and advertisement of the HP BP5000, HP CC200, and HP MP250 projectors on the Amazon.com HP Store.

**REQUEST NO. 22.** All documents and communications between GAC and HP regarding the HP BP5000, HP CC200, and HP MP250 projector.

**REQUEST NO. 23.** All documents and communications between GAC and HP regarding GAC's use of HP's intellectual property, including, but not limited to, the HP Marks.

**REQUEST NO. 24.** All documents and communications regarding HP's trademarks relating to the HP BP5000, HP CC200, and HP MP250 projector.

**REQUEST NO. 25.** All documents identifying the ASIN's which the HP BP5000, HP CC200, and HP MP250 projectors are sold under.

**REQUEST NO. 26.** All documents and communications between GAC and HP regarding Epson.

**REQUEST NO. 27.** All documents regarding GAC's sales of the Products on Amazon.com, including, but not limited to, GAC's revenue and costs.

**REQUEST NO. 28.** All documents regarding any and all quality control requirements implanted by HP relating to the use of the HP Mark(s).

Dated: May 2, 2023

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson
morgan.nickerson@klgates.com
K&L GATES LLP
One Congress Street, Suite 2900
Boston, MA 02114
Telephone: 617.261.3100
Facsimile: 617.261.3175

Attorney for Plaintiff EPSON AMERICA, INC.

## CERTIFICATE OF SERVICE

I, Morgan T. Nickerson, hereby certify that on May 2, 2024 I caused this document to be served on counsel for Defendant via e-mail and first class mail.

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson