Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Kirstin Jensvold-Rumage, SBN 345916
kirstin@milordlaw.com
**MILORD LAW GROUP, P.C.**
333 South Hope Street, Suite 4025
Los Angeles, California 90071
Tel: (310) 226-7878

Attorneys for Defendant
Global Aiptek Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPSON AMERICA, INC.,<br>　　　　Plaintiff,<br><br>vs.<br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP,<br><br>　　　　Defendant, | CASE NO. 8:23-cv-00222-FWS-DFM<br><br>*Hon. Fred W. Slaughter*<br><br>**MILORD LAW GROUP P.C. AND ITS ATTORNEYS' NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR GLOBAL AIPTEK INC. D/B/A GAC TECHNOLOGY GROUP**<br><br>*Filed concurrently with Declaration of Milord A. Keshishian, [Proposed] Order and Proof of Service in Support Thereof*<br><br>Date:　　　November 14, 2024<br>Time:　　　10:00 a.m.<br>Location:　 411 W. 4th St.<br>　　　　　　Santa Ana, CA 92701<br>　　　　　　Courtroom 10D |

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

**TO THE HONORABLE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on Thursday November 14, 2024, at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 411 West 4th Street, Courtroom 10D, Santa Ana, CA 92701 , before Honorable Fred W. Slaughter, the law firm of Milord Law Group P.C. and its attorneys Milord A. Keshishian, and Kirstin Jensvold-Rumage (collectively, "MLG") will, and hereby do, move for leave to withdraw as counsel for Defendant Global Aiptek Inc. ("Global").

This motion for leave to withdraw as counsel ("Motion") is made pursuant to Local Rule 83-2.3.2 and California Rule of Professional Conduct 3-700(C) on the grounds that communication within the attorney-client relationship has deteriorated and Global has failed to pay outstanding legal fees owed to MLG for services rendered.

This Motion is made following notice to all counsel, including a letter setting forth the basis for withdrawal and an invitation to confer per L.R. 7-3.  Counsel for the parties met and conferred on October 9, 2024, and Plaintiff stated it would not oppose so long as the Plaintiff is not prejudiced.

This Motion is based upon this notice, the attached memorandum of points and authorities, the attached declaration of Milord A. Keshishian ("Keshishian Decl."), the entire record herein, and any oral argument at the hearing on this Motion.

Dated:  October 17, 2024          Respectfully submitted,

                                  MILORD LAW GROUP, P.C.

                                  /s/ Milord A. Keshishian
                                  Milord A. Keshishian
                                  Attorney for Defendant
                                  Global Aiptek Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction

Milord Law Group, P.C. and its attorneys, Milord A. Keshishian and Kirstin Jensvold-Rumage (collectively "MLG"), respectfully seek leave to withdraw as counsel for Defendant Global Aiptek Inc. ("Global").  Communications between Global and MLG have deteriorated to the extent that MLG is prevented from performing its duties as counsel, including development of case strategy.  Keshishian Decl. ¶2.  Additionally, Global owes MLG substantial outstanding fees for legal services provided and Global has failed to pay for any of the legal services MLG has rendered for numerous months.  *Id.* ¶ 3.  Beginning on August 13, 2024, MLG advised Global of its intent to withdraw from the case and advising Global to obtain new counsel.  *Id.* ¶ 7.

Global will not suffer any prejudice by the withdrawal of counsel as trial in this matter is set for July 15, 2025, and the Final Pretrial Conference is set for May 15, 2025.  Dkt. 50.  Thus, Global's new counsel will have sufficient time to get up to speed for trial.

Finally, Local Rule 83-2.3.2 allows an attorney to seek leave to withdraw provided that timely notice is provided to the affected client as well as to all parties in the action.  Such notice has been given both prior to the filing of this Motion and well as through the filing of this Motion.  Keshishian Decl. at ¶¶ 13-14.  Plaintiff's counsel stated they would not oppose this motion if Plaintiff is not prejudiced by the current deadlines.  *Id.* at ¶¶15-17.  For the foregoing reasons, as well as those set forth below, there is good cause to allow MLG to withdraw and the Court should grant the instant motion to relieve MLG as counsel of record.

## II.    Factual Background

MLG's retainer agreement requires monthly payment of invoices.  *Id*. at ¶3.  Mr. Keshishian has discussed the failure to pay legal fees incurred in this case with Mr. Frank Sheu, President of Defendant Global, on several occasions, yet Global continually failed to timely pay the legal fees incurred.  *Id*. at ¶3.  With each request to pay fees or timely

communicate information necessary for effective defense of the case, Global has not met its obligations to pay and has not timely communicated. *Id.* ¶¶ 3, 5-8.

