Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Kirstin Jensvold-Rumage, SBN 345916
kirstin@milordlaw.com
**MILORD LAW GROUP, P.C.**
333 South Hope Street, Suite 4025
Los Angeles, California 90071
Tel: (310) 226-7878

Attorneys for Defendant
Global Aiptek Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPSON AMERICA, INC.,<br>　　　　Plaintiff,<br><br>vs.<br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP,<br><br>　　　　Defendant, | Case No.: 8:23-cv-00222-FWS-DFM<br><br>*Hon. Fred W. Slaughter*<br><br>**DECLARATION OF MILORD A. KESHISHIAN IN SUPPORT OF MILORD LAW GROUP P.C. AND ITS ATTORNEYS' NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR GLOBAL AIPTEK INC. D/B/A GAC TECHNOLOGY GROUP**<br><br>Date:　　　November 14, 2024<br>Time:　　　10:00 a.m.<br>Location:　411 W. 4th St.<br>　　　　　　Santa Ana, CA 92701<br>　　　　　　Courtroom 10D |

## DECLARATION OF MILORD A. KESHISHIAN

I, Milord A. Keshishian, hereby swear and affirm pursuant to 28 U.S.C. § 1746 upon direct personal knowledge that the following is true and correct:

1. I am an attorney duly licensed to practice before this Court, and I am the principal of Milord Law Group, P.C. ("MLG"), counsel of record for defendant Global Aiptek Inc. (collectively, "Global"). Unless otherwise stated, I have first-hand personal knowledge of the facts stated herein and if called as a witness, could competently testify thereto.

2. Over the past several months, communication between MLG and Global has deteriorated. This deterioration in communication has rendered the defense and prosecution of the claims in this case unreasonably difficult, if not impossible.

3. Global has failed to pay MLG for services rendered despite numerous representations that payment would be made. MLG's fee agreement, which Global signed, requires monthly payment of invoices and allows for withdrawal in the event fees remain unpaid. MLG's accounting personnel and I have discussed the failure to timely pay outstanding legal fees incurred with Mr. Frank Sheu, the President of Global, yet Global has not paid outstanding invoices for numerous months. MLG's fee agreement also requires the client's timely communication and cooperation in the representation.

4. MLG has spent considerable time and effort defending and prosecuting Global's case since March 2023, including, but not limited to, filing a Motion to Dismiss and an Answer, propounding discovery, participating in collection of evidence as well as responding to discovery requests, defending a deposition, and reviewing and modifying several drafts of a proposed settlement agreement.

5. Since January 2024, my office emailed Mr. Sheu numerous times regarding the substantial outstanding balance.

6. From June 25, 2024 to October 15, 2024, my office emailed Mr. Sheu over 16 different times informing him of his delinquency in failing to pay overdue invoices.

7. On August 13, September 18, October 7, 15, and 16, 2024, I advised Global

-2-
**DECLARATION OF MILORD A. KESHISHIAN**

that MLG would seek to withdraw as counsel because of the failure to pay legal fees and breakdown in communications. I also advised Global to obtain new counsel to substitute in the case.

8. Separately, there has been a breakdown in communications with Global, which prevents timely preparation of the case and strategy.

9. On October 3, 2024, I emailed counsel for Epson America Inc. ("Epson" or "Plaintiff") to meet and confer regarding MLG's anticipated motion to withdraw as counsel of record.

10. On October, 9, 2024, MLG and Epson's counsel met and conferred regarding MLG's anticipated motion to withdraw. Plaintiff's counsel informed us that they would not oppose as long as the motion would not prejudice Plaintiff's discovery and their client's rights were preserved. Counsel for both parties agreed to schedule an informal discovery conference before the magistrate judge presiding over this case.

11. On October 10, counsel for both parties sent a request for an informal discovery conference by telephone before the magistrate judge presiding over this case regarding MLG's motion to withdraw. Dkt. 58.

12. On October 16, counsel for both parties and the magistrate judge presiding over this case met in an informal discovery conference by telephone to confirm MLG's motion to withdraw.

13. On October 16, 2024, I emailed Global regarding MLG's intention to withdraw and advised Global of upcoming dates and deadlines in the case, and to seek substitute of counsel. I also advised that, as an entity, Global cannot represent itself. I emphasized that failure to defend may result in negative consequences, including the Court imposing monetary sanctions, and ultimately entering default judgment in Plaintiff's favor on the claims and imposing substantial monetary damages. Mr. Sheu responded to my email acknowledging receipt.

14. I informed Global of Plaintiff's Motion for Leave to File a Second Amended Complaint, which is set for hearing on October 17, 2024. The correspondence informed

1  Global that I would be attending the hearing in person.

3      I declare under penalty of perjury under the laws of the United States of America
4  that the foregoing is true and correct.

5      Executed on this 16th day of October, 2024, in Los Angeles, California.

                      /s/ Milord A. Keshishian
                      Milord A. Keshishian
                      MILORD LAW GROUP, P.C.
                      Attorneys for Defendant
                      Global Aiptek Inc.