1  Christina N. Goodrich (SBN 261722)
   christina.goodrich@klgates.com
2  Zachary T. Timm (SBN 316564)
   zach.timm@klates.com
3  Morgan T. Nickerson (admitted pro hac vice)
4  morgan.nickerson@klgates.com
   K&L GATES LLP
5  10100 Santa Monica Blvd., 8th Flr.
   Los Angeles, CA 90067
6  T: (310) 552-5000
   F: (310) 552-5001
7
   *Attorneys for Plaintiff*
8  *Epson America, Inc.*

9              UNITED STATES DISTRICT COURT
10          FOR THE CENTRAL DISTRICT OF CALIFORNIA
11                    SOUTHERN DIVISION
12

| | |
|---|---|
| 13  EPSON AMERICA, INC. | Case No.: 8:23-cv-00222-FWS-DFM |
| 14             Plaintiff, | **EPSON AMERICA, INC.'S CONDITIONAL NON-OPPOSITION TO MILORD LAW GROUP P.C.'S MOTION TO WITHDRAW AS COUNSEL FOR GLOBAL AIPTEK INC. D/B/A GAC TECHNOLOGY GROUP** |
| 15  v. | |
| 16  GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP, | |
| 17             Defendant. | Date:       November 14, 2024<br>Time:       10:00 a.m.<br>Courtroom:  10D |
| 18 | |
| 19 | [Assigned to the Hon. Fred W. Slaughter, Courtroom 10D] |

20
21
22
23
24
25
26
27
28

**CONDITIONAL NON-OPPOSITION TO MILORD LAW GROUP P.C.'S MOTION TO WITHDRAW AS COUNSEL**

## I. INTRODUCTION

On October 17, 2024, Milord Law Group, P.C., and its attorneys, Milord A. Keshisian and Kirstin Jensvold-Rumage (collectively "MLG") filed a motion to withdraw as counsel of record for Defendant Global Aiptek Inc. ("Global"), citing the deterioration of the attorney-client relationship, as well as Global's purported failure to pay outstanding legal fees. (DE 59.) Plaintiff Epson America, Inc.'s primary concern with respect to MLG's Motion is ensuring it suffers no prejudice as a result thereof, and so does not oppose the Motion as long its granting will not prejudice Epson. Epson believes such prejudice would occur if the Motion is granted, but the scheduling order is not modified to provide Epson with sufficient time to obtain all outstanding discovery. The Parties have filed a stipulation requesting such modification. (*See* DE 64.)

## II. EPSON DOES NOT OPPOSE THE MOTION AS LONG AS THE SCHEDULING ORDER IS MODIFIED

Epson will be prejudiced if MLG's Motion is granted without modifications being made to the current scheduling order to allow sufficient time for Global to obtain new counsel and for Epson to obtain all outstanding discovery. Epson has attempted to obtain discovery from Global dating back to May 2023. (*See, e.g.,* DE 64-1 (Timm Decl.), ¶ 3-4.) This includes numerous meet and confer efforts between Epson's counsel and MLG, as well as several Informal Discovery Conferences before the Magistrate Judge. (*Id*., at ¶ 4.) Those meet and confer efforts and Informal Discovery Conferences resulted in several agreements between the Parties. (*Id*., at ¶ 5.) For example, during the Parties' June 12, 2024 Informal Discovery Conference, they were able to reach agreement regarding certain depositions, and were able to reach further agreement on document collection and production through subsequent meet and confer efforts. (*Id*.) Despite these agreements, Global has not produced the outstanding documents, nor produced its witnesses for deposition. (*Id*., at ¶ 6.) It now appears as

**CONDITIONAL OPPOSITION TO MILORD LAW GROUP P.C.'S MOTION TO WITHDRAW AS COUNSEL**

though these failings are, at least in part, due to the breakdown of the attorney-client relationship between MLG and Global.

Further, Epson recently filed its Second Amended Complaint on October 18, 2024, adding a new a new defendant: GAC Technology Group.[1] (DE 61.) When Epson filed its Motion for Leave to Amend, it believed Global's counsel would be representing GAC Technology Group, such that discovery could be obtained pursuant to similar (if not the same) agreements between Epson and Global. As Global and GAC Technology Group are alter egos and related entities, Epson now understands that MLG will *not* be representing GAC Technology Group in this action.

Epson believed it would be receiving all discovery from Global (including the document productions and depositions of Global's witnesses), as well as any necessary discovery from GAC Technology Group well in advance of the current, November 14, 2024 discovery cut-off, including because of the agreements the Parties reached during the June 12 Informal Discovery Conference and subsequent meet and confer efforts. That has not occurred. In recognition thereof, Global and Epson entered into a stipulation to modify the scheduling order to continue the existing deadlines (including the discovery cut-off) to afford Global time to retain new counsel, to afford GAC Technology Group time to retain counsel, and to allow Epson to obtain all outstanding discovery from both Global and GAC Technology Group (including all discovery previously promised by Global). (*See* DE 64.)

---

[1] GAC Technology Group had previously been sued as a d/b/a for Global, but during discovery Epson learned it is purportedly a separate entity and alter ego, and so Epson has now separately named both entities as defendants.

### III. CONCLUSION

If the Parties' Stipulation is granted, and the scheduling order is modified to provide Epson with sufficient time to obtain all discovery it needs from both Defendants once they each have new counsel, then Epson does not oppose MLG's Motion.

Dated: October 24, 2024              **K&L GATES LLP**

                                     By: */s/ Zachary T. Timm*
                                         Christina N. Goodrich
                                         Zachary T. Timm
                                         Morgan T. Nickerson (admitted *pro hac vice*)
                                         Attorneys for Plaintiff
                                         Epson America, Inc.