___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00222-FWS-DFM                                      Date: November 12, 2024
Title: Epson America, Inc. v. Global Aiptek Inc. *et al*

___

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT GLOBAL AIPTEK INC [59]**

  Plaintiff Epson America, Inc. ("Epson") brings this false advertising and unfair competition action against Defendant Global Aiptek Inc. ("Global") and Defendant GAC Technology Group[1]. (*See generally* Dkt. 61 ("SAC").) Trial is currently set for July 15, 2025, and discovery is ongoing. (*See* Dkt. 50 (Operative Scheduling Order).) Now before the court is a Motion for Leave to Withdraw as Counsel for Global ("Motion" or "Mot.") filed by Milord Law Group, P.C and attorneys Milord A. Keshishian and Kirstin Jensvold-Rumage (collectively, "Counsel"). (Dkt. 59.)

  The Motion indicates that "[Epson]'s counsel stated they would not oppose this motion if [Epson] is not prejudiced by the current deadlines." (Mot. at 3.) Epson also filed a Conditional Non-Opposition to the Motion, (Dkt. 67 ("Non-Opposition")), in which Epson stated that "prejudice would occur if the Motion is granted, but the scheduling order is not modified to provide Epson with sufficient time to obtain all outstanding discovery," and noted that "[t]he

___

[1] The court observes that Defendant GAC Technology Group was named as a defendant for the first time in the Second Amended Complaint, filed on October 18, 2024, one day after Global filed the Motion. (Dkt. 61.) Plaintiff filed a waiver of service as to Defendant GAC Technology Group on October 31, 2024. (Dkt. 68). As of the date of this Order, Defendant GAC Technology Group has not answered or taken any position on the Motion. (*See generally* Dkt.)

___

**CIVIL MINUTES – GENERAL**                         1

---

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-00222-FWS-DFM | Date: November 12, 2024 |
| Title: Epson America, Inc. v. Global Aiptek Inc. *et al* | |

---

Parties have filed a stipulation requesting such modification." (*See* Non-Opposition at 2; Dkt. 64 ("Fourth Stipulation").) No opposition or other response to the Motion has been filed. (*See generally* Dkt.) The court finds this matter appropriate for resolution without oral argument and thus **VACATES** the November 14, 2024, hearing. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED.**

  Attorney withdrawals are governed by the Central District of California's Local Rules, the California Rules of Professional Conduct, and case law. The Local Rules provide that: (1) withdrawal is only permitted "by leave of court," (2) counsel must make a written motion and give "written notice . . . reasonably in advance to the client and all other parties who have appeared in the action, and (3) the motion "must be supported by good cause." L.R. 83-2.3.2. The California Rules of Professional Conduct further require attorneys seeking to withdraw from representation to "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," including by giving the client adequate time to retain alternative counsel. Cal. Rules of Prof'l Conduct R. 1.16(d). "Courts often weigh four factors in determining whether to grant or deny" a motion for withdrawal: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008) (collecting cases).

  The court finds that Counsel have met the procedural requirements to withdraw by seeking leave of court, giving reasonable advance notice to their client and to Plaintiff, and taking reasonable steps to avoid reasonably foreseeable prejudice to their client's rights. *See* L.R. 83-2.3.2; Cal. Rules of Prof'l Conduct R. 1.16(d). Counsel submitted a declaration stating, "[o]n August 13, September 18, October 7, 15, and 16, 2024, [Counsel] advised Global that [Counsel] would seek to withdraw as counsel because of the failure to pay legal fees and breakdown in communications." (Dkt. 59-1 (Declaration of Milord A. Keshishian ("Keshishian Decl.") ¶ 7.) "[Counsel] also advised Global to obtain new counsel to substitute in the case."

---

___

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-00222-FWS-DFM | Date: November 12, 2024 |
| Title: Epson America, Inc. v. Global Aiptek Inc. *et al* | |

___

(*Id*.)  Further, "[Counsel] and Epson's counsel met and conferred regarding [Counsel's] anticipated motion to withdraw."  (*Id* ¶ 10.)  Lastly, Counsel and Epson have stipulated "to modify the scheduling order to continue the existing deadlines (including the discovery cut-off) to afford Global time to retain new counsel, to afford [GAC] time to retain counsel, and to allow Epson to obtain all outstanding discovery from both Global and [GAC] (including all discovery previously promised by Global)."  (*See* Non-Opposition at 3; Fourth Stipulation.)  Thus, the court concludes that Counsel have met the procedural requirements to withdraw.

The court further finds that Counsel have demonstrated good cause to withdraw.  The Rules of Professional Conduct allow an attorney to withdraw when "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively," or when "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation."  Cal. R. Prof. Conduct R. 1.16(b)(4), (5); *see also Three Sons, Inc. v. Felix Express Inc*., 2022 WL 2286760, at *1-2 (C.D. Cal. May 6, 2022) (granting motion to withdraw as counsel based on "a fundamental breakdown of the relationship that render[ed] effective representation impossible"); *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009) (allowing withdrawal after determining that "that counsel and [d]efendant have reached an impasse with respect to case strategy and payment of counsel's outstanding fees").

