**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com

**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Telephone: 617.261.3134
Facsimile: 616.261.3175
Morgan T. Nickerson (admitted *pro hac vice*)
morgan.nickerson@klgates.com

*Attorneys for Plaintiff
Epson America, Inc.*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC.; and GAC TECHNOLOGY GROUP,<br><br>Defendant. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>**DISCOVERY MATTER**<br>Magistrate Judge: Hon. Douglas F. McCormick<br><br>**DECLARATION OF ZACHARY T. TIMM IN SUPPORT OF PLAINTIFF EPSON AMERICA, INC.'S MOTION TO COMPEL DEFENDANT GLOBAL AIPTEK INC. TO COLLECT AND PRODUCE DOCUMENTS AND PRODUCE WITNESSES FOR DEPOSITION**<br><br>Hearing Date: March 4, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6B |

**DECLARATION OF ZACHARY T. TIMM**

**DECLARATION OF ZACHARY T. TIMM**

I, Zachary T. Timm, declare as follows:

1. I am an attorney at law duly licensed to practice before the Courts of the State of California and an associate with the law firm of K&L Gates LLP, counsel for Plaintiff Epson America. Inc. ("Epson"). I am one of the attorneys responsible for handling this action and I am personally familiar with the legal proceedings in this matter. I am over the age of 18 years, have personal knowledge of the facts contained in this declaration, and if called as a witness, could and would testify competently to the truth of the facts stated herein. I hereby submit this Declaration in support of Epson's Motion to Compel

2. Epson has incurred well over $35,440.50 in attorneys' fees in meeting and conferring on, and preparing this Motion, and will incur additional fees preparing a supplemental brief in support of this Motion, as well as preparing for and attending the hearing on this Motion. I have spent at least 11.4 hours working on this Motion, Declaration, and related documents. I anticipate spending at least 4 hours preparing the Reply Brief in support of this Motion and an additional 2-3 hours preparing for and attending the hearing on this Motion. In addition, I have spent at least 26.5 hours drafting meet and confer correspondence, conducting meet and confer conferences, and participating in Informal Discovery Conferences relating to this discovery dispute.

3. I am informed that my hourly rate for this matter was $795 in 2024, and is now $885. Thus, even applying my 2024 rate to all time already recorded, Epson has already incurred at least $30,130.50 on my work related to this Motion and will incur additional fees in the amount of at least $5,310 on the Reply Brief and preparing for and attending the hearing on the Motion.

4. I am an eighth-year associate and am admitted to the Bar of California, the United States District Court for each of the Central District of California, Northern District of California, and Southern District of California.

5. My hourly rate is the standard rate set by the Firm for an attorney in their eighth year of practice, which it determines based upon a number of factors, including market research, experience, region, and demand. I received my B.A. from the University of Southern California in 2013 and my J.D. from the UCLA School of Law in 2017. I was admitted into the California Bar in November 2017 and have been practicing with the Firm since that time. In my private practice I have handled complex litigation in both state and federal court, with a focus on complex intellectual property litigation, including numerous complex trade secrets cases in the Central District of California, patent infringement cases in various district courts, and numerous complex class action actions in both federal and state courts. My Firm bio is available at https://www.klgates.com/Zachary-T-Timm and is incorporated herein by reference.

6. On October 2, 2024, I sent Global a meet and confer letter outlining the discovery deficiencies forming the basis of Epson's Motion. Attached hereto as **Exhibit A** is a true and correct copy of that letter.

7. On October 9, 2024, I, along with my colleague Morgan Nickerson, conducted a telephonic meet and confer with counsel for Global, Milord Keshishian. During that conference, we agreed to conduct an Informal Discovery Conference ("IDC") on the discovery deficiencies identified in my October 2 letter. Such IDC was conducted before the Magistrate Judge on October 16, 2024.

8. The Parties were unable to reach a resolution either during this October 16 IDC or through meet and confer efforts. This was due in no small part to Mr. Keshishian's indication that there had been a breakdown of the attorney-client relationship between himself and Global—a breakdown that is discussed further in Mr. Keshishian's Motion to Withdraw as Counsel for Global. Mr. Keshishian stated that he would be unable to collect and produce Global's documents, and that Global's witnesses would not be attending their depositions as noticed. As a result, Judge McCormick suggested that Epson needed to proceed with the motion to compel procedures outlined in Local Rule 37.

