# EXHIBIT B

1  Christina N. Goodrich(SBN 261722)
   christina.goodrich@klgates.com
2  Zachary T. Timm (SBN 316564)
   zach.timm@klates.com
3  Morgan T. Nickerson (*admitted pro hac vice*)
   morgan.nickerson@klgates.com
4  K&L GATES LLP
   One Park Plaza, Twelfth Floor
5  Irvine, CA 92614
   T:  (949) 253-0900
6  F:  (949) 253-0902

7  *Attorneys for Plaintiff*
   *Epson America, Inc.*

8

9

           UNITED STATES DISTRICT COURT
10         CENTRAL DISTRICT OF CALIFORNIA
11               SOUTHERN DIVISION

12 EPSON AMERICA, INC.                  Civil Action No.
                                        8:23-cv-00222-FWS-DFM
13             Plaintiff,
                                        **EPSON AMERICA, INC.'S FIRST**
14      v.                              **SET OF REQUESTS FOR**
                                        **PRODUCTION OF DOCUMENTS**
15 GLOBAL AIPTEK INC. d/b/a GAC         **TO GLOBAL AIPTEK INC. d/b/a**
   TECHNOLOGY GROUP,                    **GAC TECHNOLOGY GROUP**
16
17             Defendant.

18

19

20

21

22

23

24

25

26

27

28

                            1
EPSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

315281908.3

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Epson America, Inc. ("Plaintiff" or "Epson"), by its undersigned attorneys, K&L Gates, LLP, hereby requests that Defendant Global Aiptek Inc. d/b/a GAC Technology Group ("Defendant" or "GAC") produce for inspection, examination, and copying at a mutually agreeable place and time, no later than thirty (30) days after service of these requests upon GAC, any and all documents, communications, and objects requested herein that are in GAC's possession, custody, or control, including, without limitation, those in the possession, custody, or control of GAC's agents, attorneys, or other representatives.

## **DEFINITIONS**

When used herein, the following terms shall have the meaning, and shall be interpreted, as set forth below:

1.      "**Action**" means the above-captioned lawsuit which is pending in the United States District Court for the Central District of California.

2.      "**You**," "**Your**," "**Defendant**," or "**GAC**" means Defendant (as that term is defined in the opening paragraph).

3.      "**Product(s)**" means any projectors advertised, distributed, offered for sale, sold, and/or manufactured by You, including but not limited to the HP BP5000, HP CC200, and HP MP250 projector.

4.      The term "Website(s)" means www.hp-projector.com, www.bhphotovideo.com, and Amazon.com.

5.      The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and will include, without limitation, any writing, stored in electronic format or otherwise, whether in your possession or the control of your counsel. A draft or non-identical copy is a separate document within the meaning of this term.

6.     The term "**communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

## **INSTRUCTIONS**

1.     In responding to these Requests, you shall furnish all documents and communications in your possession, custody, or control, as well as any documents and communications in the possession, custody, or control of your agents, employees, representatives, accountants, experts, attorneys, or any other persons acting on your behalf.

2.     Each Request is a request for the original of the final version of such document(s) and communications, although an identical copy may be produced when an original is not available, as well as any non-identical drafts or non-identical copies of such document(s) and communications, including those that are non-identical by reason of notations or markings on the copies.

3.     A Request for any document or communication shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document or communications as well as any accompanying exhibits, enclosures, or attachments.

4.     File folders with tabs or labels identifying documents and communications responsive to these Requests should be produced intact with such documents and communications.

5.     Documents and communications that are attached to each other should not be separated.

6.     Unless otherwise stated, the time period for each request is from January 1, 2018 to present.

7.     The documents, communications, and objects requested herein are to be produced as they are kept in the usual course of business or otherwise organized and labeled to correspond to the categories in the Request. For electronically stored

EPSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

information, responsive materials are to be produced in the form or forms in which they are ordinarily maintained, or in reasonably usable form or forms.

