# EXHIBIT C

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klates.com
Morgan T. Nickerson (*admitted pro hac vice*)
morgan.nickerson@klgates.com
K&L GATES LLP
One Park Plaza, Twelfth Floor
Irvine, CA 92614
T: (949) 253-0900
F: (949) 253-0902

*Attorneys for Plaintiff
Epson America, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC. <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP, <br><br> Defendant. | Civil Action No. 8:23-cv-00222-FWS-DFM <br><br> **EPSON AMERICA, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP** |

1

EPSON'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

318516883.1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Epson America, Inc. ("Plaintiff" or "Epson"), by its undersigned attorneys, K&L Gates, LLP, hereby requests that Defendant Global Aiptek Inc. d/b/a GAC Technology Group ("Defendant" or "GAC") produce for inspection, examination, and copying at a mutually agreeable place and time, no later than thirty (30) days after service of these requests upon GAC, any and all documents, communications, and objects requested herein that are in GAC's possession, custody, or control, including, without limitation, those in the possession, custody, or control of GAC's agents, attorneys, or other representatives.

## DEFINITIONS

When used herein, the following terms shall have the meaning, and shall be interpreted, as set forth below:

1. "**Action**" means the above-captioned lawsuit which is pending in the United States District Court for the Central District of California.

2. "**You**," "**Your**," "**Defendant**," or "**GAC**" means Defendant (as that term is defined in the opening paragraph).

3. "**Product(s)**" means any projectors advertised, distributed, offered for sale, sold, and/or manufactured by You, including but not limited to the HP BP5000, HP CC200, and HP MP250 projector.

4. "**HP**" means Hewlett-Packard Company and its affiliates, subsidiaries, partners, and joint ventures.

5. "**HP Mark(s)**" means HP's trademarks registered with the U.S. Patent and Trademark Office.

6. The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and will include, without limitation, any writing, stored in electronic format or otherwise, whether in your possession or the

control of your counsel. A draft or non-identical copy is a separate document within the meaning of this term.

7. The term "**communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

## INSTRUCTIONS

1. In responding to these Requests, you shall furnish all documents and communications in your possession, custody, or control, as well as any documents and communications in the possession, custody, or control of your agents, employees, representatives, accountants, experts, attorneys, or any other persons acting on your behalf.

2. Each Request is a request for the original of the final version of such document(s) and communications, although an identical copy may be produced when an original is not available, as well as any non-identical drafts or non-identical copies of such document(s) and communications, including those that are non-identical by reason of notations or markings on the copies.

3. A Request for any document or communication shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document or communications as well as any accompanying exhibits, enclosures, or attachments.

4. File folders with tabs or labels identifying documents and communications responsive to these Requests should be produced intact with such documents and communications.

5. Documents and communications that are attached to each other should not be separated.

6. Unless otherwise stated, the time period for each request is from January 1, 2018 to present.

7. The documents, communications, and objects requested herein are to be produced as they are kept in the usual course of business or otherwise organized

and labeled to correspond to the categories in the Request. For electronically stored information, responsive materials are to be produced in the form or forms in which they are ordinarily maintained, or in reasonably usable form or forms.

8. In the event that any document, communication, or object is not produced because the Request is claimed to be objectionable, please state with specificity the grounds for objecting to the request, including the reasons for the objection and whether any responsive materials are being withheld on the basis of the proffered objection. An objection to part of a request must specify the part and permit inspection of the rest. Where a document, communication, or object is responsive to a request that is not objected to, and is also responsive to a Request that is objected to, all portions of the document, communication, or object responsive to the Request to which there is no objection must be produced.

9. These Requests are continuing in nature so as to require the production of supplemental documents, communications, or objects and the filing of supplemental responses to the extent required under the Federal Rules of Civil Procedure and the Local Rules. Because the conduct underlying the Complaint is continuing, and pursuant to Rule 26, Epson will expect reasonably regular supplementation of GAC's responses to the below Requests.

## DOCUMENT REQUESTS

**REQUEST NO. 20.** All documents and communications between GAC and Amazon regarding the advertisement and sale of GAC Products on Amazon.com, including, but not limited to, account information, promotions, and advertisements, and the HP Marks.

