# EXHIBIT E

# K&L GATES

February 13, 2024

Morgan T. Nickerson
Morgan.nickerson@klgates.com

T  617 261 3134

**Via E-Mail**

Milord A. Keshishian, Esq.
Kirstin Anna Jensvold-Rumage
MILORD & ASSOCIATES, P.C.
333 South Hope Street, Suite 4025
Los Angeles, CA 90071
milord@milordlaw.com
kirstin@milordlaw.com

Re:  *Epson America, Inc. v.* Global Aiptek Inc. d/b/a GAC Technology Group*, No. 8:23-cv-00222-FWS-DFM: Plaintiff's Letter to Meet and Confer Regarding GAC's Document Productions and Depositions

Dear Milord,

Pursuant to Local Rule 37-1, I am writing on behalf of Plaintiff Epson America, Inc. ("Epson") to initiate a meet and confer to discuss Defendant Global Aiptek Inc. d/b/a/ GAC Technology Group's ("GAC") document productions made in this case as well as its recent Rule 30(b)(6) deposition.  During the January deposition of Mr. Sheu, it was learned that GAC has been woefully deficient in its discovery obligations. First, GAC's deposition testimony made clear that responsive documents have not been collected from relevant custodians and have not been searched as agreed between the parties.  Second, the Rule 30(b)(6) witness was woefully underprepared for his deposition, admitting that he did not bother to even review the topics or prepare for the deposition. Lastly, given the testimony of GAC, we need to schedule the depositions dates of GAC's sales representatives.

We propose conducting a telephone conference on or before February 23 to discuss these issues. Please provide us with your availability for such a conference. We would like to avoid judicial involvement, if at all possible, but will seek such involvement if we are not able to promptly resolve our disputes as set forth herein.

**Failure to Collect and Produce Documents**

On October 31, 2024, Epson produced a list of search terms to be run over relevant custodial files, including specifically your clients' emails.  The same day, you wrote back that "[t]hose terms are fine."  However, at the deposition of Mr. Sheu, it was learned that you never

even collected or ran searches on your client's documents.  Instead, Mr. Sheu testified that he simply looked through his email box for documents related to the case.  He testified that he had never turned over his relevant document repositories to his lawyers.  Moreover, he made clear that GAC's sales team did not have their files searched.  Specifically, "Allen" and "Sonia," who Mr. Sheu testified were the sales team, need to have their files searched.  Mr. Sheu testified that Allen regularly communicated with customers and retailers and that Sonia handled communications with "sales, customer service, client service related to sales." These two custodians obviously have documents responsive to Epson's requests.  Accordingly, Epson requests that the custodial files of Mr. Sheu, Allen, and Sonia be collected and searched with the agreed upon search terms.

**Prepare for Rule 30(b)(6) Deposition**

Epson noticed the Rule 30(b)(6) deposition of GAC in October of 2023.  It took place in January of 2024.  Despite having the notice well in advance, it was disappointing that Mr. Sheu testified that he had never seen any of the 22 depositions topics:

```
       For the record, what's been marked as
Exhibit 1 is the Deposition Notice for today's
deposition.
       Mr. Sheu, have you ever seen this document
before?
    A    This is a Complaint you filed?
    Q    No.  It is not a Complaint that we filed.
       It's the Deposition Notice for today's
deposition.
    A    Honestly, I didn't see this.
    Q    Okay.  Can you turn to page 3?  And at the
bottom, do you see where it says "Deposition Topics"?
    A    Okay.
```

2

February 13, 2024

317822209.4

```
    Q    Do you see the -- I think there is 22 topics
listed on pages 3 through 5.
         Do you see those?
    A    Three, all the way to -- okay, 22.  Yes, I saw
it.
    Q    Have you reviewed those topics before?
    A    No.  I actually see this document today.
    Q    Okay.  What did you do to prepare for today's
deposition?
    A    I didn't prepare anything.
```

It is black letter law that a Rule 30(b)(6) witness testifies on behalf of the corporation and has an obligation to educate themselves on the topics noticed for examination.  Having not even reviewed the topics, Mr. Sheu undoubtedly was not adequately prepared.  Even a cursory review of the deposition transcript makes clear that there were many topics that Mr. Sheu was not prepared to provide testimony upon.  He even admitted that he was not prepared:

```
    Q    Are you able to testify on any of these 22
topics that have been noticed for today's deposition?
    A    I don't know how to answer.  I don't
understand.
```

Accordingly, Epson requests that a witness prepared to testify as to the noticed deposition topics be produced and that GAC reimburse Epson for the costs and fees associated with the originally noticed deposition.

**Deposition of GAC's Sales Team**

Mr. Sheu testified that GAC had 5 employees located within the United States.

3

February 13, 2024

317822209.4

```
Q       How many employees does GAI have?

        MR. KESHISHIAN:  Objection; vague and
ambiguous.

        THE WITNESS:  How many employees we have?  I
don't understand.

        We have five employees work for us in the U.S.
```

He testified that "Allen" and "Sonia" are the two employees within the United States that are associated with GAC's sales team.  Accordingly, we sought dates to depose them both.  In response, we were surprised to hear that GAC now takes a position contrary to its sworn testimony.  It now argues that these two employees are in China and will not be made available for a deposition.  Given the testimony above, we seek to depose GAC's US sales team.

We look forward to discussing these issues with you further, at a mutually agreeable time.

Sincerely,

Morgan T. Nickerson