# EXHIBIT F

# K&L GATES

June 11, 2024
**Via E-Mail**

The Honorable Douglas F. McCormick
United States District Court for the
Central District of California
411 W. Fourth St., Courtroom 6B
Santa Ana, CA 92701, 6th Floor
DFM_Chambers@cacd.uscourts.gov

**Re:** *Epson America, Inc. v. Global Aiptek Inc. d/b/a GAC Technology Group*, No. 8:23-cv-00222-FWS-DFM

Dear Judge McCormick,

In advance of the Informal Discovery Conference scheduled to occur in the above reference matter at 9:30 a.m. on June 12, 2024, I write on behalf of Plaintiff Epson America, Inc.'s ("Epson") to provide a synopsis of the discovery dispute and meet and confer efforts. Through this IDC, Epson seeks to have GAC search for and produce documents. Specifically, Epson asks that GAC provide its counsel access to the email accounts and other document repositories, and to have its counsel utilize the previously agreed upon search terms to identify responsive documents. Epson also seeks to take the deposition of three GAC witnesses in-person (and has already stated it will take those depositions where the witnesses are located within the United States).

On October 11, 2023, Epson sent a meet and confer letter to Defendant Global Aiptek Inc. d/b/a GAC Technology Group's ("GAC") regarding deficiencies in GAC's document production. Following meet and confer efforts, GAC agreed to search for additional documents using search terms proposed by Epson and agreed to by GAC in writing on October 31, 2023. Importantly, this included searching for responsive emails.

On January 16, 2024, Epson took the deposition of GAC through its 30(b)(6) designee and president, Frank Sheu. During that deposition, Mr. Sheu testified that the extent of GAC's document search was Mr. Sheu searching through his own emails. Mr. Sheu testified that he never provided his counsel access to the relevant document repositories, and that no other GAC employees searched their emails or other document

repositories for responsive documents. This included, for example, that neither of the two members of GAC's US-based sales team Mr. Sheu identified had their emails searched.

Through Mr. Sheu's testimony, Epson also determined that it needed to depose GAC's US sales team, which Mr. Sheu had identified as being comprised of "Allen" and "Sonia", and notified GAC of this in an email dated January 19. In response, GAC stated that Allen and Sonia were Chinese nationals and could not be deposed.

On February 13, Epson sent another meet and confer letter regarding, *inter alia*, GAC's incomplete document collection, as well as the need to depose GAC's US sales team members. Receiving no response, Epson followed-up via email on February 26. On February 29, the Parties met and conferred via telephone regarding GAC's document collection and production, including that Epson believes GAC's documents should be collected and reviewed by its counsel. GAC's counsel stated that they believed GAC's document collection methodology was proper but would discuss with their client to determine if GAC would conduct further document searches. The Parties also discussed the depositions Epson desired to take, and GAC's counsel agreed to produce witnesses for additional depositions.

On March 7, Epson once again followed up via email asking, *inter alia*, whether GAC would be conducting a more thorough document collection, and asking for dates for the deposition of GAC's witnesses. In response GAC's counsel identified for the first time that some of the search terms were overbroad (despite previously having agreed to the list). The Parties thereafter continued to meet and confer through counsel via email. Through that, GAC has made it clear they do not intend to provide all emails and document repositories to their counsel to be searched for responsive documents. Moreover, GAC has still not produced any emails or documents from Allen, Sonia, or any other GAC employees, despite numerous requests for such documents by Epson. This includes, *inter alia*, an email on May 3, asking for an updated timeline for such production. GAC has still failed to produce these additional documents—or even confirm that it has conducted the appropriate searches.

Through these same meet and confer efforts, GAC agreed to produce Mr. Sheu for a second sitting, as well as to produce Allen Steinberg and Khozema Ali for additional depositions. GAC agreed to produce Mr. Sheu in Los Angeles, but noted that Mr. Allen was located in New York, and Ms. Ali was located in Chicago. On May 10, Epson noticed the depositions of Ms. Ali for June 26 in Chicago, Illinois, Mr. Steinberg for July 10, 2024 in New York, New York, and GAC for July 17 in Los Angeles. GAC responded that Mr. Steinberg is available on July 10, but has stated that his deposition needs to be conducted remotely without providing an adequate reason for why—particularly as Epson has agreed to conduct the deposition in New York, where Mr. Steinberg is located.

Best regards,

Zachary T. Timm

Cc: Milord Keshishian, Esq. (milord@milordlaw.com)
Kirstin Jensvold-Rumage (kirstin@milordlaw.com)
MILORD LAW GROUP, P.C.