# EXHIBIT H

| | |
|---|---|
| **From:** | Timm, Zach T. |
| **To:** | "Kirstin Jensvold-Rumage" |
| **Cc:** | Nickerson, Morgan T.; Lefkowitz, Shaina M.; Meagan Ekaphan; Marlen Millan-Osuna; Milord Keshishian; Goodrich, Christina N. |
| **Subject:** | RE: Epson v. Global Aiptek - Proposed Search Terms and Collection Protocol Pursuant to IDC |
| **Date:** | Friday, July 05, 2024 4:42:03 PM |

Hi Kirstin,

How long do you expect that process to take, and when will you be able to produce all of the responsive documents? As we have repeatedly stated, we have concerns regarding your initially proposed timeline of 4 months—will you be able to complete productions earlier (and before the upcoming depositions) by proceeding in the manner you propose? We also want to make sure the time difference between your firm and the custodians does not delay this process. We know, for example, that you often need extra time to communicate with your client on issues given the time difference. If your firm were to collect the email accounts and other sources of information from the custodians, you could then run searches, prepare documents for production, etc., directly and easily. If you are relying on the custodians for these tasks, on the other hand, we are concerned the time difference may lead to longer than necessary delays in the collection and production of documents.

That all said, if your proposed protocol will allow you to collect and produce documents rapidly, we may be willing to accept it—though we will need a date certain for the productions to be complete. If, however, your proposal will delay the collection and production of documents (or if that proposed protocol is what you were basing your initial 4 month estimate on), then we cannot accept it.

Finally, on the issue of "HP" as a search term, we propose supplementing that term with the following list:

- HP /p light
- HP /p source
- HP /p agreement(s)
- HP /p contract(s)
- HP /p sale(s)
- HP /p revenue
- HP /p complaint(s)
- HP /p return(s)
- HP /p brand


Thank you,
Zach



**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067
Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

---

**From:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>
**Sent:** Monday, July 01, 2024 9:49 AM
**To:** Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Lefkowitz, Shaina M. <Shaina.Lefkowitz@klgates.com>; Meagan Ekaphan <Meagan@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>; Milord Keshishian <milord@milordlaw.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Subject:** RE: Epson v. Global Aiptek - Proposed Search Terms and Collection Protocol Pursuant to IDC

**This Message Is From an External Sender**
This message came from outside your organization.

Hi Zach,

The search will be conducted via Zoom with the individuals sharing their screens with us so that when the individuals run the terms, we can see how many emails show up. We will run the overbroad terms to provide numbers of how many emails are responsive—again, we point out that the term "hp" alone will turn up in all emails because it is in the email address.

We can produce in load file format.

Most sincerely,

Kirstin Jensvold-Rumage
Associate Attorney

Milord Law Group, PC
Patent, Trademark & Copyright Law
Bank of America Plaza
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
Tel (310) 226-7878
Fax (310) 226-7879
www.milordlaw.com


***********************CONFIDENTIALITY NOTICE***********************
The information contained in this electronic message and attachments, if any, are intended

solely for the personal and confidential use of the designated recipient. This message may be an attorney-client communication and as such is privileged and confidential. No waiver of this privilege is intended by the inadvertent transmittal of such communication to any persons or company other than the intended recipient. If the reader of this message is not the intended recipient, please take notice that you have received this document in error, and that any review, dissemination, replication, or distribution of this message is strictly prohibited. If you have received this communication in error, please permanently delete this message and attachments, if any.

---

**From:** Timm, Zach T. <Zach.Timm@klgates.com>
**Sent:** Tuesday, June 25, 2024 8:55 PM
**To:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Lefkowitz, Shaina M. <Shaina.Lefkowitz@klgates.com>; Meagan Ekaphan <Meagan@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>; Milord Keshishian <milord@milordlaw.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Subject:** RE: Epson v. Global Aiptek - Proposed Search Terms and Collection Protocol Pursuant to IDC

Hi Kirstin,

We have several questions/concerns with your proposal.

First, your proposal does not indicate *who* will be conducting the searches. Will someone from your office be conducting the searches and tracking the results to determine if any terms are overbroad?

Second, the Magistrate was quite clear that the way to determine whether a search term is overbroad is by using it and seeing how many hits it resulted in. I do not believe the Magistrate agreed that the term "HP" was necessarily overbroad, but rather was responding to your representation about how many hits the use of that term would result in. We continue to believe that, consistent with the Magistrate's suggestions and instructions, the most appropriate method is to use *all* of the search terms in the first instance. Then, depending on the number of hits for each term, we can determine if any of those terms are overbroad. Moreover, your proposed search term list eliminates many additional terms besides just "HP" with no explanation as to why.

