# EXHIBIT M

| From: | Vikram Amritraj |
|---|---|
| To: | Timm, Zach T. |
| Cc: | Nickerson, Morgan T.; Michael Cohen; Mario Goluza |
| Subject: | Re: Epson v. Global Aiptek, et al. | Case No. Case 8:23-cv-00222 | Epson"s Motion to Compel |
| Date: | Monday, February 03, 2025 1:22:04 AM |
| Attachments: | Ex. H - Search and Production Protocols.pdf |

**This Message Is From an External Sender**
This message came from outside your organization.

Zach, I have a few substantive updates and responses to the issues raised in your last email:

**Document Production**
First, notwithstanding any earlier discussions between your firm and prior counsel, I am informed that Mr. Steinberg and and his assistant Sonia Marrero are not employees of Global Aiptek; they work for a company called, Westview Industrial Corporation, as independent contractors. Similarly, Nardita Crespo is an independent contractor working for a company called Microtax LLC. Thus, searches upon the email accounts for Steinberg, Marrero and Crespo would not be warranted under the RFPs served upon Global Aiptek.

Second, I don't believe Exhibit H to the proposed Motion to Compel (attached) constitutes any 'agreement' by the parties to run the terms as proposed in your email of July 5, 2024 (Ex. H, at 1). I see that on June 24, 2024, Ms. Jensvold-Rumage proposed a set of search terms and protocols (Ex H., at 4-5), and on July 1, 2024 she clarified the proposed protocol (Ex. H, at 2). On July 5, 2024, you did not accept the terms of the proposed terms and protocol, but instead expressly stated that you "may be willing to accept it" upon certain conditions (such as a rapid production, which did not happen) (Ex. H, at 1). You also counter-proposed supplementing the terms with a further list (Ex. H, at 1). To my knowledge, there are no further communications where the parties actually agree to the counter-proposal as stated in your July 5, 2024 email; thus, no agreement was reached by the parties.

Notwithstanding the foregoing, my client hereby proposes to run the search terms as set forth in Ms. Jensvold-Rumage's June 24, 2024 email (Ex. H, at 4-5) on the Global Aiptek email accounts for Frank Sheu and Khozema Ali. My client also offers to procure and produce the documents resulting from Mr. Steinberg running the search terms upon his email account. We will also provide accompanying declarations of the aforementioned three (3) individuals affirming that they have run the search terms. We believe this proposal is exceedingly reasonable and adequately addresses Epson's concerns without the need for the filing of a motion to compel.

As it is now February 3, 2025, if Epson agrees to the foregoing, my client offers to produce the documents on or before March 3, 2025.

**Depositions**
As previously offered, my client will produce Frank Sheu and Khozema Ali for depositions. Mr. Sheu is out of the country and will have to appear via Zoom; however, we can accommodate an in-person deposition of Ali in Los Angeles.

With respect to Mr. Steinberg; to reiterate, he is an independent contractor and not subject to a

deposition notice served upon Global Aiptek. Nevertheless, we can facilitate Mr. Steinberg's deposition, which must be conducted remotely due to his health issues. I must note that Epson has not provided any reason why it insists on an in-person deposition of Mr. Steinberg. If you have a legitimate reason therefor, please let me know. If Epson does not agree to the foregoing, Epson is free to subpoena Mr. Steinberg; however, I anticipate he will object to an in-person deposition for the reasons previously stated.

In the event Epson agrees to our above proposal, my client agrees to have the depositions conducted in March 2025, upon agreement of counsels and the deponents to mutually acceptable dates.

**GAC Technology Group**

As I previously stated, we will be filing a Notice of Errata as it appears we have made some errors in the caption page and some other non-substantive errors in the documents filed in connection with the Motion to Dismiss in 2AC. However, despite your allegations in the SAC that GAC Technology Group is a "Foreign entity," I am informed that "GAC Technology Group" is not actually a legal entity formed anywhere. It is not the parent company of Global Aiptek and is certainly not an alter ego. As stated in the Motion to Dismiss, GAC Technology Group is merely an informal short-hand term used to refer to a group of legally separate entities, one of which is Global Aiptek. Based on the fact that GAC Technology Group is not an entity of any kind capable of being subject to a judgment, it is improperly named as a Defendant and should be dismissed.

