**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com

**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Telephone: 617.261.3134
Facsimile: 616.261.3175
Morgan T. Nickerson (admitted *pro hac vice*)
morgan.nickerson@klgates.com
*Attorneys for Plaintiff*
*Epson America, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>    Plaintiff,<br><br>  v.<br><br>GLOBAL AIPTEK INC.; and GAC TECHNOLOGY GROUP,<br><br>    Defendants. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>**PLAINTIFF EPSON AMERICA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, AND/OR STRIKE PORTIONS THEREOF, AND/OR FOR MORE DEFINITE STATEMENT**<br>Date: February 27, 2025<br>Time: 10:00 a.m.<br>Courtroom: 10D<br>Judge: Hon. Fred W. Slaughter<br><br>Trial Date: January 27, 2026 |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS/STRIKE

# TABLE OF CONTENTS

I.   Introduction ......................................................................................... 1

II.  Factual Background ............................................................................. 4

III. Legal Standard .................................................................................... 5

IV.  Argument ............................................................................................ 6

    A.  Epson's SAC is Not Subject to the Heightened Pleading Standard of Rule 9(b) ........................................................................................ 6

    B.  Even if Rule 9(b) Applied, Epson's Allegations are Pled with the Requisite Specificity ......................................................................... 7

        1.  Global Waives Any Argument that Epson Has Not Properly Alleged the Who, What, When, Where, and How .......................... 8

        2.  The SAC Apprises Defendants of the Basis of Epson's Claims And Enables Defendants to Defend Against Epson's Claims ............................................................................................ 8

    C.  Epson's Lanham Act Cause of Action Satisfies the Required Elements ............................................................................................ 11

        1.  Defendants Made False Statements ................................................ 12

        2.  Epson Adequately Pleads that Defendant's Advertisements are Literally False and Misleading ............................................... 13

        3.  Epson Adequately Pleads that Defendants Mislead By Advertising that its Projectors are Manufactured by Hewlett-Packard Company ......................................................................... 15

    D.  Epson's UCL Claim Is Properly Pled ............................................. 16

        1.  The Unlawful Prong ...................................................................... 17

        2.  The Unfair Prong ........................................................................... 17

        3.  The Fraudulent Prong .................................................................... 19

    E.  Epson is Entitled to Exemplary and Punitive Damages ............................. 19

    F.  The SAC Does Not Contain Immaterial or Impertinent Allegations ....... 19

        1.  The Trademark Infringement Allegations ..................................... 20

        2.  The Misbranding Allegations ........................................................ 20

    G.  Defendant Fails to Support its Request for a More Definite Statement .......................................................................................... 20

V.   Conclusion ........................................................................................ 21

TABLES OF CONTENTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AirHawk Int'l, LLC v. TheRealCraigJ, LLC*,
    No. SACV1600624JVSKESX, 2017 WL 3891214 (C.D. Cal. Jan. 19,
    2017) ........................................................................................................... 7

*Alfasigma USA, Inc. v. First Databank, Inc.*,
    398 F. Supp. 3d 578 (N.D. Cal. 2019) ................................................... 14

*Am. Greetings Corp. v. Dan-Dee Imports, Inc.*,
    619 F. Supp. 1204 (D.N.J. 1985) ........................................................... 18

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................... 5

*Autodesk, Inc. v. Dassault Systemes Solid Works Corp.*,
    C08–04397 WHA, 2008 WL 6742224 (N.D. Cal. Dec.18, 2008) .......... 6

*Bautista v. L.A. Cnty.*,
    216 F.3d 837 (9th Cir. 2000) ................................................................. 20

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 54 (2007) ................................................................................... 5

*Beyond Blond Prods., LLC v. Heldman*,
    No. CV205581DSFGJSX, 2022 WL 2036306 (C.D. Cal. Mar. 3, 2022),
    *reconsideration denied*, No. CV205581DSFGJSX, 2022 WL 2037828
    (C.D. Cal. Apr. 4, 2022) .......................................................................... 6

*BHRS Grp., LLC v. Brio Water Tech., Inc.*,
    553 F. Supp. 3d 793 (C.D. Cal. 2021) ................................................... 13

*Bobbleheads.com, LLC v. Wright Bros., Inc.*,
    259 F. Supp. 3d 1087 (S.D. Cal. 2017) ................................................. 11

*Brickman v. Fitbit, Inc.*,
    No. 15-CV-02077-JD, 2016 WL 3844327 (N.D. Cal. July 15, 2016) 9, 10, 11

*Bushy v. Green*,
    No. CV220095FMOGJSX, 2022 WL 2442739 (C.D. Cal. Apr. 6, 2022) .... 16

*Castillo v. T-Mobile USA, Inc.*,
    No. 223CV10466JLSMRW, 2024 WL 589882 (C.D. Cal. Jan. 5, 2024) ..... 19

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ...................................................................... 17, 18

*Clark v. WorldMark, The Club*,
    No. 118CV01661LJOJLT, 2019 WL 3337892 (E.D. Cal. July 25, 2019) ... 20

*Clorox Co. v. Reckitt Benckiser Grp. PLC,*
   398 F. Supp. 3d 623 (N.D. Cal. 2019)......................................................13, 14

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,*
   911 F.2d 242 (9th Cir. 1990)..................................................................15

*Deonarine v. Lopez, et al.,* No. 2:22-CV-03353-JLS (ADS),
   2024 WL 2966155 (C.D. Cal. May 28, 2024)........................................19

*Doe v. United States,*
   419 F.3d 1058 (9th Cir. 2005)...............................................................5, 13

*Echo & Rig Sacramento, LLC v. AmGuard Ins. Co.,*
   No. 223CV00197DJCJDP, 2023 WL 6927314 (E.D. Cal. Oct. 18, 2023).....17

*Epson Am., Inc. v. AuKing,*
   No. 1:23-113670, 2023 WL 11700166 (D. Mass. Jan. 3, 2024)....................7

*Epson Am., Inc. v. Shenzhen Rongchuang Youpin Elec. Com. Co., Ltd.,*
   1:24-cv-10563 (D. Mass. June 28, 2024) ................................................7

*Epson Am., Inc. v. Sunvalleytek Int'l, Inc.,*
   No. 8:23-cv-00735, 2024 WL 2104600 (C.D. Cal. Apr. 22, 2024) ...............7

*Epson Am., Inc. v. USA111, Inc.,*
   259 F. Supp. 3d. 387 (D.S.C. 2017) .......................................................7

*Epson Am., Inc. v. Yowhick,*
   No. 1:23cv11395 (D. Mass. April 25, 2024)..........................................7

