**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com

**K&L Gates LLP**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Telephone: 617.261.3134
Facsimile: 616.261.3175
Morgan T. Nickerson (admitted *pro hac vice*)
morgan.nickerson@klgates.com
*Attorneys for Plaintiff*
*Epson America, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC. <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL AIPTEK INC.; and GAC TECHNOLOGY GROUP, <br><br> Defendants. | Case No.: 8:23-cv-00222-FWS-DFM <br><br> **PLAINTIFF EPSON AMERICA, INC.'S OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** <br><br> Date: February 27, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 10D <br> Judge: Hon. Fred W. Slaughter <br><br> Trial Date: January 27, 2026 |

PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Pursuant to Rule 201 of the Federal Rules of Evidence and in Objection to Defendant's Request for Judicial Notice In Support of Motion to Dismiss The Second Amended Complaint ("RJN"), Plaintiff Epson America, Inc. ("Plaintiff" or "Epson") hereby requests that the Court deny Defendant Global Aiptek Inc.'s ("Defendant" or "Global")[1] RJN as set forth herein.

## I. INTRODUCTION

As with Global's Motion to Dismiss itself, the RJN is simply a copy and paste from the RJN submitted in support of its motion to dismiss the First Amended Complaint. Both this RJN and the prior RJN purport to seek judicial notice of the same six exhibits—a single letter, and five PDF printouts of webpages. Despite both versions of the RJN being identical, the actual exhibits attached to each for judicial notice are not. For example, the original RJN included a "Page Vault" cover page for each webpage printout, which included information regarding how and when the page was printed, followed by what appears to be a complete printout of each page (or at least more "complete" than the new exhibits). This new RJN, however, does not include any such "Page Vault" cover page, nor indication of how each webpage was printed. Moreover, the exhibits do *not* appear to be complete printouts of the webpages themselves. And further, the two versions of "Exhibit B" are not a printout of the same webpage.

As set forth in Epson's objection to Global's prior RJN (DE 42-1) and reiterated below, the Exhibits should not be judicially noticed. The RJN should also be denied for the further reason that Exhibits B-F are not even complete copies of the webpages they purport to be.

---

[1] Global is sometimes herein referred to collectively with defendant GAC Technology Group as "Defendants".

1
OBJECTION AND OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

## II. JUDICIAL STANDARD

Federal Rule of Evidence 201 provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). "On a motion to dismiss, we may consider materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)

If a document is not attached to a complaint, it may be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *but see Coto Settlement*, 593 F.3d at 1038 ("The mere mention of the existence of a document is insufficient to incorporate the contents of a document.") However, if a document "merely creates a defense" to a complaint's allegations and "did not necessarily form the basis of the complaint," courts should decline to incorporate the document. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-3 (9th Cir. 2018); *see also Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1166 (9th Cir. 2022) (holding it improper to accept incorporated documents' contents as truthful to resolve factual disputes against well-pled complaint allegations); *Bushy v. Green*, No. CV220095FMOGJSX, 2022 WL 2442739, at *2 (C.D. Cal. Apr. 6, 2022) (finding that appended documents addressing a factual issue "at the heart of the dispute" should be considered at summary judgment rather than on a motion to dismiss). Courts must be careful of incorporating documents into a complaint that could present competing and inconsistent versions of the facts. *Khoja*, 899 F.3d at 1014. "The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Id.; see also In re Mora,* 199 F.3d 1024

(9th Cir. 1999) (declining to take judicial notice of alleged fact that first class mail was generally delivered overnight to locally designated cities; whether United States Post Office delivered check in question overnight, or whether check was probably delivered overnight, were disputable propositions and not appropriately admitted as facts under the judicial notice rule).

Additionally, federal courts "have expressed skepticism as to whether it is appropriate to take judicial notice of information or documents appearing on websites that are created and maintained by a party to the litigation." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) (collecting cases and declining to take judicial notice of private websites from the parties and third parties because the requesting party failed to demonstrate that the information is capable of "accurate and ready determination" in the territorial jurisdiction of the court); *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1324 (C.D. Cal. 2023) (screen capture of website purporting to display that the defendants were the holders of the trademark was inappropriate to determine the factual issue at the pleading stage and request for judicial notice was denied).

### III. DEFENDANT'S DOCUMENTS ARE NOT JUDICIALLY NOTICEABLE

As a whole, Defendant's RJN is legally deficient and contrary to well-established law in the Central District of California and the Ninth Circuit. Accordingly, Defendant's RJN should be denied in its entirety for the reasons set forth herein.

