COHEN IP LAW GROUP P.C.
Michael N. Cohen (SBN 225348)
Vikram Amritraj (SBN 321584)
9025 Wilshire Blvd., Suite 301
Los Angeles, California 90049
Tel: (310) 288-4500
Fax: (310) 246-9980
mcohen@cohenip.com
vamritraj@cohenip.com

Attorneys for Defendant Global Aiptek Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC.; and GAC TECHNOLOGY GROUP,<br><br>Defendant. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>**DISCOVERY MATTER**<br>Magistrate Judge: Hon. Douglas F. McCormick<br><br>**DEFENDANT GLOBAL AIPTEK INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT GLOBAL AIPTEK INC. TO COLLECT AND PRODUCE DOCUMENTS AND PRODUCE WITNESSES FOR DEPOSITION**<br><br>Hearing Date: March 4, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Discovery Cut-Off: May 22, 2024<br>Final Pretrial Conference: December 4, 2025<br>Trial Date: January 27, 2026 |

---

**DEFENDANT GLOBAL AIPTEK INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT GLOBAL AIPTEK INC. TO COLLECT AND PRODUCE DOCUMENTS, AND PRODUCE WITNESSES FOR DEPOSITION**

**TABLE OF CONTENTS**

Page

I. DEFENDANT'S INTRODUCTORY STATEMENT ........................................................... 1

   A. GLOBAL'S SEPARATELY FILED OPPOSITION ..................................................... 1

   B. GLOBAL'S POSITION REGARDING THE DISCOVERY DISPUTE ................... 2

      1. Summary ........................................................................................................ 2

      2. Epson's False Advertisement of its Projectors .............................................. 3

      3. Epson's Motion Contains Multiple Misrepresentations; Global Has Already Produced Documents, Agreed to Run Further Search Terms and Produce the Witnesses for Depositions ................................................... 5

II. THE DISCOVERY REQUESTS ............................................................................................ 8

   A. Requests for Production Set One (RFPs 1-28) ................................................................ 8

   B. Global Has Searched for, Collected, and Produced Documents ..................................... 9

   C. Global Has Agreed To Run the Search Terms Again ................................................... 10

   D. Monetary Sanctions Are Not Warranted According to This Court's Standard ............ 10

III. GLOBAL HAS ALREADY AGREED TO PRODUCE THE DEPONENTS ..................... 12

IV. CONCLUSION ................................................................................................................... 13

**TABLE OF AUTHORITIES**

L.R. 7-9 ............................................................................................................................................ 2
L.R. 37-2.1 ....................................................................................................................................... 1
L.R. 37-2.4 ....................................................................................................................................... 2
L.R. 37-4 .......................................................................................................................................... 2

I.  **DEFENDANT'S INTRODUCTORY STATEMENT**

    A.  **GLOBAL'S SEPARATELY FILED OPPOSITION**

On February 3, 2025, Plaintiff Epson America, Inc. ("Epson") filed the instant Motion to Compel ("Motion") [Dkt. No. 79] without Defendant Global Aiptek Inc.'s ("Global") input as required by Local Rule 37-2.1. As set forth more thoroughly in the concurrently filed Declaration of Vikram Amritraj ("Amritraj Decl."), Global's current counsel, Vikram Amritraj, and Epson's counsel, Zach Timm, were engaged in meet and confer conferences via phone and email between January 9, 2025, and February 3, 2025. As the facts leading to the instant Motion occurred over approximately 11 months prior to Global's present counsel's notice of appearance on December 17, 2025, Global's counsel required a reasonable amount of time to get up to speed and attempt to negotiate a resolution. In addition, due to the Palisades fire, which began approximately January 7, 2025, Global's lead counsel, Michael Cohen, was required to evacuate until approximately January 18, 2025 (Amritraj Decl. ¶ 4); also, associate counsel, Mr. Amritraj has been engaged in international travel since January 20, 2025 due to pre-determined personal commitments (Amritraj Decl. ¶ 5) and has been 13.5 hours ahead of Los Angeles time. As such, Mr. Amritraj informed Mr. Timm that there may be some brief delays in correspondence as the Parties sought to reach a resolution (Amritraj Decl. ¶ 8).

