COHEN IP LAW GROUP P.C.
Michael N. Cohen (SBN 225348)
Vikram Amritraj (SBN 321584)
9025 Wilshire Blvd., Suite 301
Los Angeles, California 90049
Tel: (310) 288-4500
Fax: (310) 246-9980
mcohen@cohenip.com
vamritraj@cohenip.com

Attorneys for Defendant Global Aiptek Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>    Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC.; and GAC TECHNOLOGY GROUP,<br><br>    Defendant. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>**DISCOVERY MATTER**<br>Magistrate Judge: Hon. Douglas F. McCormick<br><br>**DECLARATION OF VIKRAM AMRITRAJ IN SUPPORT OF DEFENDANT GLOBAL AIPTEK INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT GLOBAL AIPTEK INC. TO COLLECT AND PRODUCE DOCUMENTS AND PRODUCE WITNESSES FOR DEPOSITION**<br><br>Hearing Date:   March 4, 2025<br>Time:   10:00 a.m.<br>Courtroom:   6B<br><br>Discovery Cut-Off:   May 22, 2024<br>Final Pretrial Conference:   December 4, 2025<br>Trial Date:   January 27, 2026 |

**DECLARATION OF VIKRAM AMRITRAJ, ESQ.**

**DECLARATION OF VIKRAM AMRITRAJ ESQ.**

I, Vikram Amritraj Esq., hereby swear and affirm pursuant to 28 U.S.C. § 1746 upon direct personal knowledge that the following is true and correct:

1. I am an attorney duly licensed to practice before this Court, and am an associate attorney with the Cohen IP Law Group, P.C., counsel of record for Defendant Global Aiptek, Inc. ("Global"). Unless otherwise stated, I have first-hand personal knowledge of the facts stated herein and if called as a witness could competently testify thereto.

2. I hereby submit the instant Declaration in support of Global's Opposition to Plaintiff Epson America, Inc.'s ("Epson") Motion to Compel Defendant Global Aiptek, Inc. to Collect and Produce Documents and Produce Witnesses for Depositions filed on February 3, 2025 ("Motion) [Dkt. No. 79].

3. Between January 9, 2025 and February 3, 2025 I met and conferred with Epson's counsel, Zach Timm, regarding the instant discovery dispute, including via two (2) telephonic conferences on January 15, 2025 and January 17, 2025, and via multiple emails. **A true and correct copy of the email thread containing the meet and confer emails between myself, and Epson's counsel, Mr. Timm is attached hereto as Exhibit 1.**

4. I am informed that the lead counsel in this matter and principal attorney for the Cohen IP Law Group, P.C., Michael Cohen, was under evacuation orders until January 18, 2025 due to the Palisades fire, which started on approximately January 7, 2025.

5. I have been engaged in international travel since January 20, 2025 pursuant to a long-planned trip due to pre-determined personal commitments, and am scheduled to return to Los Angeles on February 12, 2025. At all relevant times mentioned herein from January 20, 2025, onwards, I have been in a time zone 13.5 hours ahead of Los Angeles time.

6. On January 9, 2025 I sent an email to Mr. Timm introducing myself as

1
**DECLARATION OF VIKRAM AMRITRAJ, ESQ.**

counsel for Global (Ex. 1, at 25) and requested an extension to get up to speed on the discovery dispute prior to providing input on Epson's proposed Motion. *Id.* On January 10, 2025, Mr. Timm agreed to a 1-week extension.

7.  In reviewing the matter, including Epson's contentions set forth in their proposed Motion and accompanying exhibits, I discovered that the Parties' discovery dispute was factually complex and required substantial investigation into representations made by each side as to what agreements (if any) had previously been reached regarding the search and production of documents responsive to Epson's Request for Production of Documents Set Nos. 1-2.

8.  On January 15, 2025, I conferenced with Mr. Timm telephonically, during which conference I suggested the Parties work together to reach one more informal resolution regarding the alleged issues raised in Epson's proposed Motion. I also informed Mr. Timm that I would be traveling overseas between January 20 and February 12, 2025 and as such, there may be some brief delays in correspondence as the Parties sought to reach a resolution.

9.  On January 17, 2025, I conferenced with Mr. Tim telephonically again, during which time we agreed Epson would postpone filing its Motion so as to allow the parties to come to terms on deadlines and dates in February 2025 to produce documents and set depositions. I sent an email to Mr. Timm the same day confirming the foregoing (*Id.* at 17-18).

10. On January 28, 2025, after multiple phone conferences and numerous emails between counsels, I sent an email to Mr. Timm stating that Global is "in agreement to provide outstanding documents by February 28, 2025" but was still unclear on Epson's position on what had not yet been produced (*Id.*, at 9). On January 29, 2025, I sent an email to Mr. Timm agreeing to provide Messrs. Sheu, Ali and Steinberg for depositions in March 2025 (*Id.* at 5-6)

11. Notwithstanding the foregoing, on January 29 and 30, 2025 I received two (2) e-mails from Mr. Timm stating that he assumes Global will not agree to

2
**DECLARATION OF VIKRAM AMRITRAJ, ESQ.**

complete the document searches and provide responsive documents and demanded Global's input for the Motion, which it intended to file on February 3, 2025 (*Id.* at 3-5). For various reasons, including internet connectivity issues abroad, I was unable to provide a response until February 3, 2025, at which time, I reiterated Global's position that it would run search terms, provide documents and the witnesses for deposition, all in the month of March 2025 (*Id.* at 1-2).

12. I reasonably believed that due to (a) my understandable need to apprise itself of the discovery dispute history; (b) my reasonable delays in communication due to the timing of overseas travel; and (c) ongoing conferences of counsel, Epson would not file its Motion on February 3, 2025, and instead, continue in, what appeared to be, fruitful meet and confer discussions, which should have resulted in the avoidance of the instant Motion.

13. On February 3, 2025, Epson filed the instant Motion, which came as somewhat of a surprise given ongoing meet and confer efforts, which appeared to be fruitful. The same day, I received an email from Epson's counsel, Morgan Nickerson, for the first time, seeking to reengage in settlement negotiations.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of February, 2025, in Dubai, United Arab Emirates.

By: /s/ *Vikram Amritraj*

Vikram Amritraj, Esq.
Attorney for Defendant Global Aiptek Inc.

3
**DECLARATION OF VIKRAM AMRITRAJ, ESQ.**