Milord A. Keshishian, SBN 197835
milord@milordlaw.com
**MILORD LAW GROUP, P.C.**
333 South Hope Street, Suite 4025
Los Angeles, California 90071
Tel: (310) 226-7878

Former Attorneys for Defendant
Global Aiptek Inc.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPSON AMERICA, INC., <br>     Plaintiff, <br><br> vs. <br><br> GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP, <br><br>     Defendant, | Case No.: 8:23-cv-00222-FWS-DFM <br><br> *Hon. Douglas F. McCormick* <br><br> **DECLARATION OF MILORD A. KESHISHIAN IN OPPOSITION TO JOINT STIPULATION RE EPSON AMERICA, INC.'S MOTION TO COMPEL** <br><br> Time: 10:00 a.m. <br> Location: 411 W. 4th St. <br>            Santa Ana, CA 92701 <br>            Courtroom 6B |

# DECLARATION OF MILORD A. KESHISHIAN

I, Milord A. Keshishian, hereby swear and affirm pursuant to 28 U.S.C. § 1746 upon direct personal knowledge that the following is true and correct:

1. I am an attorney duly licensed to practice before this Court, and I am the principal of Milord Law Group, P.C. ("MLG"), former counsel of record for defendant Global Aiptek Inc. (collectively, "Global"). Unless otherwise stated, I have first-hand personal knowledge of the facts stated herein and if called as a witness, could competently testify thereto.

2. Global received a list of thirty-four search terms from Plaintiff Epson America, Inc. ("Epson"); of which many were overbroad as noted during the June 12, 2024 IDC.

3. Global's counsel participated in the document search, collection, and transfer by Zoom wherein the custodian's shared their screens. Thus, counsel observed Sheu's, Khozema's, and Steinberg's searches, the results, and the gathering of responsive documents for future production.

4. Counsel did not perform similar searches for Nardita Crespo and Sonia Marrero because they do not use Outlook and do not send and receive emails as Global Aiptek email account users.

5. As stated during the June 12, 2024, IDC, Global did find and produce relevant documents, such as customer complaints. Attached hereto as **Exhibits L & M** are true and accurate copies of emails from Global's counsel to Epson's counsel transmitting discovery responses and documents.

6. Global and Epson agreed to suspend litigation to exchange drafts of settlement agreements, beginning July 2024.

7. Following this suspension, Epson never requested documents from the subsequent searches conducted by the custodians under counsel's observation.

8. Discussions about taking the three depositions resurfaced on September 17, 2024.

9. Epson did not seek production of documents after it was informed on October 3, 2024, of counsel's intention to withdraw as counsel of record.

10. During the October 9, 2024, meet and confer regarding counsel's motion to withdraw and whether Epson would oppose the motion, Epson's counsel stated, "[i]f we had six more months of discovery left then it would not be an issue, but that's not the case here. Happy to work with you. I don't think the court will jam us up." Epson wanted to make sure its right to discovery was not prejudiced.

11. During the October 16, 2024 IDC, the Court noted the challenge of engaging in discovery resolution pending counsel's motions to withdraw.

12. On October 17, 2024, Global offered to produce Global's witnesses the week of November 18, 2024 and that Global would be willing to attend mediation to expedite the settlement discussions, which Epson later declined because progress on draft settlement agreements were being made.

13. On October 29, 2024, the Parties' counsel met and conferred regarding Global's anticipated motion to dismiss the second amended complaint. During which time, Epson's counsel offered to stipulate to extend time for Defendant's response to January 27, 2024, to allow for further settlement discussions.

14. The Parties exchanged settlement agreement documents that essentially reached agreement on non-monetary terms on November 18, 2024. Attached hereto as **Exhibit K** is a true and accurate copy of the email chain in reverse chronological order between Global's counsel and Epson's counsel.

15. On November 20, 2024, Global transmitted a counteroffer in response to Epson's email from November 18, 2024. To date, Epson has not responded to Global's counteroffer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of November, 2024, in Los Angeles, California.

<u>/s/ Milord A. Keshishian</u>
Milord A. Keshishian
MILORD LAW GROUP, P.C.
Attorneys for Defendant
Global Aiptek Inc.