# EXHIBIT O

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                     SOUTHERN DIVISION - SANTA ANA


EPSON AMERICA, INC,            ) CASE NO: 8:23-cv-00222-FWS-DFM
                               )
          Plaintiff,           )              CIVIL
                               )
     vs.                       )        Santa Ana, California
                               )
GLOBAL AIPTEK, INC, ET AL,     )     Wednesday, October 16, 2024
                               )
          Defendants.          )       (9:31 a.m. to 9:39 a.m.)
```

TELEPHONIC DISCOVERY HEARING

BEFORE THE HONORABLE DOUGLAS F. MCCORMICK,
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| **APPEARANCES:** | SEE PAGE 2 |
| Court Reporter: | Recorded; CourtSmart |
| Courtroom Deputy: | Nancy Boehme |
| Transcribed by: | Exceptional Reporting Services, Inc.<br>P.O. Box 8365<br>Corpus Christi, TX 78468<br>361 949-2988 |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES:**

For Plaintiff:  ZACHARY T. TIMM, ESQ.
K&L Gates
10100 Santa Monica Boulevard
8th Floor
Los Angeles, CA 90067
310-552-5000

MORGAN T. NICKERSON, ESQ.
K&L Gates
State Street Financial Center
One Lincoln St.
Boston, MA 02111
617-261-3134

For Defendant:  MILORD A. KESHISHIAN, ESQ.
Milord Law Group
333 S. Hope St.
Suite 4025
Los Angeles, CA 90071
310-226-7878

3

**Santa Ana, CA; Wednesday, October 16, 2024; 9:31 a.m.**

--oOo--

            **THE CLERK:**  On the record in Case 8:23-cv-00222, Epson America, Inc. versus Global Aiptek, Inc.  Counsel, your appearances, please?

            **MR. TIMM:**  Good morning, this is Zachary Timm on behalf of plaintiff Epson America, Inc.

            **MR. NICKERSON:**  And this is also Morgan Nickerson on behalf of Epson America.

            **MR. KESHISHIAN:**  Good morning, Your Honor, is Milord Keshishian on behalf of defendants.

            **THE COURT:**  All right, counsel.  This is Doug McCormick.

            I received Mr. -- I think it's Mr. Timm's letter yesterday.  Mr. Keshishian, I did not receive anything from you.  Let me just make sure I didn't miss anything first.  Did you send me something I didn't get?

            **MR. KESHISHIAN:**  I did not, Your Honor, we're --

            **THE COURT:**  That's fine.  Let me kind of get right to what I think is top of mind for me, Mr. Keshishian, is a representation or statement at the back half of Mr. Timm's letter indicating that you've notified Epson's counsel that you intend to withdraw.

            This informal discovery conference process which I think works very well in 9 out of 10 cases.  One of the kinds

**EXCEPTIONAL REPORTING SERVICES, INC**

1  of situations where it doesn't work well, one of those 1 in 10
2  is where counsel maybe is having some problems or issues or
3  something with its client.  So let me dig a little deeper on
4  this potential motion to withdraw.  Is that something that's
5  going to happen?
6          **MR. KESHISHIAN:**  Yes, Your Honor.
7          **THE COURT:**  And when do you think it's going to get
8  filed?
9          **MR. KESHISHIAN:**  I believe we met and conferred on
10 Thursday, so we're going to wait the seven days and file it by
11 Friday, Your Honor.
12         **THE COURT:**  Okay.  And when you met and conferred
13 with Mr. Timm, did you -- were you -- did you have to tell him
14 why you're going to withdraw or what are you going to tell the
15 Court in terms of when you tell Judge Slaughter that you'd like
16 to withdraw, what are you going to tell Judge Slaughter?
17         **MR. KESHISHIAN:**  Breakdown in communications with the
18 client and advice not being followed --
19         **THE COURT:**  Okay.
20         **MR. KESHISHIAN:**  -- also lack of payment, Your Honor.
21         **THE COURT:**  Okay.  So, Mr. Timm and Mr. Nickerson, do
22 I've got a counsel here who's -- I'm perfectly willing to ask
23 him some questions about why we can't get these depositions
24 scheduled and why we can't get these documents produced.  I
25 think you need to go ahead and file your motion because we need

1  to move this thing along in a formal manner, rather than
2  informal.  Because my informal process really depends on my
3  defense counsel having the ability to communicate with a client
4  and respond to my informal process.  I mean, my informal
5  process is sort of predicated on that.
6        If Mr. Keshishian can't do that and -- well, let me
7  ask point blank.  Mr. Keshishian, is your situation where you
8  just can't get dates confirmed from your clients and things
9  like that?
