# EXHIBIT Q



June 11, 2024

<u>Via Email Only to: dfm_chambers@cacd.uscourts.gov</u>

The Honorable Douglas F. McCormick
United States District Court, Central District of California
411 W. Fourth St., Courtroom 6B
Santa Ana, CA 92701, 6th Floor

    Re:    *Epson America, Inc. v. Global Aiptek Inc. d/b/a GAC Technology Group*
            United States District Court, Central District of California
            Case No.:  8:23-CV-00222-FDS-DFM
            <u>Our Ref. No.:  GLO23-002L</u>

Dear Hon. McCormick :

      Counsel for Defendant Global Aiptek Inc. d/b/a GAC Technology Group ("Global") writes this synopsis of the discovery dispute in preparation of the Informal Discovery Conference scheduled for June 12, 2024, at 9:30 a.m.

      This case concerns Global's advertisement of its portable HP branded projectors with LED bulbs and lumen measurements, which convey the brightness and clarity of the projector. Epson takes offense to Global's use of one unit of measure (LED lumen) over another (ANSI lumen), both of which are readily measurable.

      Epson has proposed an invasive and overly broad copying of all Global's email boxes for search terms that would produce extremely numerous documents, e.g., "HP." Because Global's products are produced under a trademark license from HP Inc., and each model bears an HP trademark, it would essentially require production of every document and correspondence related to Global's products regardless of its proportionality to the needs of the case. Global's counsel has communicated that it has supervised searches of Mr. Sheu's Outlook email accounts related to Epson's only complaint regarding false bulb brightness, and collected and produced the responsive documents. Epson has also deposed Mr. Sheu and he testified that there have not been any complaints related to brightness. Indeed, a search of publicly available negative consumer reviews of Global's projectors, not a single review concerns the bulb or output brightness. Dkt. 38-2, Ex. F. Regardless, Epson insists that an outside vendor be retained to copy all email boxes, at significant expense, and force counsel to review all of the overbroad production, at even more significant expense.

      Epson further insists on in-person depositions of Global's employees, including a second

333 South Hope Street, Suite 4025
Los Angeles, CA  90071
Phone (310) 226-7878
Fax (310) 226-7879
www.milordlaw.com

Hon. Douglas F. McCormick
June 11, 2024
Page 2 of 2

deposition of Mr. Sheu in Los Angeles, Mr. Ali Khouzema in Chicago, and Mr. Allen Steinberg in New York, which would only drive up Global's expenses further. Global has agreed to produce Mr. Sheu and Mr. Khouzema in Los Angeles on July 17, and a video deposition of Mr. Steinberg. Epson insists that Mr. Steinberg's deposition be in-person without any justification. Global's counsel learned yesterday that Mr. Steinberg has an illness and is not willing to attend an in-person deposition. Global relayed that Mr. Steinberg would not have information that Epson is seeking, but Epson continues to insist on an in-person deposition even though a video deposition would accomplish the same objective of learning that Mr. Steinberg does not have any information that relate to the Epson's claims.

Global is also willing to produce Mr. Sheu on July 18 and Mr. Khouzema on July 17 in Los Angeles for in person depositions, even though they both could be accomplished in one day.

Sincerely yours,

/s/ Milord A. Keshishian
Milord A. Keshishian

MAK/kjr
Cc: Zachary T. Timm, Morgan T. Nickerson, Christina N. Goodrich