1  **K&L Gates LLP**
2  10100 Santa Monica Boulevard
   Eighth Floor
3  Los Angeles, California 90067
   Telephone: 310.552.5000
4  Facsimile: 310.552.5001
   Christina N. Goodrich (SBN 261722)
5  christina.goodrich@klgates.com
   Zachary T. Timm (SBN 316564)
6  zach.timm@klgates.com

7  **K&L Gates LLP**
   State Street Financial Center
8  One Lincoln Street
   Boston, Massachusetts 02111
9  Telephone: 617.261.3134
   Facsimile: 616.261.3175
10 Morgan T. Nickerson (admitted *pro hac vice*)
   morgan.nickerson@klgates.com
11 *Attorneys for Plaintiff*
   *Epson America, Inc.*

12                 UNITED STATES DISTRICT COURT
13                CENTRAL DISTRICT OF CALIFORNIA
                       SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC.; and GAC TECHNOLOGY GROUP,<br><br>Defendants. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>*[Assigned to the Hon. Fred W. Slaughter]*<br><br>**REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT GAC TECHNOLOGY GROUP**<br><br>Second Amended Complaint Filed:   October 18, 2024<br><br>Waiver of Service Executed:   October 29, 2024<br><br>Deadline to Respond:   January 27, 2025<br><br>*[Filed Concurrently with Declaration of Zachary T. Timm; [Proposed] Order]* |

REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT GAC TECHNOLOGY GROUP

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that Plaintiff Epson America, Inc. ("Epson") hereby requests the clerk to enter default against Defendant GAC Technology Group ("GAC" or "Defendant") pursuant to Federal Rule of Civil Procedure 55(a), based on the following:

1. Epson filed its Complaint in this Action on February 6, 2023, which named a sole defendant, Global Aiptek, Inc. d/b/a GAC Technology Group. (Declaration of Zachary T. Timm ("Timm Decl."), ¶ 2; *see also* Docket Entry ("DE") 1.)

2. Defendant Global Aiptek Inc. filed its answer on April 14, 2023. (DE 15.)

3. Epson filed its First Amended Complaint on April 29, 2024. (DE 35).

4. Through discovery and meet and confer efforts with Defendant Global Aiptek, Inc.'s prior counsel of record, Epson was informed and learned that Global Aiptek, Inc. and GAC Technology Group were separate and distinct entities, and that Epson would, therefore, need to separately name GAC Technology Group as a named defendant in this action. (Timm Decl., ¶ 3.)

5. Defendant Global Aiptek Inc. would not stipulate to Epson filing a Second Amended Complaint and so, on August 8, 2024, Epson filed a Motion for Leave to File a Second Amended Complaint, which, *inter alia*, added GAC Technology Group as a separate entity, alleging that Global Aiptek, Inc. and GAC Technology Group were alter egos of one another (rather than a d/b/a). (Timm Decl., ¶ 4.; DE 52.)

6. Epson's Motion was granted on October 17, 2024 (DE 60), and Epson filed its Second Amended Complaint the following day, October 18, 2024 (DE 61.)

7. On October 17, 2024, Defendant Global Aiptek, Inc.'s prior counsel also filed a motion to withdraw as counsel of record (DE 59), which was granted on November 1, 2024 (DE 71).

8. On October 22, 2024, a Summons was issued as to GAC. (DE 66.)

9. On October 29, 2024, GAC's President and Chief Executive Officer, Frank Sheu, executed a waiver of service of summons on behalf of GAC. (DE 68.) Because GAC is a foreign entity, and the waiver of service of summons was executed by Mr. Sheu outside of the United States, GAC was required to file a response to the Second Amended Complaint within 90 days of October 29, 2024. As such, GAC's time to respond to the Second Amended Complaint was January 27, 2024. (*Id*.)

10. On December 17, 2024, new counsel appeared in this action on behalf of Defendant Global Aiptek, Inc. only, and not on behalf of GAC. (DE 74.)

11. On January 27, 2025, Defendant Global Aiptek, Inc. filed a Motion to Dismiss the Second Amended Complaint, but GAC did not join such Motion. (*See*, DE 77.)

12. Epson's counsel has made numerous inquiries with Defendant Global Aiptek, Inc.'s counsel as to whether they will also be representing GAC. (Timm Decl., ¶ 7.) This includes, *inter alia*, informing Defendant Global Aiptek, Inc.'s counsel that Epson would need to request entry of default against GAC if it did not respond to the Second Amended Complaint. (*Id*.)

13. On January 29, 2025, Defendant Global Aiptek, Inc.'s counsel indicated they would represent GAC and would be filing a response on its behalf. (*Id*., ¶ 8.) On February 25, 2025, in a final attempt to obtain a response from GAC to the Second Amended Complaint, Epson's counsel emailed Defendant Global Aiptek, Inc.'s counsel and once again requested that GAC respond to the Second Amended Complaint. (*Id*.) In that email, Epson's counsel stated that, if GAC did not respond to the Complaint by February 27, 2025, Epson would request entry of default against GAC on February 28, 2025. (*Id*.)

14. Despite Epson's best efforts, and despite GAC's President and CEO executing a waiver of service of summons, GAC has failed to respond to the Second Amended Complaint. Epson, therefore, hereby requests default be entered against Defendant GAC Technology Group.

Epson's Request for Entry of Default is based on this Request, the concurrently filed declaration of Zachary T. Timm, the complete files and records in this Action (including Epson's Second Amended Complaint (DE 61), and GAC's waiver of service (DE 68)), and any such further matters as the Court may deem just and proper to consider this Request.

Respectfully submitted,

**K&L Gates LLP**

Date: February 28, 2025    By: /s/ *Zachary T. Timm*
Morgan T. Nickerson (admitted *pro hac vice*)
Zachary T. Timm

*Attorney for Plaintiff*
*Epson America, Inc.*