Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorney for Plaintiff*
*Epson America, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GLOBAL AIPTEK INC.; and GAC TECHNOLOGY GROUP,<br><br>　　　　　Defendants. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>*[Assigned to the Hon. Fred W. Slaughter]*<br><br>**DECLARATION OF ZACHARY T. TIMM IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT GAC TECHNOLOGY GROUP**<br><br>Second Amended<br>Complaint Filed:　　October 18, 2024<br><br>Waiver of Service<br>Executed:　　　　　October 29, 2024<br><br>Deadline to<br>Respond:　　　　　January 27, 2025<br><br>*[Filed Concurrently with Request for Entry of Default; [Proposed] Order]* |

**DECLARATION OF ZACHARY T. TIMM**

# DECLARATION OF ZACHARY T. TIMM

I, Zachary T. Timm, declare as follows:

1. I am an attorney at the law firm of K&L Gates LLP, counsel for Plaintiff Epson America, Inc. ("Epson" or "Plaintiff") in the above-captioned matter. I have reviewed the docket in this action and am familiar with the filings contained therein. I am over the age of 18 years, have personal knowledge of the facts contained in this declaration, and if called as a witness, could and would testify competently to the truth of the facts stated herein. I submit this Declaration in support of Epson's Request for Entry of Default Against Defendant GAC Technology Group ("GAC" or "Defendant").

2. Epson filed its Complaint in this Action on February 6, 2023. (*See* Docket Entry ("DE") 1.) Epson's initial Complaint was against Defendant Global Aiptek Inc. d/b/a GAC Technology Group.

3. Through discovery and meet and confer efforts with Defendant Global Aiptek Inc.'s prior counsel, Epson was informed and learned that GAC Technology Group was not a d/b/a for Global Aiptek, Inc., but rather the two were separate and distinct entities. Epson was further informed, therefore, that it needed to amend its complaint to separately name GAC Technology Group as a separately named defendant.

4. Epson's Second Amended Complaint, which was filed on October 18, 2024, so named GAC Technology Group as a separate defendant, and alleged that Global Aiptek, Inc. and GAC Technology Group were alter egos of one another. (*See* DE 61.)

5. Through discovery and meet and confer efforts with Global Aiptek, Inc.'s prior counsel, Epson understood that both Global Aiptek, Inc. and GAC Technology Group were operated and controlled by the same person(s). As such, following the issuance of the summons as to GAC Technology Group, my colleague, Morgan Nickerson, and I met and conferred with Global Aiptek, Inc.'s prior counsel of record regarding, *inter alia*, aligning the two Defendants' deadline to respond to the Complaint. Global's prior counsel agreed, including that he would provide GAC a copy

1
**DECLARATION OF ZACHARY T. TIMM**

of the waiver of service of summons form. On October 29, 2024, Mr. Nickerson sent Global's prior counsel a copy of such form. On October 30, 2024, I received an executed copy of such form back from Global's counsel, with Mr. Frank Sheu having executed the form on behalf of GAC Technology Group.

6. Global's prior counsel's motion to withdraw was subsequently granted on November 1, 2024, and Global's new counsel appeared on December 17, 2024. (DE 73 & 74.)

7. Following the appearance by Global's new counsel, I have inquired on several occasions as to whether Global's counsel would be representing GAC and filing a response to the Second Amended Complaint on GAC's behalf, including noting that Epson would need to file a request for default if GAC did not promptly respond to the Second Amended Complaint.

8. On January 29, 2025, Global's counsel indicated that they would be filing some sort of response on GAC's behalf, and "trust[ed] Epson will not rush to file a default." Since then, I have made several additional inquiries with regard to GAC's response to the Second Amended Complaint. Most recently, on February 25, 2025, I emailed Global's counsel informing them that, if GAC did not file a response to the Second Amended Complaint by February 27, 2025, Epson would file a request for entry of default on February 28, 2025. I have not received a response to that email.

9. As of the time of this filing, GAC has not made any appearance through counsel of record, and, specifically, has not filed any response to the Second Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of February, 2025 in Los Angeles, California.

_____
Zachary T. Timm