_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:23-cv-00222-FWS-DFM | Date: March 4, 2025 |
| Title: Epson America, Inc. v. Global Aiptek Inc., *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT [77]**

Plaintiff Epson America, Inc. ("Plaintiff") brings this case against Defendants Global Aiptek Inc. ("Global Aiptek") and GAC Technology Group ("GAC"), asserting claims for unfair competition and false advertising under the Lanham Act and California's Unfair Competition Law. (*See generally* Dkt. 61 ("Second Amended Complaint").) Now before the court is Defendant Global Aiptek Inc.'s[1] Motion to Dismiss the Second Amended Complaint. (Dkt. 80 ("Motion" or "Mot.").) Plaintiff opposes the Motion. (Dkt. 81 ("Opp.").)

The court observes that although the citations in the Motion purport to quote from or refer to the Second Amended Complaint, some of those quotations and references do not appear in the Second Amended Complaint at all, or do not appear at the cited locations. (*See* Opp. at 1-2 (describing numerous examples).) A review of the First Amended Complaint, (Dkt. 36), Global Aiptek's motion to dismiss the First Amended Complaint, (Dkt. 38), and the Motion

---

[1] The court observes that the Motion was filed by "Global Aiptek Inc. dba GAC Technology Group," indicating Global Aiptek's belief that the two entity defendants are the same entity. (Mot.) However, Plaintiff is proceeding as if the entities are distinct, and indeed, the clerk has entered default as to GAC. (Dkt. 90.)

| **CIVIL MINUTES – GENERAL** | 1 |
|---|---|

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-00222-FWS-DFM | Date: March 4, 2025 |
| Title: Epson America, Inc. v. Global Aiptek Inc., *et al.* | |

indicates that the Motion actually targets the First Amended Complaint.[2] (*See* Opp. at 1-2.) However, "[i]t is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). "Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist." *Id.* "Because the [Motion] target[s] the Plaintiff's First Amended Complaint, which [is] no longer in effect," the Motion must be **DENIED AS MOOT**. *Id.*

In addition, the court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for March 20, 2025, (Dkt. 86), is **VACATED** and off calendar.

The court **ORDERS** Global Aiptek to file a responsive pleading to the Second Amended Complaint on or before **March 27, 2025.**

___

[2] Indeed, nearly every page of the Motion contains typographical errors consistent with replacing "FAC" or "fac" with "2AC." (*See* Mot at 2 (referring in two locations to a "manu2ACturer"); *id.* at 3 (referring to "sufficient 2ACtual matter," a "2ACially plausible" claim, "unwarranted deductions of 2Act," and "non-conclusory 2ACtual content"); *id.* at 4 (arguing that "[t]he Court may consider 2ACts subject to judicial notice"); *id.* at 5 (referring to "a false statement of 2ACt"); *id.* at 6, 7, 8, 9, 10, 11, 13, 16, 17, 18, and 19 of 19 (each containing similar errors).)

___