COHEN IP LAW GROUP P.C.
Michael N. Cohen (SBN 225348)
Vikram Amritraj (SBN 321584)
9025 Wilshire Blvd., Suite 301
Los Angeles, California 90049
Tel: (310) 288-4500
Fax: (310) 246-9980
mcohen@cohenip.com
vamritraj@cohenip.com

Attorneys for Defendant Global Aiptek Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC.; and GAC TECHNOLOGY GROUP,<br><br>Defendant. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>**DISCOVERY MATTER**<br>Magistrate Judge: Hon. Douglas F. McCormick<br><br>**DEFENDANT GLOBAL AIPTEK INC.'S SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT GLOBAL AIPTEK INC. TO COLLECT AND PRODUCE DOCUMENTS AND PRODUCE WITNESSES FOR DEPOSITION**<br><br>Hearing Date: April 10, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6B<br><br>Discovery Cut-Off: May 22, 2024<br>Final Pretrial Conference: December 4, 2025<br>Trial Date: January 27, 2026 |

**DEFENDANT GLOBAL AIPTEK INC.'S SUPPLEMENTAL OPPOSITION TO EPSON'S REQUEST FOR SANCTIONS**

# **TABLE OF CONTENTS**

Page

MEMORNADUM OF POINTS AND AUTHORITIES ...................................................................1

I.      INTRODUCTION............................................................................................................1

II.     FACTS ............................................................................................................................3

III.    LEGAL ARGUMENT ....................................................................................................5

IV.    CONCLUSION ...............................................................................................................6

# **TABLE OF AUTHORITIES**

Cases

*Arons v. Lalime,* 996 U.S. Dist. LEXIS 8526 (W.D.N.Y. 1996) ................................5

*In re Tollefson*, 2015 Bankr. LEXIS 2127 (Bankr. D. Colo. May 13, 2015)..............5

*Kipperman v. Onex Corp.*, U.S. Dist. LEXIS 44457 (N.D. Ga. 2009) .......................5


Statutes/Regulations

Fed. R. Civ. Proc. 37(a)(5)(A)............................................................................... 1, 5

# MEMORNADUM OF POINTS AND AUTHORITIES

Pursuant to this Court's order of March 18, 2025 [Dkt. 95], Defendant Global Aiptek Inc.'s ("Global") hereby submits its Supplemental Opposition to Plaintiff Epson America, Inc.'s ("Epson") request for sanctions as set forth in the Declaration of Zachary Timm [Dkt. 92] filed in connection with Epson's Motion to Compel ("Motion") [Dkt. No. 79]. Global previously filed its initial Opposition on February 10, 2025 ("Opposition") [Dkt. No. 81]

## I.  INTRODUCTION

Epson claims as monetary sanctions "$19,095.00 for the preparation of the Motion and supporting documents, preparation of the Reply Brief and appearance at the hearing on the Motion." Dkt. 92, at ¶ 7. Global respectfully requests the Court to deny Epson's request for sanctions because (1) Epson filed the Motion despite Global's agreement to provide the vast majority of the discovery demanded, i.e., document production resulting from most of the demanded search terms, and depositions of the three (3) witnesses demanded; thus, the Motion was premature; (2) Global's objections were substantially justified, as documented throughout the extensive meet and confer process; and (3) other circumstances exist that would make the award of expenses unjust, such as the fact that Global was not responsible for any perceived delays in the discovery process or any other misuse of the discovery process. *See* Fed. R. Civ. Proc. 37(a)(5)(A). As set forth in the Opposition [Dkt. 81] and the Declaration of Milord Keshishian ("Keshishian Decl.") [Dkt. 81-4] since approximately January 2024, Epson simply failed to accept the document production Global offered (the majority of which is the subject of the Motion), and Epson intentionally backburnered discovery while the Parties pursued settlement negotiations.

First, Epson's Motion sought an order of this Court to compel Global to (a) produce documents resulting from 51 search terms to be run on the Global email accounts for five (5) individuals: Frank Sheu, Khozema Ali, Allen Steinberg, Sonia Marrero and Nardita Crespo; and (b) produce for deposition three (3) individuals: Frank

Sheu, Khozema Ali and Allen Steinberg. Prior to Epson's filing of the Motion, Global had already previously provided substantial document production (Keshishian Decl. ¶¶ 2-3, 5) and agreed to produce the three (3) witnesses for depositions on multiple occasions, including the week of November 18, 2024 prior to Global's former counsel's withdrawal as counsel of record. Keshishian Decl. ¶¶ 8, 12. For various reasons as mutually agreed to by the parties (including but not limited to putting discovery on the backburner so the Parties could focus on settlement negotiations beginning in July 2024), Epson did not follow through with seeking document production or setting the depositions agreed to by the Parties. Keshishian Decl. ¶¶ 6 – 15.

