```
 1                        UNITED STATES DISTRICT COURT
                         CENTRAL DISTRICT OF CALIFORNIA
 2                       SOUTHERN DIVISION - SANTA ANA

 3

 4   EPSON AMERICA, INC.,        ) Case No. SACV 23-00222-FWS(DFMx)
                                 )
 5        Plaintiff,             ) Santa Ana, California
                                 ) Tuesday, March 18, 2025
 6             v.                ) 10:00 A.M. to 10:21 A.M.
                                 )
 7   GLOBAL AIPTEK INC., et al., ) TELEPHONIC HEARING
                                 )
 8        Defendants.            )
     _____)

 9

10

11

12                        TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE DOUGLAS F. MCCORMICK
13                     UNITED STATES MAGISTRATE JUDGE

14

15   Appearances:              See Page 2

16   Deputy Clerk:             Nancy Boehme

17   Court Reporter:           Recorded; CourtSmart

18   Transcription Service:    JAMS Certified Transcription
                               16000 Ventura Boulevard #1010
19                             Encino, California  91436
                               (661) 609-4528
20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

1  APPEARANCES:
2
3  For the Plaintiff:     K and L Gates LLP
                          By:  MORGAN T. NICKERSON
4                         State Street Financial Center
                          One Lincoln Street
5                         Boston, Massachusetts  02111
                          (617) 261-3134
6                         morgan.nickerson@klgates.com
7
8  For the Defendants:    Cohen IP Law Group, P.C.
                          By:  VIKRAM AMRITRAJ
9                         9025 Wilshire Boulevard, Suite 301
                          Beverly Hills, California  90211
10                        (310) 288-4500
                          vikramamritraj@gmail.com
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1    SANTA ANA, CALIFORNIA, TUESDAY, MARCH 18, 2025, 10:00 A.M.
2              THE CLERK:  We're on the record on case 8:23-cv-
3    00222.  It's *Epson America, Inc. v. Global Aiptek Inc.,*
4    *et al.*
5              Counsel, your appearances, please.
6              MORGAN T. NICKERSON:  Good morning, Your Honor.
7    Morgan Nickerson on behalf of the Plaintiff Epson America,
8    Inc.
9              VIKRAM AMRITRAJ:  Good morning, Your Honor.
10   Vikram Amritraj on behalf of Defendant Global Aiptek Inc.
11             THE COURT:  All right, counsel.  This is
12   Judge McCormick.
13             We had a hearing two weeks ago, if my dates are
14   correct, and we talked about a few different topics.  I think
15   we also adjourned the hearing for a while, and I allowed -- I
16   think it was Mr. Timm was here in person to talk to
17   Mr. Amritraj in person, and we came away with a couple of
18   different homework assignments.  One was we were going to --
19   we -- and I use the term "we."  I actually didn't have a part
20   of this assignment, but there was going to be some searches
21   run using some terms that the parties had discussed
22   previously, there was going to be some sharing of the results
23   of those searches, and I'd like to get an update on how that
24   process is going, and if it's going great, that's great.  If
25   it's not going well, I'd like to hear what the problems are.

1          There was also some discussion about depositions
2  and various depositions going forward, and there was also
3  some discussion about Ms. Marrero and Ms. Crespo and their --
4  their status, I think, as we go forward.  And then, finally,
5  I asked Mr. Timm to submit a supplemental declaration about
6  his time spent on some of these matters because I was
7  concerned that some of the time that he had identified in the
8  motion was time spent meeting and conferring.  I wanted to
9  make sure I had a clear understanding of what time he was
10 asking for.  I did receive that supplemental declaration and
11 I've reviewed it.
12         So let's start at the top -- searches.
13         Mr. Nickerson, how are things going from
14 Plaintiff Epson's perspective?
15         MR. NICKERSON:  Unfortunately, Judge, not a lot, if
16 anything, has happened since the last phone call.  We've been
17 reaching out to Mr. Amritraj via email trying to get updates.
18 We've not received any response until -- yesterday afternoon
19 we got an email from him that says -- they provided an
20 update, but we still don't have any search term hits.  I
21 don't think anything has been run yet.  They did tell us that
22 they -- that we'd have to send a third-party subpoena to the
23 two custodians that we discussed at the last hearing.  But
24 unfortunately, from our perspective, we still don't have
25 dates, I don't think any searches have been run, and we have

```
 1  our discovery deadline coming in two months, roughly.
 2              THE COURT:  All right.  Have you gone ahead with
 3  the third-party subpoenas to Ms. Marrero and Ms. Crespo?
 4              MR. NICKERSON:  Literally found out -- got an
 5  update from them last night -- or last night my time -- or
 6  yesterday afternoon my time.  So we have not -- yeah, it's --
 7  you know, it's been 12 hours since we got that information;
 8  so we have not done that yet --
 9              THE COURT:  Is that what you --
10              MR. NICKERSON:  -- but, you know, we'll do it
11  forthwith.
