```
 1                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
 2                    SOUTHERN DIVISION - SANTA ANA

 3

 4   EPSON AMERICA, INC.,         ) Case No. SACV 23-00222-FWS(DFMx)
                                  )
 5        Plaintiff,              ) Santa Ana, California
                                  ) Thursday, April 10, 2025
 6             v.                 ) 11:00 A.M. to 11:13 A.M.
                                  )
 7   GLOBAL AIPTEK INC., et al., ) TELEPHONIC HEARING
                                  )
 8        Defendants.             )
                                  )
 9

10

11

12                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE DOUGLAS F. MCCORMICK
13                 UNITED STATES MAGISTRATE JUDGE

14

15   Appearances:              See Page 2

16   Deputy Clerk:             Nancy Boehme

17   Court Reporter:           Recorded; CourtSmart

18   Transcription Service:    JAMS Certified Transcription
                                16000 Ventura Boulevard #1010
19                              Encino, California   91436
                                (661) 609-4528
20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

```
 1  APPEARANCES:

 2

 3  For the Plaintiff:    K and L Gates LLP
                          By:  MORGAN T. NICKERSON
 4                        State Street Financial Center
                          One Lincoln Street
 5                        Boston, Massachusetts  02111
                          (617) 261-3134
 6                        morgan.nickerson@klgates.com

 7

 8  For the Defendants:   Cohen IP Law Group, P.C.
                          By:  VIKRAM AMRITRAJ
 9                        9025 Wilshire Boulevard, Suite 301
                          Beverly Hills, California  90211
10                        (310) 288-4500
                          vikramamritraj@gmail.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1    SANTA ANA, CALIFORNIA, THURSDAY, APRIL 10, 2025, 11:00 A.M.
 2              THE CLERK:  We're on the record on case 8:23-cv-
 3    00222.  It's Epson America, Inc. v. Global Aiptek Inc.,
 4    et al.
 5              Counsel, your appearances, please.
 6              MORGAN T. NICKERSON:  Good morning, Your Honor.
 7    Morgan Nickerson on behalf of the Plaintiff Epson America,
 8    Inc.
 9              VIKRAM AMRITRAJ:  Good morning, Your Honor.
10    Vikram Amritraj on behalf of Defendant Global Aiptek Inc.
11              THE COURT:  All right, counsel.  This is
12    Judge McCormick.
13              We last talked on March 18th, and after that
14    hearing I issued a short order that I think encapsulated what
15    we discussed at the hearing, set forth certain markers or, I
16    think, guideposts.
17              So let me ask you, Mr. Nickerson: Did we -- did you
18    get what you expected, or did plaintiffs follow through --
19    I'm sorry -- did defendants follow through with what they
20    were supposed to under March 18th order?
21              MR. NICKERSON:  Long and short of it is, no,
22    Your Honor.  It is now April 10th, and I still have not
23    received a single document in the case.  I can certainly
24    provide more detail, but to get right to the point, that --
25    we still haven't received a single document.
```

