```
 1                     UNITED STATES DISTRICT COURT
                      CENTRAL DISTRICT OF CALIFORNIA
 2                     SOUTHERN DIVISION - SANTA ANA

 3

 4   EPSON AMERICA, INC.,         ) Case No. SACV 23-00222-FWS(DFMx)
                                  )
 5        Plaintiff,              ) Santa Ana, California
                                  ) Thursday, April 24, 2025
 6             v.                 ) 11:35 A.M. to 11:48 A.M.
                                  )
 7   GLOBAL AIPTEK INC., et al., ) TELEPHONIC HEARING
                                  )
 8        Defendants.             )
                                  )
 9

10

11

12                      TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE DOUGLAS F. MCCORMICK
13                  UNITED STATES MAGISTRATE JUDGE

14

15   Appearances:              See Page 2

16   Deputy Clerk:             Nancy Boehme

17   Court Reporter:           Recorded; CourtSmart

18   Transcription Service:    JAMS Certified Transcription
                                16000 Ventura Boulevard #1010
19                              Encino, California  91436
                                (661) 609-4528
20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

```
 1  APPEARANCES:

 2

 3  For the Plaintiff:      K and L Gates LLP
                            By:  MORGAN T. NICKERSON
 4                          State Street Financial Center
                            One Lincoln Street
 5                          Boston, Massachusetts  02111
                            (617) 261-3134
 6                          morgan.nickerson@klgates.com

 7

 8  For the Defendants:     Cohen IP Law Group, P.C.
                            By:  VIKRAM AMRITRAJ
 9                          9025 Wilshire Boulevard, Suite 301
                            Beverly Hills, California  90211
10                          (310) 288-4500
                            vikramamritraj@gmail.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    SANTA ANA, CALIFORNIA, THURSDAY, APRIL 24, 2025, 11:35 A.M.
2              THE CLERK:  We're on the record on case 8:23-cv-
3    00222.  It's *Epson America, Inc. v. Global Aiptek Inc.,*
4    *et al.*
5              Counsel, your appearances, please.
6              MORGAN T. NICKERSON:  Good morning, Your Honor.
7    Morgan Nickerson on behalf of Epson America, Inc.
8              VIKRAM AMRITRAJ:  Good morning, Your Honor.
9    Vikram Amritraj on behalf of Defendant Global Aiptek Inc.
10             THE COURT:  All right, counsel.  This is
11   Judge McCormick.
12             We have been here a couple times.  Let me see if I
13   can remember all the times we've been here.  We were here in
14   March -- March 4th, came back on March 18th.  After the
15   March 18th hearing -- or during the March 18th hearing, I
16   ordered some things that we were expecting to complete, I
17   think, by last Thursday -- no.  I'm sorry.  That was two
18   Thursdays ago -- Thursday, April 10th.  I think we got on the
19   phone Thursday, April 10th, and there were still some loose
20   ends -- quite a few loose ends, and so we got back on the
21   phone last week, and I think it was my hope at that point in
22   time that all the loose ends would be resolved.  They were
23   not.  I think the technical term is "I lost a bit of my
24   judicial reserve."  I let Mr. Amritraj know that I was
25   displeased for a couple of minutes, we got our conversation

1  back on track, and now we are here this morning to hopefully
2  find out that all of our loose ends have been resolved.
3           Mr. Amritraj, how are we doing?
4           MR. AMRITRAJ:  Good morning, Your Honor.
5           We -- so defendant has made a full production for
6  Epson's inspection -- for Epson's counsel's inspection.  We
7  provided a link yesterday.  It is the entirety of all the
8  documents, all the emails and attachments that are resulting
9  from the search terms that Epson provided.  We didn't push
10 back on any of the search terms.  We just ran them.  We
11 engaged in the -- in a iterative process narrowing things
12 down a couple of times, and, you know, I understand that, you
13 know, there's a sense -- a real sense of urgency to get this
14 done; so we just, you know, made sure to produce absolutely
15 everything.
16          THE COURT:  And then you made --
17          MR. AMRITRAJ:  We produced everything --
18          THE COURT:  And you finished that production
19 yesterday, you said?
20          MR. AMRITRAJ:  Yes, Your Honor.  We provided the
21 link yesterday.  And the only documents that have been
22 withheld are on the basis of the attorney-client privilege,
23 and we provided a pretty extensive privilege log -- two
24 privilege logs, actually, for those documents withheld, but
25 otherwise, everything else has been produced.

