```
 1                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
 2                   SOUTHERN DIVISION - SANTA ANA

 3

 4   EPSON AMERICA, INC.,         ) Case No. SACV 23-00222-FWS(DFMx)
                                  )
 5        Plaintiff,              ) Santa Ana, California
                                  ) Thursday, May 1, 2025
 6             v.                 ) 11:36 A.M. to 11:50 A.M.
                                  )
 7   GLOBAL AIPTEK INC., et al., ) TELEPHONIC HEARING
                                  )
 8        Defendants.             )
     _____ )
 9

10

11

12                      TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE DOUGLAS F. MCCORMICK
13                  UNITED STATES MAGISTRATE JUDGE

14

15   Appearances:               See Page 2

16   Deputy Clerk:              Nancy Boehme

17   Court Reporter:            Recorded; CourtSmart

18   Transcription Service:     JAMS Certified Transcription
                                16000 Ventura Boulevard #1010
19                              Encino, California  91436
                                (661) 609-4528
20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

```
 1  APPEARANCES:

 2

 3  For the Plaintiff:      K and L Gates LLP
                            By:  MORGAN T. NICKERSON
 4                          State Street Financial Center
                            One Lincoln Street
 5                          Boston, Massachusetts  02111
                            (617) 261-3134
 6                          morgan.nickerson@klgates.com

 7

 8  For the Defendants:     Cohen IP Law Group, P.C.
                            By:  VIKRAM AMRITRAJ
 9                          9025 Wilshire Boulevard, Suite 301
                            Beverly Hills, California  90211
10                          (310) 288-4500
                            vikramamritraj@gmail.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          SANTA ANA, CALIFORNIA, THURSDAY, MAY 1, 2025, 11:36 A.M.
2              THE CLERK:  We're on the record on case 8:23-cv-
3    00222.  It's *Epson America, Inc. v. Global Aiptek Inc.,*
4    *et al.*
5              Counsel, your appearances, please.
6              MORGAN T. NICKERSON:  Good morning, Your Honor.
7    Morgan Nickerson on behalf of Epson America, Inc.
8              VIKRAM AMRITRAJ:  Good morning, Your Honor.
9    Vikram Amritraj on behalf of Defendant Global Aiptek Inc.
10             THE COURT:  Good morning, counsel.  This is
11   Judge McCormick.  I am currently in session in a settlement
12   conference.  So, if we can, I need to kind of keep this
13   moving this morning.
14             Mr. Nickerson, I think we talked last week.  You
15   had received, I think, less than, probably, 10, 12 hours
16   before a lot of material from Mr. Amritraj, and you had some
17   concerns about it.  I asked you to kind of get your arms
18   around it, I think, and come back to me with things that you
19   weren't able to resolve with him in the meantime.  What would
20   you like to tell me about this morning?
21             MR. NICKERSON:  Sure.  It's a lot of documents.  I
22   think it's going to take me -- just to be precise -- take my
23   team about three weeks to get through it in order to be able
24   to be prepared for depositions.  I've been in talks with
25   Mr. Amritraj about getting stipulation in front of

1  Judge Slaughter to extend the deadline so hopefully we don't
2  have to jam everything in at the end.  We're going to ask him
3  for an additional three months.
4           What I was  -- wanted to ask for you today, Judge,
5  is this all started out with a motion to compel a prior
6  agreement with counsel as to five custodians.  I think we
7  have resolved three of those custodians through this latest
8  document production.  If you recall, there were two more
9  custodians, Mr. Crespo and Ms. Marrera [sic] but we -- we had
10 an agreement on, but there was some question as to whether
11 they were actually employees; so we sent them a subpoena.
12 Mr. Amritraj now represents them.  He has filed a response to
13 the subpoenas saying he will produce documents.  I've been
14 working with him to just have an end date with those.
15          And the last thing I need -- and this is kind of in
16 the motion to compel, but it is not part of the search terms
17 -- is just the defendants' sales data.  If I can get a date
18 certain on the document production from the last two
19 custodians and an agreement to produce sales data, I think I
20 have what I need.
21          THE COURT:  All right.  Mr. Amritraj, I take it you
22 have signed up to represent Mr. Crespo -- I'm sorry.  I don't
23 remember who's who -- Crespo and Marrero.  Do you have an end
24 date that you can envision for that production?
25          MR. AMRITRAJ:  Your Honor, we should be able to get

