**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001
Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klates.com

**K&L GATES LLP**
One Congress Street
Suite 2900
Boston, MA 02114
Telephone: 617.261.3134
Fascimile: 617.261.3175
Morgan T. Nickerson (*admitted pro hac vice*)
morgan.nickerson@klgates.com

*Attorneys for Plaintiff
Epson America, Inc.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP,<br><br>Defendant. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>**DECLARATION OF MORGAN T. NICKERSON IN SUPPORT OF EX PARTE APPLICATION AND REQUEST FOR ORDER MODIFYING THE SCHEDULING ORDER** |

# DECLARATION OF MORGAN T. NICKERSON

I, Morgan T. Nickerson, declare as follows:

1. I am an attorney at law duly licensed to practice before the Courts of the State of Massachusetts and a partner with the law firm of K&L Gates LLP, counsel for Epson America. Inc. ("Epson"). I am one of the attorneys responsible for handling this action and I am personally familiar with the legal proceedings in this matter. I am over the age of 18 years, have personal knowledge of the facts contained in this declaration, and if called as a witness, could and would testify competently to the truth of the facts stated herein.

2. I submit this Declaration in support of Epson's Ex Parte Application and Request for Order Modifying the Scheduling Order.

3. On April 17, 2025, counsel for Epson and Defendant conferred regarding filing a stipulation to amend the Scheduling Order. Specifically, I emailed Defendant's counsel stating "You made a good point regarding the pending motion to dismiss/potential counterclaim. If you'd like to prepare a stipulation to extend the schedule and if its allowed by the Court, that would allow us to minimize travel burden on your client." Counsel for Defendant responded "I think that's a good idea and I'm happy to prepare a stipulation as suggested." *Id.* The Parties conferred multiple time via teleconference to discuss a Joint Stipulation to Modify the Scheduling Order.

4. On May 5, 2025, I emailed counsel to confirm that at some point after the May 1 hearing, Defendant had "now changed course and [was] no longer 'happy to prepare a stipulation as suggested[.]'" Attached hereto as **Exhibit A** is a true and correct copy of the aforementioned email thread.

5. Beginning in May 2023, Epson sought discovery from Defendant as well as provided a proposed ESI protocol to submit to the Court. Defendant, however, delayed in responding. Since that time, numerous email exchanges, informal conferences, and telephonic conferences with Judge McCormick have taken place to compel discovery from Defendant. In May of 2024, Epson served its second set of

1

**DECLARATION OF MORGAN T. NICKERSON**

discovery requests. In response, Defendant refused to produce documents or provide any forthcoming responses.

6. On October 31, 2023, after a meet and confer, Defendant agreed to use a specific set of search terms to search for responsive documents. Despite this agreement, Defendant failed to actually run all of the agreed upon search terms on any custodians, and instead explained that a custodian was provided with search terms to run the search himself, however, the custodian stated that the terms were overbroad and instead ran searches which he deemed relevant. This information had not been disclosed to Epson. In fact, Defendant's concerns regarding the search terms were not conveyed until March of 2024, nearly ten (10) months after being served with Epson' first set of discovery requests.

7. The Parties subsequently engaged in additional meet and confer efforts, including attending two subsequent Informal Discovery Conferences before the Magistrate. Through these IDCs, and subsequent continuing meet and confer efforts, the Parties again agreed to a specific set of search terms Defendants would use to search for documents responsive to the requests for production. The Parties also agreed that those terms would be run on each of five (5) specifically enumerated custodians. Defendant's prior counsel made no such productions prior to withdrawing, citing the breakdown of the attorney-client relationship as a barrier.

8. On December 17, 2024, Defendant's new counsel first entered an appearance in this action, and Epson's counsel emailed him the next day about the ongoing discovery dispute in an attempt to obtain compliance with the Parties' prior agreements. Epson's counsel also attached the previously prepared draft Joint Discovery Stipulation to this email, which had been sent to Defendant's prior counsel in October 2024, prior to his withdrawal. The Parties thereafter engaged in extensive meet and confer efforts, with Epson consistently attempting to obtain Defendant's compliance with its prior agreement with regard to the collection and production of documents, as well as the production of certain enumerated witnesses for deposition. Epson also agreed

to extend Defendant's time to respond to the draft joint discovery stipulation multiple times in order to avoid judicial intervention. These efforts were futile, as Epson was forced to file a Motion to Compel in February 2025.

9. The Court granted Epson's motion to compel and Defendant was to produce a complete document production by April 9, 2025, which was not produced. (ECF 95.) The Court also held four additional hearings on Epson's Motion to Compel and the Parties exchanged numerous written correspondences and held numerous telephonic conferences regarding Defendants' document production and depositions. This included discussions regarding utilizing search protocols on how to narrow certain terms that resulted in too many "hits."

10. In accordance with the Court's Order, Defendant was to produce documents from five (5) custodians. To date, two (2) of the five (5) custodians have not produced any documents.

11. Once Defendant began producing documents on April 16, 2025 it was clear that the production was simply a "document dump." None of the documents contained bates stamps and were not produced, but rather "made available for inspection," with Defendant indicating all documents were to be treated as Highly Confidential – Attorneys' Eyes Only, and Epson's counsel to identify which documents they wanted to be produced. On April 24, 2025, Defendant's counsel stated "[d]ue to time constraints, instead of continuing to run further search terms, we've instead provided the entirety of those documents for your review." Moreover, this document dump does not include documents from two custodians—each of which Defendant agreed to collect documents from in 2024, only to perform an about face as part of its opposition to Epson's Motion to Compel and then require Epson to serve subpoenas on both custodians. Attached hereto as **Exhibit B** is a true and correct copy of this email thread.

12. The Parties also engaged in numerous discussions regarding dates in May 2025 for depositions of all witnesses to occur. Due to Defendant's substantial document dump, Epson made clear to Defendant and the Magistrate Judge during a recent

**DECLARATION OF MORGAN T. NICKERSON**

discovery hearing that it would take three (3) weeks to a month to review the documents recently produced.  This was also in line with the timeframe Defendant represented it would take to review the same documents. (*See* ECF 113, May 1, 2025 Hearing.)

13. As Defendant is now opposing a request to extend the discovery deadline, Epson made clear it needed the documents from the remaining two custodians ASAP, but has yet to obtain the same.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on May 12, 2025 in Boston, Massachusetts.

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson