# EXHIBIT B

| | |
|---|---|
| **From:** | Nickerson, Morgan T. |
| **To:** | Vikram Amritraj; vamritraj@cohenip.com |
| **Cc:** | Timm, Zach T.; Michael Cohen; Mario Goluza; Lefkowitz, Shaina M. |
| **Subject:** | RE: Epson v. Global; Defendant Document Production |
| **Date:** | Thursday, April 24, 2025 8:38:20 AM |

Vikram,

I appreciate your efforts, but this is all backwards. You produced an admittedly too large document set, without any bates numbers, all marked AEO and have asked my client to tell you which documents its wants. If this is how you wish to proceed, my client is not going to waste time and resource parsing through the document and instead wants all the documents identified. Accordingly, kindly produce the document set with bates numbers and with whatever document designation you think is appropriate keeping in mind that mass designation is not permitted under the protective order.

Thanks,
Morgan

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 24, 2025 11:34 AM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; vamritraj@cohenip.com
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v. Global; Defendant Document Production

**This Message Is From an External Sender**
This message came from outside your organization.

Morgan, if we were doing the narrowing on our side with more search terms, your client still wouldn't be able to view anything (as has been the case since we started this process).

Further, it is a legal determination as to what documents you will need in connection with this action. I'm sure you and your firm are more than capable of reviewing the production and determining what you reasonably intend to use to prove the alleged claims.

Get Outlook for iOS

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Thursday, April 24, 2025 8:27:43 AM
**To:** Vikram Amritraj <info@cohenip.com>; vamritraj@cohenip.com; vamritraj@cohenip.com>
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>

**Subject:** RE: Epson v. Global; Defendant Document Production

How can my client narrow the documents produced if it cannot even view them?

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 24, 2025 11:20 AM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; vamritraj@cohenip.com
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v. Global; Defendant Document Production

All the documents in that table have been produced.

You can identify them by the EML number. There is also a column specifying the attachments in each email. So you can say for example, EML 00019638 with or without "X" attachment(s).

The data in the privilege logs was generated automatically via the e-vendor's software. The review of documents and selection of the entries in the logs was done manually.

Get Outlook for iOS

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Thursday, April 24, 2025 8:07:12 AM
**To:** Vikram Amritraj <info@cohenip.com>; vamritraj@cohenip.com <vamritraj@cohenip.com>
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** RE: Epson v. Global; Defendant Document Production

To clarify, all of the documents in the attached have been produced?

None of the documents have bates labels, if we were to go through and identify documents we want produced, how do we specify the documents without bates labels?

Were the privilege logs created manually or automatically.  If automatically, how were they created?

Morgan

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 24, 2025 10:48 AM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; vamritraj@cohenip.com
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>

**Subject:** Re: Epson v. Global; Defendant Document Production

Morgan, these documents are responsive to what you asked for pursuant to the search terms you demanded. I don't see the difference in whether you run your own further terms or if we do so. I imagine it is quicker and more efficient for you to have control over that process.

Everything in tables 1-5 has been produced in .eml format. Nothing has been withheld other than due to attorney-client privileges.

Best,
Vikram

Get Outlook for iOS

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Thursday, April 24, 2025 7:36:38 AM
**To:** vamritraj@cohenip.com <vamritraj@cohenip.com>
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** RE: Epson v. Global; Defendant Document Production

Hi Vikram,

The Court ordered us to go through an iterative process – not dump all the documents on my client and ask us to determine what is responsive and what is not. Either way, my client wants to be able to view all documents produced and again, formally asks that proper designations be provided.

It also appears that several thousand documents have been withheld on the basis of being "potentially AEO." Table 3, 4, 5. Do you plan to produce these documents or are you withholding them?

Thanks,
Morgan

---

**From:** Vikram Amritraj <vamritraj@cohenip.com>
**Sent:** Thursday, April 24, 2025 10:32 AM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v. Global; Defendant Document Production

Morgan, you have access to the search terms and hit counts via the link. The emails and attachments are OCR'd. You can run any number of search terms on them you like instead of us going back and forth guessing as to what is going to yield an adequate number of hits (if you recall, on April 10 we ran search terms you

suggested, which resulted in no hits.  It seemed clear to me the Court wanted this to be completed immediately - that is what we have done.


Best,

**Vikram Amritraj, Esq.**
Cohen IP Law Group, PC
[vamritraj@cohenip.com](mailto:vamritraj@cohenip.com)

9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Tel 310.288.4500 | Fax 310.246.9980 | [cohenip.com](http://cohenip.com)

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.


