COHEN IP LAW GROUP P.C.
Michael N. Cohen (SBN 225348)
Vikram Amritraj (SBN 321584)
9025 Wilshire Blvd., Suite 301
Los Angeles, California 90049
Tel: (310) 288-4500
Fax: (310) 246-9980
mcohen@cohenip.com
vamritraj@cohenip.com

Attorneys for Defendant Global Aiptek Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC.; and GAC TECHNOLOGY GROUP,<br><br>Defendant. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>**[Assigned to the Hon. Fred W. Slaughter]**<br><br>**DEFENDANT GLOBAL AIPTEK INC.'S OPPOSITION TO PLAINTIFF EPSON AMERICA, INC.'S *EX PARTE* APPLICATION AND REQUEST FOR ORDER MODIFYING THE SCHEDULING ORDER**<br><br>*[Filed concurrently with the Declaration of Vikram Amritraj, Esq.]*<br><br>Discovery Cut-Off: May 22, 2024<br>Final Pretrial Conference: December 4, 2025<br>Trial Date: January 27, 2026 |

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.    INTRODUCTION ................................................................................................................. 1

II.    RELEVANT FACTS/PROCEDURAL HISTORY ............................................................ 4

    A.    The Discovery Dispute Arose 15 Months Ago in January 2024 ............................... 4

    B.    Epson Refused to Diligently Pursue Discovery Throughout 2024 ........................... 5

    C.    Global Retained New Counsel in December 2024 and Again Offered to Provide Documents and Set Depositions Prior to Epson Filing its Motion to Compel in February 2025 ......................................................................................... 6

    D.    The Court Never Ordered Document Production Nor Depositions Relating to Third Parties Sonia Marrero and Narda Crespo ................................................... 7

    E.    The Parties Never Stipulated to an Extension; Global Produced All Responsive Documents Pursuant to Search Terms Demanded by Epson ................. 9

    F.    After Receipt of Documents Nearly one (1) month before the Discovery Cutoff, Epson Requested to Set Depositions, Then Changed Course yet again, and Refused to Proceed ......................................................................................... 10

III.    LEGAL ANALYSIS ............................................................................................................. 12

    A.    Legal Standard ............................................................................................................. 12

    B.    Epson Has Failed to Demonstrate Good Cause and Diligence .............................. 12

IV.    CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) ..................... 12, 13

*Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ................................................. 12

Fed. R. Civ. P. 1 ........................................................................................................................ 12

Fed. R. Civ. P. 16(b)(3)(A) ...................................................................................................... 12

Fed. R. Civ. P. 16(b)(4) ........................................................................................................... 12

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Global Aiptek, Inc. ("Global" or "Defendant") hereby submits its Opposition to Plaintiff Epson America, Inc.'s ("Epson" or "Plaintiff") *Ex-Parte* Application to Amend the Scheduling Order and continue dates and deadlines in this instant action, including trial, for a fifth (5th) time ("Application") [Dkt. 115]. Global's Opposition is based upon the memorandum of points and authorities set forth below, and the accompanying Declaration of Vikram Amritraj, Esq. ("Amritraj Decl.").

## I. INTRODUCTION

Global respectfully requests this Court to deny Epson's Application. First, this Court has already granted four (4) continuances to its scheduling orders, including trial dates [Dkt. Nos. 30, 31, 32, 33, 49, 50, 64, 70]; as further set forth below, Epson has not provided good cause for a fifth (5th) extension.

Epson's requested relief is allegedly due to a need to review documents produced by Global and set depositions; however, Epson's alleged failure to complete discovery is a function of its own failure to obtain documents, review them, and proceed with depositions as Global clearly offered for the last approximately 15 months.