On August 13, September 18, October 7, 15, and 16, 2024, MLG advised Global that it would seek to withdraw as counsel because of the failure to pay legal fees and breakdown in communications. *Id.* ¶ 7. MLG also advised Global to obtain new counsel. *Id.* MLG advised Global on October 16, 2024, that it intended to withdraw as counsel and provided all necessary information required under the Local Rules. *Id.* ¶¶ 13-14. MLG also advised Global of upcoming dates and deadlines in the case and explained that because Global is a corporation, it cannot represent itself and other attorneys must be retained. *Id.* ¶ 13. MLG also explained the negative consequences that could result from failure to retain new counsel, including the Court's imposition of monetary sanctions and entering default judgment in Plaintiff's favor on the claims. *Id.*

Despite numerous attempts to reach a resolution with Global about payment of MLG's outstanding legal fees and responding to MLG's communications to aid in its defense, Global has failed to do so.

### III. Good Cause Exists for MLG's Withdrawal

Whether to grant or deny a motion to withdraw as counsel is entrusted to the trial court's discretion. *See*, *e.g.*, *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, 2009 WL 2337863 at *1 (C.D. Cal. July 28, 2009). However, courts have long recognized that "[i]t is undoubtedly true that, in the great majority of instances, the attorney should be permitted to withdraw." *Linn v. Superior Court in & for Los Angeles Cty.*, 79 Cal. App. 721, 725 (1926). In considering such a motion, courts must weigh four factors:

(1) The reasons why withdrawal is sought;
(2) The prejudice withdrawal may cause to other litigants;
(3) The harm withdrawal might cause to the administration of justice; and
(4) The degree to which withdrawal will delay the resolution of the case.

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

*Huntington Learning Ctrs.*, 2009 WL 2337863 at *1; *see also*, Local Rule 83-2.3.2; *Page v. Stanley*, 2014 WL 2472248 at *2 (C.D. Cal. June 2, 2014) (counsel may withdraw upon an "irreparable breakdown of the working relationship" or where client makes it "unreasonably difficult" to carry out the representation effectively); *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992) ("the failure of a client to pay attorney's fees will serve as grounds for an attorney to withdraw").

Even if withdrawal will cause delay in the case, leave may still be granted if "good cause is shown and the ends of justice require [such relief]." *Page*, 2014 WL 2472248 at *1 (citation omitted). In this matter, all considerations weigh in favor of granting MLG's Motion.

### IV. MLG's Relationship with Global has Irreparably Broken Down

The breakdown in communications has made it exceedingly difficult for MLG to continue to perform its duties as counsel. Keshishian Decl. ¶¶ 2, 8. The breakdown in communications prevents cooperative development of case strategy. *Id.* While attorney-client privilege prevents MLG from disclosing the details in connection with these matters, MLG believes that it is not in the best interests of Global, MLG, or any parties in this case for MLG to continue to represent Global in this action. Also, MLG's agreement with Global provides for withdrawal should the clients not timely communicate with or cooperate in MLG's representation. *Id.* at ¶ 3.

California Rules of Professional Conduct 1.16(b)(4) allows for a permissive withdrawal when a client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." *U.A. Local 342 Joint Labor-Management Committee v. South City Refrigeration, Inc.*, 2010 WL 1293522 at *3 (N.D. Cal. March 31, 2010) ("In this district, courts look to the standards of professional conduct required of members of the State Bar of California in determining whether counsel may withdraw representation."). Courts interpreting this rule have held that a client's failure to cooperate or communicate effectively with counsel constitutes good cause for

withdrawal. *See Id*. (granting withdrawal where client "failed to cooperate or communicate effectively with counsel"); *Hershey v. Berkeley*, 2008 WL 4723610, *2 (C.D. Cal. Oct. 24, 2008) ("failure to communicate with their attorneys constitutes good cause for . . . withdrawal").

MLG respectfully submits that Global's failure to cooperate and communicate with MLG permits withdrawal in this case.

## V.   Global has Failed to Pay Substantial Attorneys' Fees Owed to MLG

As noted in Section II above, MLG has not received payment of outstanding invoices for numerous months. *Id*. ¶¶ 3 and 5-7. MLG expended considerable time and effort in defending and prosecuting Global's case, including filing a Motion to Dismiss and an Answer, propounding discovery, participating in collection of evidence as well as responding to discovery requests, defending a deposition, and reviewing and modifying several drafts of a proposed settlement agreement. *Id*. ¶ 4.

California district courts have regularly permitted counsel to withdraw where a client has failed to pay for counsel's work. *Canandaigua Wine Co., Inc. v. Edwin Moldauer*, 2009 WL 89141 at *2 (E.D. Cal. Jan. 14, 2009) (permitting withdrawal over the client's written objection where there was an impasse over client's payment of outstanding legal fees); *Stewart v. Boeing Co*., 2013 WL 3168269 at *2 (C.D. Cal. June 19, 2013) ("The failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation."); *Nedbank Int'l, Ltd. v. Xero Mobile, Inc*., 2008 WL 4814706 at *2 (C.D. Cal. Oct. 30, 2008) (failure to pay attorney's fees "alone can be reason enough to grant a motion to withdraw"); *See also*, *People v. Prince*, 268 Cal. App. 2d 398, 406 (1968) ("It is generally recognized that the failure or refusal of a client to pay or secure the proper fees or expenses of the attorney after being reasonably requested to do so will furnish grounds for the attorney to withdraw from the case.").