In this case, Counsel cite both a breakdown in client communication and a breach of a material term of the representation agreement as good cause for withdrawal.  Counsel represent that "[o]ver the past several months, communication between MLG and Global has deteriorated" and "[t]his deterioration in communication has rendered the defense and prosecution of the claims in this case unreasonably difficult, if not impossible" and "prevents timely preparation of the case and strategy."  (Keshishian Decl. ¶¶ 2, 8.)  Counsel also state that "Global has failed to pay [Counsel] for services rendered despite numerous representations that payment would be made", despite the fact that "[Counsel's] fee agreement, which Global signed, requires monthly payment of invoices and allows for withdrawal in the event fees remain unpaid."  (*Id*. ¶ 3.)  "[Counsel] have discussed the failure to pay outstanding legal fees incurred with [Global], yet Global has not paid outstanding invoices for numerous months."

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-00222-FWS-DFM | Date: November 12, 2024 |
| Title: Epson America, Inc. v. Global Aiptek Inc. *et al* | |

___

(*Id.*)  The court finds that Counsel's representations sufficiently demonstrate good cause to withdraw.  *See Three Sons*, 2022 WL 2286760, at *1-2; *Canandaigua Wine Co.*, 2009 WL 89141, at *2; *Fred Hall Shows, Inc. v. Frederick Bartlett Hall, et al.*, 2024 WL 3915150, at *1 (C.D. Cal. July 22, 2024) ("A breakdown in communication between counsel and the represented party constitutes good cause to withdraw as counsel.").

Finally, the court finds the *Nedbank* factors weigh in favor of granting the Motion.  First, as discussed above, the reasons Counsel seek to withdraw are compelling.  *See, e.g.*, *Nedbank*, 2008 WL 4814706, at *2 (finding compelling reasons when counsel's "clients have made this litigation practically impossible, as [they have] provided no one with the authority to make decisions" and also failed to pay counsel).  Second, Epson will face little prejudice if Counsel withdraw.  In the Notice of Non-Opposition, Epson stated "[i]f the Parties' Stipulation is granted, and the scheduling order is modified to provide Epson with sufficient time to obtain all discovery it needs from both Defendants once they each have new counsel, then Epson does not oppose MLG's Motion." (Non-Opposition at 3; *see also* Fourth Stipulation.)  The court has issued an order granting the Fourth Stipulation and modifying the scheduling order accordingly. (*See* Dkt. 70.)  The court finds granting the stipulation, in conjunction with the court's order that Global timely secure replacement counsel, as discussed below, will make any prejudice negligible and ensure that withdrawal will not harm the administration of justice or unreasonably delay the resolution of this case.  *See Nedbank*, 2008 WL 4814706, at *2; *Fred Hall Shows*, 2024 WL 3915150, at *2.  Therefore, the court concludes all four factors weigh in favor of granting the Motion.

For the foregoing reasons, Counsel's unopposed Motion is **GRANTED**.  Counsel are **ORDERED** to serve a copy of this order on Global by **November 14, 2024**, and adequately notify Global of the consequences of not obtaining replacement counsel.  In particular, under Local Rule 83-2.2.2, which prohibits entities from representing themselves, Global may not appear *pro se*, but must be represented by counsel.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

___

| **CIVIL MINUTES – GENERAL** | **4** |
|---|---|

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-00222-FWS-DFM | Date: November 12, 2024 |
| Title: Epson America, Inc. v. Global Aiptek Inc. *et al* | |

Courts routinely order that corporations promptly retain new counsel when granting motions to withdraw. *See, e.g.*, *Fred Hall Shows*, 2024 WL 3915150, at *2 (granting motion to withdraw and ordering the corporate defendant to appear through new counsel within thirty days, and that failure to appear may constitute failure to defend); *Yang Ming Am. Corp. v. Freight Express Shipping Corp. Co.*, 2023 WL 4826228, at *2 (C.D. Cal. Jan. 12, 2023) (granting motion to withdraw and ordering the corporate defendant to retain new counsel within forty-five days or face dismissal of its answer and possible entry of default of default judgment); *Three Sons, Inc.*, 2022 WL 2286760, at *2 (granting motion to withdraw and ordering the corporate defendant to appear through new counsel within thirty days or show cause for why default should not be entered against it).

Thus, the court further **ORDERS** that Global shall have until **December 16, 2024,** to substitute counsel. If Global fails to obtain replacement counsel, Plaintiff may move the court for appropriate relief, including entry of default or striking any responsive pleading Global has filed and entering default. *See, e.g.*, *TBS Bus. Sols. USA, Inc. v. Studebaker Def. Grp., LLC*, 2024 WL 3301186, at *3 (C.D. Cal. June 14, 2024) (granting motion to withdraw, ordering party to retain new counsel and enter an appearance on the docket in two and a half weeks, and stating, "[f]ailure to timely substitute counsel may result in the striking of [defendant's] Answer and an entry of default against [defendant]."); *Sec. & Exch. Comm'n v. Horwitz*, 2021 WL 4847184, at *4 (C.D. Cal. Oct. 18, 2021) (granting motion to withdraw as counsel and advising that "[i]f [defendant] fails to find replacement counsel, it risks the entry of monetary and terminating sanctions against it, including default judgment"); *Fred Hall Shows*, 2024 WL 3915150, at *2 (granting motion to withdraw and counseling corporate defendant that "a failure to appear may constitute a failure to defend.") (citing Fed. R. Civ. P. 41(a)).

**IT IS SO ORDERED.**