2
**DECLARATION OF ZACHARY T. TIMM**

9. On October 17, 2024, Mr. Keshishian and I met and conferred in-person, during which I reiterated Epson's intention to file a motion to compel pursuant to Local Rule 37, and further informed Mr. Keshishian that Epson would be providing him with a draft of the required joint stipulation.

10. On May 2, 2023, Epson served its initial written discovery on Defendant Global Aiptek Inc. ("Global"), which the Parties agreed were deemed served on May 9, 2023. A true and correct copy of Epson's First Set of Requests for Production, as well as Global's responses thereto, is attached hereto as **Exhibit B**. On May 2, 2024, Epson served a second set of discovery requests on Global. A true and correct copy of Epson's Second Set of Requests for Production, as well as Global's responses thereto, are attached hereto as **Exhibit C**.

11. Upon review of the documents initially produced by Global, Epson became concerned that the collection and production methodology used by Global was deficient. As such, the Parties met and conferred on a search protocol and, on October 31, 2023, Global agreed to search for documents across its custodians' email addresses using a specified list of search terms. Attached hereto as **Exhibit D** is a true and correct copy of the email thread demonstrating this agreement.

12. Epson took the deposition of Global through its president and CEO, Frank Sheu, in January 2024. During that deposition, Mr. Sheu testified he had not provided his email account to his attorneys to be searched, nor had he used all of the previously agreed-upon search terms. Mr. Sheu also testified that none of Global's other custodians had their email accounts searched. Concerned with the continuing deficiencies in Global's document collection methodologies (despite specific agreements regarding the same), Mr. Nickerson sent a meet and confer letter to Global's counsel on February 13, 2024, outlining the deficiencies. Attached hereto as **Exhibit E** is a true and correct copy of this meet and confer letter.

13. The Parties thereafter continued to meet and confer, through counsel, but were unable to reach a resolution. On June 12, 2024, the Parties therefore participated

in an IDC before Magistrate Judge Douglas F. McCormick. (DE 43.) In advance of that IDC, Epson submitted a letter brief to Judge McCormic, a true and correct copy of which is attached hereto as **Exhibit F**.

14. During the June 12 IDC, the Parties were able to reach an agreement with respect to the depositions Epson sought. This included that Mr. Sheu and Khozema would be conducted in Los Angeles on July 17 and 18, and Mr. Steinberg's deposition would be conducted remotely on account of his health. Attached hereto as **Exhibit G** is a true and correct copy of an email thread reflecting these agreements. Notwithstanding Epson's prior agreement to conduct Mr. Steinberg's deposition remotely, Epson prefers to take his deposition in-person if Mr. Steinberg's health permits.

15. The Parties did not reach an agreement with respect to document collection and production during the June 12 IDC, but continued to meet and confer thereafter at the direction and guidance of Judge McCormick, and were eventually able to agree on most terms. Attached hereto as **Exhibit H** is a true and correct copy of an email thread demonstrating these meet and confer efforts and agreements.

16. Shortly thereafter, the Parties agreed to focus their resources on a potential resolution via settlement, and therefore agreed to take the depositions off-calendar and forestall the document collection process. The Parties thereafter exchanged drafts of a proposed settlement agreement. As case deadlines began approaching, however, Epson became concerned that not enough progress was being made, particularly in light of Global's delays in returning drafts of the settlement agreement. As such, on September 17, 2024, Mr. Nickerson emailed Global's counsel indicating that discovery would need to resume, and re-noticing the depositions of Global's three witnesses. Attached hereto as **Exhibit I** is a true and correct copy of this email and the accompanying deposition notices. Mr. Nickerson sent a follow-up email on September 24 attempting to confirm the depositions.

17. Receiving no response, I sent Global's counsel the October 2, 2024 meet and confer letter attached hereto as Exhibit A.

18. On October 3, 2024, Mr. Keshishian informed me he intended to move to withdraw as counsel of record for Global.

19. In advance of the Parties October 16, 2024 IDC, Epson submitted a letter brief to Judge McCormick. A true and correct copy of this letter is attached hereto as **Exhibit J**.