8.      In the event that any document, communication, or object is not produced because the Request is claimed to be objectionable, please state with specificity the grounds for objecting to the request, including the reasons for the objection and whether any responsive materials are being withheld on the basis of the proffered objection. An objection to part of a request must specify the part and permit inspection of the rest. Where a document, communication, or object is responsive to a request that is not objected to, and is also responsive to a Request that is objected to, all portions of the document, communication, or object responsive to the Request to which there is no objection must be produced.

9.      These Requests are continuing in nature so as to require the production of supplemental documents, communications, or objects and the filing of supplemental responses to the extent required under the Federal Rules of Civil Procedure and the Local Rules. Because the conduct underlying the Complaint is continuing, and pursuant to Rule 26, Epson will expect reasonably regular supplementation of GAC's responses to the below Requests.

## **DOCUMENT REQUESTS**

**REQUEST NO. 1.**      Documents sufficient to identify the different models of Products GAC sold from January 1, 2018 to present.

**REQUEST NO. 2.**      Documents sufficient to identify the light output or brightness GAC advertised for each Product GAC sold from January 1, 2018 to present.

**REQUEST NO. 3.**      Documents sufficient to show GAC's revenue from GAC's sale of Products from January 1, 2018 to present including revenue on a quarterly and monthly basis.

EPSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 4.**          Documents sufficient to show GAC's costs from GAC's sale of Products from January 1, 2018 to present including costs on a quarterly and monthly basis.

**REQUEST NO. 5.**          Bank account documents, including, but not limited to, monthly statements, evidencing the revenue and costs numbers provided by GAC in this litigation in responding to Request Nos. 3 and 4.

**REQUEST NO. 6.**          Documents and communications between GAC and the Websites or any other Internet marketplace or resale channel utilized by GAC regarding revenue and costs associated with GAC's sale of the Products.

**REQUEST NO. 7.**          Any distribution agreements that GAC has with retailers of GAC's Products.

**REQUEST NO. 8.**          Any documents evidencing substantiation or test results for the claimed brightness or light output of GAC Projectors.

**REQUEST NO. 9.**          Samples of all product packaging for the Products advertised, offered for sale, and sold from January 1, 2018 to the present.

**REQUEST NO. 10.**          Documents and communications between GAC and GAC's supplier(s) or manufacturer(s) of GAC's Products concerning light output or brightness from January 1, 2018 to present.

**REQUEST NO. 11.**          Documents and communications sufficient to identify any owners and/or officers of GAC.

**REQUEST NO. 12.**          Documents sufficient to identify GAC's corporate structure including, but not limited to, organizational charts.

**REQUEST NO. 13.**          Any documents or communications received by GAC from a customer complaining about GAC's services or GAC Products from January 1, 2018 to present.

**REQUEST NO. 14.**          Any internal documents or communications involving or relating to Epson from January 1, 2018 to present.

EPSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 15.**      Any and all documents and communications submitted to the Websites regarding any requests to change or alter the light output or brightness of the Website page selling the Products.

**REQUEST NO. 16.**      All advertisements of GAC Products that set forth the light output or brightness of the Product.

**REQUEST NO. 17.**      Documents evidencing or supporting any costs GAC claims should be deducted from GAC revenue numbers concerning Products in this litigation.

**REQUEST NO. 18.**      Documents and communications concerning any questions GAC has answered from a customer regarding the light output or brightness of its projectors on the Websites, or other third party platforms.

**REQUEST NO. 19.**      Documents and communications concerning any negative customer reviews received by GAC from customers from January 1, 2018 to present. A negative customer review shall be considered any customer review of 4 stars on a five star review system.

Dated: May 2, 2023

*/s/ Morgan T. Nickerson*

Morgan T. Nickerson
morgan.nickerson@klgates.com
K&L GATES LLP
State Street Financial Center One
Lincoln Street
Boston, MA 02111
Telephone:  617.261.3100
Facsimile:  617.261.3175

Attorney for Plaintiff EPSON
AMERICA, INC.

6

EPSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

## **CERTIFICATE OF SERVICE**

    I, Morgan T. Nickerson, hereby certify that on May 2, 2023 I caused this document to be served on counsel for Defendant via e-mail and first class mail.