**REQUEST NO. 21.** All documents and communications with Amazon regarding the promotion and advertisement of the HP BP5000, HP CC200, and HP MP250 projectors on the Amazon.com HP Store.

**REQUEST NO. 22.** All documents and communications between GAC and HP regarding the HP BP5000, HP CC200, and HP MP250 projector.

**REQUEST NO. 23.** All documents and communications between GAC and HP regarding GAC's use of HP's intellectual property, including, but not limited to, the HP Marks.

**REQUEST NO. 24.** All documents and communications regarding HP's trademarks relating to the HP BP5000, HP CC200, and HP MP250 projector.

**REQUEST NO. 25.** All documents identifying the ASIN's which the HP BP5000, HP CC200, and HP MP250 projectors are sold under.

**REQUEST NO. 26.** All documents and communications between GAC and HP regarding Epson.

**REQUEST NO. 27.** All documents regarding GAC's sales of the Products on Amazon.com, including, but not limited to, GAC's revenue and costs.

**REQUEST NO. 28.** All documents regarding any and all quality control requirements implanted by HP relating to the use of the HP Mark(s).

Dated: May 2, 2023

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson
morgan.nickerson@klgates.com
K&L GATES LLP
One Congress Street, Suite 2900
Boston, MA 02114
Telephone: 617.261.3100
Facsimile: 617.261.3175

Attorney for Plaintiff EPSON AMERICA, INC.

# **CERTIFICATE OF SERVICE**

I, Morgan T. Nickerson, hereby certify that on May 2, 2024 I caused this document to be served on counsel for Defendant via e-mail and first class mail.

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson

1  Milord A. Keshishian (SBN 197835)
   milord@milordlaw.com
2  Kirstin Jensvold-Rumage (SBN 345916)
   kirstin@milordlaw.com
3  **MILORD LAW GROUP P.C.**
   333 South Hope Street, Suite 4025
4  Los Angeles, CA 90071
   Tel: (310) 226-7878
5
   Attorneys for Defendant
6  Global Aiptek Inc. dba GAC Technology Group
7
8
9                    UNITED STATES DISTRICT COURT
10                   CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| EPSON AMERICA, INC., | Case No.: 8:23-cv-00222-FWS-DFM |
| Plaintiff, | |
| v. | **DEFENDANT GLOBAL AIPTEK INC.'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP, | |
| Defendant. | |

- 1 -
**DEFENDANT'S RESPONSES TO REQUESTS FOR PRODUCTION, SET TWO**

| | |
|---|---|
| **PROPOUNDING PARTY:** | EPSON AMERICA, INC. |
| **Global:** | GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP |
| **SET NUMBER:** | Two (2) |

Defendant Global Aiptek Inc. ("Global") hereby responds to the Second Set of Requests for Production of Documents propounded by Plaintiff Epson America, Inc.'s (hereinafter "Propounding Party") as follows:

## PRELIMINARY STATEMENT

Global has not completed discovery in this matter and has not completed preparation for trial. The following responses are based on Global's knowledge as of the date of these responses and are limited to information currently available to Global after reasonable and diligent investigation. Discovery and investigation are continuing. The responses are given without prejudice to Global's right to produce evidence of any subsequently discovered facts and/or documents.

Global will respond to each Request as it understands and interprets the Request. If Propounding Party asserts an interpretation of a specific Request that differs from that of Global, Global reserves its rights to supplement the objections and/or responses.

Global's responses and objections stated herein are limited to this case, and shall not be deemed to constitute any admission or used against Global in any other context, including, without limitation, other litigation.

## OBJECTIONS TO DEFINITIONS

Global objects to the extent that the Definitions and Instructions are not specifically discussed by the requests herein.

Global objects to the definition of "You," "Your," "Defendant," and "GAC"

because it is unclear what people or entities are encompassed in the definition.