We must insist that the entire search term list be run in the first instance. This is not a fishing expedition as you suggest, but rather an attempt to obtain evidence that is clearly relevant. For example, the HP marks (another term you remove from the proposed search term list) are at the heart of this action. Moreover, there is little to no expense in simply running a search term and recording the number of resulting hits (nor is it a time consuming or difficult process), and so your refusal to do even that is puzzling. And as stated in my prior email, the additional terms are intended to help capture documents responsive to the second set of RFPs, which had not been served when the initial list of search terms was first proposed.

Third, what is your proposed timeframe for document collection and production? Your prior responses indicated an estimate of 4 months. That is, quite frankly, an absurd time frame to collect, review, and produce documents. As I indicated in my prior email, the use of an ESI vendor would

allow for a *significantly* faster search and production process.  As I noted, though, we are *okay* with you not retaining an ESI vendor if you can produce documents in a reasonable time frame (and pursuant to the terms in the Rule 26(f) Report, and other pre-conditions referenced in my prior email).

Importantly, we have depositions rapidly approaching and would need to have the document productions by those dates to avoid needing to conduct follow-up depositions after the production of documents.

Finally, your proposal indicates responsive documents will be produced in native format.  I just wanted to confirm that means they will also be produced with an acceptable load file in .dat, .lfp, or other agreed-upon file type, and that each load file will be accompanied by .tif images with associated text searchable ("OCR") .txt files as required by the Parties' prior agreement set forth in the Rule 26(f) Report?

Thank you,
Zach

**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067
Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

**From:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>
**Sent:** Monday, June 24, 2024 6:45 PM
**To:** Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Lefkowitz, Shaina M. <Shaina.Lefkowitz@klgates.com>; Meagan Ekaphan <Meagan@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>; Milord Keshishian <milord@milordlaw.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Subject:** RE: Epson v. Global Aiptek - Proposed Search Terms and Collection Protocol Pursuant to IDC

Hi Zach,

Epson's new proposal is quite different than what you previously proposed—18 more

terms, 2-3 more people, proposing a two-step search process whereby we will need to search and then re-search five different email inboxes, and requesting that our client retain an ESI search vendor and possibly spend additional tens of thousands of dollars. I hope you can understand why we needed to discuss this with our client.

Our position is that this search is an improper fishing expedition. After the informal discovery conference, the Court asked that we work to narrow the scope of the requests. Instead, you have added additional terms that are likely to produce hits on every email.

That notwithstanding, our client agrees to the following:
- Conduct an email search for the individuals you list below: Frank Sheu, Khozema Ali, Allen Steinberg, Sonia (Allen's assistant), and Nardita (accountant)
- Proposed terms listed below. (As noted during the conference, HP will appear in every single email. The Court agreed with us on this point, so why Epson now attempts to reinsert it into the list is unclear.)
    - ANSI
    - ANSI lumen(s)
    - Lumen(s)
    - Laser source lumen(s)
    - Optical source lumen(s)
    - Illuminate(s)
    - Brightness
    - Bright
    - Luminous flux brightness
    - Dim
    - Not bright
    - Light output
    - Light source
    - Broken
    - Change
    - Test Report
    - GT Technology Chongqing Limited
    - Complaint
    - Warranty
    - Epson
    - Quality Control
    - QC
    - Bestbuy w/10 .ppt
    - Bestbuy AND propos!
    - Bestbuy AND pitch
    - Best Buy w/10 .ppt
    - Best Buy AND propos!
    - Best Buy AND pitch
    - Amazon w/10 .ppt
    - Amazon AND propos!
    - Amazon AND pitch
    - AMZN w/10 .ppt
    - AMZN AND propos!

- AMZN AND pitch
- Provide the number of responsive emails for each term for each individual
- Responsive documents, if any, will be produced in native format.

Considering the substantial cost, and that our client maintains that Epson is on an improper fishing expedition, our client will not retain an ESI vendor.

Most sincerely,

Kirstin Jensvold-Rumage
Associate Attorney

Milord Law Group, PC
Patent, Trademark & Copyright Law
Bank of America Plaza
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
Tel (310) 226-7878
Fax (310) 226-7879
[www.milordlaw.com](www.milordlaw.com)


*************************CONFIDENTIALITY NOTICE*************************
The information contained in this electronic message and attachments, if any, are intended solely for the personal and confidential use of the designated recipient. This message may be an attorney-client communication and as such is privileged and confidential. No waiver of this privilege is intended by the inadvertent transmittal of such communication to any persons or company other than the intended recipient. If the reader of this message is not the intended recipient, please take notice that you have received this document in error, and that any review, dissemination, replication, or distribution of this message is strictly prohibited. If you have received this communication in error, please permanently delete this message and attachments, if any.