With respect to both the document production, depositions and the GAC Technology Group issues, I am happy to discuss anytime after 5pm LA time today (February 3, 2025). Please let me know the best time that works for you.

Best,

**Vikram Amritraj, Esq.**
Cohen IP Law Group, PC
vamritraj@cohenip.com

9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Thu, Jan 30, 2025 at 5:52 PM Timm, Zach T. <Zach.Timm@klgates.com> wrote:

Vikram,

I didn't hear from you yesterday evening, so I assume that means Global will *not* be agreeing to complete the previously agreed upon searches, on the previously agreed upon custodians, and to produce documents obtained in the previously agreed upon format? We look forward to receiving your input on the joint stipulation by tomorrow to see what Global's position is with respect to why it need not comply with its prior agreements.

Separately, your response regarding the foreign entity is a bit ambiguous. Can you confirm your firm is representing the foreign entity? And can you also confirm that you will be filing a notice of appearance on its behalf, and an errata or other document joining the domestic entities motion to dismiss? We obviously do not want to request default unnecessarily, but we have been asking if you will be representing the foreign entity for several weeks and have yet to receive a concrete and definitive answer. As the deadline for the foreign entity to respond to the complaint has already passed, if it does not join the motion to dismiss or otherwise respond to the Complaint by Monday, we will be forced to request entry of default against it.

Finally, the Court moved the hearing date from 2/25 to 2/27 because Judge Slaughter hears civil motions on Thursdays. Please let us know if you'd prefer March 6 or March 13 for a new hearing and we will send over a draft stipulation for your review.

Thank you,

Zach



**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067

Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

**From:** Timm, Zach T.

**Sent:** Wednesday, January 29, 2025 5:38 PM
**To:** 'vamritraj@cohenip.com' <vamritraj@cohenip.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** RE: Epson v. Global Aiptek, et al. | Case No. Case 8:23-cv-00222 | Epson's Motion to Compel

Vikram,

The documents you refer to include Global's written responses and what appear to be various contractual documents—there are no communications included in the production.  Further, this production was made *before* the Parties' agreement to run searches on the custodians' accounts (and in fact before the June 12 IDC that led to that agreement), and therefore necessarily cannot reflect compliance with that agreement.  Nor does the production indicate in any way that *any* searches have been conducted on the email accounts of *any* of the custodians.

Searches on all cloud accounts has always been included in Epson's request and position, as shown in Ex. H.  Though if Global is willing to run all of the previously-agreed upon searches on all of the previously agreed-upon custodians' email addresses (what your email appears to concede Global previously agreed to do), and its only concern is with regard to cloud accounts, we can continue a discussion on those other cloud accounts while you collect documents from the email accounts.

As for the depositions, your last email is the first indication we have received from Global that Mr. Steinberg is unable to sit for a deposition at this time due to health concerns.  We had previously agreed to conduct Mr. Steinberg's deposition remotely last summer on the representation from Global's prior counsel that he was too ill to sit for an in-person deposition at that time, but were not provided any information regarding what the source of his illness was, and nothing to suggest his health concerns were longstanding such that it would preclude him from sitting for an in-person deposition now, more than half a year later.  As is noted in our Motion, however, we are open to considering a remote deposition *of Mr. Steinberg* pending his health concerns.

It appears from your email, that Global will not complete the searches pursuant to its prior agreement to do so.  Am I correct in that understanding?  Aside from an incorrect position that Global has already produced those documents, is there a reason you can articulate as to why Global is refusing to do what it unequivocally previously agreed to?

I am more than happy to discuss and am available the rest of the evening.  Feel free to call my office: (310) 552-5554, or my cell: ███████████ .

Thank you,

Zach



**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067

Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

---

**From:** Vikram Amritraj <vamritraj@cohenip.com>
**Sent:** Wednesday, January 29, 2025 4:57 PM
**To:** Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v. Global Aiptek, et al. | Case No. Case 8:23-cv-00222 | Epson's Motion to Compel

Zach, please see below for my responses:

Re Discovery: I believe there were responsive documents produced on June 10-11, 2024 (see attached). What is Epson's position with respect to this production? I haven't seen anything in Epson's various discovery letters with respect to the foregoing. I also don't see any agreement regarding searches to be run on "dropbox, box.com slack, google drive, servers, share-files, document management systems, etc." - this appears to be a brand new request.