*Fin. Express LLC v. Nowcom Corp.,*
   No. SACV0701225CJCANX, 2008 WL 11342755 (C.D. Cal. Mar. 6,
   2008)..................................................................................................5

*Gillibeau v. City of Richmond,*
   417 F.2d 426 (9th Cir. 1969) ................................................................21

*Golden v. Sound Inpatient Physicians Med. Grp., Inc.,*
   93 F. Supp. 3d 1171 (E.D. Cal. 2015) ....................................................17

*In re Adobe Sys., Inc. Priv. Litig.,*
   66 F. Supp. 3d 1197 (N.D. Cal. 2014).....................................................17

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*
   599 F.Supp.2d 1179 (N.D. Cal. 2009).....................................................5

*Julian Bakery, Inc. v. Healthsource Int'l, Inc.,*
   No. 16CV2594-JAH (KSC), 2018 WL 1524499 (S.D. Cal. Mar. 28, 2018)..6

*K & N Eng'g, Inc. v. Spectre Performance,*
   No. EDCV 09-01900-VAP, 2011 WL 4387094 (C.D. Cal. Sept. 20, 2011) 14

*Kwikset Corp. v. Superior Court,*
   51 Cal. 4th 310 (2011) ........................................................................17

*Lee v. City of Los Angeles,*
    250 F.3d 668 (9th Cir. 2001) ..................................................................... 5

*Medrano v. Kern Cnty. Sheriff's Officer,*
    921 F. Supp. 2d 1009 (E.D. Cal. 2013) ....................................................... 21

*Newcal Indus., Inc. v. Ikon Off. Sol.,*
    513 F.3d 1038 (9th Cir. 2008) ............................................................... 9, 10

*Ollier v. Sweetwater Union High Sch. Dist.,*
    735 F.Supp.2d 1222 (S.D. Cal. 2010) .......................................................... 6

*Oracle Am., Inc. v. TERiX Computer Co.,*
    No. 5:13–CV–03385–PSG, 2014 WL 31344 (N.D. Cal. Jan.3, 2014) .......... 6

*People ex rel. Mosk v. Nat'l Research Co.,*
    201 Cal. App. 2d 765 (1962) ..................................................................... 17

*PhotoMedex, Inc. v. Irwin,*
    601 F.3d 919 (9th Cir. 2010) ............................................................... 15, 16

*POM Wonderful LLC v. Coca-Cola Co.,*
    573 U.S. 102 (2014) ................................................................................... 12

*Produce Pay, Inc. v. Izguerra Produce, Inc.,*
    39 F.4th 1158 (9th Cir. 2022) .................................................................... 16

*RA Med. Sys., Inc. v. PhotoMedex, Inc.,*
    373 F. App'x 784 (9th Cir. 2010) ................................................................. 8

*Semegen v. Weidner,*
    780 F.2d 727 (9th Cir. 1985) ....................................................................... 7

*Southland Sod Farms v. Stover Seed Co.,*
    108 F.3d 1134 (9th Cir. 1997) .................................................................... 13

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.,*
    992 F. Supp. 2d 962 (C.D. Cal. 2014) ....................................................... 18

*TransFresh Corp. v. Ganzerla & Assoc., Inc.,*
    862 F. Supp. 2d 1009 (N.D. Cal. 2012) ....................................................... 7

*U–Haul Int'l, Inc. v. Jartran, Inc.,*
    522 F. Supp. 1238 (D. Ariz. 1981), *aff'd,* 681 F.2d 1159 (9th Cir. 1982) ...... 15

*Upper Deck Co. v. Flores,*
    569 F. Supp. 3d 1050 (S.D. Cal. 2021) ................................................. 15, 20

*Whittlestone, Inc. v. Handi-Craft Co.,*
    618 F.3d 970 (9th Cir. 2010) ...................................................................... 19

*William H. Morris Co. v. Group W, Inc.,*
    66 F.3d 255 (9th Cir. 1995) ........................................................................ 14

TABLES OF CONTENTS AND AUTHORITIES

**Statutes**

15 USC § 1125(a)(1)(A) ...........................................................................18

Cal. Bus. & Prof. Code § 17200 et. seq ...........................................15, 17

Lanham Act...................................................................................passim

UCL   ……………………………………………………………15, 16

**Rules**

C. D. Cal. L. R. 7-3 ...............................................................................17

C.D. Cal. L. R. 7-4 ................................................................................17

C.D. Cal. L. R. 11-6.1............................................................................20

Fed. R. Civ. P 9(b) .........................................................................4, 5, 7

Fed. R. Civ. P. 12(b)(6) ..........................................................................4

Fed. R. Civ. P. 12(e) .............................................................................19

Fed. R. Civ. P. 12(f)................................................................................4

TABLES OF CONTENTS AND AUTHORITIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendant's MTD[1] is a complete copy-and-paste from its motion to dismiss Epson's First Amended Complaint.  The only difference between the two is that "FAC" has been replaced by "2AC" through a find and replace process without adjusting any actual substance of the motion.  This has created numerous problems with the MTD, all of which demonstrate that the MTD quite obviously is not directed at the SAC.

First, where the MTD references or cites specific paragraphs within the SAC, those citations do not cite to the correct paragraphs, rendering the MTD confusing and difficult to comprehend.  For example, the MTD cites an allegation that Defendants' conduct is "hindering the sales and market share of Epson's projectors and damaging Epson's goodwill."  (MTD at 13:19-21.)  The MTD cites to Paragraph 42—the paragraph number that allegation appeared in the FAC—but the allegation actually appears in Paragraph 52.  (SAC, ¶52.)  These same miscites persist throughout the MTD, which requires constantly cross-referencing the FAC to actually understand what Global is objecting to.

Second, many of the quoted allegations the MTD cites are either changed in the SAC, or have been removed altogether.  For example, the MTD purports to quote Paragraph 27 in multiple locations (*see, e.g.,* MTD at 2:24-28, 8:2-5, 9:18-21), but those "quotes" do not exist in the SAC (and certainly not at Paragraph 27).

Third, in an even more blatant disregard for the *actual operative complaint*, the MTD seeks to strike portions of the SAC that were expressly *removed* from the FAC.  Specifically, Section V.A. seeks to strike allegations that included the term "trademark infringement."  (*See* MTD at 15:19-17:3.)  While Epson maintains such allegations

---

[1] Global Aiptek Inc. ("Global" or "Defendant"; GAC Technology Group ("GAC") (with Global, "Defendants"); Epson America, Inc. ("Epson"); Second Amended Complaint ("SAC"); Defendant's Motion to Dismiss (the "MTD").