**Exhibit A**. The document purporting to be the HP Licensing Agreement should not be admitted because: (1) the SAC does not reference the HP Licensing Agreement whatsoever (*see* DE 61; *Ritchie*, 342 F.3d at 908); (2) the mere mention of the existence of a document is insufficient to incorporate the contents of a document (*Coto Settlement*, 593 F.3d at 1038); and (3) there is a factual dispute as to

Defendant's status as a licensee, the scope of Defendant's purported status as a licensee, and it is improper to accept the document's contents as truthful to resolve these factual disputes (*Khoja*, 899 F.3d at 1014). As alleged in Epson's SAC, Defendant has made contradictory statements as to its licensee status with HP. (DE 61 at ¶¶ 40-42.) Defendant also admits that its Chinese operator (co-defendant and alleged alter-ego, GAC Technology Group) manufactures the disputed projectors and HP does not manufacture the projectors, despite Defendant's advertisement stating otherwise. (DE 77, at 10:26-11:1.) Epson alleges that Defendants manufacture the disputed projectors and its advertisements are false with respect to this fact. (DE 61 at ¶¶ 40-50.) Thus, there are factual disputes that should be viewed in favor of Epson and not decided at this stage of litigation. *See, e.g., Khoja*, 899 F.3d at 998 ("the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."); *see also Bushy*, 2022 WL 2442739, at *2.

**Exhibits B-F.** The documents purporting to be website screenshots or printouts should not be admitted because: (1) there is a factual dispute as to Defendant's status as a licensee, the scope of Defendant's purported status as a licensee, and it is improper to accept the document's contents as truthful to resolve these factual disputes (*Khoja*, 899 F.3d at 1014); (2) there is a factual dispute as to Defendant's corporate structure[2] and it is improper to accept the document's contents as truthful to resolve the factual dispute (*id.*); (3) it is inappropriate to take judicial notice of information or documents appearing on websites that are created and maintained by a party to the litigation or a third party[3] (*Gerritsen*, 112 F. Supp. 3d at 1030; *EVO Brands, LLC*, 657 F. Supp. 3d at 1324); and (4) Defendant's RJN

---

[2] Including that Defendants have asserted differing and contradictory relationships to one another at various points throughout this litigation.

[3] While Defendant's MTD asserts that the false advertisements were made by third parties, the SAC alleges that Defendants are responsible for such advertisements. (*Compare*, MTD at 6:17-7:15; *with* SAC at ¶¶ 18-30.) Regardless, the websites are not properly subject to judicial notice.

summarily argues that the respective website screenshots or printouts should be judicially noticed. Defendant's RJN is, however, completely devoid of any substantive argument or explanation as to why each submitted exhibit demonstrates that the information is capable of "accurate and ready determination." *Gerritsen*, 112 F. Supp. 3d at 1030. Defendant's RJN is replete with conclusory statements and Defendant's failure to expound upon its legal conclusions is fatal to its entire request. *Id.*

Moreover, the printouts do not even appear to be *complete* printouts of the respective webpages, even compared to the exhibits submitted with Defendant's prior RJN. (*Compare* DE 76-3 to 76-6; *with* DE 38-2.) And following the links provided in the RJN clearly demonstrate that Defendant's method of printing the webpages *did not* capture the entirety of those webpages. For example, the RJN asserts that the webpage purportedly printed at Exhibit B contains the following statement at its bottom: "© Copyright 2023 GAC Technology Group, is the official licensee and manufacturer of HP® Projectors, under license from HP Inc." (RJN at 1:10-13.) Exhibit B, however, contains no such statement. (*See* 76-2.) Similarly, the RJN states that Exhibit E demonstrates Epson's Professional Projectors "showing the price range "17,000 to 20,999," but there are not even any dollar amounts included in Exhibit E. (*Compare* RJN at 1:5-22; *with* DE 76-5.) What's more, while one of the exhibits, Exhibit B, is described identically in both Defendant's prior and current RJN (*compare* DE 38-1 at 1:8-13; *with* DE 76 at 1:8-13). the two exhibits Defendant has provided, however, are not printouts of the same webpage. (*Compare* DE 38-2 at 3-8; *with* DE 76-2.) Even if the exhibits were otherwise subject to judicial notice—which they are not—it is clear that Defendants' assertion that Exhibits B-F are "true and accurate" copies of the various webpages is false, and the RJN should therefore be denied for that additional reason.

### IV. CONCLUSION

Based on the foregoing, Plaintiff Epson requests that this Court deny

Defendant's Request for Judicial Notice In Support of Motion to Dismiss The Second Amended Complaint in its entirety.

Dated: February 4, 2025            K&L GATES LLP

By: /s/ Zachary T. Timm
Christina N. Goodrich
Zachary T. Timm
Morgan T. Nickerson (admitted *pro hac vice*)

Attorneys for Plaintiff
Epson America, Inc.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned, counsel of record for Plaintiff Epson America, Inc., certifies that this brief contains 1,614 words, which complies with the word limit of L.R. 11-6.1.

Date: February 4, 2025            /s/ Zachary T. Timm
Zachary T. Timm