On January 28, 2025, after numerous phone conferences and emails between counsels, Mr. Amritraj sent an email to Mr. Timm stating that Global is "in agreement to provide outstanding documents by February 28, 2025" but was still unclear on Epson's position on what had not yet been produced (Amritraj Decl. ¶ 10, Ex. 1, at 9). On January 29, 2025, Mr. Amritraj sent an email to Mr. Timm agreeing to provide Messrs. Sheu, Ali and Steinberg for depositions in March 2025 (*Id.* ¶ 10, Ex. 1, at 5-6). Notwithstanding the foregoing, on January 29 and 30, 2025 Mr. Timm sent two (2) emails to Mr. Amritraj erroneously stating that he assumes Global will not agree to complete the document searches and provide responsive documents and demanded

1

**DEFENDANT GLOBAL AIPTEK, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Global's input for the Motion, which it intended to file on February 3, 2025 (Amritraj Dec. ¶ 11, Ex. 1, at 3-5). For various reasons, including internet connectivity issues abroad, Mr. Amritraj was unable to provide a response until February 3, 2025, at which time, he reiterated Global's position that it would run search terms, provide documents and the witnesses for deposition, all in the month of March 2025 (*Id.* ¶ 11, Ex. 1, at 1-2). Nevertheless, Epson forged ahead and filed its Motion without Global's input.

In sum, Global's counsel reasonably believed that due to (a) Global's counsel's understandable need to apprise itself of the discovery dispute history; (b) Global's counsel's reasonable delays in communication due to the timing of overseas travel; and (c) ongoing conferences of counsel, Epson would not file its Motion on February 3, 2025, and instead, continue in, what appeared to be, fruitful meet and confer discussions, which should have resulted in the avoidance of the instant Motion. As Epson filed its Motion without Global's input, Global hereby submits its Opposition to Epson's Motion pursuant to L.Rs. 37-2.4 and 7-9. Pursuant to the foregoing, Defendant respectfully request the Court refrain from any imposition of sanctions under L.R. 37-4.

### B. GLOBAL'S POSITION REGARDING THE DISCOVERY DISPUTE

#### 1. Summary

Plaintiff Epson demands in its Motion [Dkt. No. 79], that Defendant Global run search terms on various email accounts purportedly in control of Global, produce responsive documents resulting from those search terms, and produce witnesses for in-person depositions pursuant to an alleged 'agreement' between the Parties. However, Epson not only misrepresents to this Court the nature of said agreement regarding discovery (if any), but in doing so, as set forth more thoroughly below and in the accompanying Amritraj Declaration, grossly overreaches with its vastly overbroad and unduly burdensome discovery demands. In addition, Global must bring to the attention of the Court key facts (some of which have been omitted or obfuscated

by Epson), which evidence the premature and meritless nature of its Motion. Further, it appears Epson seeks to avoid good faith meet and confer efforts with Global's newly retained counsel, and instead, attempt to take advantage of Global's counsel's lack of involvement in the history of the complex discovery dispute to attempt to obtain documents that were never discussed or agreed upon via protocols never discussed or agreed upon.

First, the instant discovery dispute apparently arose over one (1) year ago in January 2024 when Epson deposed Frank Sheu, Global's CEO, during which time Epson alleges it discovered that certain search terms were not utilized in connection with Mr. Sheu's (and other individuals') email accounts as allegedly agreed by the Parties (Timm Decl. ¶ 12). On February 13, 2024, Epson sent a meet and confer letter to Global (*Id.* at ¶ 11) and the Parties allegedly met and conferred for approximately 4.5 months until about early July 2024 (*Id.* at ¶¶ 13-15). The Parties agreed to suspend litigation to exchange drafts of settlement agreements (Declaration of Milord A. Keshishian ("Keshishian Decl.") ¶ 6). Second, the Court granted Global's prior counsel's motion to withdraw on November 12, 2024, but settlement discussions continued [Dkt. 73]. Third, the Court also granted the Parties' Joint Stipulation and Request for Order Continuing Global's Deadline to Respond to the Second Amended Complaint, extending the time for response to January 27, 2025, to further settlement discussions [Dkt. 71]. Epson however, waited until filing the instant Motion on February 3, 2025 before seeking to continue settlement discussions the very same day (Amritraj Decl. ¶ 13). As evidenced by the fact that Global has produced documents responsive to the Epson's RFPs as set forth in the Motion, and offered to produce for depositions the witnesses subject to the Motion, Epson's Motion appears to be a leverage tactic with respect to settlement negotiations.