10       **MR. KESHISHIAN:**  On the depos, the client did e-mail
11 their trade show is in October, which was noticed.  They said
12 they can appear in November, but they'll need to get new
13 counsel in order to do that.
14       **THE COURT:**  All right.  So when's the discovery cut
15 off in the case, Mr. Timm?
16       **MR. TIMM:**  The discovery cut off is November 14th,
17 Your Honor.
18       **THE COURT:**  All right.  So we're in a world of
19 problems here, because you need to make a motion, the motion's
20 not going to be heard before November 14th.  We need to get
21 depositions scheduled.  Mr. Keshishian needs to withdraw or
22 wants to withdraw, that's going to need to be heard by the
23 district judge.  The district judge is going to have to have
24 requirements from -- for new counsel, et cetera.  I didn't look
25 at the whole docket before I came out here.  Are there

1  individually named defendants or is it just the corporate
2  defendant, Global Aiptek?
3      **MR. TIMM:**  It's just the corporate defendant, Your
4  Honor.  There is a motion for leave to file a further amended
5  complaint, it's actually on calendar for tomorrow, which would
6  add an additional corporate defendant, but there's no
7  individual defendant.
8      **THE COURT:**  Okay.  So you're seeing Judge Slaughter
9  tomorrow?
10     **MR. TIMM:**  That is correct.
11     **THE COURT:**  Okay.  All right.  Well, is it your
12 understanding, Mr. Keshishian, that your clients are in the
13 process of obtaining new counsel or do you have any insight
14 into that that you can share?
15     **MR. KESHISHIAN:**  I do not, Your Honor.
16     **THE COURT:**  Okay.  Mr. Timm, any questions or
17 comments from me?
18     **MR. TIMM:**  Yes, Your Honor.  I think, you know, I
19 understand the position and the difficulties of getting stuff
20 done with the informal process here.  I guess our, you know,
21 primary concern is -- I think you've identified is with the
22 impending withdrawal from Mr. Keshishian's office, the -- you
23 know, the discovery cutoff date upcoming --
24     **THE COURT:**  Yeah, you need to preserve your client's
25 rights with respect to these depositions and that discovery

1  cutoff date.  And I appreciate you coming to me informally, but
2  this is -- I'm just going to kick you out of this process and
3  tell you to go to the Local Rule 37 process because this is not
4  the right way.  I'm sorry, it is the right way, but it's not
5  the correct way.
6          **MR. TIMM:**  Understood, Your Honor.
7          **THE COURT:**  For this situation.
8          **MR. TIMM:**  Understood.  We'll proceed under the Local
9  Rule 37 process with the joint stip and discovery motion.
10         **THE COURT:**  Yeah, because I think that way you've got
11 a motion on file, preserves your rights and, you know, you can
12 come back and ask me if new counsel's on board, you can ask me
13 to take that off calendar and convert to an informal motion,
14 you know, you can ask me when you file that to shorten time,
15 but we need to get you on the record preserving your client's
16 rights with respect to those depositions, these documents, and
17 the discovery cut off, otherwise we're going to run into this
18 discovery cut off and somebody is going to make the argument
19 it's too late and you're here in time to get ahead of all that.
20         **MR. TIMM:**  Understood, Your Honor, thank you.
21         **THE COURT:**  Okay.  Any other questions from
22 plaintiff's counsel?  No?  Okay.  Mr. Keshishian --
23         **MR. TIMM:**  I don't believe so.
24         **THE COURT:**  -- you guys are -- any questions from
25 defense counsel, otherwise you're going to see Judge Slaughter

1  tomorrow, you may want to give him the heads up that this is
2  coming his way, so he can talk to you about maybe the next
3  steps in terms of the scheduling order if new counsel is going
4  to get on board and the pleadings it sounds like are going to
5  change.
6          **MR. TIMM:**  Understood.
7          **THE COURT:**  Okay.  Anything else we can talk about
8  this morning?
9          **MR. KESHISHIAN:**  Not for defendant, Your Honor.  I'll
10 offer a stipulation if they want to continue the trial or the
11 discovery cutoff date.
12         **THE COURT:**  Well, that's something for you guys to
13 discuss, so I'm happy to -- I'm sure if there's going to be a
14 stipulation -- if there's going to be a discussion about doing
15 that, it probably would be easier to have it in terms of having
16 it in front of Judge Slaughter if you guys are on the same
17 page.
18         All right.  Thank you both this morning, appreciate
19 it.
20         **MR. TIMM:**  Thank you, Your Honor.
21         **MR. KESHISHIAN:**  Thank you.
22         **THE CLERK:**  This court's adjourned.
23     **(Proceedings concluded at 9:39 a.m.)**
24                         **\* \* \* \* \***
25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

| | |
|---|---|
| _____ | February 12, 2025 |
| Signed | Dated |

*TONI HUDSON, TRANSCRIBER*