Second, prior to Epson's filing of the instant Motion, Global's current counsel met and conferred in good faith with Epson's counsel and substantially agreed to provide the discovery demanded in the Motion. Amritraj Decl. ¶¶ 9 - 11. In particular, Global agreed to run the vast majority of the search terms demanded (34 search terms) upon the email accounts for Messrs. Sheu, Ali and Steinberg and produce the resulting documents.[1] Id. Global also agreed, yet again, to produce Messrs. Sheu, Ali and Steinberg for depositions in February and March 2025; however, Epson did not follow through with setting the depositions. Id.

Third, the only further discovery Epson achieved by way of its Motion was for Global to run an additional 17 terms (with various connectors to limit the results) on the Global email accounts for Messrs. Sheu, Ali and Steinberg (which Global maintains is unlikely to produce any relevant evidence, as the terms themselves are vastly overbroad) [Dkt. 95]. As the vast majority of Epson's Motion was wholly unnecessary (i.e., Global

---

[1] Global agreed to produce documents resulting from the search terms run on Mr. Steinberg's Global email account even though he is an independent contractor who runs his own company, Westview Industries, Inc., and is thus, not under Global's control. Global's counsel further informed Epson that Ms. Marrero is an independent contractor working for Westview as Mr. Steinberg's assistant, and Ms. Crespo is an independent contractor who runs her own accounting firm, Micro Tax LLC; thus, neither of those parties are subject to Global's control.

already agreed to run 34 of the 51 of the search terms, produce documents and the witnesses for deposition on multiple occasions), Global respectfully requests the Court to deny Epson's request for sanctions.

## II. FACTS

A more comprehensive history of the facts leading to the instant dispute is set forth in Global's Opposition to Epson's Motion filed on February 10, 2025 [Dkt. No. 81, "Opposition"]. In an effort to not belabor the record, Global respectfully requests the Court to consider the facts and timeline set forth in the Opposition. However, certain facts pertinent to the instant supplemental opposition to Epson's request for sanctions are summarized hereinbelow.

In its Motion [Dkt. 79], Epson demanded an order compelling Global to search the email accounts of "Frank Sheu, Khozema Ali, Allen Steinberg, Sonia (Allen's assistant), and Nardita ("accountant")" pursuant to the search terms and protocol set forth in the Timm Declaration filed on February 3, 2025 [79-1], at Ex. H, pages 1 and 9-11, which total 51 search terms. Motion, at 22. Epson further sought to compel Global to "retain and utilize an ESI vendor to collect the documents and email accounts from Global's custodians, and to thereafter use the agreed upon search terms on those documents collected." *Id.* at 23. Finally, Epson sought to compel depositions of "Mr. Sheu, Mr. Khozema, and Mr. Steinberg." *Id.* at 28. In this Court's order of March 18, 2025 [Dkt. 95], the Court ordered a timeline for search terms to be run, documents to be produced, and for the parties to meet and confer regarding the scheduling of depositions. *Id.* Notwithstanding the foregoing order, the record is clear that Global already produced documents, agreed to produce further documents resulting from most of the search terms, and agreed to produce the deponents demanded by Epson.

As of June 2024, Global had already ran a list of thirty-four (34) search terms received from Epson, and Global's counsel participated in the document search and production by Zoom and observed the custodian's searches, the results, and the

gathering and production of responsive documents [Dkt. 81-3, "Keshishian Decl." ¶ 3]. Epson was apparently unsatisfied, and in July 2024, Global offered a comprehensive set of search terms and protocols [Dkt. 79-10, Timm Decl., Ex. H, at 2], Epson refused. Epson further demanded Global to utilize an ESI vendor, and demanded the search terms be run not only email accounts but also "Dropbox.com, Box.com, Slack, Google Drive, servers, share-file, document management systems, etc." [Dkt. 81-1, Amritraj Decl. ¶ 3, Ex. 1, at 7-8). The Court did not order the searches upon these software platforms [Dkt 95].

      As set forth in the Opposition, Global's prior counsel agreed again to run searches upon Messrs. Sheu, Ali, and Steinberg's email accounts and produced responsive documents (Keshishian Decl. ¶ 3); Global's current counsel yet again agreed on February 3, 2025, to run the search terms set forth in prior counsel's email of June 24, 2024 (*see* Timm Decl., Ex. H, at 4-5) upon the email accounts for Messrs. Sheu, Ali and Steinberg and produce the documents with accompanying declarations of the foregoing individuals affirming that they have run the searches (Amritraj Decl. ¶ 3, Ex. 1, at 2). **Those search terms constitute 34 out of the 51 terms demanded in Epson's Motion.**