12              THE COURT:  Is that what you intend to do?
13              MR. NICKERSON:  Yeah.  We -- of course, we still
14  believe given the deposition testimony that they are class
15  members --
16              THE COURT:  No, I don't -- I understand --
17              MR. NICKERSON:  Yeah.
18              THE COURT:  -- what you believe but --
19              MR. NICKERSON:  Yeah.
20              THE COURT:  -- but that's what you intend to do?
21  Because I'm going to try to help --
22              MR. NICKERSON:  Yeah.  There's --
23              THE COURT:  I'm going to try help you out in about
24  ten seconds.
25              MR. NICKERSON:  Yes.  That's -- we will send the
```

1  subpoenas out.
2           THE COURT: Okay.
3           Mr. Amritraj, are you in a position to accept
4  service of the subpoenas from Ms. Marrero and Ms. Crespo?
5           MR. AMRITRAJ: We are not at the moment,
6  Your Honor. I -- that's something I need to discuss with
7  lead counsel, Mr. Cohen, but as of right now, we don't
8  represent them. We're not in a position to accept service.
9           THE COURT: Let me ask a couple questions of you,
10 Mr. Amritraj. My notes reflect that last time we were here
11 you'd be able to tell Epson by Friday, March 7th, whether
12 you'd be able to run the searches -- well, basically the
13 converse of whether a subpoena would be required for
14 Ms. Marrero and Ms. Crespo. Why didn't Mr. Nickerson hear
15 until yesterday? That's almost ten days later. I don't want
16 to put too fine a point on it, but you've got about $20,000
17 in sanctions hanging over your head. I sure wouldn't be
18 annoying me by taking longer than you told me it would take
19 to do something.
20          MR. AMRITRAJ: I completely understand, Your Honor.
21 It did take a little bit of time for me to coordinate with my
22 client, to get some answers, and to be able to, you know,
23 speak -- write something back to plaintiff's counsel
24 intelligently about our position.
25          You know, on the point regarding the searches and

1  the search terms, the Court is exactly right.  We did come to
2  an agreement on the search terms; however, we did have a
3  preliminary issue we discussed a few weeks ago, which was
4  whether some of the connectors and things would be searchable
5  just via the normal Outlook searches -- doing searches on
6  Outlook or if we needed to get a discovery platform or a
7  third-party service.  So that took a little bit of time for
8  us to figure out.
9         And also, you know, there's a number of platforms
10 out there.  There's, you know, a whole bunch of options, not
11 all of them I'm completely familiar with.  So we've been
12 going through the process trying to figure out, you know,
13 what is the most adequate way to do this without running up
14 costs, and we did -- I did get authorization from the client
15 to get an e-discovery platform and be able to run the
16 searches through that so as to ensure, you know, we're
17 complying with what our agreement was in court, which was to
18 get these search terms done with the connectors and so on and
19 so forth.
20         Same thing with the archive issue.  We had
21 discussed an issue about whether or not Outlook was going to
22 be able to allow us to run searches going back to 2018 or if
23 we would need to be able to, you know, download the mailbox
24 and export it.  So just in abundance of caution, we're taking
25 the latter approach, and we are going to do the more

1  comprehensive platform option, and it's just taken a little
2  bit of time to figure all that stuff out.
3         But now that we have that in place, I did say in my
4  email to plaintiff's counsels yesterday that we would be able
5  to have the documents and hits for the search terms by no
6  later than the second week of April and we would be able to
7  schedule the depositions of the three individuals in question
8  -- Mr. Ali, Mr. Sheu, and Mr. Cohen -- for the second half of
9  April.  I understand plaintiffs wanted some time with the
10 documents before the deposition; so, you know, we're flexible
11 on the dates for those depositions, but we're ready to
12 provide them as early as the second half of April.
13        There was also a question as to whether -- when
14 Mr. Sheu would be in town next because they wanted to do a
15 in-person deposition.  So Mr. Sheu did agree to that.  He did
16 agree to come back to the States in the second half of April.
17 So we will have Mr. Ali and Mr. Sheu for in-person
18 depositions the second half of April, and we did come to an
19 agreement that the parties would depose -- or plaintiffs
20 would depose Mr. Cohen -- I'm sorry, not Mr. Cohen --
21 Mr. Steinberg remotely.  So I think we're all in agreement on
22 that.
23        And then, as we previously discussed about
24 Ms. Crespo and Ms. Marrero, my client is unwilling to get
25 agreements with them in the same vein that he did with the

1  independent contractor Mr. Steinberg, and so subpoenas would
2  be necessary to them, if plaintiffs chose to do so, and I
3  don't have authorization to accept service on their behalfs
4  [sic] at this time.