```
 1              THE COURT:  All right.  So, Mr. Amritraj, so what
 2   is the hold up or the situation?  Why did we not get done
 3   what I ordered to have done, and what are we going to do
 4   about that?
 5              MR. AMRITRAJ:  Your Honor, I -- I've got a lot of
 6   context here.  I don't want to waste your time, but I do have
 7   a lot of information.
 8              To try and be brief as possible, we met a few of
 9   the markers in terms of providing hit counts back on
10   March 26th for a couple of the custodians, for Mr. Sheu and
11   Ali.  We were working with Mr. Steinberg's IT team to try and
12   get hit counts done and produced by that date.  That was
13   impossible for reasons outside of our control but we -- you
14   know, we were able to provide some hit counts on March 28th.
15   We were able to meet and confer with Mr. Nickerson about
16   those hit counts and limiting some of the search terms.  It
17   looked like the document production was going to be tens of
18   thousands of emails, and, you know, as we previously
19   discussed, that was going to be unwieldy for both parties; so
20   we wanted to streamline that.
21              We also engaged in settlement discussions around
22   this time.  You know, we, as new counsel, haven't really had
23   the opportunity to go down that settlement track with the
24   plaintiffs.  We felt that would be worth it.  I got some
25   indication that there may be an opportunity to settle prior
```

1  to undertaking, you know, the cost of discovery.  That was a
2  big deal for the defendant.  If there was an opportunity to
3  do that, we really wanted to give it every chance.  So that
4  process kind of took place between March 28th, which was a
5  Friday, and April 3rd, at which point we -- I met and
6  conferred with Mr. Nickerson.  We had an offer and
7  counteroffer.  It just seemed like we were really too far
8  apart, you know, notwithstanding counsels' conversation, but
9  I think the parties just weren't willing to come to an
10 agreement on monetary terms.  So we immediately switched
11 gears.  We went at light speed from April 3rd onwards,
12 Your Honor.
13         And I know we -- we previously talked about getting
14 an e-discovery platform, not a third-party vendor, so that we
15 could save some costs.  We just decided to go ahead, get a
16 vendor to make things more streamlined and comprehensive.  So
17 we got the vendor.  It took a little bit of time logistically
18 getting the .pst files and doing all the technical stuff to
19 try and get the right email accounts to them, get the
20 document counts done -- redone again, get those hit counts
21 over to Mr. Nickerson, which we did.
22         Those hit counts on all three custodians' counts
23 said that we would be looking at a production of over 70,000
24 documents.  So yesterday we exchanged emails -- myself and
25 Mr. Nickerson -- and came to an agreement on a way to narrow

1  that and also to get certain documents produced forthwith.
2  So I gave those instructions back to the e-discovery platform
3  -- e-discovery vendor, and I now have in my possession -- I
4  just received in my possession about 5,000 emails, which, you
5  know, admittedly, I've got to go through -- 5,000 emails plus
6  attachments, which I've got to go through.  There's quite a
7  lot of privileged information, attorney-client privilege
8  information and other confidential information that I need to
9  review, but we're very far along in the process.  I'm getting
10 revised hit counts for the limited terms that Mr. Nickerson
11 had proposed yesterday.  I'm doing those today.  You know,
12 we'll be resubmitting them to him today.
13             So we've done quite a bit of work.  We're farther
14 along than simply not having produced any documents.  While
15 that is true, we are -- we're very far along in the process,
16 and we've got a substantial production on our hands here.  So
17 we would just ask the Court's kind of leeway a little bit on
18 these markers in terms of our, you know, strict compliance.
19             THE COURT:  Mr. Nickerson, any questions?
20             MR. NICKERSON:  No questions, Your Honor.  If I can
21 just provide a little bit of clarification if that -- if
22 you'd like to hear that.
23             THE COURT:  Sure.
24             MR. NICKERSON:  This is exactly the process we
25 discussed at our last call.  I feel like we're kind of having

1  the same call twice here.  I received hit counts on the 26,
2  which was in compliance with Your Honor's order.  We refined
3  those hit counts.  According to your -- and there were many
4  terms that were well within -- were very reasonable numbers,
5  and according to Your Honor's order, those were to be
6  provided in a rolling production.  That was not done.  And
7  then Tuesday of this week, two days ago, I received an
8  entirely new set of hit counts; so we started the process
9  over.  I'm not sure why.  Sounds like it was because they
10 hired an e-discovery vendor.
11         And what was supposed to happen on March 28th -- or
12 March 26th by your order didn't occur until two days ago; so
13 it's frustrating on the part of my client because your order
14 was clear, it's unambiguous, and I think it's now undisputed
15 that it was not complied with, and we have depositions that
16 are currently scheduled for a week from this Tuesday, the
17 22nd of April and also the 24th of April, and we still don't
18 have documents; so I have concerns whether those depositions
19 will happen as scheduled.
20         THE COURT:  When are the depositions scheduled,
21 again, Mr. Nickerson?
22         MR. NICKERSON:  They're scheduled for April 22nd
23 and April 24th, so a week from this coming Tuesday.
24         THE COURT:  All right.  Mr. Amritraj, why don't you
25 tell me what you propose that I do.

1        MR. AMRITRAJ: Your Honor, we would -- you know, I
2   don't know how much time Mr. Nickerson would like in between,
3   you know, receipt of the documents and the first deposition.
4   You know, we're, you know, certainly willing to accommodate
5   his scheduling and, you know, try and get the deponents
6   there, you know, in a timely way.  We have no interest in
7   prolonging the discovery stuff -- the production of
8   discovery.  We just -- it is a large production, and, you
9   know, there's quite a lot of work to do in terms of, you
10  know, review and making sure that, you know, we do our job in
11  not, you know, submitting privileged information and things
12  like that.
13       If the Court would be willing to consider, you
14  know, an extension on our production timeline here, I'd be
15  extremely appreciated.  You know, we're working with multiple
16  parties, you know, third-party e-discovery vendor and --
17       THE COURT: Be specific about what you want me to
18  do.  What do you want me to do?
19       MR. AMRITRAJ: Your Honor, if we -- one more -- we
20  would be requesting one more week --
21       THE COURT: So --
22       MR. AMRITRAJ: -- to comply with the Court's order,
23  produce all documents --
24       THE COURT: Wednesday, April 16th?
25       MR. AMRITRAJ: Yes, Your Honor.

|   |   |
|---|---|
| 1 | THE COURT: Okay. |
| 2 | MR. AMRITRAJ: April 17th, if that's okay with |
| 3 | Your Honor. |
| 4 | THE COURT: Well, that's not one week. That's |
| 5 | eight days. So I'll give you one week. Wednesday, |
| 6 | April 16th. |
| 7 | What is counsels' availability for another check-in |
| 8 | with me on Thursday, April 17th, at this same time and |
| 9 | meeting place? |
| 10 | MR. AMRITRAJ: I'm available, Your Honor. |
| 11 | THE COURT: Mr. Nickerson? |
| 12 | MR. NICKERSON: I'm just pulling up my calendar. I |
| 13 | am also available. |
| 14 | THE COURT: All right. Let's make it 11:30 just in |
| 15 | case I'm slow in getting to the courthouse from a |
| 16 | 9:00 o'clock appointment. |
| 17 | Let me be totally transparent with you, |
| 18 | Mr. Amritraj. Do not come back next week and tell me that |
| 19 | there are new problems, additional problems, further problems |
| 20 | with your document production. There will not -- that won't |
| 21 | be great for you or your client. So please make sure that |
| 22 | you pull out all the -- throw all the resources you need to |
| 23 | at this issue and get it done so that we can keep this case |
| 24 | on track before Judge Slaughter on the current schedule. I |
| 25 | look forward to hearing that that's what's happened next |