1      We also provided document indexes, which provide a
2 lot of specific information about every single document
3 produced, including, you know, a specific email number per
4 email; the subject; you know, where the account -- where the
5 email is coming from, i.e. what account -- email account it
6 came from; you know, send and received dates; who it's to,
7 from, cc'ed; and the names of all the attachments in there.
8 So we've provided all of that information for Epson's
9 counsels to review.
10      THE COURT:  Mr. Nickerson, you got a lot of stuff
11 yesterday.
12      MR. NICKERSON:  Good morning, Your --
13      THE COURT:  You have hopefully spent every waking
14 moment since then enjoying it.
15      MR. NICKERSON:  Well, it came at 2:00 a.m. my time;
16 so I didn't see it until this morning.  I'm on the
17 East Coast.  It was sent at 11:00 p.m. last night your time.
18      THE COURT:  All right.
19      MR. NICKERSON:  And just to --
20      THE COURT:  So I'm going to put "yesterday" in
21 quotes, then -- "yesterday."  Thank you.
22      MR. NICKERSON:  Yeah.  Yeah.  So it was really this
23 morning.
24      But besides the point, the frustrating part for me
25 is last Thursday, when we talked on the phone, where we left

1  it off was they had produced -- or they had identified 2,500
2  documents, produced 1,600 to us, withheld the 900 for various
3  privileges, and we were still doing -- there were basically
4  ten search terms that we were still doing the iterative hit
5  count process on.  He said at the last hearing that he would
6  get me those numbers.  I didn't receive them last week.  I
7  emailed him again Monday saying, "Hey, where are we on the
8  hit counts?" got no response, and then last night it looks
9  like he just produced everything.
10         So I think both parties would agree that what he
11 produced was just way too much.  He produced everything as
12 AEO; so I can't share with my client.  None of it has Bates
13 numbers on it.  So I would classify it as he just dumped all
14 the documents, documents that since day one both parties had
15 agreed was too much and that we had been going through this
16 iterative process to narrow down.  I feel like he panicked
17 last night because nothing had been done and just produced
18 everything and is now asking me to go through it and identify
19 what I want out of it which is --
20         THE COURT:  Sometimes that happens --
21         MR. NICKERSON:  -- frustrating.
22         THE COURT:  Sometimes that happens and counsel and
23 the party basically decides that rather than going through
24 the documents that are returned to a list of search terms and
25 trying or refine it that they would be better off just

1  turning everything over and letting you review it, search it
2  -- whatever --
3           MR. NICKERSON:  Agreed.
4           THE COURT:  -- whatever you want to do.
5           MR. NICKERSON:  100 percent agree, Your Honor, and
6  if that had happened a month ago --
7           THE COURT:  Yeah.
8           MR. NICKERSON:  -- that would be great.  We would
9  have done all that.  It just strikes me -- it's frustrating.
10 If he had called me up and said, "Hey, Morgan, got a great
11 idea.  I think I got a way to, like, you know, make
12 everything a lot more efficient, a way we can get" -- "we can
13 get to the end of this.  We can" -- "Here's my proposal.
14 Let's talk about it."  I agree there are ways make this more
15 efficient.  That's not what happened here.  I got dumped
16 with, you know, like, several thousand -- tens of thousands
17 of documents last night, and it's bringing me back to square
18 one because now it's going to take my team two days to upload
19 this, my team now has to go do the searches on it, when he
20 already has it uploaded; he could do the searches.  It would
21 just be much more efficient if he would be the one running
22 the search terms rather than dump everything on me at this
23 point.  Agree a hundred percent --
24          THE COURT:  Well, the problem I have --
25          MR. NICKERSON:  -- if this was a month ago --

Case 8:23-cv-00222-FWS-DFM   Document 112   Filed 05/12/25   Page 8 of 12   Page ID #:1203

8

```
 1              THE COURT:  The concern I have about that is, for
 2   whatever reason -- and I'm not really able to figure out why
 3   we have been not able to get prompt and effective processes
 4   out of defendants' team, and I don't know why that is, but I
 5   guess I'm asking you: Do we really want to make this -- do we
 6   want to go back into that process, or would you rather simply
 7   proceed with what you have -- and I'm not saying this is the
 8   end of it, but you get what you have, and if you want to ask
 9   me for something with respect to what you've received, you
10   can ask for it.
11              MR. NICKERSON:  Sure.  Understood, Judge.  Let's
12   just move it forward, then.  Then I would ask for we get
13   Bates numbers be put on the documents and that they provide
14   whatever their confidentiality designation is.  Just a
15   blanket AEO on everything is completely unworkable because my
16   client might want to -- I'm expensive.  My client might want
17   to go through these and run search terms, look at them, cull
18   it down.  It's not even an option for us right now.
19              THE COURT:  What -- Mr. Amritraj, are there -- are
20   you -- is that AEO that you've used -- is it prophylactic
21   just because you haven't had a chance to look at the
22   documents, or do you have legitimate concerns about there
23   being materials in there that are AEO warranted?
24              MR. AMRITRAJ:  A bit of both, Your Honor.  And I
25   want to point out that, you know, pursuant -- we provided
```