1  documents -- I guess, we're still in talks -- myself and
2  Mr. Nickerson -- about exactly what they're looking for from
3  them or how to go about it, if it's going to be search terms,
4  if it's going to be other things.  I think prior counsel had
5  discussions about running search terms on email accounts.
6  With Ms. Crespo and Ms. Marrero, they don't have dedicated
7  Global Aiptek email accounts; so they have a number of other
8  clients and other things.  So I just to work through with
9  Mr. Nickerson how exactly to manage that, but as soon as we
10 have that in place -- we already have the infrastructure in
11 place to run search terms and things.  It shouldn't take more
12 than a week, and I'm confident that we can get those
13 documents produced to them within that timeframe.  So that's
14 with respect to Ms. Crespo and Ms. Marrero.
15          With respect to the stipulation, I just received a
16 draft stipulation this morning.  So we're going to take a
17 look at that and get back to Mr. Nickerson ASAP, hopefully
18 today or tomorrow, once I have a chance to talk to the
19 client, and we can get depositions pushed out or rescheduled
20 or however we need to do it.
21          And we're actually ready to move forward,
22 Your Honor, with the current timeline.  You know, my concern
23 about the stipulation is that, you know, as was brought up a
24 couple of weeks ago that this is the -- I don't know if it's
25 the third stipulation or fourth extension.  I'm not sure if

1  it's going to be entered or not, and I think our -- all the
2  parties concerns -- and your concern as well -- was just
3  making sure we get everything done on Judge Slaughter's
4  timeline.  So we provided dates for depositions and things
5  like that within the current discovery cutoff.  I think it
6  would probably be prudent to get dates set just in case and
7  then, you know, work through the stipulation, and hopefully,
8  you know, that will be resolved as well but give everybody
9  some more breathing room.  But I think it would just be good
10 to get dates on calendar right now.
11           THE COURT:  What about the sales data?
12           MR. AMRITRAJ:  You know, I got a request from
13 Mr. Nickerson about sales data on Monday.  I responded
14 asking, you know, exactly what he's talking about.  I didn't
15 really get any further communication until this morning, and
16 I'm still unclear.  My understanding on the motion to compel
17 was that these search terms encompassed everything that Epson
18 desired with respect to all the document production -- or all
19 the document requests across all the RFPs.  So, if there's
20 anything outside of what the search terms have yielded, I'm
21 -- I haven't had any discussion with Mr. Nickerson about
22 that.  I don't know what information that is over and above.
23           THE COURT:  All right.  Well, Mr. Nickerson, tell
24 me what you're looking for with respect to sales data?
25           MR. NICKERSON:  It's -- excuse me, Judge.  You

1  broke up.  Would you repeat that?
2          (Pause.)
3          THE COURT:  Can you hear me, counsel?
4          (Pause.)
5          THE COURT:  Uh oh.
6          (Court confers with clerk.)
7     (Parties disconnect briefly and rejoin conference.)
8          THE COURT:  Counsel, this is Judge McCormick.  Can
9  you hear me all right?
10         MR. NICKERSON:  Yes, Your Honor.
11         MR. AMRITRAJ:  Yes.  I can hear you great.
12         THE COURT:  Okay.  I was -- I think when --
13 whatever happened on our end where we lost you guys, I had
14 just asked Mr. Nickerson what sales data exactly he was
15 looking for.  I think then one of you tried to respond, and
16 at that point everything kind of went south.
17         MR. NICKERSON:  Sure.  This is Mr. Nickerson.  Let
18 me -- if it makes sense, I'll answer that question.
19         I'm looking for their sales of the accused product
20 in the U.S.  That's what I'm looking for -- their total
21 revenue.
22         THE COURT:  Okay.  And, Mr. Amritraj, do you have
23 any objection to producing documents that would show sales in
24 the U.S. of the accused products -- total revenue -- or is
25 that something that we should discuss?