On Thu, Apr 24, 2025 at 7:12 AM Nickerson, Morgan T. <[Morgan.Nickerson@klgates.com](mailto:Morgan.Nickerson@klgates.com)> wrote:

> Hi Vikram,
>
> We have been ordered to narrow the volume using search terms.  Instead of doing that, you just produced everything ("Due to time constraints, instead of continuing to run further search terms, we've instead provided the entirety of those documents for your review.").  This is exactly what we both told the Court that neither party wanted. If you send me the hit terms in an email (rather than behind a secure transfer portal which I cannot access), we can comply with the Court's order and continue the process of whittling down the documents.   If you insist on producing everything, we object to marking it all AEO.
>
> Best,
> Morgan
>
> _____
>
> **From:** Vikram Amritraj <[vamritraj@cohenip.com](mailto:vamritraj@cohenip.com)>
> **Sent:** Thursday, April 24, 2025 10:06 AM
> **To:** Nickerson, Morgan T. <[Morgan.Nickerson@klgates.com](mailto:Morgan.Nickerson@klgates.com)>
> **Cc:** Timm, Zach T. <[Zach.Timm@klgates.com](mailto:Zach.Timm@klgates.com)>; Michael Cohen <[mcohen@cohenip.com](mailto:mcohen@cohenip.com)>; Mario Goluza <[admin@cohenip.com](mailto:admin@cohenip.com)>
> **Subject:** Re: Epson v. Global; Defendant Document Production
>
> Morgan,

All the documents resulting from the search terms have been produced for your inspection. That is 15,224 emails plus attachments (22 GB). We've also provided indexes for the entire production.

The Court ordered an iterative process to whittle down the total number of responsive documents to the search terms. The last round of hits yielded 11,454 emails, which is 17 GB of documents. Due to time constraints, instead of continuing to run further search terms, we've instead provided the entirety of those documents for your review.

We request that you actually review the production and provide a list of documents you intend to use. This is highly reasonable given the breadth of production.

Best,

**Vikram Amritraj, Esq.**
Cohen IP Law Group, PC
vamritraj@cohenip.com



9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90210
Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Thu, Apr 24, 2025 at 6:42 AM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

> Hi Vikram,
>
> The entire purpose of this process is that we want all documents that hit on terms produced. If that was not clear, pursuant to the terms of the protective order, we formally request that all documents that hit on terms be produced. As such, kindly provide your confidentiality designations asap as the protective order is clear that "Mass, indiscriminate, or routinized designations are prohibited." *See* Section 5.1.
>
> Best,
> Morgan
>
> ---
>
> **From:** Vikram Amritraj <vamritraj@cohenip.com>
> **Sent:** Thursday, April 24, 2025 1:52 AM

**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Epson v. Global; Defendant Document Production

Counsels, please use the link and password below for Defendant's further document production.

2025-04-23 HIGHLY CONFIDENTIAL - AEO - Produced by Global for Inspection
Password: GLO42325!

Please be advised the link previously provided on 4/16 is now inactive.

A brief explanation of the document production below:

On April 8, 2025 we provided hit counts to you for search terms as ordered by the Court. On April 9, 2025, we received from you a request to produce certain documents resulting from those hit counts, and also to run further search terms.

On April 16, 2025, we made an initial document production resulting from the unrevised April 9 terms. The link contains this initial document production (Production 1) and a second production of the remaining responsive documents to the April 9 search terms (Production 2). For clarity, the link also includes a folder of the search terms/hit counts for Production 1 and 2:

"2025-04-16 Prod. 1 and 4-23 Prod. 2 Hit Counts"
"2025-04-16 Production 1 and 4-23 Production 2 Emails"

We provided further hit counts on April 10, 2025 and received further search terms from you. On April 14, 2025, we provided further hit counts; on April 15 we received from you a request to produce certain documents resulting from those hit counts, and also to run further search terms.

Thereafter, we discovered that the .pst files used by the e-discovery vendor for the previous searches on Messrs. Sheu and Ali, and document production resulting therefrom, did not contain all the necessary data going back to the origin of the accounts. We have since procured the .pst files containing all the data.

We then re-ran all the search terms as requested by Epson on April 9 and April 14 upon the new data set. These search terms and hit counts are contained in the folder "2025-04-23 Prod. 3-5 Hit Counts"

We have produced all responsive emails resulting from the search terms in their original native format  (See folders entitled Production 3, Production 4, and Production 5, respectively). Further, please be advised that GAI has not withheld any documents on the basis of any privilege except for the attorney-client communication privilege (see Privilege Logs included in the link). Notwithstanding

the foregoing, GAI's production shall not constitute a waiver of any privilege asserted in its written responses and objections.

In addition, the documents in the link are produced for inspection as <u>Highly Confidential - Attorneys Eyes Only</u>, pursuant to Section 5.2(a) of the Confidentiality Order, which provides as follows:

"A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins)."

Please let me know which documents you want copied and produced, and we will provide them as bates-labeled PDFs with the appropriate legend and designation.

Please let me know if you have any questions or issues accessing the link.

Best,

**Vikram Amritraj, Esq.**
Cohen IP Law Group, PC
vamritraj@cohenip.com



9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this

e-mail in error, please contact me at Morgan.Nickerson@klgates.com.