In sum, in its Motion to Compel [Dkt. 79], Epson demanded an order compelling Global to search the email accounts of "Frank Sheu, Khozema Ali, Allen Steinberg, Sonia (Allen's assistant), and Nardita ("accountant")" pursuant to the search terms and protocol set forth in the Timm Declaration filed on February 3, 2025 [79-1], at Ex. H, pages 1 and 9-11, which total 51 search terms [Dkt. 79, at 29]. Epson further sought to compel Global to "retain and utilize an ESI vendor to collect the documents and email accounts from Global's custodians, and to thereafter use the agreed upon search terms on those documents collected." *Id.* at 23. Finally, Epson sought to compel depositions of "Mr. Sheu, Mr. Khozema, and Mr. Steinberg." *Id.* at 28. In this Court's order of March 18, 2025 [Dkt. 95], the Court ordered a timeline for search terms to be run, documents to be produced, and for the parties to meet and confer regarding the

scheduling of depositions. *Id.* Notwithstanding the foregoing order, **the record is clear that Global already produced documents, agreed to produce further documents resulting from most of the search terms, and agreed to produce the deponents demanded by Epson prior to the filing of the Motion to Compel** [*See* Dkt. No. 100, a § II, 5:4 – 6:28].

As further set forth below, Epson had every opportunity to complete discovery but instead decided to unreasonably delay and manufacture a discovery contest. The discovery dispute leading to the filing of Epson's Motion to Compel [Dkt. 79] arose **in January 2024;** however, Epson refused to agree to any reasonable resolution to accept documents and set depositions on multiple occasions throughout 2024 and early 2025 prior to filing its Motion to Compel. Epson further chose to refrain from pursuing resolution on the discovery issues for most of 2024, electing to table discovery and instead engage in settlement discussions with Global's prior counsel between approximately July-November 2024. In addition, Epson prepared its Motion to Compel and served it upon Global's prior counsel as early as **October 25, 2024,** yet did not proceed with filing the Motion until **February 3, 2025**.

Second, Epson's Application is largely reliant upon misrepresentations and half-truths. Epson erroneously claims Judge McCormick "granted Epson's Motion in full and required Defendant to produce documents from five (5) custodians and make the five (5) custodians available for depositions." [Dkt. No. 115, at 10:19-20]. **That is not true.** In fact, the only written order Judge McCormick issued was on March 18, 2025, which ordered specific document production instructions with respect to three (3) custodians (Frank Sheu, Khozema Ali, and Allen Steinberg) and ordered Global's counsel to "advise Plaintiffs' counsel as to whether they are authorized to accept service of Rule 45 subpoenas for Ms. Marrero and Ms. Crespo…" (the other two custodians who are not subject to Global's control) [Dkt. 95, at 2]. Epson did not serve notices of subpoenas for the production of documents upon Ms. Marrero and Ms. Crespo until April 8, 2025 (**Amritraj Decl. ¶ 12, Ex. H)**; Epson never demanded depositions of

1  Marrero and Crespo in its Motion to Compel [Dkt. 79, at 34 § IV], and never served
2  deposition subpoenas on Ms. Marrero or Ms. Crespo at any time. **Amritraj Decl. ¶ 12.**
3  At no time did Judge McCormick order Global to 'make available' Ms. Marrero and
4  Ms. Crespo as they are not under the control of Global. *Id.*

In addition, Epson attaches incomplete email threads as Exhibits A and B to the Declaration of Mr. Nickerson in support of Epson's Application and entirely omits other material emails between the Parties' counsels.[1] Epson appears to have done so to paint a skewed and misleading picture of the Parties' communications regarding a proposed stipulation to continue deadlines and efforts to timely complete discovery. To clear the record, after Global had already produced multiple rounds of documents production in 2024, on April 16, 2025, pursuant to Judge McCormick's orders, Global again produced 1,500+ emails with attachments. On April 17, 2025, Global's counsel, Mr. Amritraj, proposed an extension to the discovery deadline on April 17, 2024 such that Global may have further time to produce documents responsive to Epson's search terms; however, despite Epson's desire for further time to set depositions, Epson refused to permit Global any extra time to produce documents; thus, the Parties never reached an agreement on a stipulated extension. **Amritraj Decl. ¶¶ 4-5.** Global instead incurred significant expense in retaining an ESI vendor and quickly producing all the remaining documents Epson demanded (along with privilege logs and comprehensive indexes) on April 23, 2025. In total, the document production consisted of over 15,000 emails plus attachments.[2] After receipt of the documents, on April 24, 2025, Epson requested dates

---

[1] True and correct copies of the full email threads are attached as Exhibits C and G to the concurrently filed Amritraj Declaration (which partial threads are attached as Exhibits A-B to the Nickerson Declaration), show the Parties never came to terms on a stipulation for an extension, and further, that Global relentlessly tried to set depositions, but was rebuffed by Epson.