Requiring MLG to continue representing Global without payment constitutes a

fundamentally unfair burden on MLG, especially considering the substantial fees currently owed and deterioration in communications with MLG that prevents representation and development of case strategy.  MLG respectfully submits that Global's failure to pay is good cause to permit MLG's withdrawal.

### VI. MLG has Given Appropriate Notice to Global

MLG notified Global of its intent to withdraw as counsel for the reasons discussed herein beginning on August 13, 2024.  Keshishian Decl. ¶ 7.  MLG remained as counsel to afford Global an opportunity to retain new counsel and to assist with settlement agreement negotiations.  *Id*.

On October 16, 2024, MLG again advised Global to secure new counsel to protect its interests in this matter.  *Id*. ¶¶ 7, 13.  As described above in Section II, MLG advised Global that as a corporation it would need counsel and could not appear pro se, and that failure to continue engaging in litigation could result in default, damages, and possible sanctions.  *Id.* ¶ 13.

Global will not suffer any prejudice by the withdrawal of counsel as Plaintiff intends to file an amended Complaint to add newly launched Global products (Dkt. 52), trial in this matter is set for July 15, 2025, and the Final Pretrial Conference is set for May 15, 2025.  Dkt. 50.  MLG respectfully submits that it provided appropriate notice to Global to permit MLG's withdrawal.

### VII. MLG's Withdrawal will not Result in Undue Delay or Prejudice

Plaintiff intends to file an amended complaint (Dkt. 52) to include Global's newly launched products and the Scheduling Order should be amended to allow for additional discovery into the newly launched products.  Motions to withdraw as counsel are routinely granted where withdrawal would not cause a delay or unduly prejudice or burden the parties or the Court.  *Liang v. Cal-Bay Int'l, Inc*., 2007 WL 3144099, at *1 (S.D. Cal. Oct. 24, 2007) (granting motion to withdraw as counsel where withdrawal will

not prejudice justice or delay resolution of the case); *Schueneman v. 1st Credit of America, LLC*, 2007 WL 1969708, at *7 (N.D. Cal. July 6, 2007) (granting motion to withdraw as counsel where withdrawal will not prejudice the parties); *Bradford v. City of Modesto*, 2008 WL 2682734, at *2 (E.D. Cal. July 3, 2008) (granting motion to withdraw as counsel where there will be "minimal prejudice" to party).

As a corporation, Global will not be permitted to represent itself in this matter. But courts have recognized that a corporation's inability to represent itself is not a basis for refusing an attorney's withdrawal, even where the withdrawal leaves the entity without representation. *Gamet v. Blanchard*, 91 Cal. App. 4th 1276, 1284 n.5 (2001) ("The ban on corporate self-representation does not prevent a court from granting a motion to withdraw as attorney of record, even if it leaves the corporation without representation."); *Thomas G. Ferruzzo, Inc. v. Superior Court*, 104 Cal. App. 3d 501, 504 (1980) ("An attorney may be allowed to withdraw without offending the rule against corporate self-representation.").

Also as noted above, Global was afforded many months to pay MLG's invoices, and numerous reminders to communicate with MLG, as well as notice of MLG's intent to withdraw. Keshishian Decl. ¶¶ 2-3, 5-8. Plaintiff's pending Motion for Leave to File a Second Amended Complaint is unopposed and should be granted. Dkt. 57. In my October 16, 2024, email to Mr. Sheu, I reminded him that the hearing on this motion is set for October 17, 2024 and that I would be attending. *Id.* ¶ 14. Although the parties currently have two months to complete discovery, the amended complaint would require an amendment to the Scheduling Order to allow discovery into the newly launched Global products. *See* Dkt. 50. The trial date is set for July 15, 2025, and the Final Pretrial Conference is set for May 15, 2024. *Id.* New counsel for Global will have sufficient time to familiarize themselves with this case. As such, Global will not suffer any prejudice by the withdrawal of counsel.

## VIII. Conclusion

While MLG reveres its obligations to its clients and the Court, its relationship with Global has unfortunately deteriorated such that it is no longer in Global's or MLG's interests to continue with the representation in this matter. For the foregoing reasons, MLG respectfully requests that the Court grant MLG leave to withdraw as counsel of record and set a deadline by which Global shall identify new counsel should they wish to proceed with their claims and defenses in this case.

Dated:  October 17, 2024

Respectfully submitted,

By: /s/ Milord A. Keshishian
Milord A. Keshishian

Attorney for Defendant
Global Aiptek Inc.