20. On October 17, 2024, following an in-person hearing on Epson's Motion for Leave to File its Second Amended Complaint, I confirmed with Mr. Keshishian that Epson intended to file a Motion to Compel Production of Documents and Depositions consistent with Global's prior agreements.

21. On October 25, 2024, I sent Mr. Keshishian an email that attached a draft of the joint discovery stipulation pursuant to Local Rule 37-2, along with a draft copy of my declaration, accompanying exhibits, and proposed order. Attached hereto as **Exhibit K** is a true and correct copy of this email.

22. On November 12, 2024, Mr. Keshishian's motion to withdraw as counsel of record for Global was granted prior to receiving Global's position in the joint discovery stipulation.

23. On December 17, 2024, Michael Cohen filed a notice of appearance on behalf of Global.

24. On December 18, 2024, I emailed Mr. Cohen regarding the outstanding discovery dispute, offering to meet and confer further, and re-attaching the draft joint stipulation and accompanying documents I had previously sent to Mr. Keshishian. In that email, I requested Global's position in the joint discovery stipulation by January 10, 2025, so that Epson could file its Motion by January 13. Receiving no response, I sent a follow-up email on December 31, 2024, and another on January 8, 2025. Mr. Cohen never responded to my emails. Attached hereto as **Exhibit L** is a true and correct copy of the foregoing email thread.

25. On January 9, 2025, I received an email from Vikram Amritraj, indicating that he worked with Mr. Cohen and represented Global. Vikram requested an extension

1  of time to provide Global's position in light of the fires in Los Angeles, and on January 10, 2025, I granted Vikram's request and agreed to extend the deadline to provide Global's position to the joint stipulation to January 17, 2025.

26. On January 14, 2025, Mr. Amritraj informed me that he had gotten "up to speed" on the discovery issues and asked to discuss in a call prior to returning Global's position on January 17, 2025.

27. On January 15, 2025, I met and conferred with Mr. Amritraj telephonically. During that call we discussed the outstanding discovery issues, including that Global had not produced any documents since agreeing to run searches according to the search terms and protocols agreed to as set forth in Exhibit H. Mr. Amritraj informed me that his goal was to conduct the searches, produce documents within approximately 30 days, and to schedule depositions to occur shortly after such productions. Mr. Amritraj asked for an additional extension of one week to provide Global's position, during which time he suggested the Parties try and come to a written agreement with regard to his proposal.

28. On January 17, 2025, I once again met and conferred with Mr. Amritraj telephonically. During that call, we agreed in principle that Global would produce the outstanding documents within approximately 30 days, with depositions to follow. We further agreed to continue the deadline for Global to provide its position to the joint stipulation by an additional week while the Parties negotiated the specifics/logistics for such collection and production of documents, as well as depositions. We further agreed that, if the Parties were unable to come to a written agreement with respect to the logistics and specifics with regard to the document collection and production, as well as the depositions, by January 24, 2025, that Global would provide its position to the joint stipulation on that date and Epson would file its motion on January 27, 2025.

29. Mr. Amritraj and I exchanged several additional emails regarding this dispute. Despite several additional meet and confer efforts, Global has still refused to conduct the searches and produce documents consistent with its prior agreement, and has further refused to produce some of its witnesses for in-person depositions. As such,

no agreement was reached.  Attached hereto as **Exhibit M** is a true and correct copy of the email thread described in the foregoing paragraphs.

30.  Despite the numerous meet and confer efforts (including the various email exchanges referenced herein), multiple IDCs before Judge McCormick, and agreements reached between the Parties, Global has still not produced documents responsive to the First and Second Set of Requests for Production propounded by Epson consistent with its prior agreement to do so as demonstrated in Exhibit H.  Nor has Global agreed to make the three witnesses available for in-person depositions.

31.  Despite the extensive meet and confer efforts described above and shown in the accompanying exhibits, Global has also failed to provide its position within the joint stipulation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 3, 2025 in Los Angeles, California.

/s/ *Zachary T. Timm*
Zachary T. Timm