*/s/ Morgan T. Nickerson*

Morgan T. Nickerson

7

EPSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Milord A. Keshishian (SBN 197835)
milord@milordlaw.com
Kirstin Jensvold-Rumage (SBN 345916)
kirstin@milordlaw.com
**MILORD & ASSOCIATES, P.C.**
333 South Hope Street, Suite 4025
Los Angeles, CA 90071
Tel: (310) 226-7878

Attorneys for Defendant
Global Aiptek Inc.
d/b/a GAC Technology Group

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPSON AMERICA, INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP,<br><br>              Defendant. | Case No.:  8:23-cv-00222-FWS-DFM<br><br>**DEFENDANT GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:**    EPSON AMERICA, INC.

**RESPONDING PARTY:**    GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP

**SET NUMBER:**    One (1)

Defendant Global Aiptek Inc. d/b/a GAC Technology Group ("GAC") hereby responds to the First Set of Requests for Production of Documents propounded by Plaintiff Epson America, Inc.'s (hereinafter "Propounding Party") as follows:

- 1 -

## **PRELIMINARY STATEMENT**

GAC has not completed discovery in this matter and has not completed preparation for trial. The following responses are based on GAC's knowledge as of the date of these responses and are limited to information currently available to GAC after reasonable and diligent investigation. Discovery and investigation are continuing. The responses are given without prejudice to GAC's right to produce evidence of any subsequently discovered facts and/or documents.

GAC will respond to each Request as it understands and interprets the Request. If Propounding Party asserts an interpretation of a specific Request that differs from that of GAC, GAC reserves its rights to supplement the objections and/or responses.

GAC's responses and objections stated herein are limited to this case, and shall not be deemed to constitute any admission or used against GAC in any other context, including, without limitation, other litigation.

## **OBJECTIONS TO DEFINITIONS**

GAC objects to the extent that the Definitions and Instructions are not specifically discussed by the requests herein.

GAC objects to the definition of "Products" as overbroad because it is unlimited in scope, defining "Products" as including "*any* projectors advertised, distributed, offered for sale, sold, and/or manufactured" by GAC, incorporating products not named in the complaint and not relevant in this action. This definition is also impermissibly overbroad because it is not limited in temporal scope. This definition is also compound because it refers to at least three (3) discrete products:

1.    HP BP5000
2.    HP CC200
3.    HP MP250

GAC further objects to the definition of "Website(s)" as misleading because it confusingly combines websites wholly owned and managed by GAC, such as www.hp-projector.com, with public websites from various online resellers, such as

**DEFENDANT GLOBAL AIPTEK INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

www.bhphotovideo.com and www.Amazon.com, over which GAC has no control.

## RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE

### REQUEST FOR PRODUCTION NO. 1

Documents sufficient to identify the different models of Products GAC sold from January 1, 2018 to present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1

GAC incorporates its objections set forth above.  GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it seeks information and/or documents without reasonable limitation as to scope, including information related to "Products," which includes products not named in the Complaint and not relevant to this action.  GAC further objects to this Request to the extent that it seeks information that is equally available to all parties and publicly available.

Subject to and without waiving the foregoing objections, GAC responds as follows: GAC will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with a cutoff of October 27, 2023.

### REQUEST FOR PRODUCTION NO. 2

Documents sufficient to identify the light output or brightness GAC advertised for each Product GAC sold from January 1, 2018 to present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2

GAC incorporates its objections set forth above.  GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the

1  case because it seeks documents without reasonable limitation as to scope, including

2  information related to "Products," which includes products not named in the

3  Complaint and not relevant to this action.  GAC also objects to this RFP because it

4  seeks privileged proprietary information, such as product testing, or other similar trade

5  secrets and confidential business information without a protective order

6       Subject to and without waiving the foregoing objections, GAC responds as

7  follows: GAC will produce nonprivileged and relevant documents in its possession,

8  custody, or control, located during a reasonably diligent search which may be

9  responsive to this Request upon entry of a protective order on a rolling basis with a

10  cutoff of October 27, 2023.