Global objects to the definition of "Products" as overbroad because it is unlimited in scope, defining "Products" as including "*any* projectors advertised, distributed, offered for sale, sold, and/or manufactured" by Global, incorporating products not named in the complaint and not relevant in this action. This definition is also impermissibly overbroad because it is not limited in temporal scope. This definition is also compound because it refers to at least three (3) discrete products:

1. HP BP5000
2. HP CC200
3. HP MP250

Global objects to the definition of "communication" as vague and overbroad because it "means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)."

## RESPONSES TO REQUESTS FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 20**

All documents and communications between GAC and Amazon regarding the advertisement and sale of GAC Products on Amazon.com, including, but not limited to, account information, promotions, and advertisements, and the HP Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Global incorporates its Objections to Definitions set forth above.

Global objects to this request as overbroad and unduly burdensome in that it seeks "[a]ll documents and communications" between Global and Amazon indiscriminately without limitation as to time and scope and would include any communication regarding sales of products or customer inquiries not relevant to any claims or defenses nor proportional to the needs of the case.

- 3 -

**DEFENDANT'S RESPONSES TO REQUESTS FOR PRODUCTION, SET TWO**

Global further objects to this request as vague, ambiguous, and unintelligible as to the term "GAC Products" which is unidentified and undefined. Furthermore, Global does not manufacture its own products, it is the authorized U.S. based distributor of HP® Projectors.

Subject to and without waiving the foregoing objections, and with the understanding that "GAC Products" refers to products manufactured by Global, Global responds as follows: Global will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with an estimated cutoff of four (4) months.

**REQUEST FOR PRODUCTION NO. 21**

All documents and communications with Amazon regarding the promotion and advertisement of the HP BP5000, HP CC200, and HP MP250 projectors on the Amazon.com HP Store.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Global incorporates its Objections to Definitions set forth above.

Global objects to this request as overbroad and unduly burdensome in that it seeks "[a]ll documents and communications" between Global and Amazon indiscriminately without limitation as to time and scope.

Subject to and without waiving the foregoing objections, Global responds as follows: Global will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with an estimated cutoff of four (4) months.

**REQUEST FOR PRODUCTION NO. 22**

All documents and communications between GAC and HP regarding the HP BP5000, HP CC200, and HP MP250 projector.

- 4 -

**DEFENDANT'S RESPONSES TO REQUESTS FOR PRODUCTION, SET TWO**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Global incorporates its Objections to Definitions set forth above.

Global objects to this request as overbroad and unduly burdensome in that it seeks "[a]ll documents and communications" between Global and HP indiscriminately without limitation as to time and scope.

Global further objects to this Request as requesting documents within the possession, control, or custody of third-parties, particularly to the extent it purports to require information regarding documents between Global and HP. Global is simply the U.S.-based distributor of HP® Projector, based on the license granted to Global Aiptek Corp d/b/a GT Technology Chongqing Limited by HP.

Subject to, and without waiving said objections, Global responds as follows: Global will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with an estimated cutoff of four (4) months.

**REQUEST FOR PRODUCTION NO. 23**

All documents and communications between GAC and HP regarding GAC's use of HP's intellectual property, including, but not limited to, the HP Marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Global incorporates its Objections to Definitions set forth above.

Global objects to this request as overbroad and unduly burdensome in that it seeks "[a]ll documents and communications" between Global and HP indiscriminately without limitation as to time and scope.

Global further objects to this Request as requesting documents within the possession, control, or custody of third parties, particularly to the extent it purports to require information regarding documents between Global and HP. Global is the U.S.-based distributor of HP® Projectors, based on the license granted to Global Aiptek Corp d/b/a GT Technology Chongqing Limited by HP.

**DEFENDANT'S RESPONSES TO REQUESTS FOR PRODUCTION, SET TWO**

Subject to, and without waiving said objections, Global responds as follows: Global will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with an estimated cutoff of four (4) months.

**REQUEST FOR PRODUCTION NO. 24**

All documents and communications regarding HP's trademarks relating to the HP BP5000, HP CC200, and HP MP250 projector.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Global incorporates its Objections to Definitions set forth above.

Global objects to this request as overbroad, unduly burdensome, and unintelligible in that it seeks "[a]ll documents and communications" indiscriminately without limitation as to time and scope, and without particularity as to whose documents and communications.