---

**From:** Timm, Zach T. <Zach.Timm@klgates.com>
**Sent:** Monday, June 24, 2024 10:42 AM
**To:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Lefkowitz, Shaina M. <Shaina.Lefkowitz@klgates.com>; Meagan Ekaphan <Meagan@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>; Devon Esguerra <Devon@milordlaw.com>; Milord Keshishian <milord@milordlaw.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Subject:** RE: Epson v. Global Aiptek - Proposed Search Terms and Collection Protocol Pursuant to IDC

Hi Kirstin,

I am following up on this as we did not hear back from you last week. As you know, the Magistrate instructed both sides to create a list of proposed search terms and a search protocol. Given that instruction, we would have expected both sides to begin working on their respective position following the IDC. We were surprised by the suggestion, therefore, that you had not yet begun discussing with your client until after receiving our email. Nonetheless, we remained patient based

on your representation that we would receive a response by Friday.  It has now been a week since we provided you with our position/proposal (and almost 2 weeks since the IDC at which the Magistrate instructed both Parties to prepare such a proposal).  Please provide us with your clients' response and position/proposal.

Thank you,
Zach

**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067
Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

---

**From:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>
**Sent:** Tuesday, June 18, 2024 11:42 AM
**To:** Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Lefkowitz, Shaina M. <Shaina.Lefkowitz@klgates.com>; Meagan Ekaphan <Meagan@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>; Devon Esguerra <Devon@milordlaw.com>; Milord Keshishian <milord@milordlaw.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Subject:** RE: Epson v. Global Aiptek - Proposed Search Terms and Collection Protocol Pursuant to IDC

Hi Zach,

Our client is not in the US and travels constantly, and you waited five days to send this email and only gave us 24 hours to respond.  We will discuss this with our client on Thursday and revert Friday.

Most sincerely,

Kirstin Jensvold-Rumage
Associate Attorney

Milord Law Group, PC
Patent, Trademark & Copyright Law
Bank of America Plaza
333 S. Hope Street, Suite 4025

Los Angeles, CA 90071
Tel (310) 226-7878
Fax (310) 226-7879
www.milordlaw.com

*************************CONFIDENTIALITY NOTICE*************************
The information contained in this electronic message and attachments, if any, are intended solely for the personal and confidential use of the designated recipient. This message may be an attorney-client communication and as such is privileged and confidential. No waiver of this privilege is intended by the inadvertent transmittal of such communication to any persons or company other than the intended recipient. If the reader of this message is not the intended recipient, please take notice that you have received this document in error, and that any review, dissemination, replication, or distribution of this message is strictly prohibited. If you have received this communication in error, please permanently delete this message and attachments, if any.

**From:** Timm, Zach T. <Zach.Timm@klgates.com>
**Sent:** Monday, June 17, 2024 12:18 PM
**To:** Kirstin Jensvold-Rumage <kirstin@milordlaw.com>; Milord Keshishian <milord@milordlaw.com>; Marlen Millan-Osuna <marlen@milordlaw.com>; Meagan Ekaphan <Meagan@milordlaw.com>; Devon Esguerra <Devon@milordlaw.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Lefkowitz, Shaina M. <Shaina.Lefkowitz@klgates.com>; Goodrich, Christina N. <Christina.Goodrich@klgates.com>
**Subject:** Epson v. Global Aiptek - Proposed Search Terms and Collection Protocol Pursuant to IDC

Counsel,

Pursuant to the IDC on June 12, we are writing to provide you with our proposed search terms and document collection/production protocol. As a starting point, GAC's responses to the recent second set of RFPs indicates that GAC will produce documents within 4 months. That timeframe is, as we are sure you already know, completely unacceptable for numerous reasons. Not least of which is that discovery is set to close in the middle of August, and yet GAC's proposal is that it will produce documents by some time in October. Further, it belies logic that it would take over 5 months to collect documents from only a handful of custodians in response to only 9 RFPs.

That notwithstanding, the Parties are already engaged in continuing meet and confer efforts regarding document collection and production. We believe, therefore, that the most efficient (and cost-effective) approach to GAC's document collection would be to run search terms for both sets of RFPs at the same time, rather than having to collect two sets of documents. This is particularly appropriate as the prior list of search terms we proposed needs very little modification to capture documents responsive to the second set of RFPs.