We have agreed to make Sheu, Ali and Steinberg available for depositions in March 2025; however, I'm still unclear why an in-person deposition of Steinberg is necessary given his health condition. Can you articulate Epson's position on this?

Re GAC - I believe the omission from the Motion to Dismiss documents was an error. We'll be filing a Notice of Errata shortly. I trust Epson will not rush to file a default.

Re Motion to Dismiss Hearing - We originally noticed it for February 25, although the Court appears to have moved it to Feb. 27. We don't have a problem moving it, though I need to clear it with Mr. Cohen's calendar.

Let me know if a discussion today would be helpful re discovery. If not, I will provide our input for the stipulation.

Best,

**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Wed, Jan 29, 2025 at 11:06 AM Timm, Zach T. <[Zach.Timm@klgates.com](mailto:Zach.Timm@klgates.com)> wrote:

Vikram,


**DISCOVERY**

As I informed you during our phone call, your understanding is incorrect.  Prior to Mr. Sheu's January 16, 2024 deposition, the Parties agreed to a specific set of search terms to collect documents responsive to RFP Set 1.  Through Mr. Sheu's deposition and discussions with counsel thereafter, we learned that Mr. Sheu *had not* used all of the previously agreed upon terms to search for responsive documents—I cannot tell you what searches he may have run, because I do not believe we were ever provided a list of what he *did* search, only confirmation that it was *not* the complete list agreed to in October 2023.  This failure to utilize the entire list of (agreed upon) search terms was, according to Global's prior counsel, because the terms (which the Parties had agreed to) were overbroad and would result in too many hits.  Not only that, but *no* other employees' documents, email, or other accounts had been searched *in any manner*.  Moreover, the documents that had been produced to that point were not produced in a format appropriate and compliant with the Parties' agreement outlined in the Rule 26(f) Report.


Following Mr. Sheu's deposition, the Parties engaged in significant meet and confer efforts, culminating in a June 12 IDC.  Through that IDC, and subsequent continued meet and confer efforts, the Parties reach a new agreement that Global would use a new, agreed-upon list of search terms (provided in my prior email), that all of those terms would be used to search for documents on each of the 5 custodians ("Frank Sheu, Khozema Ali, Allen Steinberg, Sonia (Allen's assistant), and Nardita (accountant)"), and that the documents would be produced in native format with load files in compliance with the Parties' prior agreements governing the collection and production of ESI.  That agreed upon list included terms for both the first *and* second set of RFPs—no documents had previously been produced regarding the second set of RFPs.  The agreement also included a protocol for handling the terms that Global contended were overbroad.  Specifically, Global would run the searches and catalogue how many "hits" each search returned for each custodian.  Then, if Global believed a specific term returned an exorbitant number of hits for a specific custodian, Global could provide that number to us and we would meet and confer on ways to narrow the term.  Since that agreement was reached in July 2024, **we have received no document productions**.  So the same deficiencies in Global's production that existed in January 2024 still exist today, as nothing has been done by Global to correct those deficiencies.


Simply put, Global needs to run searches for *all* of the search terms agreed upon in July 2024,

on *all 5* of the agreed upon custodians' accounts (email accounts, Dropbox, Box.com, Slack, Google Drive, servers, share-files, document management systems, etc.), and produce the responsive documents in an acceptable (and previously agreed upon) format.  While I cannot speak directly to what searches Global may have conducted through its prior counsel following that July 2024 agreement, I can tell you that the impression we were provided during the meet and confer efforts and IDC in October 2024 made it sound as if *no* searches or document collections had been done since that agreement was reached.  And I can also tell you that, regardless of what searches Global may have done since the July 2024 agreement was reached, **no documents have produced pursuant to the Parties agreement that our motion seeks to enforce**.  And, more simply, no documents have been produced *at all* since at least the June 2024 IDC.  I explained all of this to you during our call, and it is all also outlined in our Motion.  It is confusing to me that you are seeming to ignore the information we previously provided, but hopefully everything is clear now.

Further, while you did inform me that you would be travelling during one of our calls, you also assured me that your travels would not slow down the process of meeting and conferring or getting our motion on file (if that became necessary) in any way.  It is unfortunate, therefore, that your travels have now been used as a reason to delay things on multiple occasions.  In any case, I remain available this afternoon for a call.