1

MEMORANDUM OF POINTS AND AUTHORITIES

were appropriate given the claim for customer confusion arises under the Lanham Trademark Act, Epson *removed those statements from the SAC*, and in fact that was one of the express reasons Epson filed its Motion for Leave to file the SAC.  (Dkt. 52 at 1, n.1.)  The nearly page and a half argument seeks to strike allegations that do not exist, rendering it moot and nonsensical.

Fourth, the MTD argues the SAC is false because it conflates Global and GAC. (*See, e.g.,* MTD at 15-16.)  This, too, was something expressly addressed by the SAC, which adds GAC as a separate defendant and alleges it and Global are alter egos of one another.  (SAC at ¶6.)

Finally, the find-and-replace method Global used to draft the MTD created peculiar "words" throughout the MTD.  For example, rather than discussing "facts", the MTD discusses "2Acts", and rather than a "manufacturer", GAC is a "manu2ACturer."  While this error may not be as problematic as moving to strike nonexistent allegations, it highlights the care (or lack thereof) Global undertook in reviewing the SAC to prepare the MTD, and creates a fundamental question of whether Global has even *read* the SAC.

Because the MTD is very obviously directed at a pleading that is no longer operative (the FAC), it is moot and should be denied in its entirety.

The MTD also fails on its merits.  Defendant's MTD concerns a competitor entity's futile effort to dodge well-pled claims arising from Defendant's deliberate and misleading representations concerning the brightness capabilities of its projectors, and Defendant's role in manufacturing the projectors.  The Court should deny Defendant's MTD as Epson's SAC is more than sufficient to meet the requisite pleading standards for its respective causes of action and certainly apprises Defendant of Epson's claims.[2]

---

[2] Of note, the SAC alleges *the same claims* as the initial Complaint, but merely adds factual allegations based upon information Epson learned during the discovery process. Defendant chose only to Answer the initial Complaint (Dkt. 15), but brings this MTD without explanation as to change in circumstances.  Indeed, as discussed herein, discovery conducted in this case to-date further *supports* Epson's claims, and so it is

MEMORANDUM OF POINTS AND AUTHORITIES

Defendant's MTD boils down to several flawed arguments: (1) the SAC is subject to the heightened pleading standard of Rule 9(b); (2) Epson's allegations are insufficiently pled to support its respective counts; (3) Epson's allegations concerning the misuse of the Hewlett-Packard Company's ("HP") trademark, the use of HP in its advertisements, and use of the term "trademark infringement" are immaterial and should be stricken; (4) punitive and exemplary damages are barred; and (5) the SAC is so lacking in detail that Defendant is incapable of ascertaining the nature of Epson's claims. Defendant's MTD lacks merit, mischaracterizes and misapplies the law, and inappropriately attempts to twist the SAC into its favor.  The MTD fails for a number of reasons.

*First*, despite Defendant's suggestion to the contrary, the Ninth Circuit has *not* established that Rule 9(b) applies to false advertising or Lanham Act claims, and courts within the Circuit have declined to apply 9(b)'s heightened pleading standard to similar claims.

*Second,* notwithstanding the fact that Epson's claims are not subject to Rule 9(b), the allegations are pled with such specificity that they do satisfy Rule 9(b).

*Third,* Epson alleges with great detail why Defendant's use of HP in its advertisements is false, misleading, and causes damage to consumers and Epson.

*Fourth*, Defendant failed to meet and confer with respect to its motion to strike punitive damages with respect to its *first* motion, and did not adequately meet and confer with respect to this current MTD at all.

*Fifth*, all allegations are material and pertinent.  Moreover, the MTD seeks to strike allegations *that do not exist in the SAC*.

*Lastly*, Defendant's demand for a more definite statement lacks specific points and fails to comply with the substantive requirements of Rule 12(e).

---

puzzling that Defendant has chosen now to raise arguments it could have raised in response to the initial Complaint.

MEMORANDUM OF POINTS AND AUTHORITIES

For these reasons, and as further detailed below, Defendant's arguments fail as a matter of law and the Court should deny Defendant's MTD in its entirety.

## II.    FACTUAL BACKGROUND

Epson is a leading manufacturer in a variety of categories—including digital projectors.  (Dkt. 61, SAC ¶5.)  Consumers use digital projectors in the same way as television or computer screens; they receive video signals from external devices, such as computers, and "project" those signals onto a screen.  (*Id*. ¶9.)  The quality and price of a projector is largely determined by its resolution and light output.  (*Id*. ¶11.)  Projector light output is measured and described in lumens; the higher the lumen rating, the brighter the projector, and the more it will likely cost.  (*Id*. ¶13.)  The lumen rating for a projector is one of the most important and immediately recognizable projector features for consumers and necessarily impacts consumers' choice.  (*Id*. ¶14.)

Defendants are competitors and sell projectors to consumers throughout the U.S. via commerce websites.  (*Id*. ¶18.)  Throughout each of their product advertisement pages online, Defendants emphasizes the brightness performance of their projectors in both the product's title and throughout its description of the product's performance.  (*Id*. ¶31.)  It is unclear what Defendants' use of "led lumens" and/or "laser lumens" means, as these terms are not defined in its advertisements. Assuming that these terms refer to the internal light source brightness of a projector, they are misleading as there is no accurate or standardized means of measuring the internal light source of a projector. (*Id*. ¶32.)

Unlike a projector's output brightness, the internal brightness of a projector is irrelevant to the experience of consumers using the product and is solely used by Defendants to mislead and confuse.  (*Id*. ¶¶34-35.)  Epson alleges that Defendants makes these deceptive claims in order to gain initial traction in the U.S. projector marketplace and hinder Epson's sales.  (*Id*. ¶¶36-37, 47-50.)  Epson tested the brightness of several of Defendants' projectors and discovered that the advertised brightness was incorrect and significantly overinflated. (*Id*. ¶¶38-39.)  Defendants also

4

1  advertise their projectors are manufactured by HP in order to improperly benefit from
2  the HP brand name, deceive customers/retailers, and negatively affect Epson's market
3  share/revenues. (*Id.* ¶40-50, 68.) Defendants admits that they (and specifically GAC)
4  "manu2ACture" the projectors—not HP. (MTD, 10:27-28.)