### 2. Epson's False Advertisement of its Projectors

Additionally, Global recently learned that Epson falsely advertises its own projectors' brightness, but has filed approximately sixteen lawsuits threatening

competitors with its vast resources. Epson brings this Motion pel as a last-ditch effort to gain the upper hand in settlement discussions, which predated Global's present counsel's notice of appearance in December 2025. In November 2024, the Parties exchanged settlement agreement documents that essentially reached agreement on non-monetary terms (Keshishian Decl. ¶ 14, Ex. K.). Epson—despite offering to settle based on a nominal nuisance sum to induce settlement negotiations—then demanded an unconscionable sum by gaining leverage in refusing to grant extensions to draft a response to this Motion.

Not including this current action, Epson has brought sixteen lawsuits over the past eight years:

1. *Epson America Inc v. Century21 Electronics et al*
2. *Epson America Inc, v. Curtis International Ltd.*, 2019 WL 5460063 (C.D.Cal.)
3. *Epson America, Inc. v. Acrojoy*
4. *Epson America, Inc. v. AuKing Direct*
5. *Epson America, Inc. v. Formovie Innovative Technology Co., Ltd.*
6. *Epson America, Inc. v. Goodee et al*
7. *Epson America, Inc., v. Safe Space Scan Technology LLC*, 2024 WL 4458670 (S.D.Fla.)
8. *Epson America, Inc. v. Shenzhen Holatek Co., Ltd.*
9. *Epson America, Inc., v. Shenzhen Rongchuang Youpin Electronic Commerce Co., Ltd*, 2024 WL 3731266 (D.Mass.)
10. *Epson America, Inc. v. Shenzhen Sen Rui Tai Trading CO., LTD*
11. *Epson America, Inc., v. Sunvalleytek International, Inc.*, 2021 WL 6286492 (C.D.Cal.)
12. *Epson America, Inc. v. Super Times Co., Ltd. et al*
13. *Epson America, Inc., v. Usa111, Inc.*, 2017 WL 7688866 (D.S.C.)
14. *Epson America, Inc., v. Vankyo*, 2021 WL 9098421 (D.Mass.)

4
**DEFENDANT GLOBAL AIPTEK, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

15. *Epson America, Inc. v. Wemax Inc.*

16. *Epson America, Inc., v. Shenzhen Daosen Intelligent Technology Co., Ltd; Huizhou Miwo Technology Co., Ltd*, 2024 WL 1403085 (D.Mass.)

Here, Epson—despite itself falsely advertising the brightness of its own projectors—sued Global for alleged false advertising of its projectors brightness—which are within the tolerance set by industry standards. In its initial complaint, Epson used a defunct standard for measuring brightness, the ANSI Standard, that was replaced back in 2005 by the ISO 21118 Standard. Dkt. 1 ¶ 20. Epson's projector brightness, however, falls outside the ISO 21118 tolerance standard. Caught in its own trap, Epson refuses to negotiate settlement in good faith. Instead, Epson uses this premature motion to gain leverage.