      With respect to the depositions, Mr. Timm admitted that "[d]uring the June 12 [2024] IDC, the Parties were able to reach an agreement with respect to the depositions Epson sought" (*Id.* at ¶ 14). Again, on October 17, 2024, Global offered to produce these witnesses on multiple occasions, including the week of November 18, 2024, which Epson declined in furtherance of settlement discussions (Keshishian Decl. ¶ 12). Prior to the filing of the instant Motion, Global's present counsel affirmed that the foregoing individuals would be produced for depositions in February or March 2025 as permitted by the deponents' and counsels' schedules (Amritraj Decl. ¶ 3, Ex. 1, at 1-2). The Parties have since reached an agreement that Messrs. Sheu and Ali will be produced for in-person depositions and Mr. Steinberg will be deposed remotely, **just as Global had previously offered before Epson brought the Motion.**

## III. LEGAL ARGUMENT

Monetary sanctions are not appropriate if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *See* Fed. R. Civ. Proc. 37(a)(5)(A).

Here, the record supports a finding that Epson's Motion was premature since Global had already agreed to run most of the search terms demanded, produced the documents resulting therefrom, and provide the requested witnesses for depositions. Namely, Global already agreed to produce documents resulting from 34 out of 51 search terms on the email accounts for Messrs. Sheu, Ali and Steinberg, and to produce those individuals for depositions on multiple occasions, including in November 2024 (Keshishian Decl. ¶ 12) and in February and March 2025. Amritraj Decl. ¶ 3, Ex. 1, at 1-2; Amritraj Decl. ¶¶ 9-11. As Global demonstrably participated in good faith in the discovery process, by, *inter alia*, participating in multiple discovery conferences in at least June and October 2024 (Keshishian Decl. ¶¶ 5, 11) and producing responsive documents throughout 2024 (*Id.* ¶¶ 3, 5), and further agreeing to substantially most of Epson's demands set forth in the Motion prior to Epson filing the Motion (Amritraj Decl. ¶ 3, Ex. 1, at 1-2; Amritraj Decl. ¶¶ 9-11), it is clear that Epson filed the Motion before attempting in good faith to obtain the vast majority of the discovery demanded in its Motion.

Further, Epson did not prevail on all its discovery demands. *See In re Tollefson*, 2015 Bankr. LEXIS 2127 (Bankr. D. Colo. May 13, 2015) (discovery sanctions were not appropriate because counsel did not prevail on all discovery issues, and context of dispute made award of fees and costs unjust). Despite Epson's demand its Motion, Global could not be compelled to produce documents resulting from searches upon the email accounts for Steinberg, Marrero and Crespo because they are independent contractors not subject to Global's control; nevertheless, Global has gone above its

discovery obligations by securing an agreement with Mr. Steinberg to produce documents resulting from the search terms conducted on his email account, and to produce him for a deposition remotely.

In addition, Epson cannot show that Global engaged in any discovery delay or other misconduct warranting sanctions. *See Kipperman v. Onex Corp.*, U.S. Dist. LEXIS 44457 (N.D. Ga. 2009) (awarding sanctions because defendants engaged in numerous instances of discovery delay and misconduct, which prejudiced trustee in its preparation of its lawsuit). As set forth in the Opposition, the discovery dispute has been pending for over 1 year since January 2024 due to numerous factors (*see* Opposition, at 3:7-25), including but not limited to (a) approximately 4.5 months of alleged 'meet and confer' efforts (Timm Decl. ¶¶ 13-15) and multiple IDCs, the last of which took place in October 2024; (b) the Parties' mutual agreement to table the discovery dispute while pursuing settlement negotiations (Keshishian Decl. ¶¶ 6-15); and (c) multiple continuances due to Global's prior counsel's withdrawal (Opposition, at 3:15-20). Epson has not provided any facts to support a finding that Global has improperly delayed its discovery obligations, nor can it when the record is clear that Global has agreed time and time again to produce the demanded documents and witnesses for depositions.

Based upon the foregoing, Epson is unable to show that Global engaged in any misconduct that warrants the breadth of monetary sanctions demanded. *See Arons v. Lalime,* 996 U.S. Dist. LEXIS 8526 (W.D.N.Y. 1996) (Court order awarding monetary sanctions against party's attorney must set forth court's findings with reasonable specificity in terms of perceived misconduct and sanctioning authority). Global has, in fact, participated in good faith in the discovery process despite Epson's overbroad and shifting demands.

## IV.  CONCLUSION

As set forth hereinabove, and the documents filed in connection with Global's Opposition on February 10, 2025, Global respectfully requests this Court deny

Epson's request for sanctions.

Dated: April 1, 2025                    **COHEN IP LAW GROUP, P. C.**

By: */s/ Vikram Amritraj*

Vikram Amritraj, Esq.

Attorneys for Defendant
Global Aiptek Inc.