5           THE COURT:  So I'm gladdened by some things, and
6  I'm concerned about some things.  So I'm gladdened by the
7  fact that your client has been persuaded to go the direction
8  of the e-discovery platform.  I think that's always
9  preferable than relying on the internal search capabilities
10 of your Outlook server.
11          I am a little concerned with the timeline of mid-
12 April or the second week of April -- that's basically mid-
13 April.  That's almost four weeks from today's date.  If what
14 you're saying is you think you can go through this iterative
15 process of running these search terms, getting hits, meeting
16 and conferring about the hit count, and refining the search
17 terms, if that's necessary, with Mr. Nickerson and Mr. Timm,
18 and do all that and complete production by the end of the
19 second week in April, I would not be super happy about that,
20 but I could probably live with it.  Maybe I'll let
21 Mr. Nickerson tell me why he's not super happy about it in a
22 moment, but I could live with that.  But what I'm -- what I
23 don't want us to be in a situation is where we're still
24 waiting for hits in the second week of April.  That is not
25 going to work for me, and it's not going to work for

1   plaintiff's counsel either.
2          So clarify for me whether we're talking about
3   something that's going to work for me or something I'm going
4   to have trouble with.
5          MR. AMRITRAJ:  My intention in what I'd sent to
6   plaintiff's counsel yesterday and what I'm representing to
7   the Court today is that we would present -- we'd be able to
8   deliver all the responsive documents for the agreed-upon
9   search terms that were not -- what we had not objected to as
10  being overbroad, which I think is the majority of those
11  terms, and I think there was one -- there were a couple of
12  terms -- the HP connector terms and maybe a few others --
13  that we had objected to as overbroad that we would provide
14  the hits for -- or just the hits for if those had in fact
15  yielded an --
16         THE COURT:  But here's the problem:  You don't have
17  --
18         MR. AMRITRAJ:  -- unwieldy amount of terms.
19         THE COURT:  You don't have any idea which search
20  terms are overbroad because you haven't run them yet.  So
21  what you think might be overbroad and what might actually be
22  overbroad are going to be two different lists unless you are,
23  you know, much more talented in seeing into the future than
24  I'm going to give you credit for.
25         So my concern is we need to get these search terms

1  run on this database that you're putting on the platform, and
2  we need to get that done yesterday.  I thought that's what we
3  were doing during this two-week period, and so the fact it
4  hasn't happened yet and you're telling me, "Your Honor, it's
5  going to happen by the second" -- "into the second week of
6  April."  No.  No, that's not what we're doing.  I'm telling
7  you right now.  I will -- you'll have an order from me by
8  noon today that sets forth some very clear deadlines that you
9  and your client and your e-discovery vendor aren't going to
10 like unless I hear some different things from you in about
11 the next five minutes.
12         MR. AMRITRAJ:  Your Honor, if -- I'm -- we're happy
13 to get the searches done -- (indecipherable) the searches
14 done earlier, and I can get the hit count back to plaintiff's
15 counsel earlier if it pleases the Court.  So it could be --
16 it could be the first week of April, or, you know, we can try
17 and get it done by the end of the month and get, at least,
18 the hits out by the -- before the end of the month, and then
19 if the document production isn't -- the document production
20 for the terms that don't appear to be overbroad, we can get
21 those out forthwith as well.
22         THE COURT:  Mr. Nickerson, comments, please?
23         MR. NICKERSON:  Yes, Your Honor.  I share the same
24 frustration in that we -- I was hoping that we'd go through
25 this process the last two weeks.  We wrote emails.  We tried

1  to get on a meet and confer and just weren't able to do it.
2  It was largely ignored.  I'm willing to pull up my boots and
3  dig into documents before taking the depositions and do a
4  large amount, but I just need to know whether it's a million
5  documents, a hundred-thousand documents, ten-thousand
6  documents.  We need to do the iterative process, or I can't
7  even make educated choices about whether I have enough time,
8  and it's just -- I mean, my request would be within seven
9  days we get the hit count numbers.  I mean, I don't think
10 that's unreasonable.  They can upload everything today, have
11 six days to figure out what the hit counts are.
12            THE COURT:  Okay.  Thank you, Mr. Nickerson.  I
13 appreciate those comments.
14            Here's what I'm going to order:
15            Mr. Amritraj, would it help you to have this in
16 writing with your client or the e-discovery platform because
17 I'm happy to do a short minute order?
18            MR. AMRITRAJ:  I (indecipherable), Your Honor -- if
19 it pleases the Court to do so, that's fine, but I'm -- I
20 already got the agreement with my client and -- you know, to
21 get this going so --
22            THE COURT:  So here's what I'm going to -- I'm
23 going to -- I'm going to do a short --
24            MR. AMRITRAJ:  -- I don't think it's --
25            THE COURT:  I'm going to do a short minute order.

```
 1  I'm happy to do it.  It takes me ten minutes, it's not a
 2  problem, and I want clarity about what we're doing.