```
 1  Thursday at 11:30.
 2              I have also received a supplemental opposition
 3  about the sanctions request.  I did not see, Mr. Nickerson,
 4  any supplemental reply, which I think I -- I think I sort of
 5  encouraged you not to file something, if I remember
 6  correctly.  I am going to take --
 7              MR. NICKERSON:  Correct.
 8              THE COURT:  I am going to take that sanction
 9  request under submission, and I would not expect me to rule
10  on it until I hear how this is going to go for this next
11  week.  I think that probably makes my intentions transparent
12  as well.
13              I'll look forward to talking to everyone next
14  Thursday at 11:30.
15              MR. AMRITRAJ:  Thank you, Judge.
16              MR. NICKERSON:  Thank you, Your Honor.
17              THE COURT:  Thank you.
18              MR. AMRITRAJ:  Very much appreciated.  Thank you.
19              THE CLERK:  This court is now adjourned.
20         (Proceedings adjourned at 11:13 a.m.)
21  ///
22  ///
23
24
25
```

```
 1
 2
 3
 4                         CERTIFICATE
 5      I certify that the foregoing is a correct transcript
 6  from the electronic sound recording of the proceedings in the
 7  above-entitled matter.
 8
 9  /s/ Julie Messa            May 8, 2025
    Julie Messa, CET**D-403    Date
10  Transcriber
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```