1  these as AEO pursuant to Section 5.2(a) of the
2  confidentiality order.  That provision -- pursuant to that
3  provision, the parties expressly agreed that we -- that a
4  responding party could produce original documents as AEO
5  without labeling each and every document so that we can move
6  this process along.  So we would give those AEO documents to
7  the requesting party, requesting party's counsel would then
8  look at it and determine which documents they actually intend
9  to use and want, and then they can identify those just by
10 numbering.  You know, every single email is individually
11 numbered.  They're not Bates stamped because they're in
12 original native format, but the emails are all numbered
13 individually, and the attachments are all set forth, you
14 know, pretty cleanly in the indexes.
15          So all, you know, plaintiff's counsel would need to
16 do is do review on the documents, determine which ones they
17 want, and they can provide a list of, simply, email numbers
18 to us, and we'd be happy to -- and I already informed
19 Mr. Nickerson we will take that list, produce PDFs, designate
20 them accordingly -- review each one, designate them
21 accordingly, and send them back over forthwith.
22          But we think that's a more efficient process than
23 demanding that we go through each and every one of these
24 emails and attachments now to, you know, put on the
25 designations and then get them over to plaintiff's counsel at

1  which time they may only use a fraction of them.  So we just
2  think it's a more efficient process that they look -- they
3  have the universe of documents, they're all OCR'ed so they
4  can run all the search terms they want on it, you know, if
5  they want to narrow it further, and they can identify exactly
6  what they want for us, and we're happy to PDF, Bates stamp,
7  and produce them back over with the proper designations.
8          THE COURT:  All right.  So, Mr. Nickerson, here's
9  what I want to do: I want to talk to you guys again in a
10 couple of weeks.  I want you to work with the documents, keep
11 plowing ahead.  You guys have depositions -- are scheduled
12 for when?
13         MR. NICKERSON:  He has not provided new dates --
14         THE COURT:  Okay.  I want you to --
15         MR. NICKERSON:  -- for the depositions.
16         THE COURT:  -- go ahead and meet and confer on new
17 dates.  Should we talk again in a week or two weeks?  I want
18 to find out how this is going?
19         MR. NICKERSON:  I think a week would be
20 appropriate.
21         THE COURT:  Okay.
22         Ms. Boehme, we are doing what next Thursday?
23         (Court confers with the clerk.)
24         THE COURT:  Okay.  How about the same time, same
25 place, gentlemen, 11:30?

```
 1              MR. AMRITRAJ:  That works for --
 2              MR. NICKERSON:  (Inaudible.)
 3              MR. AMRITRAJ:  Works for defendant, Your Honor.
 4   Thank you.
 5              THE COURT:  Mr. Nickerson?
 6              MR. NICKERSON:  That's May 1st?  Yeah, that works
 7   for me.
 8              THE COURT:  Okay.  And, Mr. Nickerson, I want to
 9   hear from you.  If you want specific things, I want a
10   specific list of things that you'd like to have.  It would be
11   great if you would email that list --
12              MR. NICKERSON:  Sure.
13              THE COURT:  -- to Mr. Amritraj before the hearing.
14              MR. NICKERSON:  Sure.  Thank you.
15              THE COURT:  Okay.  Thank you, both.
16              MR. AMRITRAJ:  Thank you.
17              MR. NICKERSON:  Thank you, Your Honor.
18              THE CLERK:  This court is now adjourned.
19         (Proceedings adjourned at 11:48 a.m.)
20   ///
21   ///
22
23
24
25
```

1
2
3
4                         CERTIFICATE
5      I certify that the foregoing is a correct transcript
6  from the electronic sound recording of the proceedings in the
7  above-entitled matter.
8
9  /s/ Julie Messa                May 9, 2025
   Julie Messa, CET**D-403        Date
10 Transcriber
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25