1          MR. AMRITRAJ:  No, Your Honor, generally not.  We
2    would object to creating any documents, obviously, to show
3    that, but I was just under the impression that the search
4    terms were responsive to the entirety of the document
5    requests.  So I didn't understand there to be any further
6    document production to be done over and above the search
7    terms.  That's my only confusion is, you know, we kind of
8    supplied them with 15,000-plus emails and documents.  I don't
9    know really -- I think they can find everything that they
10   want in there.  But I don't have any objection to the
11   category of documents that they're requesting, no.
12         THE COURT:  Okay.  Just going back to the motion to
13   compel, the motion to compel involves, I think, two entire
14   sets of RFPs, and just kind of immediately turning to, like,
15   the first couple pages where the RFPs are listed in the
16   motion to compel, the third RFP is: Documents sufficient to
17   show GAC's revenue from GAC sales of Products -- capital "P"
18   -- from January 1, 2018, to present including revenue on a
19   quarterly and monthly basis.  So, you know, it may be that we
20   were all focused on the search terms, but at least from the
21   outset, those sales data -- that sales data was one of the
22   things implicated by the motion to compel.
23         If there's no objection to producing it -- or
24   whatever it is you need to do to produce it -- I mean, there
25   may not be a piece of paper sitting on someone's desk that

1  has those -- that U.S. sales of the accused product total
2  revenue number.  It may be that someone has to run a query in
3  a financial database and generate a report, but if a report
4  can be generated and a Bates label put on it and sent across
5  to Mr. Nickerson's desk and that's what you're -- if you're
6  able to do that, Mr. Amritraj, that would be great.  That
7  would put a bow on that problem and leave it for another day.
8           Mr. Nickerson, do you and Mr. Amritraj still have
9  some discussions you need to have about the Crespo and
10 Marrero documents and exactly what production you're looking
11 for?
12          MR. NICKERSON:  I believe that the agreement was
13 for the search terms on all five custodians.  With that being
14 said, I'm not looking to create work for anyone.  So I'm
15 willing to have conversations with him to limit the scope.
16 If he's got it all up and loaded, ready to go, I'm happy to,
17 you know, send some revised search terms over to him.
18          THE COURT:  Okay.  Why don't you discuss that.  And
19 also, it sounds to me like this is probably not the exact
20 same email database set as -- for the three other folks who,
21 maybe, were on defendants' servers.  It may be that we're
22 talking about an email account that resides elsewhere.
23          So, Mr. Amritraj, you just need to make sure you --
24 that you understand that when you talk about it with
25 Mr. Nickerson and he understands it so we can figure out how

1  we're going to search it.  And if it's their -- if there are
2  other clients on there, then we've got to come up with some
3  way to segregate that material so we're not searching --
4  using search terms on a bunch of material that's not going to
5  be relevant to this dispute.
6          So those are new problems, to some extent, and I'll
7  leave it to you guys to try to work that out.
8          Here's what I want you guys to do: Work on those
9  problems.  I do not have a knife in the fight of whether a
10 stipulation goes to Judge Slaughter about a scheduling order.
11 If it does, it does, and if he approves it, he does.  If he
12 doesn't, then we are where we are.
13         I will make myself -- continue to make myself
14 available to you.  I will get you guys back in front of me
15 for an informal discovery conference.  All you've got to do
16 is email Ms. Boehme.  It says on the website you guys have to
17 agree.  You don't have to agree.  Either one of you has a
18 problem, tell the other side, "I'm reaching out to
19 Ms. Boehme.  I want to get Judge McCormick on the phone," and
20 I'll get you on the phone as quickly as we can, usually
21 within a day or two.  So that's the promise.  You guys take
22 it with you, work everything out you can.  If you can't work
23 something out, bring it back to me.
24         Otherwise, I have Epson's request for sanctions,
25 and it is now under submission.

1           Anything else we can take care of this morning?
2           MR. NICKERSON:  No, Your Honor.  Thank you for your
3  time.
4           THE COURT:  All right.
5           Mr. Amritraj?
6           MR. AMRITRAJ:  No, Your Honor.  Thank you.
7           THE COURT:  All right.  Thank you, both.
8           THE CLERK:  This court is now adjourned.
9        (Proceedings adjourned at 11:50 a.m.)
10  ///
11  ///
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1

 2

 3

 4                         CERTIFICATE

 5       I certify that the foregoing is a correct transcript

 6   from the electronic sound recording of the proceedings in the

 7   above-entitled matter.

 8

 9   /s/ Julie Messa                May 9, 2025
     Julie Messa, CET**D-403        Date
10   Transcriber
```