[2] Global has consistently warned Epson that the search terms demanded would result in an overbroad production; however, Epson, apparently intent on saddling Global with unreasonable discovery expenses, refused to limit the search terms. Therefore,

3
**DEFENDANT GLOBAL AIPTEK, INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

in May 2025 for depositions of the three (3) witnesses Messrs. Sheu, Ali, and Steinberg. *Id.* ¶ 8, Ex. E, at 5. On April 25, 2025, Global agreed to provide said witnesses for depositions on dates Epson's counsel's alleged available dates in May 2025 (*Id.* at ¶ 8, Ex. E, at 3-4). Global tried to confirm said dates on multiple occasions (*Id.* ¶ 8, Ex. E, at 1-2); however, as Epson had done several times before, Epson again backed out and refused to go through with the depositions. *Id.* ¶¶ 8-11.

Contrary to the assertions in its Application, Epson has not been diligent in pursuing discovery; if it had, Epson would have reviewed the documents produced by Global and the depositions would have already been completed. Further, notwithstanding the fact that Global has produced every document imaginable that could be relevant to this action (15,000+ emails (plus attachments)), Epson now claims in its Application that it potentially seeks *more* discovery in the event Global's pending motion to dismiss is denied and Global is required to file an Answer. A fifth (5th) extension on the current deadlines will only serve to embolden Epson's delays and improper use of the discovery process, and further prejudice Global, which is seeking a reasonably timely resolution to the action.

## II. RELEVANT FACTS/PROCEDURAL HISTORY

### A. The Discovery Dispute Arose 15 Months Ago in January 2024

The history of the discovery dispute which led to Epson's filing of its Motion to Compel on February 3, 2025 ("Motion") [Dkt. No. 79], dates back approximately 15 months ago, to **January 2024**. At that time, Epson deposed Frank Sheu, Global's CEO, during which deposition, Epson alleged it discovered that certain search terms were not utilized in connection with Mr. Sheu's (and other individuals') email accounts as allegedly agreed by the Parties [Dkt. 79-1, at 3 ¶ 12]. On **February 13, 2024**, Epson

---

Global was left with no choice but to produce all responsive documents. During the discovery hearings on April 24, 2025 and May 1, 2025, Epson shifted course to complaining that it has received **too many documents**. *See* Amritraj Decl. ¶ 6, Ex. C.

sent a meet and confer letter to Global's prior counsel (*Id.* at ¶ 11). The Parties allegedly met and conferred for approximately 4.5 months until about early **July 2024** (*Id.* at ¶¶ 13-15). The Parties then agreed to suspend litigation in favor of continuing settlement negotiations and exchanging drafts of settlement agreements from **July 2024 to November 2024** (*Id.* at ¶ 16). Although no agreement was reached regarding the protocols and scope of document production in 2024, Global, through prior counsel, offered on multiple occasions to provide substantially all of what Epson had demanded; yet Epson refused to agree. *See* Dkt. No. 81, at 7-10 § I(B)(3) (describing the meet and confer efforts with Global's prior counsel and Epson's delays). Notwithstanding Epson's cursory statements in its Application that Global exhibited "pervasive discovery delays" beginning in May 2023 [Dkt. No. 115, at 12:15-21], based upon its own allegations as set forth in its Motion, Epson all but admits that it did not diligently pursue resolution of the discovery disputes in 2024.

### B. Epson Refused to Diligently Pursue Discovery Throughout 2024

As of June 2024, Global had already ran a list of thirty-four (34) search terms received from Epson, and Global's counsel participated in the document search and production by Zoom and observed the custodian's searches, the results, and the gathering and production of responsive documents [Dkt. 81-3, "Keshishian Decl.," at ¶ 3]. Epson was apparently unsatisfied, and in July 2024, Global offered a comprehensive set of search terms and protocols [Dkt. 79-10, Timm Decl., Ex. H, at 2], Epson refused. Global's prior counsel agreed again to run searches upon Messrs. Sheu, Ali, and Steinberg's email accounts and produced responsive documents [Dkt. No. 81-3, at ¶ 3]; Global's current counsel yet again agreed on February 3, 2025, to run the search terms set forth in prior counsel's email of June 24, 2024 [*see* Dkt No. 79-1, Ex. H, at 4-5] upon the email accounts for Messrs. Sheu, Ali and Steinberg and produce the documents with accompanying declarations of the foregoing individuals affirming that they have run the searches [Dkt. No. 81-1, at ¶ 3, Ex. 1, at 2]. **Those search terms constitute 34**