11

12  **REQUEST FOR PRODUCTION NO. 3**

13       Documents sufficient to show GAC's revenue from GAC's sale of Products

14  from January 1, 2018 to present including revenue on a quarterly and monthly basis.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

16       GAC incorporates its objections set forth above.  GAC further objects to this

17  Request as overbroad and unduly burdensome to the extent it seeks information that is

18  neither relevant to any party's claims or defenses, nor proportional to the needs of the

19  case because it seeks documents related to "Products," which includes products not

20  named in the Complaint and not relevant to this action.

21       GAC further objects to this Request on the basis that it seeks privileged

22  proprietary information, such as pricing information, profit margins, or other similar

23  trade secrets and confidential business information without a protective order.

24       Subject to and without waiving the foregoing objections, GAC responds as

25  follows: upon entry of a Protective Order, GAC will produce nonprivileged and

26  relevant documents in its possession, custody, or control, located during a reasonably

27  diligent search which may be responsive to this Request on a rolling basis with a

28  cutoff of October 27, 2023.

**DEFENDANT GLOBAL AIPTEK INC.'S RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 4**

Documents sufficient to show GAC's costs from GAC's sale of Products from January 1, 2018 to present including costs on a quarterly and monthly basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

GAC incorporates its objections set forth above.

GAC objects to the term "costs" as overbroad, vague and ambiguous as it does not apprise GAC of the type of information sought. GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it seeks documents related to "Products," which includes products not named in the Complaint and not relevant to this action.

GAC further objects to this Request on the basis that it seeks privileged proprietary information, such as pricing information, profit margins, or other similar trade secrets and confidential business information without a protective order.

Subject to and without waiving the foregoing objections, GAC responds as follows: upon entry of a Protective Order, GAC will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with a cutoff of October 27, 2023.

**REQUEST FOR PRODUCTION NO. 5**

Bank account documents, including, but not limited to, monthly statements, evidencing the revenue and costs numbers provided by GAC in this litigation in responding to Request Nos. 3 and 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

GAC incorporates its objections set forth above. GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is

1  neither relevant to any party's claims or defenses, nor proportional to the needs of the
2  case because it seeks documents related to "Products," which includes products not
3  named in the Complaint and not relevant to this action.

4      GAC further objects to this Request on the basis that it seeks privileged
5  proprietary information, such as private bank records and accounts, pricing
6  information, profit margins, or other similar trade secrets and confidential business
7  information.

8

9  **REQUEST FOR PRODUCTION NO. 6**

10     Documents and communications between GAC and the Websites or any other
11 Internet marketplace or resale channel utilized by GAC regarding revenue and costs
12 associated with GAC's sale of the Products.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

14     GAC incorporates its objections set forth above.  GAC further objects to this
15 Request as overbroad and unduly burdensome to the extent it seeks information that is
16 neither relevant to any party's claims or defenses, nor proportional to the needs of the
17 case because it seeks documents related to "Products," which includes products not
18 named in the Complaint and not relevant to this action and it would require GAC to
19 scour the Internet for irrelevant documents hosted on third-party websites.

20     GAC further objects to this Request on the basis that it seeks privileged
21 proprietary information, such as pricing information, profit margins, or other similar
22 trade secrets and confidential business information.

23     Subject to and without waiving the foregoing objections, GAC responds as
24 follows: upon entry of a Protective Order, GAC will produce nonprivileged and
25 relevant documents in its possession, custody, or control, located during a reasonably
26 diligent search which may be responsive to this Request on a rolling basis with a
27 cutoff of October 27, 2023.

28

**DEFENDANT GLOBAL AIPTEK INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 7**

Any distribution agreements that GAC has with retailers of GAC's Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

GAC incorporates its objections set forth above.  GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it seeks documents related to "Products," which includes products not named in the Complaint and not relevant to this action.

GAC further objects to this Request on the basis that it seeks agreements containing confidentiality clauses, and privileged proprietary information, such as pricing information, profit margins, or other similar trade secrets and confidential business information.

Subject to and without waiving the foregoing objections, GAC responds as follows: upon entry of a Protective Order, GAC will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis until October 27, 2023.

**REQUEST FOR PRODUCTION NO. 8**

Any documents evidencing substantiation or test results for the claimed brightness or light output of GAC Projectors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

GAC incorporates its objections set forth above.

GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it seeks documents related to "Products," which includes products not named in the Complaint and not relevant to this action.

GAC further objects to this Request on the basis that it seeks privileged proprietary information, such as pricing information, profit margins, or other similar trade secrets and confidential business information.

Subject to and without waiving the foregoing objections, GAC responds as follows:

Upon entry of a Protective Order, GAC will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with a cutoff of October 27, 2023.

**REQUEST FOR PRODUCTION NO. 9**

Samples of all product packaging for the Products advertised, offered for sale, and sold from January 1, 2018 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

GAC incorporates its objections set forth above.  GAC further objects to this Request as irrelevant to the extent it seeks documents regarding models not named in the complaint and not relevant to this action.  GAC further objects to this Request as overbroad and not proportional to the needs of the case because it requires GAC to provide documentation of products that are irrelevant to either party's claims or defenses.

Subject to and without waiving the foregoing objections, GAC responds as follows:

GAC will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with a cutoff of October 27, 2023.

**REQUEST FOR PRODUCTION NO. 10**

Documents and communications between GAC and GAC's supplier(s) or

manufacturer(s) of GAC's Products concerning light output or brightness from January 1, 2018 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

GAC incorporates its objections set forth above.  GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it seeks documents related to "Products," which includes products not named in the Complaint and not relevant to this action.

GAC further objects to this Request on the basis that it seeks privileged proprietary information, such as product specifications, technical measurements, and product composition, or other similar trade secrets and confidential business information without a protective order.

Subject to and without waiving the foregoing objections, GAC responds as follows:

Upon entry of a Protective Order, GAC will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with a cutoff of October 27, 2023.


**REQUEST FOR PRODUCTION NO. 11**

Documents and communications sufficient to identify any owners and/or officers of GAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

An organizational chart providing the ownership of GAC and the organizational structure of its affiliates is available at the following URL (bottom of the page): https://www.hp-projector.com/about/?lang=US.  GAC will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with a

**DEFENDANT GLOBAL AIPTEK INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

cutoff of October 27, 2023.

**REQUEST FOR PRODUCTION NO. 12**

Documents sufficient to identify GAC's corporate structure including, but not limited to, organizational charts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

An organizational chart providing the structure of GAC is available at the following URL (bottom of the page): https://www.hp-projector.com/about/?lang=US.

**REQUEST FOR PRODUCTION NO. 13**

Any documents or communications received by GAC from a customer complaining about GAC's services or GAC Products from January 1, 2018 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

GAC incorporates its objections set forth above.  GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it seeks documents related to "Products," which includes products not named in the Complaint and not relevant to this action and a universe of complaints not relevant to any party's claims or defenses.

GAC further objects to this Request on the basis that it seeks privileged information, such as the identities of GAC's customers, or other similar trade secrets and confidential business information.

Subject to and without waiving the foregoing objections, GAC responds as follows:

Upon entry of a Protective Order, GAC will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with a cutoff of October 27, 2023.

**DEFENDANT GLOBAL AIPTEK INC.'S RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 14**

Any internal documents or communications involving or relating to Epson from January 1, 2018 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

GAC incorporates its objections set forth above.  GAC further objects to the extent it seeks privileged information under the attorney-client privilege and/or work product doctrine.  GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it seeks "*any*" documents that mention or relate to "Epson," including documents not relevant to this action.

GAC further objects to this Request on the basis that it seeks privileged proprietary information, such as comparisons of products and specifications, or other similar trade secrets and confidential business information.

Subject to and without waiving the foregoing objections, GAC responds as follows:

Upon entry of a Protective Order, GAC will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with a cutoff of October 27, 2023.

**REQUEST FOR PRODUCTION NO. 15**

Any and all documents and communications submitted to the Websites regarding any requests to change or alter the light output or brightness of the Website page selling the Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

GAC incorporates its objections set forth above.  GAC objects to this request as

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ny and all" documents, without limit as to scope and time and could include changing out of an older model for a newer model.  GAC further objects to the Request as vague as to the phrase "request to change or alter the light output or brightness of the Website page selling the Products" and would require GAC to speculate as to the Website page's light output or brightness.

GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it seeks information and/or documents without reasonable limitation as to scope, including information related to "Products," which includes products not named in the Complaint and not relevant to this action.

Subject to and without waiving the foregoing objections, GAC responds as follows:

Upon entry of a Protective Order, GAC will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with a cutoff of October 27, 2023.

**REQUEST FOR PRODUCTION NO. 16**

All advertisements of GAC Products that set forth the light output or brightness of the Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

GAC incorporates its objections set forth above.  GAC further objects to this Request as vastly overbroad to the extent it seeks "*all* advertisements," for all "Products," without temporal limitation, and is thus unduly burdensome and not proportional to the needs of the case.  GAC further objects to the term "advertisements" as vague, and requests clarification on the intended meaning and

scope of the term and could include third-party advertisements not within GAC's possession, custody, or control.

GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it seeks information and/or documents without reasonable limitation as to scope, including information related to "Products," which includes products not named in the Complaint and not relevant to this action.

Subject to and without waiving the foregoing objections, GAC responds as follows:

Upon clarification of the intended meaning of this Request, and entry of a Protective Order, GAC will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with a cutoff of October 27, 2023.

**REQUEST FOR PRODUCTION NO. 17**

Documents evidencing or supporting any costs GAC claims should be deducted from GAC revenue numbers concerning Products in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

GAC incorporates its objections set forth above.  GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it seeks information and/or documents without reasonable limitation as to scope, including information related to "Products," which includes products not named in the Complaint and not relevant to this action.

GAC further objects to this Request on the basis that, based on the term "costs," it seeks privileged proprietary information, such as product pricing and expenditures for production, or other similar trade secrets and confidential business information

**DEFENDANT GLOBAL AIPTEK INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

1   without a protective order.

2       Subject to and without waiving the foregoing objections, GAC responds as

3   follows:

4       Upon clarification of the intended meaning of this Request, and entry of a

5   Protective Order, GAC will produce nonprivileged and relevant documents in its

6   possession, custody, or control, located during a reasonably diligent search which may

7   be responsive to this Request on a rolling basis with a cutoff of October 27, 2023.

8

9   **REQUEST FOR PRODUCTION NO. 18**

10      Documents and communications concerning any questions GAC has answered

11  from a customer regarding the light output or brightness of its projectors on the

12  Websites, or other third party platforms

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

14      GAC incorporates its objections set forth above.  GAC further objects to this

15  Request as overbroad and unduly burdensome to the extent it seeks information that is

16  neither relevant to any party's claims or defenses, nor proportional to the needs of the

17  case because it seeks information and/or documents without reasonable limitation as

18  to scope, including information related to "Products," which includes products not

19  named in the Complaint and not relevant to this action.  Further, this Request is

20  overbroad and unduly burdensome to the extent it requests documents related to

21  customer inquiries from "Websites" and "other third party platforms," which includes

22  Amazon.com and a variety of retailers, wholesalers, distributors, or sub-distributors,

23  and which are not within the custody, possession, or control of GAC.

24      GAC further objects to this Request on the basis that it seeks privileged

25  information, such as the identities of GAC's customers, or other similar trade secrets

26  and confidential business information.

27      Subject to and without waiving the foregoing objections, GAC responds as

28  follows:

**DEFENDANT GLOBAL AIPTEK INC.'S RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Upon entry of a Protective Order, GAC will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with a cutoff of October 27, 2023.

**REQUEST FOR PRODUCTION NO. 19**

Documents and communications concerning any negative customer reviews received by GAC from customers from January 1, 2018 to present. A negative customer review shall be considered any customer review of 4 stars on a five star review system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

GAC incorporates its objections set forth above.  GAC further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it seeks information and/or documents without reasonable limitation as to scope, including information related to "Products," which includes products not named in the Complaint and not relevant to this action.

GAC further objects to this Request on the basis that it seeks privileged information, such as the identities of GAC's customers, or other similar trade secrets and confidential business information without a protective order.

DATED: June 29, 2023                    MILORD & ASSOCIATES, P.C.

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Defendant
Global Aiptek Inc.
d/b/a GAC Technology Group

- 15 -