Subject to, and without waiving said objections, Global responds as follows: Upon clarification, Global may produce nonprivileged and relevant documents in the possession, custody, or control of the relevant corporate entities, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with an estimated cutoff of four (4) months.

**REQUEST FOR PRODUCTION NO. 25**

All documents identifying the ASIN's which the HP BP5000, HP CC200, and HP MP250 projectors are sold under.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Global incorporates its Objections to Definitions set forth above.

Global further objects to this Request as vague and ambiguous as to the term "ASIN" which is unidentified and undefined. To respond to this Request, Global will answer to the extent "ASIN" refers to Amazon Standard Identification Number. Global further objects to this Request as requesting documents equally available to the

1 Propounding Party and/or within the possession, control, or custody of third parties,
2 particularly to the extent it purports to require documents identifying ASIN's which
3 are created and assigned by Amazon.com and publicly available. Global objects to
4 this request as overbroad and unduly burdensome in that it seeks "[a]ll documents"
5 identifying ASIN's regardless of whether Global sells the projectors.

6 Subject to and without waiving the foregoing objections, Global responds as
7 follows: Global will produce nonprivileged and relevant documents in its possession,
8 custody, or control, located during a reasonably diligent search which may be
9 responsive to this Request on a rolling basis with an estimated cutoff of four (4)
10 months.

11 **REQUEST FOR PRODUCTION NO. 26**
12 All documents and communications between GAC and HP regarding Epson.
13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**
14 Global incorporates its Objections to Definitions set forth above.
15 Global objects to this request as overbroad and unduly burdensome in that it
16 seeks "[a]ll documents and communications" between Global and HP indiscriminately
17 without limitation as to time and scope.
18 Global further objects to this Request as requesting documents within the
19 possession, control, or custody of third parties, particularly to the extent it purports to
20 require information regarding documents between Global and HP. Global is the U.S.-
21 based distributor of HP® Projector, based on the license granted to Global Aiptek
22 Corp d/b/a GT Technology Chongqing Limited by HP.
23 Subject to, and without waiving said objections, Global responds as follows: no
24 documents exist.
25

26 **REQUEST FOR PRODUCTION NO. 27**
27 All documents regarding GAC's sales of the Products on Amazon.com,
28 including, but not limited to, GAC's revenue and costs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Global incorporates its Objections to Definitions set forth above.

Global further objects to this Request as overbroad and unduly burdensome to the extent it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of the case because it seeks information and/or documents about products not at issue and that are indefinite as to time and without reasonable limitation as to scope because it seeks "[a]ll" sales documents.

Subject to and without waiving the foregoing objections, Global responds as follows: Global will produce nonprivileged and relevant documents in its possession, custody, or control, located during a reasonably diligent search which may be responsive to this Request on a rolling basis with an estimated cutoff of four (4) months.

**REQUEST FOR PRODUCTION NO. 28**

All documents regarding any and all quality control requirements implanted by HP relating to the use of the HP Mark(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Global incorporates its Objections to Definitions set forth above.

Global further objects to this Request as unintelligible, vague, and ambiguous as to the term "implanted" which has a variety of meanings and the exact definition of the term will determine whether Global has any documents responsive to this Request.

Global further objects to this Request as overly broad, unduly burdensome, and requests documents within the possession, control, or custody of third parties, particularly to the extent it purports to request "[a]ll documents" regarding "any and all quality control requirements" from HP regarding the use of HP Mark(s). Global is the U.S.-based distributor of HP® Projector, based on the license granted to Global Aiptek Corp d/b/a GT Technology Chongqing Limited by HP.

1  Subject to, and without waiving said objections, Global responds as follows: Global
2  will produce nonprivileged and relevant documents in its possession, custody, or
3  control, located during a reasonably diligent search which may be responsive to this
4  Request on a rolling basis with an estimated cutoff of four (4) months.

DATED: June 10, 2024                    MILORD LAW GROUP, P.C.

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Defendant
Global Aiptek Inc.
d/b/a GAC Technology Group

- 9 -

**DEFENDANT'S RESPONSES TO REQUESTS FOR PRODUCTION, SET TWO**