Our list of proposed search terms (which includes those additional terms we believe are necessary to capture documents responsive to the second set of RFPs) is as follows:

1. CC200

2. BP5000
3. CC500
4. MP250
5. MP2000PRO
6. ANSI
7. ANSI lumen(s)
8. Lumen(s)
9. Laser source lumen(s)
10. Optical source lumen(s)
11. Illuminate(s)
12. Brightness
13. Bright
14. Luminous flux brightness
15. Dim
16. Not bright
17. Light output
18. Light source
19. Broken
20. Change
21. Amazon
22. AMZN
23. HP
24. Bhphoto
25. O'Rourke
26. Walmart
27. Test Report
28. GT Technology Chongqing Limited
29. Purchase
30. Bought
31. Complaint
32. Warranty
33. Epson
34. ASIN
35. "HP Marks" OR "HP Trademarks"
36. Quality Control
37. QC
38. "Best Buy"
39. "Bestbuy"
40. Bestbuy w/10 .ppt
41. Bestbuy AND propos!
42. Bestbuy AND pitch
43. Best Buy w/10 .ppt
44. Best Buy AND propos!
45. Best Buy AND pitch
46. Amazon w/10 .ppt

47. Amazon AND propos!
48. Amazon AND pitch
49. AMZN w/10 .ppt
50. AMZN AND propos!
51. AMZN AND pitch

We propose the following collection, search, and production protocol.

First, documents shall be collected from the GAC custodians, which shall include, at minimum: (1) Frank Sheu; (2) Allen Steinberg; (3) Sonia; (4) Ali Kohzema; and (5) Nardita.  The collection should cover each of their email addresses, as well as any other document repositories used.  For example, any shared drives, cloud folders (dropbox, box.com, Slack, Google Drive, etc.), servers, share-files, document management systems, or other file storage systems.

Second, we believe that an ESI vendor needs to be retained.  That vendor will then import each of the email accounts (and other document sources) for the GAC custodians into a database where GAC's counsel can run searches to identify responsive documents.  We understand that GAC has not yet retained an ESI vendor, and the Magistrate expressed timing concerns with such retention at this point.  Specifically, the Magistrate recognized that discovery is set to close in the middle of August, and the retention of an ESI vendor may delay that.  What the Magistrate did not know when making those comments, however, is that GAC just last week said it will need at least 4 months to collect and produce documents in response to the second set of RFPs, which would blow up the current schedule anyway.  We *strongly* believe that GAC can retain an ESI vendor, collect, review, and produce all of the documents in less than 4 months.  GAC's contention that it needs 4 months to collect, review, and produce documents, therefore, is further evidence that an ESI vendor needs to be retained, as that process should not take anywhere near that long.  If GAC maintains its position that it needs four months for this process, a modification to the scheduling order will become necessary, and at that point the Magistrate's concern about disrupting the case schedule will be moot.

That said, we are amenable to your office collecting each of the email accounts and conducting the review yourselves without the use of an ESI vendor, provided certain pre-conditions are met.  (1) such process must result in a *quicker* final production than would retaining an ESI vendor.  (2) your office (or contract attorneys, if needed/desired by GAC) must run each of the search terms across each of the custodians' sources of documents (including emails).  (3) the documents must be produced pursuant to the Parties' agreement as outlined in the Rule 26(f) Report.  As the Court recognized, that report does not include a *per se* requirement that the Parties retain an ESI vendor.  It does, however, specify the manner in which productions must be made.  If your office has the capability to make productions in a manner consistent with that requirement and prior agreement, then fine (provided the other conditions listed are met).  Otherwise, an ESI vendor will be required.  While we may be able to accept your office collecting the various sources of documents and running searched, we still cannot accept the custodians simply running searches themselves.

Fourth, your office will track the number of "hits" each search term returns for each of the

custodians.  If after running each of the searches, any of the terms result in what you believe is an overwhelming/unacceptable number of hits on any one custodians' account, you will provide us with a list of those terms that you believe are overbroad, how many "hits" it returned for each custodian, and for which custodian you believe the term is overbroad.  For example, if a certain term returns 15 hits for one custodian, but 100,000 for another, that term would need to be modified as to the second custodian, but would be acceptable as to the first.

Fourth, we will review the list of terms you believe are overbroad based on the number of hits-by-custodian it returned.  Depending on those results, we will either: (1) work with you to add modifiers to those terms to narrow the search results—and this could become iterative if, for example, the first modifier still returns too many "hits"; or (2) inform you that we think the results are acceptable.  If there is a dispute as to whether a specific term resulted in overbroad hits/returns (or if during the iterative process the Parties dispute whether further iterations are necessary to further narrow the results), then we can present the Magistrate with those terms.

Fifth, as each term is agreed upon/found to be acceptable, your office (contract attorneys are also acceptable), will re-run the search, collect *all* hits, and then review those documents for responsiveness, privilege, etc.

Finally, GAC will produce documents on a rolling basis in a form consistent with the Parties' agreement as set forth in the Joint Rule 26(f) Report.  Specifically, those files will be produced in native format "with an acceptable load file in .dat, .lfp, or other agreed-upon file type. Each load file shall be accompanied by .tif images with associated text searchable ("OCR") .txt files."

Given the upcoming deadlines, including the depositions, please provide us with GAC's proposed document collection, search, and production protocol by no later than EOD tomorrow, Tuesday, June 18.

Thank you,
Zach

**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067
Phone: 310-552-5554

Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com.