If we do not have a written agreement by Friday, we will be filing our Motion to Compel on Monday whether or not we have Global's position—we have been extremely patient through this whole process, but simply cannot wait any longer.  If we do not have Global's position, we will be sure to update our motion to reference the additional month plus of meet and confer efforts we have undertaken since your firm first appeared, including the various timelines and extensions of time we provided to obtain Global's position.

**<u>MOTION TO DISMISS</u>**

Additionally, Global has noticed its Motion to Dismiss for February 27.  Unfortunately we are not available on February 27.  Will you stipulate to continuing the hearing date to a date in March?  Even moving the hearing one week to March 6 would be better for our calendars.

**<u>GAC TECHNOLOGY GROUP</u>**

Finally, as you have not responded on representation of the foreign entity (GAC Technology

Group), we will assume that you do not represent that entity and will proceed forward with our Request for Entry of Default. Please let us know if that assumption is incorrect.

Thank you,

Zach



**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067

Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

---

**From:** Vikram Amritraj <vamritraj@cohenip.com>
**Sent:** Wednesday, January 29, 2025 5:23 AM
**To:** Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v. Global Aiptek, et al. | Case No. Case 8:23-cv-00222 | Epson's Motion to Compel

Zach,

We're in agreement to provide outstanding documents by February 28, 2025; however, the overarching question I have is (notwithstanding Epson's allegations in the stipulation) what is Epson's position on what has not been produced? My understanding is that the

search terms were run and the documents produced with respect to Sheu's, Khozema's and Steinberg's email accounts. Similar searches for Crespo and Marrero's were not done because they do not use Outlook and do not send and receive emails as Global Aiptek email account users.

As I'm still traveling at the moment, if we are unable to reach an agreement, I can provide Global's position by this Friday.

Best,

**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Tue, Jan 28, 2025 at 5:43 PM Timm, Zach T. <Zach.Timm@klgates.com> wrote:

> Vikram,
>
> I am available on Wednesday afternoon for a call and happy to discuss then.  That said, this

process has dragged on far longer than we had previously discussed or agreed to, and it is at a point where we need to really move the ball forward on all issues, rather than just talk about them. We had initially discussed, and agreed to, extending your deadline to provide Global's position to the joint discovery stipulation by one week to allow you additional time to get up to speed. We subsequently agreed to continue that deadline by an additional week (to 1/27) and to spend that week trying to come to an agreement between the parties regarding Global's document productions and depositions. As part of that agreement (and as outlined in your 1/17 email), if the Parties were unable to come to an agreement by 1/24, Global was to provide its position to the joint discovery stipulation on that date so we could file our Motion on 1/27. The Parties unfortunately did not come to an agreement by 1/24. While I am happy to have a further discussion on Wednesday regarding all of these issues, unless you can confirm (in writing) that Global will be conducting the searches of all previously agreed upon terms on *all* of the previously agreed upon custodians and produce documents in an appropriate format by February 28, we will need to file our Motion. As such, please either confirm that Global will be making such productions, or else provide us with Global's position in the joint stipulation by Wednesday so that we can file on Thursday.

Additionally, we are in receipt of Global's motion to dismiss, but did not receive any responsive pleading from GAC Technology Group (the foreign entity) and that entity is now in default. Will your firm be representing the foreign entity as well? We have an obligation to get a request for default on file if GAC does not respond to the Complaint. We can discuss this tomorrow, too.

Thank you,

Zach



**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067

Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

---

**From:** Vikram Amritraj <vamritraj@cohenip.com>
**Sent:** Monday, January 27, 2025 3:50 AM
**To:** Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v. Global Aiptek, et al. | Case No. Case 8:23-cv-00222 | Epson's Motion to Compel

Zach, thanks for your response. I've been able to speak with my client and get some more information about Global Aiptek's position in response to your email; however, I'm in an area with somewhat spotty internet connection for the next 48 hours or so. Are you available to conference on Wednesday afternoon LA time at 4:30 p.m.?