5  **III.    LEGAL STANDARD**

6          Under Rule 12(b)(6), dismissal is appropriate only when a party "fail[s] to state
7  a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S.
8  544, 555-56 (2007); *Davis v. Chase Bank U.S.A.*, N.A., 650 F. Supp. 2d 1073, 1079
9  (C.D. Cal. 2009). To state a claim, a complaint must contain "only enough facts to
10  state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In
11  other words, the complaint must only "contain sufficient factual allegations 'to raise a
12  right to relief above the speculative level.'" *In re TFT-LCD (Flat Panel) Antitrust*
13  *Litig.*, 599 F.Supp.2d 1179, 1184 (N.D. Cal. 2009) (quoting *Twombly*, 550 U.S. at
14  555.) In determining whether a party has stated a claim, the court must accept all well-
15  pleaded allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court
16  also must accept all material allegations in the complaint—as well as any reasonable
17  inferences to be drawn from them—as true and construe them in the light most
18  favorable to the non-moving party. *See Doe v. United States*, 419 F.3d 1058, 1062
19  (9th Cir. 2005). Courts generally may not consider materials outside the pleadings
20  when assessing a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688
21  (9th Cir. 2001).

22          A Rule 12(e) motion is only proper where the complaint is so indefinite that the
23  defendant cannot ascertain the nature of the claim being asserted. *See Fin. Express*
24  *LLC v. Nowcom Corp.*, No. SACV0701225CJCANX, 2008 WL 11342755, at *4 (C.D.
25  Cal. Mar. 6, 2008).

26          Rule 12(f) provides that courts "may strike from any pleading an insufficient
27  defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.
28  P. 12(f). Motions to strike are generally disfavored, often used as delaying tactics, and

5

1  courts ordinarily grant motions to strike only when the matter to be stricken clearly has

2  no possible bearing on the litigation and there is prejudice.  *See Ollier v. Sweetwater*

3  *Union High Sch. Dist.,* 735 F.Supp.2d 1222, 1223–24 (S.D. Cal. 2010).  Courts should

4  view the pleading sought to be struck in the light most favorable to the nonmoving party.

5  *Id*.

6  **IV.    ARGUMENT**

7       **A.    Epson's SAC is Not Subject to the Heightened Pleading Standard of**

8            **Rule 9(b)**

9        The MTD incorrectly argues that Epson's SAC is subject to the heightened

10  pleading standard of Rule 9(b).  Global's argument appears premised on the false

11  suggestion that Rule 9(b) is *per se* applicable to false advertising claims under the

12  Lanham Act.  (MTD at 3-6.)   Despite Global's suggestion, multiple courts—including

13  the very case Global relies on—have expressly acknowledged that "the Ninth Circuit

14  has not held that Rule 9(b) applies to false advertising claims under the Lanham Act."

15  *Beyond Blond Prods., LLC v. Heldman*, No. CV205581DSFGJSX, 2022 WL 2036306,

16  at *3 (C.D. Cal. Mar. 3, 2022), *reconsideration denied*, No. CV205581DSFGJSX,

17  2022 WL 2037828 (C.D. Cal. Apr. 4, 2022); *See also Julian Bakery, Inc. v.*

18  *Healthsource Int'l, Inc.*, No. 16CV2594-JAH (KSC), 2018 WL 1524499, at *4 (S.D.

19  Cal. Mar. 28, 2018) (same).

20       In fact, courts within the Ninth Circuit have declined to apply Rule 9(b) to false

21  advertising claims under the Lanham Act similar to those alleged by Epson in the

22  SAC.  *See, e.g, Oracle Am., Inc. v. TERiX Computer Co.,* No. 5:13–CV–03385–PSG,

23  2014 WL 31344, at *10 (N.D. Cal. Jan.3, 2014) (declining to apply Rule 9(b) to a false

24  advertising claim under the Lanham Act because "the Ninth Circuit itself has never

25  held as such"); *Autodesk, Inc. v. Dassault Systemes Solid Works Corp.,* C08–04397

26  WHA, 2008 WL 6742224, at *4 (N.D. Cal. Dec.18, 2008) (same).

27       Despite Global's suggestion, there is clearly no *per se* or overarching rule set

28  forth by the Ninth Circuit that Rule 9(b) applies to all Lanham Act false advertising

6

**MEMORANDUM OF POINTS AND AUTHORITIES**

claims.  As such, this Court need not apply Rule 9(b)'s heightened pleading standard to the SAC.  Global has made no argument that Epson failed to satisfy the pleading standard under Rule 8 and has therefore waived such argument.  Accordingly, the MTD should be denied.

**B.**     **Even if Rule 9(b) Applied, Epson's Allegations are Pled with the Requisite Specificity**

Although it does not apply, Epson's SAC is pled with sufficient specificity to satisfy Rule 9(b).[3]  A plaintiff must include "the who, what, when, where, and how" of the fraud in order to satisfy Rule 9(b).  *TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009, 1017 (N.D. Cal. 2012) (citations omitted).  A claim for fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations.  *AirHawk Int'l, LLC v. TheRealCraigJ, LLC*, No. SACV1600624JVSKESX, 2017 WL 3891214, at *2 (C.D. Cal. Jan. 19, 2017)

---

[3]   Other district courts have applied more strenuous pleading requirements to nearly identical claims brought by Epson and held that Epson's claims were sufficient and likely to succeed on the merits.  *See Epson Am., Inc. v. USA111, Inc.*, 259 F. Supp. 3d 387, 391 (D.S.C. 2017) (granting Epson's request for preliminary injunction against projector competitor that falsely advertised/overinflated the light output of its projectors).  Moreover, courts have held these claims to state a basis for relief under similar standards whereby the court is required to assume the factual allegations as true.  *See Epson Am., Inc. v. Sunvalleytek Int'l, Inc.*, No. 8:23-cv-00735, 2024 WL 2104600 at *4 (C.D. Cal. Apr. 22, 2024) ("Taken as true at the stage of an application for default judgment, Epson's allegations sufficiently state a claim for false advertising under the Lanham Act … Epson establishes that Sunvalleytek's advertisements are literally false when advertising projectors with inflated and incorrect light outputs."); *Epson Am., Inc. v. AuKing*, No. 1:23-113670, 2023 WL 11700166 (D. Mass. Jan. 3, 2024) (granting default judgment ); *Epson Am., Inc. v. Shenzhen Rongchuang Youpin Elec. Com. Co., Ltd.*, 1:24-cv-10563 (D. Mass. June 28, 2024) (granting default judgment and injunction preventing falsely advertising the light output of defendant's projectors after allegations of the complaint were taken as true); *Epson Am., Inc. v. Yowhick*, No. 1:23cv11395 (D. Mass. April 25, 2024) (same);

7

MEMORANDUM OF POINTS AND AUTHORITIES

(denying defendant's motion to dismiss plaintiff's Lanham Act claim based upon Rule 9(b)).

Here, Epson's SAC adequately alleges the who, what, when, where, and how aspects of Defendants' misconduct, puts Defendants on notice as to the circumstances constituting Epson's claims, and provides Defendants with more than enough information to prepare an adequate answer.