3. **Epson's Motion Contains Multiple Misrepresentations; Global Has Already Produced Documents, Agreed to Run Further Search Terms and Produce the Witnesses for Depositions**

Global must correct Epson's several misrepresentations of events. As part of the discovery and document collection process, the Parties did agree that Global would run searches on the email accounts of Frank Sheu ("Sheu"), Khozema Ali ("Ali"), and Allen Steinberg ("Steinberg").[1] Global received a list of thirty-four search terms from Epson; of which many were overbroad as noted during the June 12, 2024 IDC (Keshishian Decl. ¶ 2, Ex. H). Global's counsel participated in the document search and production by Zoom and observed the custodian's searches, the results, and the gathering and production of responsive documents (Keshishian Decl. ¶ 3). Thus, Epson's allegations that searches have not been conducted is demonstrably

---

[1] Steinberg is not an employee of Global, but an independent contractor not subject to Global's control; nevertheless, Global agreed to procure the documents resulting from searches of Mr. Steinberg's email.

false.

Epson's false contention that Global has not produced documents is betrayed by Epson's own admission that the Parties had suspended litigation in favor of continuing settlement negotiations from July 2024 through November 2024 (Timm Decl. ¶ 16). Also, Global properly responded in good faith to Epson's poorly drafted Requests for Production, lodging appropriate and applicable objections, including overbroad, unduly burdensome, and not proportional to the needs of the case. For example, Epson's Request for Production No. 16 asks for, "[a]ll advertisements of GAC Products that set forth the light output or brightness of the Product." This Request is vastly overbroad to the extent it seeks "*all* advertisements," for all "Products," without temporal limitation, and is thus unduly burdensome and not proportional to the needs of the case. It would force Global to scour the internet to find retailers of its distributors and their advertisements that are not relevant to the products at issue in this case.

Epson sets forth multiple erroneous representations in its Motion that the Parties reached a definitive agreement regarding search terms and document requests, which Epson claims Global allegedly breached; however, Epson's counsel contradictorily admits that "[t]he Parties **did not reach an agreement** with respect to document collection and production during the June 12 [2024] IDC" (Timm Decl. ¶ 14) *(emphasis added)* and "were unable to reach a resolution either during [] [an] October 16 [2024] IDC or through meet and confer efforts" (Timm Decl. ¶ 8). In an email from Mr. Timm to Global's present counsel, Vikram Amritraj, dated January 15, 2025 (Amritraj Decl. ¶ 3, Ex. 1, at 18-19) Mr. Timm misrepresented that the Parties previously agreed to search terms as set forth in Mr. Timm's email of July 5, 2024 to Global's prior counsel, attached as Exhibit H (p. 1) to the Timm Decl. (*Id.*); however, a cursory review of the emails shows that Global not only never agreed to the search terms set forth in Mr. Timm's January 15, 2025 email to Amritraj, but some of the terms were never discussed in the emails between Mr. Timm and prior counsel (*compare* Amritraj Decl. ¶ 3, Ex. 1, at 18-19 *with* Timm Decl. Ex. H, at 1-2). Although

Global offered a comprehensive set of search terms and protocols (Timm Decl., Ex. H, at 2), Epson inexplicably refused. **There was no agreement.** Yet it appears the only reason there wasn't an agreement is because of Epson's shifting and unreasonable demands. For example, despite previously representing that Epson could be amenable to Global's offer of document search terms and protocols (if produced rapidly) (Timm Decl., Ex. H, at 1), Epson now demands further search terms, an ESI vendor, and demanded the search terms be run not only email accounts but also "Dropbox.com, Box.com, Slack, Google Drive, servers, share-file, document management systems, etc." (Amritraj Decl. ¶ 3, Ex. 1, at 7-8).

On June 24, 2024, Global's prior counsel proposed a set of search terms and protocols (Timm Decl., ¶ 15, Ex H., at 4-5); on July 1, 2024 prior counsel clarified the proposed protocol (*Id.,* Ex. H, at 2); on July 5, 2024, Mr. Timm did not accept the terms of the proposed terms and protocol, but instead expressly stated that he "may be willing to accept it" upon certain conditions (such as rapid production, which did not occur for reasons set forth below) (*Id.*, Ex. H, at 1); Mr. Timm further counter-proposed supplementing the terms with a further list (*Id.*). Thereafter, Global did not agree because the supplemented terms would likely result in overly broad and unrelated results. In fact, in Mr. Timm's letter to Judge McCormick, he did not allege (as Epson does in its Motion) that the Parties reached an agreement with respect to search terms and protocols, but that "Epson **could** accept GAC's counsel's proposal *if* the timeline was significantly faster than GAC's proposed 4-months" and characterized the prior emails between counsels (i.e., Ex. H to the Timm Decl.) as mere "written negotiations" (*Id.* at ¶ 19, Ex. J, at 2) *(emphasis added)*. Mr. Timm now claims that said emails demonstrate "meet and confer efforts and **agreements**" (*Id.* at ¶ 15) (*emphasis added*). The fast and loose nature with which Epson seeks to mischaracterize meet and confer efforts with Global's prior counsel not only evidences Epson's ever-changing demands, but also its failure to meet and confer with Global's current counsel in good faith, and its zeal for burdening the Court with the