 3           I'm ordering the defendants to provide hit counts
 4  for all search terms identified on pages 1 and pages
 5  9 through 11 of Exhibit H to Epson's moving papers that we
 6  discussed at the last hearing -- and I'll make clear in the
 7  order which docket number that is on the docket -- by
 8  Wednesday, March 26, 2025.  I'm ordering the parties to meet
 9  and confer, if necessary, to refine those search terms, to
10  address any search terms that appear to be -- to either side
11  to be overbroad, and to rerun those -- you are to meet and
12  confer by Friday, March 28, 2025, and those search terms are
13  going to be rerun and finalized by Tuesday, April 1, 2025.
14           I'm going to start -- order the defendants to begin
15  making an immediate rolling production upon the conclusion of
16  that refinement process on April 1, 2025, and to complete
17  that production by Wednesday, April 9, 2025, and that's what
18  the Court's order will be coming out of this hearing.
19           Furthermore, Mr. Amritraj, I am going to order you
20  to -- hold on.  I've got to make sure I'm writing all these
21  dates down.
22           (Pause.)
23           THE COURT:  All right.  This way my notes and what
24  I -- what I tell you and what is on -- in the order will be
25  on the same page.
```

1            Additionally, I'm going to order you, Mr. Amritraj
2   and the defendants, to let Mr. Nickerson know by the close of
3   business on Thursday, March 20th, whether you can or cannot
4   accept service of the subpoenas for Mr. -- for Ms. Marrero
5   and Mr. -- Ms. Crespo.  And if the answer is no, the answer
6   is no.  That's fine.  We just want to know.
7            MR. NICKERSON:  Thank you, Your Honor.
8            THE COURT:  Next, the parties should continue to
9   meet and confer about depositions in the second half of April
10  and getting those scheduled.
11           Mr. Nickerson, you also are going to need to
12  subpoena Ms. Marrero and Ms. Crespo for depositions; is that
13  correct?
14           MR. NICKERSON:  That is correct.
15           THE COURT:  Okay.  So you should discuss times for
16  those, and maybe you need to reach out to them and -- and we
17  also need to make a determination, when you do subpoena them
18  or not subpoena them, who's going to represent them in
19  connection with those depositions.  It doesn't sound like, at
20  this point in time, that's going to be Mr. Amritraj.  If that
21  changes, he'll let you know.
22           All right.  I'm going to set -- all right.  I'm
23  also going to ask Mr. Amritraj, you, to provide any
24  supplemental opposition to Mr. Timm and Mr. Nickerson's
25  request for sanctions within 14 days of today's date.  So

1  that will be by March -- I'm sorry -- April 1, 2025, and I am
2  going to set a further hearing regarding those sanctions and
3  this motion to compel on --
4           (Court confers with the clerk.)
5           THE COURT:  All right.  Thursday, April 10th, at
6  11:00 a.m., and we'll send out call-in information, although
7  you're more than welcome to come down in person if you like.
8           Mr. Nickerson and Mr. Timm, if you feel it
9  necessary to file a supplemental reply to the supplemental
10 opposition about sanctions, I will discourage you from doing
11 it, but I will not stop you from doing it.  I'd like to get
12 it, though, by April 8th, and if you're going to be asking
13 for time that you've spent in terms of sanctions on that
14 supplemental reply, please make sure you tell me something
15 valuable and important; otherwise, I will not give it to you.
16 Do you understand?
17          MR. NICKERSON:  Understood.
18          THE COURT:  Okay.  Anything further this morning,
19 Mr. Nickerson?
20          MR. NICKERSON:  No, Your Honor.  Thank you.
21          THE COURT:  Mr. Amritraj?
22          MR. AMRITRAJ:  I think that's all, Your Honor.
23 Thank you very much.
24          THE COURT:  Okay.  Thank you.  I'll have that order
25 for you -- it'll be on the docket -- I have a hearing at

```
 1  11:00.  It may be on the docket by 11:00.  If it's not -- I
 2  mean, if I don't beat that out by the hearing, I'll get it to
 3  you by 12:00.  Thank you.
 4           THE CLERK:  This court is now adjourned.
 5           MR. AMRITRAJ:  Thank you, Judge.
 6           MR. NICKERSON:  Thank you, Your Honor.
 7       (Proceedings adjourned at 10:21 a.m.)
 8  ///
 9  ///
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1
2
3                          CERTIFICATE
4      I certify that the foregoing is a correct transcript
5  from the electronic sound recording of the proceedings in the
6  above-entitled matter.
7
8  /s/ Julie Messa              May 8, 2025
   Julie Messa, CET**D-403      Date
9  Transcriber
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25