**out of the 51 terms demanded in Epson's Motion to Compel.[3]**

With respect to the depositions, Mr. Timm admitted that "[d]uring the June 12 [2024] IDC, the Parties were able to reach an agreement with respect to the depositions Epson sought" (of Messrs. Sheu, Ali, and Steinberg) [*Id.* at ¶ 14]. Again, on October 17, 2024, Global offered to produce these witnesses on multiple occasions, including the week of November 18, 2024, which Epson declined in furtherance of settlement discussions [Dkt. No. 81-3, at ¶ 12].

### C. Global Retained New Counsel in December 2024 and Again Offered to Provide Documents and Set Depositions Prior to Epson Filing its Motion to Compel in February 2025

On December 17, 2024, the Cohen IP Law Group, P.C. substituted into this matter as counsel for Global [Dkt. No. 74]. Prior to that date, this Court already granted four (4) stipulations to amend this Court's prior scheduling orders and continue trial dates [Dkt Nos. 30, 31, 32, 33, 49, 50, 64, 70]. On December 18, 2024, Epson's counsel, Zach Timm, emailed Global's counsel and represented that on **October 25, 2024**, Epson served Global, through its prior counsel, with a draft of its portion of a Joint Stipulation pursuant to L.R. 37, which was essentially most of the issues and argument set forth in Epson's later-filed Motion. **Amritraj Decl. ¶ 3, Ex. A.**

Between January 9, 2025, and February 3, 2025, Global's current counsel, Vikram Amritraj, met and conferred with Epson's counsel, Zach Timm, regarding the discovery dispute precipitating Epson's Motion to Compel [Dkt. 79], including via two (2) telephonic conferences on January 15, 2025 and January 17, 2025, and via multiple

---

[3] Throughout this time, Global had consistently informed Epson that the search terms (especially the additional terms) it demanded would result in an overbroad production of voluminous and unrelated documents, including in Global's written responses and objections to the discovery requests [See Dkt. No. 79, at § III, 12:11 – 29:13]; Epson did not heed the warning and now claims **too many** documents have been produced. Amritraj Decl. ¶ 6, Ex. C, at 1-2.

emails [Dkt. No. 81-1, at 2 ¶ 3, Ex. 1]. On January 28, 2025, after multiple phone conferences and numerous emails between counsels, Mr. Amritraj sent an email to Mr. Timm stating that Global is "in agreement to provide outstanding documents by February 28, 2025," but was still unclear on Epson's position on what had not yet been produced. *Id.*, at 3 ¶ 10, Ex. 1, at 9. On January 29, 2025, Mr. Amritraj sent an email to Mr. Timm agreeing to provide Messrs. Sheu, Ali and Steinberg for depositions in March 2025. *Id.*, at 3 ¶ 10, Ex. 1, at 5-6. Notwithstanding the foregoing, Epson still refused to agree and instead was intent on filing its Motion to Compel, which it did on February 3, 2025 [Dkt. No. 79], and which was set for hearing on March 4, 2025.

### D. The Court Never Ordered Document Production Nor Depositions Relating to Third Parties Sonia Marrero and Narda Crespo

In its Motion, Epson demanded the production of emails resulting from certain search terms to be run upon the email accounts for Global's CEO, Frank Sheu, a Global employee, Khozema Ali, a third-party sales contractor, Allen Steinberg, and third parties Sonia Marrero and Narda Crespo [Dkt. 79 at 29:18-24]. Epson further demanded depositions on Messrs. Sheu, Ali, and Steinberg; however, did not make any mention of Ms. Marrero or Ms. Crespo as deponents. *Id.* at 35:11-13.