Best,

**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you

are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Fri, Jan 24, 2025 at 1:57 PM Timm, Zach T. <Zach.Timm@klgates.com> wrote:

Hi Vikram,

Thank you for the information. My responses to each item are below in red. I am available to discuss further this afternoon. Feel free to give me a call around 4:00 p.m. or after. If I don't answer my office line, I probably stepped away from my desk and you can try my cell: ███████████

### Document Production Re Epson's RFPs 1-2

My client agrees to provide files resulting from the search terms previously agreed upon by the parties (in accordance with the Joint Rule 26(f) report) to be run on the accounts for (1) Sonia Marrero and (2) Ali Khozema. We suggest that the searches are completed without the use of a third party service, but that the individuals running the searches provide sworn declarations of compliance. If Epson is in agreement, Global Aiptek offers to provide the documents by February 28, 2025.

Should Epson insist on a third party service, Global Aiptek requests that Epson pay the costs thereof. In the event of the use of a third party service, we may require an additional period of time depending on how quickly we can onboard the service.

Production by February 28, 2025 is acceptable to Epson, however we have a couple of concerns that need to be addressed before agreeing to your proposal.

First and foremost, Global Aiptek ("Global") previously agreed to run searches on the accounts for each of the following custodians: "Frank Sheu, Khozema Ali, Allen Steinberg, Sonia (Allen's assistant), and Nardita (accountant)." (*see* Ex. H to our Motion). Your proposal appears to limit running searches for only two of those five custodians (Sonia and Ali), which is not acceptable to us. Please confirm that each of the search terms will be used for each of the **five** custodians Global previously agreed to, and which are the subject of our Motion. If not, we will need to file our Motion.

Second, while we are willing to accept collections to initially be completed by the individuals without the use of a third party service, and declarations to be provided regarding those searches, we have concerns about the practicalities of that method. Specifically, we are concerned that the Outlook, Gmail, or other email platforms the custodians use (and any additional electronic accounts they may have) do not allow for the use of connector terms such as "Best Buy w/10 .ppt" or other root expanders such as "!" that an e-discovery platform allows for.  That limited search functionality is likely to cause problems in the search and collection process.  That said, we are willing to allow this process to be used, provided that we are permitted to ask questions about the search process during the deposition, and that we reserve our rights to demand an additional search and collection be completed (including by a third party, with the costs to be borne by GAC) if we are not satisfied with the information we are provided.

**Epson's Third Set of RFPs**

With respect to Epson's third set of document requests, I am scheduled to speak next with my client tomorrow and hope to have a proposal of the terms solidified by Monday, January 27.

Please do provide that list once available and we will endeavor to respond to it as quickly as possible.

**Depositions**

Based upon Epson's request to receive documents in advance of the depositions for Mr. Shue, Khozema and Steinberg after we agree upon the document production schedule. My client does not object to the depositions being set in March 2025; however, we would respectfully request Epson accommodate depositions by Zoom for the 3 deponents.

We are amenable to depositions in March 2025.  As I noted during our prior call, however, we had previously expressed a desire and intention to take these depositions in-person, and had reached an agreement to do so with Global through its prior counsel.  I have verified that desire and intention still exists, and we will be taking the depositions in person.

As I also noted during our call, though, we had previously indicated a willingness to travel (within the US) to the witnesses, rather than forcing them to come to southern California, and we maintain that willingness.  We are also amenable to organizing the depositions such that your office can attend the depositions remotely, if you'd like, but we will be conducting the deposition with the witnesses in-person.

**Responsive Pleading**

As you know, our present deadline to file a responsive pleading is January 27, 2025. However, for reasons we previously discussed (our firm having recently been retained right before the holidays, and Mr. Cohen's impacted schedule due to the LA fires), it's been harder than anticipated to get up to speed on all the moving parts of the action, including working through these discovery issues. As Global Aiptek is cooperating in good faith to provide the discovery, <u>we request that in consideration thereof, Epson stipulate to a 2 week extension on the responsive pleading deadline until February 10, 2025.</u>

As you likely know, the Second Amended Complaint at issue did essentially three things: (1) alleged GAC Technology Group as a separate entity rather than a d/b/a as was initially alleged (done on the basis of what your client said during discovery); (2) added additional specific websites on which your client was selling the projectors at issue (the sales on which began during the course of this lawsuit); and (3) added two new specific projectors which your client also began selling during the course of this lawsuit.