### 1.    Global Waives Any Argument that Epson Has Not Properly Alleged the Who, What, When, Where, and How

As a threshold matter, Global has waived any argument that Epson has failed to properly allege the who, what, when, where, and how of Epson's claims. The MTD makes a passing statement that Epson has not alleged "why" the advertising is false, but then follows it up by acknowledging that Epson does, in fact, make such allegations. (*See* MTD at 7:17-10:10.) Aside from that, the MTD is noticeably devoid of any such argument. Thus, Global has waived any argument to the contrary, is not permitted to raise it for the first time in its reply, and has conceded the SAC satisfies these factors. *See RA Med. Sys., Inc. v. PhotoMedex, Inc.*, 373 F. App'x 784 (9th Cir. 2010) (competitor company waived argument that rule requiring fraud be pled with particularity applied to the Lanham Act and state law claims for unfair competition/false advertising because it failed to raise the argument); *United States v. Anderson,* 472 F.3d 662, 668 (9th Cir. 2006) (recognizing the general principle that arguments raised for the first time in a reply brief are waived).

### 2.    The SAC Apprises Defendants of the Basis of Epson's Claims And Enables Defendants to Defend Against Epson's Claims

Epson's allegations clearly detail the misconduct and circumstances underlying its claims. The SAC goes to great lengths to intentionally include a "Facts Giving Rise to this Action" section, screenshots of advertisements that exemplify Defendant's misrepresentations, and detailed allegations that quantifiably outline actionable concerns with Defendants' advertisements. (SAC ¶¶8-53.) Accordingly, Defendants

8

MEMORANDUM OF POINTS AND AUTHORITIES

1    were adequately notified of Epson's claims and are certainly informed enough to file a

2    defense.

3          In *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1052 (9th Cir. 2008), the

4    court reversed the district court's ruling and held the complaint properly set forth

5    allegations sufficient to sustain false advertising claims under the Lanham Act under

6    Rule 9(b).  The plaintiff brought an action against the defendant competitors alleging

7    they made false and misleading statements in order to obtain customers' business.  *Id.*

8    at 1038.  Notably, the plaintiff alleged that defendant made the following statements:

9    "that IKON [ ] would deliver 95% up-time service in their IKON Contracts" and "that

10   original IKON Contracts were intended by IKON to be for a fixed term of sixty (60)

11   months and would expire at the end of that term." *Id* at 1052–53.  In assessing whether

12   the alleged statements were adequately pled, the court noted that "a statement that is

13   quantifiable, that makes a claim as to the 'specific or absolute characteristics of a

14   product,' may be an actionable statement of fact."  *Id.* at 1053.  Applying this

15   reasoning, the court determined that the allegations were quantifiable and factual

16   questions and because its "review [was] limited to facts alleged in the complaint" and

17   "[t]he complaint alleges that this statement was false when made," the complaint was

18   sufficiently pled and thus "survive[d] 12(b)(6) scrutiny." *Id.* at 1053.

19         In *Brickman v. Fitbit, Inc.*, No. 15-CV-02077-JD, 2016 WL 3844327 (N.D. Cal.

20   July 15, 2016), the plaintiffs alleged that defendant knowingly misled consumers

21   through material misrepresentations about the devices' ability to track hours slept,

22   times woken up, and sleep quality via statements and graphics on product packaging

23   and elsewhere.  While the defendant disputed these allegations, the court noted that the

24   "parties clearly have sharply divergent views about sleep monitoring technology and

25   what works and what does not, but those issues of fact are far beyond the scope of this

26   motion to dismiss." *Id*. In denying the defendant's motion to dismiss and finding the

27   complaint sufficiently pled under Rule 9(b), the court stated that "[t]he challenged

28   statements are specific representations" by Fitbit and "are not the kind of vague and

empty taglines . . . that courts have treated as non-actionable." *Id*. The disputed statements were "the type of particularized statements that can be sued on because they make measurable claims about a product's characteristics and functionality." *Id*.

Similar to *Newcal Indus.* and *Brickman*, Epson's SAC apprises Defendants of its claims by detailing numerous and quantifiable statements as it relates to advertised light input/output of the projectors, specific as to disputed characteristics of Defendants' projectors, and measurable as to the disputed products' functionality and testing performed by Epson.  For example, Epson alleges:

- Defendants falsely advertises the brightness value of "4500 Lumen for its HP BP5000 projector" on www.bhphotovideo.com but advertises the same projector differently on its website "with a brightness of 6000 Laser Lumens or 2500 ANSI."  (SAC ¶¶20-21, 28-39.)

- Defendant falsely advertises the brightness value of "200 Lumen for its HP CC200 projector" on www.bhphotovideo.com but advertises the same projector differently on its website "with a brightness of 200 LED Lumens." (*Id*. at ¶¶22-23, 28-39.)

- Defendant falsely advertises "the brightness value of its 'HP MP250' projector as '250-Lumen" on www.bhphotovideo.com but advertises the same projector differently on its website "with a brightness of '250 LED Lumens." (*Id*. at ¶¶24-25, 28-39.)

These examples establish that there are numerous quantifiable statements that are actionable and meet even the Rule 9(b) pleading standard. Further evidence of this is that Defendant filed an Answer to the initial Complaint that alleged *the same claims* and proceeded to litigate this case for over a year without ever asserting it was unable to understand Epson's claims.  (*See, e.g.* Dkt. 15.)  The SAC (like the FAC) merely adds newly discovered facts, which occurred after the initial complaint was filed. Nothing about the SAC makes Defendant less able to defend against Epson's claims than it has been for nearly two years since Defendant answered the initial Complaint.

10

MEMORANDUM OF POINTS AND AUTHORITIES

Additionally, Defendant disputes Epson's testing and light output allegations, arguing that its projectors should be evaluated according to certain standards. (MTD at 9:2-10:10.) These arguments lack merit and are improper at this stage of litigation. As stated in *Brickman*, the fact that the "parties clearly have sharply divergent views about" projector technology "and what works and what does not," those are "issues of fact" which "are far beyond the scope of this motion to dismiss." *See Brickman*, 2016 WL 3844327 at *3. Because the Court is "limited to facts alleged in the complaint" and since "[t]he complaint alleges that [Defendant's] statement was false when made," the SAC must be taken as true and deemed sufficiently pled. *See Newcal Indus., Inc.*, 513 F.3d at 1053; *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ("[A]ll material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.") Accordingly, Defendant's MTD fails.