instant Motion.

Additionally, Epson needlessly requests in its Motion to compel depositions of Messrs. Sheu, Ali, and Steinberg. Mr. Timm admits that "[d]uring the June 12 [2024] IDC, the Parties were able to reach an agreement with respect to the depositions Epson sought" (*Id.* at ¶ 14). Again, on October 17, 2024, Global offered to produce these witnesses on multiple occasions, including the week of November 18, 2024, which Epson declined in furtherance of settlement discussions (Keshishian Decl. ¶ 12). This has not changed since Global's retention of new counsel, who has affirmed that the foregoing individuals would be produced for depositions in February or March 2025 as permitted by the deponents' and counsels' schedules (Amritraj Decl. ¶ 3, Ex. 1, at 1-2). The only issue that appears to have arisen is that Epson has reneged on its agreement to conduct the deposition of Mr. Steinberg remotely (due to Steinberg's health issues): "Notwithstanding Epson's prior agreement to conduct Mr. Steinberg's deposition remotely, Epson prefers to take his deposition in-person" (Timm Decl. ¶ 14). Epson provides absolutely no reasoning for subjecting Mr. Steinberg to a taxing in-person deposition (which would take place out of state in New York where Mr. Steinberg is located), when a Zoom deposition would equally suffice.

Thus, Epson's insistence on this premature Motion is intended to gain an upper hand in settlement discussion, not to obtain documents or witness depositions, which production was suspended to pursue settlement and witnesses were offered for depositions this week, which Epson rejected. In fact, on the same day Epson filed the instant Motion, which came as somewhat of a surprise to Global given ongoing meet and confer efforts (Amritraj Decl. ¶ 13), Epson's counsel sent Global's counsel an email inquiring about restarting settlement discussions. Thus, the Court should deny Epson's premature Motion and grant Global's fees for opposing same.

## II.   THE DISCOVERY REQUESTS

### A.   Requests for Production Set One (RFPs 1-28)

Epson's Requests for Production at issue are set forth in the Motion, Section

III(A) (Motion, at 5:11-22:13).

**B.      Global Has Searched for, Collected, and Produced Documents**

Global has met its discovery obligations to search for, collect, and produce documents. Global's prior counsel supervised by Zoom screensharing Sheu's, Khozema's, and Steinberg's searches of each person's email account for the agreed upon terms, and the collection and transfer thereof to counsel. Keshishian Decl. ¶ 3 Prior counsel did not perform similar searches for Nardita Crespo and Sonia Marrero because they do not use Outlook and do not send and receive emails as Global Aiptek email account users. Keshishian Decl. ¶ 4. Further, Steinberg, Crespo and Marrero are independent contractors not under Global's control. Global noted during the June 12, 2024 IDC that Epson's list of thirty-four terms included many overbroad terms like "Change" and even some obsolete terms including "ANSI" and "ANSI lumen(s).," which standard was replaced in 2005. Keshishian Decl. ¶ 2, Ex. H. As stated during the June 12, 2024, IDC, Global did find and produce relevant documents, such as customer complaints. Keshishian Decl. ¶ 5. Soon after the searches were completed and Epson received what was needed, the Parties agreed to halt litigation to enter settlement discussions. Keshishian Decl. ¶ 6. With an eye toward settlement and to conserve the Parties' resources, Epson never requested the documents. Keshishian Decl. ¶ 7. Epson's contention that Global has not kept up its end of the bargain in the discovery process is preposterous when the Parties *mutually* agreed to suspend production while draft settlement agreements were exchanged on November 18, 2024. Keshishian Decl. ¶ 14, Ex. K.