During the March 4, 2025 hearing on Epson's Motion to Compel, counsels met and conferred regarding the contents of the Motion and "inform[ed] the Court of **the arrangements the parties reached.**" [Dkt. No. 93] *(emphasis added)*. Thereafter, the Court set multiple further hearings on Epson's Motion on March 18, 2025 [Dkt. Nos. 94-95], April 10, 2025 [Dkt. No. 103], April 17, 2025 [Dkt. No. 104], April 24, 2025 [Dkt. No. 105], and May 1, 2025 [Dkt. No. 108]. The only written minute entry order issued by the Court was during the March 18, 2025 hearing [Dkt No. 95] in which the Court ordered Global to produce certain documents pursuant to search terms to be run upon the Global custodians Frank Sheu, Khozema Ali, and Allen Steinberg.[4] The only

---

[4] Although Steinberg is not Global's employee, Global nevertheless agreed to procure

order with respect to Ms. Marrero and Ms. Crespo was for Global's counsel to "advise Plaintiffs' counsel as to whether they are authorized to accept service of Rule 45 subpoenas for Ms. Marrero and Ms. Crespo…" [Dkt. 95, at 2].

As set forth in Global's Opposition to the Epson's Motion to Compel, "Nardita Crespo and Sonia Marrero . . . do not use Outlook and do not send and receive emails as Global Aiptek email account users . . . [f]urther, Steinberg, Crespo and Marrero are independent contractors not under Global's control [Dkt. 81, at 13:7-10]. Epson did not serve notices of subpoenas for the production of documents upon Ms. Marrero and Ms. Crespo until April 8, 2025 (**Amritraj Decl. ¶ 12, Ex. H)**; Epson never demanded depositions of Marrero and Crespo in its Motion to Compel [Dkt. 79, at 34 § IV], and never served deposition subpoenas on Ms. Marrero or Ms. Crespo at any time. Amritraj Decl. ¶ 12**.** Ms. Marrero and Ms. Crespo have since timely responded to the subpoenas and have agreed to produce responsive, non-privileged documents. **Amritraj Decl. ¶ 12, Ex. I.**

Between March 18, 2025, and April 16, 2025, the Parties exchanged emails, engaging in the search and collection process ordered by the Court. *Id.* at ¶ 4, Ex. B. Global incurred significant expense retaining an ESI vendor, producing thousands of documents, and providing comprehensive indexes and privilege logs therefor. Global provided an initial production of approximately 1,500+ documents on April 16, 2025; however, as Global had argued in its Responses and Objections to Epson's Requests for Production of Documents [Dkt. No. 79, at 12:9 – 22:13], and in its Opposition to Epson's Motion to Compel [Dkt. 81], the documents resulting from Epson's demanded search terms proved to be voluminous and overbroad. **Amritraj Decl. ¶ 4.** Therefore, on April 16, 2025, during a hearing with Judge McCormick, Global's counsel, Mr. Amritraj raised the possibility of a stipulation to continue discovery deadlines in order to allow Global more time to produce the documents. *Id*. **However, there was no**

---

documents from his email account resulting from certain search terms.

**order extending the discovery deadline, nor was there any agreement by the Parties reached during the April 16, 2025 hearing**. *Id.*

  E. <u>The Parties Never Stipulated to an Extension; Global Produced All Responsive Documents Pursuant to Search Terms Demanded by Epson</u>

  Following the hearing on April 17, 2025, the Parties' counsels exchanged emails regarding a potential stipulation; however, Epson's counsel never agreed to extend Global's deadline to produce documents or withdraw Epson's Motion to Compel. *Id.* ¶ 5. As such, no stipulation was ever agreed upon. *Id.* In fact, Epson's counsel never broached the issue again until May 1, 2025, over 2 weeks later and after Global had already expended significant time and resources quickly producing all the documents Epson demanded. *Id.* In fact, on April 23, 2025, Global produced all the remaining documents (and reproduce the documents previously delivered on April 16, 2025) totaling approximately 15,000+ emails and attachments. *Id.* at ¶ 6. In the interest of (a) complying with the Court's orders for immediate production, and (b) efficiently allowing Epson's counsels to determine what documents it needs out of the universe of documents it demanded, instead of incurring further wasteful time and expense *guessing* what terms would adequately limit the document production, Global produced the documents pursuant to Section 5.2(a) of the Parties' Stipulated Discovery Order [Dkt. No. 27, at 7:9-28], which provides as follows:

> A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).
*Id.*

On the morning of April 24, 2025, prior to the conference held later that day with Judge McCormick [Dkt. No. 105], notwithstanding Global's **numerous** attempts to inform Epson that the search terms it demanded would result in an overbroad and voluminous production likely containing irrelevant documents, Epson's counsel, Mr. Nickerson, stated that Global "produced an admittedly too large document set" and that Epson "is not going to waste time and resource parsing through the documents…" Amritraj Decl. ¶ 6, Ex. C. During the court conference held on April 24, 2025, Mr. Nickerson re-asserted these complaints. *Id.* ¶ 7. In response, Judge McCormick ordered Epson to "work with the documents, keep plowing ahead." *Id.* Thereafter, Epson's counsel failed to confirm that it reviewed any of the documents such that it could identify the documents it intends to use in connection with this action. *Id.* ¶¶ 6-7, Ex. D.

### F. After Receipt of Documents Nearly one (1) month before the Discovery Cutoff, Epson Requested to Set Depositions, Then Changed Course yet again, and Refused to Proceed

On April 24, 2025, Epson's counsel, Mr. Nickerson, sent an email to Global's counsel, Mr. Amritraj, requesting to take Mr. Sheu's deposition on May 5, 2025 and Messrs. Ali/Steinberg's depositions on May 6 and 7, 2025. *Id.* ¶ 8, Ex. E, at 5. That same day, on April 24, 2025, Mr. Nickerson informed Mr. Amritraj that the only dates he was unavailable in May were May 8-9 and 14-20. *Id.* ¶ 8, Ex. E, at 4. At no time did Mr. Nickerson ever request dates (or send subpoenas) for the depositions of Marrero and Crespo. *Id.* On April 25, Mr. Amritraj confirmed that Epson can take Steinberg's deposition on either May 6 or 7 **as Mr. Nickerson had suggested**, and provided other

10
**DEFENDANT GLOBAL AIPTEK, INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

dates in May (on or before the May 22 cutoff) for Ali and Sheu's depositions. *Id.* ¶ 9, Ex. E, at 3-4. In sum, Global offered May 6, 7, 12, 13, 21, and 22 to conduct the depositions of Epson's PMK (which Global had already noticed for May 22, but were amenable to moving to another date prior to the cutoff), and Messrs. Steinberg, Ali, and Sheu. *Id.* ¶ 9, Ex. E, at 1. Mr. Nickerson did not respond until 3 days later on April 28, 2025, at which time he stated **"I do not see how any of the early May dates will work"** and requested to stipulate to extend the discovery deadline. *Id.* ¶ 10, Ex. E, at 1 *(emphasis added)*. Notably, **Mr. Nickerson did not confirm any of the later May dates suggested.** Mr. Amritraj responded the same day, informing Mr. Nickerson that the Court may not grant a stipulation so **"we need to at least set dates now just in case."** *Id.*, ¶ 10, Ex. E, at 1 *(emphasis added)*. Mr. Nickerson never responded to that email. *Id.*

Despite Global's numerous attempts to set the depositions on dates **Mr. Nickerson suggested and stated he was available in May 2025**, he never confirmed those dates for depositions. Instead, on May 1, 2025, during a conference with Judge McCormick, Mr. Nickerson represented to the Court that Epson would seek an extension to take depositions as it would not be able to take them in May 2025. *Id.* ¶ 11. That same day, May 1, 2025, Mr. Amritraj received an email from Mr. Nickerson in which Mr. Nickerson confirmed that Epson **"will not be able to have documents ready for depositions this month**..." (*Id.* ¶ 11, Ex. F, at 4) *(emphasis added)* – an assertion Global disputes and believes is unfounded as there has been more than enough time for Epson to review documents and set the depositions. Mr. Amritraj **responded to that email informing Mr. Nickerson that we should still set depositions in May 2025 in the event there is no extension**, an assertion Mr. Amritraj also made in open Court on May 1, 2025. *Id.* ¶ 11, Ex. F, at 2-3. In addition, on May 1, 2025, counsels for the Parties engaged in a telephone conference in which Mr. Nickerson confirmed that Epson had no intention of deposing Marrero and Crespo. *Id.* ¶ 11.