Despite these limited additions, the process of obtaining a response to the Second Amended Complaint has been extremely lengthy.  We first provided Global with a copy of the Second Amended Complaint on July 10—over 6 months ago.  Following meet and confer efforts, Global refused to stipulate to the filing of the same and so we filed our Motion for Leave to Amend on August 8 for hearing on September 5.  Global requested an extension of time to file its opposition, which we agreed to, resulting in an October 17, 2024 hearing date.  Global *did not*, however, file an opposition to our motion and it was granted without opposition at that hearing—essentially wasting several months of time compared to if it had just stipulated to the filing, or informed Epson that it did not intend to oppose a motion for leave to amend, which would have allowed for the earlier hearing date to stand.  We then filed the Second Amended Complaint the next day, on October 18.

At Global's request, we granted a 1 week extension of its time to answer the Second Amended Complaint, and subsequently stipulated to align both the domestic and foreign

entities' response deadlines.  At that time, we agreed to what amounted to an approximately 90 day continuance of Global's deadline to respond (after Global had already had the Second Amended Complaint for over 3 months at that point)  with the understanding that it would retain new counsel and respond by that deadline.

As I'm sure you can appreciate, this entire process has been extremely frustrating.  At the end of the day, Epson is entitled to know what Global's (and GAC's) defenses are to the Second Amended Complaint it has had in its possession for over 6 months, particularly as those defenses will impact what additional discovery may be necessary.

If you intend to file an Answer, we can probably stipulate to a short extension of time *to file an Answer only*.  However we cannot stipulate to an extension of time to file a motion to dismiss or otherwise respond to the Complaint.

Finally, can you please let us know whether you will be representing the foreign entity (GAC Technology Group) as well as the domestic entity (Global Aiptek)?

Thank you,

Zach



**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067

Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

---

**From:** Vikram Amritraj <vamritraj@cohenip.com>
**Sent:** Friday, January 24, 2025 4:39 AM

**To:** Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v. Global Aiptek, et al. | Case No. Case 8:23-cv-00222 | Epson's Motion to Compel

Zach, thanks for your patience as we work through the particulars on the document production and depositions. Also, apologies for the early email as I am traveling out of the country and am 13.5 hours ahead of LA time at the moment. We are, of course, open to discussing further; however, I have been authorized to tender the following offer with respect to the pending discovery:

**Document Production Re Epson's RFPs 1-2**

My client agrees to provide files resulting from the search terms previously agreed upon by the parties (in accordance with the Joint Rule 26(f) report) to be run on the accounts for (1) Sonia Marrero and (2) Ali Khozema. We suggest that the searches are completed without the use of a third party service, but that the individuals running the searches provide sworn declarations of compliance. If Epson is in agreement, Global Aiptek offers to provide the documents by February 28, 2025.

Should Epson insist on a third party service, Global Aiptek requests that Epson pay the costs thereof. In the event of the use of a third party service, we may require an additional period of time depending on how quickly we can onboard the service.

**Epson's Third Set of RFPs**

With respect to Epson's third set of document requests, I am scheduled to speak next with my client tomorrow and hope to have a proposal of the terms solidified by Monday, January 27.

**Depositions**

Based upon Epson's request to receive documents in advance of the depositions for Mr. Shue, Khozema and Steinberg after we agree upon the document production schedule. My client does not object to the depositions being set in March 2025; however, we would respectfully request Epson accommodate depositions by Zoom for the 3 deponents.

**Responsive Pleading**

As you know, our present deadline to file a responsive pleading is January 27, 2025. However, for reasons we previously discussed (our firm having recently been retained right before the holidays, and Mr. Cohen's impacted schedule due to the LA fires), it's been harder than anticipated to get up to speed on all the moving parts of the action, including working through these discovery issues. As Global Aiptek is cooperating in good faith to provide the discovery, <u>we request that in consideration thereof, Epson stipulate to a 2 week extension on the responsive pleading deadline until February 10, 2025.</u>

Thanks and I look forward to hearing from you. Please let me know if you'd like to discuss and I should be able to speak anytime after about 4pm LA time today (Friday, Jan. 24).

Best,

**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential and privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Wed, Jan 22, 2025 at 5:58 PM Vikram Amritraj <vamritraj@cohenip.com> wrote:

Zach, thanks for the follow up email. I'm in contact with my client and am working to nail down the specifics for the document production as outlined in your last email. As far as the depositions go, Mr. Cohen is currently available on February 11, 12, 25 and 26, and I am seeking confirmation from the deponents for their dates of availability. Tentatively, I would suggest the latter dates so can have the document production to you prior to the depositions.