### C.    Epson's Lanham Act Cause of Action Satisfies the Required Elements

"Under the Lanham Act, a prima facie case requires a showing that (1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product." *Bobbleheads.com, LLC v. Wright Bros., Inc.,* 259 F. Supp. 3d 1087, 1096–97 (S.D. Cal. 2017) (quoting *Newcal Indus., Inc.*, 513 F.3d at 1052). The SAC alleges facts to support each element.[4]

---

[4] Defendant makes a passing argument that Epson lacks standing to bring a false advertising claim. This argument is quickly cast aside by the Supreme Court's *POM*

MEMORANDUM OF POINTS AND AUTHORITIES

The MTD does not argue Epson has failed to plead all of the elements of a Lanham Act claim.  Instead, Defendant only disputes that Epson has failed to allege certain aspects of the aforementioned elements.  (MTD 6:17-12:13.)  Epson addresses these limited aspects only, as Defendant waives any disputes with the other elements by not raising such arguments in the MTD.  *See, e.g., Anderson,* 472 F.3d at 668.

### 1.    Defendants Made False Statements

Epson's SAC clearly alleges that Defendants are alter egos of one another and that the entities have made, and continue to make, false statements about their products.  This includes, but is not limited to, the following:

- The SAC defines "Global Aiptek Inc. and GAC Technology Group" collectively as "GAC" and "Defendant."  (SAC at 1:2-3.)
- Epson alleges that Defendants "***sells its projectors***" on various websites. (*Id*. ¶¶6, 18-27) (emphasis added).  And that Defendants "creates the various pages found on the retail websites.  It is GAC and not the retailer that inputs the product specification into these pages.  It is GAC, not the retailer, that is placing he false product specifications into the stream of commerce." (*Id*. ¶29.)

Defendant contends that the first element is not satisfied because GAC Technology Group and Global Aiptek Inc. are purportedly distinct entities and GAC Technology made the disputed statements.   (MTD at 6-7.)  However, Defendant's assertion ignores that the SAC *specifically alleges* that Defendants made the false statements.  (SAC ¶¶29-31.)  Defendant further impermissibly ignores that Global and GAC have each been named as defendants in the SAC, are alter egos of one another, are defined jointly in the SAC, and are alleged to be responsible for the actions of each

---

*Wonderful LLC* decision making clear that Epson, as a competitor, maintains standing to challenge Defendant's falsely advertising its projectors as being manufactured by HP.  *See POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 106 (2014) ("[Section] 43 of the Lanham Act ... allows one competitor to sue another if it alleges unfair competition arising from false or misleading product descriptions.") (citation omitted).

MEMORANDUM OF POINTS AND AUTHORITIES

other.  *See Doe*, 419 F.3d at 1062.  Interestingly, Defendant relies on *BHRS Grp., LLC* to contest Epson's satisfaction of this element.  In discussing a prior order, the court held that the plaintiff BHRS did not satisfy the first element because it "***did not allege that [defendant] Brio itself made the statements at issue*** . . . ."  *BHRS Grp., LLC v. Brio Water Tech., Inc.*, 553 F. Supp. 3d 793, 799 (C.D. Cal. 2021) (emphasis added).  In our present case, however, Epson undisputably alleges that Defendants—Global and GAC—are alter egos of one another, acted in concert, and made false statements.  Thus, Epson satisfies the first element.

### 2. Epson Adequately Pleads that Defendant's Advertisements are Literally False and Misleading

Defendant misconstrues the pleading standard for satisfying these elements, instead demanding the Court apply the evidentiary standard that is reserved for summary judgment.

 "To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).  Courts have required plaintiffs to present "proof that the advertising actually conveyed the implied message and thereby deceived a significant portion of the recipients ***at the summary judgment stage or at trial***." *Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 635–36 (N.D. Cal. 2019) (emphasis added) (quoting *William H. Morris Co. v. Grp. W. Inc.*, 66 F.3d 255, 258 (9th Cir. 1995)).  "However, that evidentiary showing ***is not required to survive a motion to dismiss***.  Actual deception is a question of fact, and at the pleading stage the plaintiff need only allege specific misleading statements and explain why they are misleading . . ." *Id.* (emphasis added).

Epson has alleged, with specificity, that Defendant's advertisements are literally false.  Epson alleges that it has tested Defendant's projectors, and each projector

emitted significantly different and lower brightness values as compared to the false values Defendants advertise.  (SAC ¶¶28-39.)   By performing its own tests and alleging same, Epson has established that Defendant's advertisements and tests (if any exist) are contradicted or unsupported by Epson's scientific testing.  *See Alfasigma USA, Inc. v. First Databank, Inc.*, 398 F. Supp. 3d 578, 591 (N.D. Cal. 2019) (sufficiently alleged that defendant "made false or misleading statements by suggesting that the Products were available over-the-counter and that the source of its information was the FDA, neither of which" plaintiff alleged are true);  *K & N Eng'g, Inc. v. Spectre Performance*, No. EDCV 09-01900-VAP, 2011 WL 4387094, at *9 (C.D. Cal. Sept. 20, 2011) (showing that defendant's tests are contradicted or unsupported by other scientific tests).   Notably, Defendant does not, and cannot, contest the validity of Epson's testing.  These allegations alone satisfy the falsity element.

Additionally, Epson alleges that the marketplace is confused by Defendant's advertisement of various light source and light output brightness levels—including LED lumens and laser lumens.  (SAC ¶¶8-53.)  Indeed, the SAC goes to great lengths to explain why Defendant's statements are misleading.  (*Id*.)  For example, Epson alleges that Defendants purposefully emphasize the light source brightness of their projectors, instead of the output brightness, because it allows Defendants to deceive and overinflate the perceived functionality of their projectors to consumers and retailers.  (*Id*. ¶¶31-37.)  Defendant's MTD demands that Epson produce evidence in support of its deceptive allegations.  (MTD at 9:21-22.)  This is contrary to the law and beyond what is required at this stage of litigation, must be reserved for summary judgment proceedings or trial, and does not impact Epson's successful pleading of falsity.[5]  *Clorox Co.*, 398 F. Supp. 3d at 635–36; *see also William H. Morris Co. v. Group W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995).

---

[5] Defendant's entire argument is puzzling as Epson has produced the testing reports mentioned in the SAC—which support Epson's claims—during discovery.