Epson led Global to believe that it was interested in good faith resolution of the matter when the Parties agreed to suspend litigation. Global did not anticipate Epson would use this Motion to gain unfair leverage in settlement discussions. Indeed, in reaction to Defendant's counsel's intention to withdraw as well as a recap of events coming down the discovery pipeline—three upcoming depositions and a hearing— Epson's counsel responded, "[i]f we had six more months of discovery left then it would

not be an issue, but that's not the case here. Happy to work with you. I don't think the court will jam us up." Keshishian Decl. ¶ 10. The District Court granted the extension, so the discovery should not "be an issue" as Epson admitted. Dkt. 70. Yet, Epson is all too eager to burden this Court with uncalled for motion practice to gain leverage in settlement discussions where Global agreed to produce witnesses—that Epson refused—and the Parties suspended discovery to further settlement discussions that were finalized as to nonmonetary terms on November 20, 2024. *Id.* ¶ 15.

### C. Global Has Agreed To Run the Search Terms Again

As set forth above, Global has already run searches upon Messrs. Sheu, Ali, and Steinberg's email accounts and produced responsive documents (Keshishian Decl. ¶ 3). However, in an effort to dispel any concerns, on February 3, 2025, Global agreed again to run the search terms set forth in prior counsel's email of June 24, 2024 (*see* Timm Decl., Ex. H, at 4-5) upon the email accounts for Messrs. Sheu, Ali and Steinberg and produce the documents with accompanying declarations of the foregoing individuals affirming that they have run the searches (Amritraj Decl. ¶ 3, Ex. 1, at 2). Epson confusingly responded that "Global does not intend to comply with its prior agreements" (*Id.*, Ex. 1, at 1), which seems to be a pretense to filing the instant unnecessary Motion.

### D. Monetary Sanctions Are Not Warranted According to This Court's Standard

Epson claims that it deserves sanctions accounting for time "spent investigating its misconduct, meeting and conferring on this dispute, drafting this motion and supporting documents, drafting the supplement brief, and appearing at the hearing." (Motion, at 24). It is unclear what sanctions Epson is owed when (1) Epson agreed to suspend discovery, including witnesses offered for deposition multiple times, including in November 2024 (that Epson declined to focus on settlement) and again in March 2025; (2) Global met its discovery obligations to collect emails and documents, which production was suspended to pursue settlement, and which Global has offered to

produce again in accordance with the search terms offered (and conditionally accepted by Epson) on June 24, 2024 (*see* Amritraj Decl. ¶ 3, Ex. 1, at 1-2; *see also* Timm Decl., ¶ 15, Ex H., at 4-5)); and (3) settlement has progressed such that as of November 20, 2024, Epson agreed that nonmonetary terms in the draft agreement were essentially finalized. In fact, concurrently with filing the instant Motion, Epson appears to have shown a willingness to reengage in settlement discussions by sending Global's counsel an email to the same effect (Amritraj Decl. ¶ 13). As the meet and confer emails between Epson's counsel and Global's current counsel show Global's offer to conduct searches upon Sheu, Ali, and Steinberg's e-mail accounts (again), produce responsive documents and provide the witnesses for depositions (*Id.*, Ex. 1, at 1-2), the instant Motion is premature and baseless; additionally, the Parties stipulated to a discovery cut-off set for May 22, 2025, which the District Court granted. Dkt. 70, p. 2. Nonetheless, Epson presses forward for sanctions as leverage in support of its unconscionable monetary demand.

No monetary sanctions are required if the Court determines "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *See* Fed. R. Civ. Proc. 37(a)(5)(A). The facts above support these exceptions.