Epson's failure to confirm any of the depositions dates as offered between April

24 and 28, 2025 (**pursuant to Epson's suggestions and availability of counsel**), and Epson's repudiation of its intent to take **any** depositions in May 2025 as Mr. Nickerson represented in writing on May 1 and 5, 2025, are just the latest evidence of Epson's bad faith intent to continue to unnecessarily prolong and misuse the discovery process. In fact, notwithstanding the document production of 15,000+ emails (plus attachments) Epson had obtained, Epson now claims in its Application that it potentially seeks *more* discovery in the event Global's pending motion to dismiss is denied and Global files an Answer. Global respectfully requests the Court put an end to Epson's improper misuse of discovery.

### III.   LEGAL ANALYSIS

####    A.   Legal Standard

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In employing the Federal Rules of Civil Procedure, courts and parties are required "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Pursuant to Rule 16, the Court is required to issue a scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." *See* Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). The *Johnson* Court held that "Rule 16(b)'s reference to "good cause" was "a close correlate" of "extraordinary circumstances." *Id.* at 610.  If the moving party fails to demonstrate diligence, "the inquiry should end." *Id.* at 609.

####    B.   Epson Has Failed to Demonstrate Good Cause and Diligence

Notwithstanding the fact that Epson has already obtained four (4) extensions on dates and deadlines, including fact discovery and trial, Epson has now waited until a mere ten (10) days prior to the discovery cutoff to seek a fifth (5th) extension to the

dates set forth in the operative scheduling order via its *ex parte* Application. Epson claims it waited until this late hour because it assumed the Parties agreed to extend deadlines; however, as set forth above, and in the Amritraj Declaration, as early as April 17, 2025, Epson refused to stipulate for Global to have further time to produce documents; thus, the Parties never reached an agreement on an extension of deadlines. **Amritraj Decl. ¶ 5, Ex. E.**

Further, the record is clear that as of April 24, 2025, Epson sought to set depositions on dates in May 2025 **after it had already received production of all the documents it demanded from Global, and Global attempted to confirm those depositions on multiple occasions thereafter.** *Id.* ¶¶ 8-11. However, despite Judge McCormick's orders for Epson to work with the documents it has obtained, Epson again refused to review the documents it had received, and then again refused to move forward with the depositions on the dates Epson itself proposed. *Id.* Epson fails to show how its continued refusal to confirm deposition dates that were available for all parties prior to the cutoff constitutes 'extraordinary circumstances.' See *Johnson, supra*, 975 F.2d at 610.

In addition, as set forth more thoroughly above, Epson's manufacturing of discovery delays and disputes, failure to diligently pursue reasonable resolutions for the past 15+ months does not constitute a showing of good cause or diligence necessary to modify the scheduling order [*See* Dkt. No. 100, a § II, 5:4 – 6:28]. The discovery dispute arose in January 2024, Epson did not pursue resolution of any discovery issues between approximately July 2024 and November 2024 while it negotiated settlement with Global, and while Epson was prepared to file its Motion in October 2024, it did not do so until February 3, 2025. Indeed, the production of documents and depositions Epson successfully compelled via its Motion **were largely already offered to Epson on multiple occasions in 2024 and early 2025 yet Epson refused.** At significant expense to Global, Epson has now obtained the entire universe of documents it has demanded (15,000+ emails and attachments); however, Epson

**DEFENDANT GLOBAL AIPTEK, INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

apparently wants to serve more discovery if this Court is inclined to grant a further extension.

## IV. CONCLUSION

For the reasons set forth hereinabove, and in the concurrently filed Amritraj Declaration, and the papers and pleadings in the record, Global respectfully requests this Court to deny Epson's Application to modify the Court's scheduling order for a fifth (5th) time.

Dated: May 13, 2025                             **COHEN IP LAW GROUP, P. C.**

                                          By:  */s/ Vikram Amritraj*

                                               Vikram Amritraj, Esq.

                                               Attorneys for Defendant Global Aiptek Inc.