I will be in touch within the next 48 hours or so regarding the production deadline and protocols for RFP 3.

Best,

**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Wed, Jan 22, 2025 at 3:39 PM Timm, Zach T. <Zach.Timm@klgates.com> wrote:

Hi Vikram,

Just following up to see if you had an update on the production date and search/production protocols. As we discussed, the production date should be sometime in February (approximately 30 days), and the search and production protocols used will need to result in files being produced in native format with an acceptable load file in .dat or .fp (if you have a different similar file type, please let us know and we can confirm that is acceptable), and shall be accompanied by .tif images with associated OCR .txt files as previously agreed upon by the Parties. I misspoke during our last phone call, the first instance of this agreement is actually found in the Joint Rule 26(f) Report, rather than the Protective Order, and was then again confirmed by the Parties in the email thread found in Exhibit H to our draft motion (both of which are attached here for your convenience).

Once the production deadline is determined, we can begin scheduling the depositions. As I noted, our preference is to conduct depositions in person, but we can discuss that further in relation to the actual scheduling.

And as for documents for RFP 3 (which was not included in our motion), please send a proposed list of search terms that we can review and revise as necessary. It is probably most efficient to have that list agreed to and in-hand when running searches across each of the custodians' accounts for RFP sets 1 and 2, so we'd like to get that buttoned up ASAP.

Thank you,

Zach



**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067

Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

**From:** Vikram Amritraj <vamritraj@cohenip.com>
**Sent:** Friday, January 17, 2025 2:06 PM
**To:** Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v. Global Aiptek, et al. | Case No. Case 8:23-cv-00222 | Epson's Motion to Compel

Zach, thanks again for your call today. I am confirming that we agreed Plaintiff would hold off on filing the discovery motion/stipulation for a period of 1 week (until January 27) to allow the parties to come to terms on deadlines and dates in February 2025 to produce documents and set depositions, which were the subject of the proposed motion. I will also circle back this week regarding a proposed search protocol regarding Plaintiff's third set of document requests. In the event we are able to agree on dates and deadlines within the next week, Plaintiff shall postpone filing the motion so as to permit the parties to proceed with the discovery as agreed upon.

Please let me know if any of the foregoing does not conform to your understanding of our agreement.

Best,

**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Wed, Jan 15, 2025 at 5:25 PM Timm, Zach T. <Zach.Timm@klgates.com> wrote:

> Hi Vikram,
>
> Nice speaking to you, as well.
>
> The list of search terms the Parties previously agreed to (as shown in Exhibit H to our Motion) is as follows:
>
>   1. CC200
>   2. BP5000
>   3. CC500
>   4. MP250
>   5. MP2000PRO
>   6. ANSI
>   7. ANSI lumen(s)
>   8. Lumen(s)
>   9. Laser source lumen(s)
>   10. Optical source lumen(s)
>   11. Illuminate(s)
>   12. Brightness
>   13. Bright
>   14. Luminous flux brightness
>   15. Dim
>   16. Not bright

17. Light output
18. Light source
19. Broken
20. Change
21. Amazon
22. AMZN
23. HP

    a. Because "HP" is purportedly included in the domain for each of the custodians email addresses, we subsequently agreed to refine this term to be searched with several connecting terms to try and narrow the results:

        i. HP /p light

        ii. HP /p source

        iii. HP /p agreement(s)

        iv. HP /p contract(s)

        v. HP /p sale(s)

        vi. HP /p revenue

        vii. HP /p complaint(s)

        viii. HP /p return(s)

24. Bhphoto
25. O'Rourke
26. Walmart
27. Test Report
28. GT Technology Chongqing Limited
29. Purchase
30. Bought
31. Complaint
32. Warranty
33. Epson
34. ASIN
35. "HP Marks" OR "HP Trademarks"
36. Quality Control
37. QC
38. "Best Buy"
39. "Bestbuy"
40. Bestbuy w/10 .ppt
41. Bestbuy AND propos!
42. Bestbuy AND pitch

43. Best Buy w/10 .ppt
44. Best Buy AND propos!
45. Best Buy AND pitch
46. Amazon w/10 .ppt
47. Amazon AND propos!
48. Amazon AND pitch
49. AMZN w/10 .ppt
50. AMZN AND propos!
51. AMZN AND pitch

I note that this list does *not* include terms designed to identify and collect documents responsive to the 3rd set of Requests for Production, which were served after this agreement was reached.  Pending what information you can find on the documents to be produced in response to that 3rd set of requests, I think it may make sense to also try and come up with a list of terms to be run to search for those documents, too.