14

MEMORANDUM OF POINTS AND AUTHORITIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.    Epson Adequately Pleads that Defendants Mislead By Advertising that its Projectors are Manufactured by Hewlett-Packard Company**

"[A] false advertising cause of action under the Act is not limited to literal falsehoods; it extends to false representations made by implication or innuendo." *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 932 (9th Cir. 2010) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990)).   For example, "[a] statement actionable under the Lanham Act may be an affirmatively misleading statement, a partially incorrect statement, or a statement which is untrue as a result of a failure to disclose a material fact."  *Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1064 (S.D. Cal. 2021).  Indeed, "[c]ourts have also recognized that a statement can be literally true, but nevertheless misleading in the way it is presented." *U–Haul Int'l, Inc. v. Jartran, Inc.*, 522 F. Supp. 1238, 1247 (D. Ariz. 1981), *aff'd,* 681 F.2d 1159 (9th Cir. 1982).  Therefore, Epson has actionable grounds under the Lanham Act related to literally false statements, false representations made by implication, and misleading statements concerning Defendant's use of the HP brand in its advertisements.

In support of its claim, Epson alleges that Defendants' online advertisements falsely provide that its projectors are manufactured by HP.  (SAC ¶¶40-53.)  The purpose of this ruse is to unjustly capitalize on HP's brand recognition with retailers (to convince them to carry the projectors) and consumers (to convince them to purchase the projectors).  (*Id.*)  Defendant's deceptions also attempt to accomplish its aim to erode Epson's market share and reduce Epson's revenues.  (*Id.*, ¶¶40-53, 59, 68.)   In response, Defendant admits that GAC, rather than HP, manufactures the projectors (while also claiming that Epson's allegation that Defendants manufacture the projectors is "verifiably untrue", once again calling in to question whether Defendant has read the SAC).  (MTD at 10:24-11:28.)  Thus, by Defendant's own admission, its advertisements are literally false. *Upper Deck*, 569 F. Supp. 3d at 1065

15

MEMORANDUM OF POINTS AND AUTHORITIES

("[W]here a statement is literally false or the defendant intentionally set out to deceive, . . . actual deception is presumed.")

Defendant's attempt to focus on its disputed status as a licensee is also unconvincing for a number of reasons. First, as alleged in the SAC, Defendant has made contradictory statements as to its licensee status with HP. (SAC ¶42.) Thus, there is a factual dispute that should be viewed in favor of Epson and not decided at this stage of litigation. Second, regardless of its claimed veracity, it is improper for Defendant to provide and rely upon Ex. A to its Request for Judicial Notice during the motion to dismiss stage. *See Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1166 (9th Cir. 2022) (holding it improper to accept incorporated documents' contents as truthful to resolve factual disputes against well-pled complaint allegations); *Bushy v. Green*, No. CV220095FMOGJSX, 2022 WL 2442739, at *2 (C.D. Cal. Apr. 6, 2022) (appended documents addressing a factual issue "at the heart of the dispute" should be considered at summary judgment, not on a motion to dismiss). Third, the Ninth Circuit has held that misrepresentations regarding the extent of a party's contribution to a product is actionable under the Lanham Act. *PhotoMedex*, 601 F.3d at 932 (holding the defendants' commercial depiction of Irwin as the "inventor" of XTRAC was actionable to the extent it misled consumers into believing that Irwin was the sole inventor or made more than his actual share of inventive contributions; Irwin was only named as an inventor in patents for XTRAC's cooling apparatus and others designed the bulk of XTRAC). Even if Defendants are authorized licensees, their advertisements intentionally understate Defendants' involvement and overstates HP's contribution by inaccurately providing that HP **manufactures** the projectors. At minimum, this also constitutes a false representation by implication and a misleading statement. Taken as true, this clearly states a claim upon which relief can be granted.

### D.    Epson's UCL Claim Is Properly Pled

The UCL imposes "broad" and "sweeping" prohibitions against unfair, unlawful, or fraudulent business acts or practices. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel.*

16

*Co.*, 20 Cal. 4th 163, 180 (1999); *see* Cal. Bus. & Prof. Code § 17200 et. seq.    In enacting the statute, the legislature sought "to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011).  Epson's UCL count sufficiently avails itself to the broad protections and standing afforded by the legislature and the courts.  Simply put, Defendant's UCL arguments are patently flawed, do little to defeat Epson's second cause action under the UCL, and should be denied.

### 1.    The Unlawful Prong

Defendant's sole basis for dismissal is its belief that because Epson's Lanham Act claim fails, then Epson cannot sustain its UCL claim under this prong.  However, for the reasons discussed herein, Epson's Lanham Act count is sufficiently pled and capable of supporting a claim for unlawful conduct.  *See In re Adobe Sys., Inc. Priv. Litig.,* 66 F. Supp. 3d 1197, 1225 (N.D. Cal. 2014)*; Golden v. Sound Inpatient Physicians Med. Grp., Inc.*, 93 F. Supp. 3d 1171, 1180 (E.D. Cal. 2015).  Accordingly, Defendant's argument is moot.

### 2.    The Unfair Prong

The UCL authorizes courts to use their equitable power to combat the varied forms of unfair practice that "may run the gamut of human ingenuity and chicanery." *People ex rel. Mosk v. Nat'l Research Co.*, 201 Cal. App. 2d 765, 772 (1962).  The "unfair" prong creates a cause of action for a business practice that is unfair even if not proscribed by some other law.  *In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d at 1226. The California Supreme Court utilizes the "tethering" test to determine whether conduct alleged by a competitor is unfair.  *Echo & Rig Sacramento, LLC v. AmGuard Ins. Co.*, No. 223CV00197DJCJDP, 2023 WL 6927314, at *2 (E.D. Cal. Oct. 18, 2023).  To satisfy the test, a plaintiff does "not need to plead any direct violations of a statute to bring a claim under the UCL's unfair prong." *In re Adobe Sys., Inc. Priv. Litig.* 66 F. Supp. 3d at 1227.  Instead, a plaintiff needs merely to show that the effects of alleged conduct "are comparable to or the same as a violation of the law, or otherwise

17

MEMORANDUM OF POINTS AND AUTHORITIES

1    significantly threaten[ ] or harm[ ] competition." *Id.* (quoting *Cel–Tech*, 20 Cal. 4th at

2    187).