Epson claims to have "following multiple telephone calls and numerous email exchanges . . . Epson is no closer to obtaining the documents Global previously agreed to produce . . . beginning in May 2023" (Motion, at 25:20-22). The foregoing is belied by the fact that the Parties agreed to suspend litigation to pursue settlement discussions until Global's prior counsel withdrew, as well as the fact that Global has offered to produce responsive documents and provide the witnesses for depositions.

Additionally, the circumstances do make an award of expenses unjust. As noted during the June 12, 2024 IDC, Global has produced more responsive documents, so Epson's contention that "Global has produced *no* additional documents" is patently

false (Keshishian Decl. ¶ 5, Exs. L and M). Also, as discussed above, Global raised proper objections to Epson's Requests for Production and should not be expected to produce an entire universe of irrelevant documents.

Epson's refusal to provide an extension to respond to this Motion is patently a leverage play in settlement discussions. The District Court's extension of discovery cutoff and grant of counsel's motion to withdraw illuminates Epson's premature filing of the Motion. Dkts. 70 and 73. Thus, Epson's own agreement to suspend discovery in light of settlement discussion that continued until November (Keshishian Decl. ¶ 15) as well as its refusal to engage in the meet and confer process with Global's present counsel provides this Court with Global's justifiable and alternative explanation as to why the Motion is premature and baseless. Epson admits that the discovery was suspended while settlement was pursued and the witnesses were offered for deposition on multiple occasions, which Epson declined.

### III.  GLOBAL HAS ALREADY AGREED TO PRODUCE THE DEPONENTS

If Epson had any interest in resolving matters, then the depositions of Sheu, Ali, and Steinberg would have proceeded in November 2024 as offered by Global's prior counsel (Keshishian Decl. ¶ 12) or in March 2025 as offered by Global's current counsel (Amritraj Decl. ¶ 3, Ex. 1, at 1-2). As decided during the June 12, 2024 IDC, the original plan agreed to by the Parties was to have Epson take the depositions of the aforementioned deponents. All three individuals were set to be deposed during the second and third weeks of July this year. Timm Decl., ¶ 14, Ex. G. The Parties agreed to suspend litigation and exchange settlement drafts. Keshishian Decl. ¶ 6.

Through November 2024, the Parties exchanged draft agreements and essentially agreed to nonmonetary terms on or about November 18, 2024. As noticed in its motion to withdraw, prior counsel for Global experienced difficulties timely relaying its responses to Epson in large part due to the breakdown in communications between attorney and client [Dkt. 59]. Discussions about taking the three depositions resurfaced on September 17, 2024 (Keshishian Decl. ¶ 8). After the October 17, 2024 hearing on

Plaintiff's leave to file a second amended complaint, Global's prior counsel informed Mr. Timm that Global's witnesses would be available the week of November 18, 2024, and Global would be willing to attend mediation to expedite the settlement discussions in November 2024 (Keshishian Decl. ¶ 12). Mr. Timm stated that he would discuss it with Epson and revert, but no response was received and settlement drafts continued to be exchanged until approximately November 18, 2024. *Id.* Global's present counsel again offered the witnesses for deposition in March 2025; however, Epson inexplicably chose to file the instant Motion instead.

## IV. CONCLUSION

In November 2024, the Parties essentially agreed on all nonmonetary terms of the settlement agreement. But after communicating that the monetary terms would be nominal to induce settlement discussion, Epson then offered an unconscionable sum not grounded in facts or the law. It appears Epson filed the instant motion to gain leverage in the settlement discussions, which is evidenced by Epson's reopening of settlement talks the same day it filed the Motion. There is no urgency to pursue this baseless Motion when Epson refused the deponents as offered for deposition in November 2024 and again in March 2025, and Global has agreed to produce substantially the documents responsive to the search terms conditionally agreed upon in June-July 2024. Thus, the Motion should be denied and Global should be awarded sanctions for Epson's bad faith motion practice.

Dated: February 10, 2025          **COHEN IP LAW GROUP, P. C.**

By: */s/ Vikram Amritraj*
Vikram Amritraj, Esq.
Attorneys for Defendant
Global Aiptek Inc.

13

**DEFENDANT GLOBAL AIPTEK, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**