I will circle back with you on the potential informal resolution when I can.

Thank you,

Zach



**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067

Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

**From:** Vikram Amritraj <vamritraj@cohenip.com>
**Sent:** Wednesday, January 15, 2025 3:49 PM
**To:** Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v. Global Aiptek, et al. | Case No. Case 8:23-cv-00222 | Epson's Motion to Compel

Zach, thanks for the call today. It was a pleasure speaking with you.

As discussed, when you have a moment, kindly send over the search terms to which Epson alleges the Parties agreed.

I will be standing by regarding your client's position on whether they are amenable to one more informal resolution regarding the outstanding discovery dispute. If so, I will coordinate with Mr. Cohen, our client and the custodians/deponents with respect to timelines/scheduling. If there is a willingness to resolve informally, but we need a little more time to nail down the logistics, please let me know if you're willing to push the filing of the stipulation until January 27.

I will also get answers for you regarding representation of the foreign entity and document production regarding Plaintiff's Third Set of RFPs.

Best,

**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Wed, Jan 15, 2025 at 9:18 AM Timm, Zach T. <Zach.Timm@klgates.com> wrote:

> Yes, calling into my office line works great for me.  I look forward to speaking with you then.



**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067

Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Wednesday, January 15, 2025 8:47 AM
**To:** Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Subject:** Re: Epson v. Global Aiptek, et al. | Case No. Case 8:23-cv-00222 | Epson's Motion to Compel

Sounds good that works for me. I can call into your office line if that's alright. Alternatively, you can feel free to call on my cell phone: ████ ███. Thanks.

Best,

Vikram

Sent from my iPhone

> On Jan 14, 2025, at 11:24 PM, Timm, Zach T. <Zach.Timm@klgates.com> wrote:
>
> Hi Vikram,
>
> Yes, I'm available to discuss tomorrow.  How about 2pm?
>
> Thank you,
>
> Zach
>
>> On Jan 14, 2025, at 4:28 PM, Vikram Amritraj <info@cohenip.com> wrote:
>>
>> Zach, thanks very much. Hope you and your family are keeping safe as well.
>>
>> I've had a chance to get somewhat up to speed on the discovery issues subject to Epson's motion; however, It would be helpful if we could discuss

prior to providing our client's position by this Friday as requested.

Do you have some time to discuss tomorrow? I will be available anytime after 12pm.

Best,

On Fri, Jan 10, 2025 at 10:09 AM Timm, Zach T. <Zach.Timm@klgates.com> wrote:

> Hi Vikram,
>
> Thank you for your email.  As you may know, we have been trying to get a response from your office about this motion for a few weeks, and have been attempting to obtain the documents and depositions at issue in the motion for quite some time (over a year and a half for some of the documents).  As such, our client is understandably very eager to get this motion before the Magistrate and finally obtain those documents and take those depositions.
>
> The above notwithstanding, we are of course sensitive to the impact the fires are having.  As such, we will grant you a one week extension to provide Global Aiptek's position to our motion. Please provide us with Global's position by next Friday, January 17, and we will plan on filing on Monday, January 20.
>
> Thank you, and stay safe.
>
> Zach



**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067

Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, January 09, 2025 2:48 PM
**To:** Timm, Zach T. <Zach.Timm@klgates.com>; Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Epson v. Global Aiptek, et al. | Case No. Case 8:23-cv-00222 | Epson's Motion to Compel

Good afternoon counsels,

My name is Vikram Amritraj and I am an attorney with Cohen IP Law Group assigned to this matter.

As you know, our firm was just recently retained by Global Aiptek and substituted in this action on December 17, 2024. Due to delays during the holiday season, and the unfortunate recent LA County fires which have personally impacted our lead counsel Michael Cohen, we are still getting up to speed on the complex history and discovery dispute.

As such, I am sending this email to request a 2-week extension with respect to Epson's proposed Motion to Compel. Thank you for your consideration.


Best,

Vikram Amritraj



This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is proh bited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com.


This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is proh bited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com.