3            Contrary to Defendant's argument, Epson does not need to specifically allege

4    that Defendant's misconduct violates antitrust law.  *Id.*, at 1227.  Rather, courts in the

5    Ninth Circuit have routinely held that a party can maintain a claim under the unfair

6    prong when allegations of misconduct violate any laws, the spirit of the laws, or the

7    misconduct results in comparable effects to such violations, or otherwise significantly

8    threatens to harm competition.  *See*, *e.g., id.* (finding the plaintiffs adequately pled facts

9    to bring a claim under the tethering test of the UCL's unfair prong, a plaintiff need not

10   plead any direct violations of a statute to bring a claim under the unfair prong, and the

11   alleged misconduct was in violation of California's public policy of "protecting

12   customer data" as set forth by the legislature and various state laws).  Epson alleges that

13   Defendant has violated the Lanham Act (SAC ¶¶57 & 63), explains why Defendant's

14   actions constitute misconduct (*id.* ¶¶28-53, 59, 63, 68), and the effect of Defendant's

15   misconduct on competition in the marketplace, Epson, and consumers (*id.* ¶¶1, 18, 28-

16   53, 59, 65-69).   Defendant's misconduct undoubtedly causes significant harm to

17   competition and violates the spirit of numerous laws.  *See*, *e.g., Am. Greetings Corp. v.*

18   *Dan-Dee Imports, Inc.*, 619 F. Supp. 1204, 1218 (D.N.J. 1985) ("The Lanham Act itself

19   was designed to protect consumers and commercial interests from the effects of false

20   advertising, counterfeit and imitated marks and false descriptions, *i.e.,* to protect the

21   right of the consumer to be told the truth. . . [a]s a remedial statute, it is to be broadly

22   construed."); *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962,

23   973 (C.D. Cal. 2014) (The California Consumer Legal Remedies Act ("CLRA") is to

24   be liberally construed and applied to promote its underlying purposes, which are to

25   protect consumers against unfair and deceptive business practices and to provide

26   efficient and economical procedures to secure such protection.)

27

28

18

MEMORANDUM OF POINTS AND AUTHORITIES

### 3.    The Fraudulent Prong

Epson does not take the position that its claim seeks to invoke the fraudulent prong.  Instead, Epson's SAC merely describes the extent of Defendant's misconduct by stating, "GAC's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, ***and/or*** fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, et seq." (SAC ¶65) (emphasis added).

### E.    <u>Epson is Entitled to Exemplary and Punitive Damages</u>

At no point during the meet and confer process with respect to the MTD did Defendant inform Epson it intended to strike or dismiss Epson's claim for punitive damages.  Rather, Epson learned of Defendant's intention to strike the claim for punitive damages for the first time *while reviewing the first motion to dismiss*. Moreover, despite Defendant's statements, there was no sufficient meet and confer *at all* with respect to this MTD.  Defendant's failure to comply with Local Rule 7-3 alone constitutes grounds to deny Defendant's request.  *See* L.R. 7-4 "The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."; *see also Castillo v. T-Mobile USA, Inc.*, No. 223CV10466JLSMRW, 2024 WL 589882, at *1 (C.D. Cal. Jan. 5, 2024) (striking motion to dismiss for failure to comply with Local Rule 7-3's meet and confer requirement.); *Deonarine v. Lopez, et al*., No. 2:22-CV-03353-JLS (ADS), 2024 WL 2966155, at *1 (C.D. Cal. May 28, 2024) (recognizing a failure to comply with L.R. 7-3 "constitutes an independent reason for denial of Plaintiff's motion.")

### F.    <u>The SAC Does Not Contain Immaterial or Impertinent Allegations</u>

Although Defendant may dislike certain allegations in the SAC, its disdain is not a legal basis to strike allegations.  An immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses asserted.  *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).  Impertinent matters consist of statements that do not pertain, and are not necessary, to the issues in

19

question.  *See Clark v. WorldMark, The Club*, No. 118CV01661LJOJLT, 2019 WL 3337892, at *4 (E.D. Cal. July 25, 2019).  "Because motions to strike are often used as delaying tactics, they are generally disfavored and are rarely granted in the absence of prejudice to the moving party."  *Harris*, 303 F.R.D. at 628.   None of Epson's allegations are immaterial, impertinent, or prejudicial to Defendant.

### 1.    The Trademark Infringement Allegations

The allegations the MTD seeks to strike do not appear in the SAC, calling into question whether Global has actually read the SAC.

### 2.    The Misbranding Allegations

Global seeks to strike "misbranding" allegations that do not appear as cited in the MTD.   Epson's misbranding allegations should not be stricken for the same reasons stated above.   On one hand, Defendant concedes that its advertisements are literally false because GAC—not HP—manufactures the projectors.  (MTD at 10:24-28.)   Then, on the other hand, Defendant somehow opposes Epson's suggestion of "misbranding" even though HP is not the manufacturer.  (*Id.* at 17:4-18:5.)  This defies logic as Defendant cannot have it both ways.  *Upper Deck Co.*, 569 F. Supp. 3d at 1065 ("[W]here a statement is literally false or the defendant intentionally set out to deceive, . . . actual deception" is presumed.")   Defendant argues the statements are prejudicial because GAC, rather than Global, is the manufacturer and Global does not advertise itself as a licensee.  As noted above, however, the Defendants are alleged to be alter egos of one another and liable for the conduct of each other.  Moreover, as with several other arguments discussed above, Defendant's position improperly relies on external information not included within the SAC.

### G.    Defendant Fails to Support its Request for a More Definite Statement

Motions for a more definite statement of a pleading under Rule 12(e) "must point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e); *see Bautista v. L.A. Cnty.*, 216 F.3d 837, 843 n. 1 (9th Cir. 2000).  A Rule 12(e) motion that does not identify the details desired from the more definite statement is neither

20

"effective" nor "in compliance with Rule 12(e)." *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 & n. 5 (9th Cir. 1969).  Additionally, a Rule 12(e) motion should be "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *Medrano v. Kern Cnty. Sheriff's Officer*, 921 F. Supp. 2d 1009, 1013 (E.D. Cal. 2013) (citations omitted).

Defendant's MTD is completely devoid of ***any*** information that remotely identifies purported defects or the details desired to fill in any such defects.  Also, Defendant does not argue that the SAC is unintelligible because it cannot.  Rather, the MTD clearly demonstrates that Global has not read the SAC, and therefore is entirely unable to complain about its content. Consequently, Defendant's request for a more definite statement is ineffective, non-compliant with Rule 12(e), and must be denied.

## V.    CONCLUSION

For the foregoing reasons, the MTD should be denied in its entirety.  Should the Court grant any portion of the MTD, Epson respectfully requests leave to amend.

Dated: February 4, 2025            K&L GATES LLP


                                   By: */s/ Zachary T. Timm*
                                       Christina N. Goodrich
                                       Zachary T. Timm
                                       Morgan T. Nickerson (admitted *pro hac vice*)

                                       Attorneys for Plaintiff
                                       Epson America, Inc.

---

21

MEMORANDUM OF POINTS AND AUTHORITIES

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1</u>

The undersigned, counsel of record for Plaintiff Epson America, Inc., certifies that this brief contains 6,994 words, which complies with the word limit of L.R. 11-6.1.

Date: February 4, 2025                    */s/ Zachary T. Timm*

Zachary T. Timm

MEMORANDUM OF POINTS AND AUTHORITIES