COHEN IP LAW GROUP P.C.
Michael N. Cohen (SBN 225348)
Vikram Amritraj (SBN 321584)
9025 Wilshire Blvd., Suite 301
Los Angeles, California 90049
Tel: (310) 288-4500
Fax: (310) 246-9980
mcohen@cohenip.com
vamritraj@cohenip.com

Attorneys for Defendant Global Aiptek Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AIPTEK INC.; and GAC TECHNOLOGY GROUP,<br><br>Defendant. | Case No.: 8:23-cv-00222-FWS-DFM<br><br>**[Assigned to the Hon. Fred W. Slaughter]**<br><br>**DECLARATION OF VIKRAM AMRITRAJ IN SUPPORT OF DEFENDANT GLOBAL AIPTEK INC.'S OPPOSITION TO PLAINTIFF EPSON AMERICA, INC.'S *EX PARTE* APPLICATION AND REQUEST FOR ORDER MODIFYING THE SCHEDULING ORDER**<br><br>*[Filed concurrently with Defendant's Memorandum of Points and Authorities]*<br><br>Discovery Cut-Off:      May 22, 2024<br>Final Pretrial Conference:      December 4, 2025<br>Trial Date:      January 27, 2026 |

**DECLARATION OF VIKRAM AMRITRAJ, ESQ.**

## <u>DECLARATION OF VIKRAM AMRITRAJ ESQ.</u>

I, Vikram Amritraj Esq., hereby swear and affirm pursuant to 28 U.S.C. § 1746 upon direct personal knowledge that the following is true and correct:

1.    I am an attorney duly licensed to practice before this Court, and am an associate attorney with the Cohen IP Law Group, P.C., counsel of record for Defendant Global Aiptek, Inc. ("Global"). Unless otherwise stated, I have first-hand personal knowledge of the facts stated herein and if called as a witness could competently testify thereto.

2.    I hereby submit the instant Declaration in support of Global's Opposition to Plaintiff Epson America, Inc.'s ("Epson") *Ex Parte* Application and Request for Order Modifying the Scheduling Order ("Application") [Dkt. No. 115].

3.    On December 18, 2024, the day after the Cohen IP Law Group substituted into this matter, Epson's counsel, Zach Timm, emailed Global's counsel and represented that on **October 25, 2024**, Epson served Global, through its prior counsel, with a draft of its portion of a Joint Stipulation pursuant to L.R. 37, which was essentially most of the issues and argument set forth in Epson's later-filed Motion.  **A true and correct copy of the December 18, 2024, email from Mr. Timm to Global's counsel is attached hereto as Exhibit A.**

4.    Between March 18, 2025, and April 16, 2025, I exchanged emails with Epson's counsels, engaging in the search and collection process ordered by the Court on March 18, 2025. **A true and correct copy of the March-April emails are attached hereto as Exhibit B.** I caused an initial production of approximately 1,500 emails plus attachments to be sent to Epson's counsels on April 16, 2025 via email; however, as Global had argued in its Responses and Objections to Epson's Requests for Production of Documents [Dkt. No. 79, at 12:9 – 22:13], and in its Opposition to Epson's Motion to Compel [Dkt. 81], the documents resulting from Epson's demanded search terms proved to be voluminous and overbroad. Therefore, on April 17, 2025, during a hearing with Judge McCormick, I raised the possibility of a

stipulation to continue discovery deadlines in order to allow Global more time to produce the documents. There was no order extending the discovery deadline, nor was there any agreement by the Parties reached during the April 17, 2025 hearing.

5. Following the hearing on April 17, 2025, I exchanged emails with Mr. Nickerson regarding a potential stipulation to extend the discovery deadline; however, Mr. Nickerson never agreed to extend Global's deadline to produce documents or withdraw Epson's Motion to Compel. As such, no stipulation was ever agreed upon. In fact, Mr. Nickerson never broached the issue again until May 1, 2025, over two (2) weeks later, when he sent to me via email a draft stipulation, after Global had already expended significant time and resources quickly producing all the documents Epson demanded. **A true and correct copy of the April – May 2025 email thread regarding the proposed extension is attached hereto as Exhibit E.**

6. On April 23, 2025, Global produced all the remaining documents (and reproduce the documents previously delivered on April 16, 2025) totaling approximately 15,000+ emails and attachments. **A true and correct copy of the email thread containing the document production between April 23 and April 28, 2025 is attached hereto as Exhibit C. A true and correct copy of further emails between counsels tion on April 28, 2025 regarding document production is attached hereto as Exhibit D.**

7. On the morning of April 24, 2025, prior to the conference held later that day with Judge McCormick [Dkt. No. 105], Epson's counsel, Mr. Nickerson, stated in an email that Global "produced an admittedly too large document set" and that Epson "is not going to waste time and resource parsing through the documents…" (Ex. C, at 1-2). During the court conference held on April 24, 2025, Mr. Nickerson re-asserted these complaints. In response, Judge McCormick ordered Epson to "work with the documents, keep plowing ahead." Thereafter, Epson's counsel failed to confirm that it reviewed any of the documents such that it could identify the documents it intends to use in connection with this action. *See* Ex. D.

8.     On April 24, 2025 (after Global had produced all responsive documents) I received an email from Mr. Nickerson requesting to take Mr. Sheu's deposition on May 5, 2025 and Messrs. Ali/Steinberg's depositions on May 6 and 7, 2025. **A true and correct copy of the email thread between counsels from April 24-28, 2025 regarding deposition scheduling is attached hereto as Exhibit E.** That same day, on April 24, 2025, Mr. Nickerson informed me that the only dates you were unavailable in May were May 8-9 and 14-20 (Ex. E, at 5).  To be clear, at no time did Mr. Nickerson ever request dates (or send subpoenas) for the depositions of Marrero and Crespo.r

9.     On April 25, I confirmed that Epson can take Steinberg's deposition on either May 6 or 7 as Mr. Nickerson suggested, and provided other dates in May (on or before the May 22 cutoff) for Ali and Sheu's depositions (Ex. E, at 3-4). In sum, Global offered May 6, 7, 12, 13, 21, and 22 to conduct the depositions of Epson's PMK (which was already noticed for May 22, but we were amenable to moving to another date prior to the cutoff), and Messrs. Steinberg, Ali, and Sheu (Ex. E, at 1).

10.     Mr. Nickerson did not respond until 3 days later on April 28, 2025, at which time he wrote "I do not see how any of the early May dates will work" and requested to stipulate to extend the discovery deadline (Ex. E, at 1). Notably, Mr. Nickerson did not confirm any of the later May dates suggested. I responded the same day, informing you that the court may not grant a stipulation so "we need to at least set dates now just in case." Mr. Nickerson never responded to that email.

11.     On May 1, 2025, during a conference with Judge McCormick, Mr. Nickerson represented to the Court that Epson would seek an extension to take depositions as it would not be able to take them in May 2025. That same day, May 1, 2025, I received an email from Mr. Nickerson in which he confirmed that Epson "will not be able to have documents ready for depositions this month..." **(a true and correct copy of this email thread from May 1-May 5, 2025 is attached hereto as Exhibit F)**.  I responded to that email informing Mr. Nickerson that we should still set

depositions in May in the event there is no extension, an assertion I also made in open Court on May 1, 2025 (Ex. F, at 2-3). Additionally, Mr. Nickerson and I exchanged emails regarding a possible stipulation for extension of deadlines on a different email thread between April 17, 2025 and May 5, 2025, **a true and correct copy of which is attached hereto as Exhibit G.**

12.    In addition, on May 1, 2025, Mr. Nickerson and I engaged in a telephone conference in which Mr. Nickerson confirmed that Epson had no intention of deposing Marrero and Crespo. *Id.* The only discovery Epson has conducted in this matter with respect to Marrero and Crespo was on April 8, 2025, when I received via email from Epson's counsel Notices of Subpoenas for the production of documents, to be served upon third parties Sonia Marrero and Nardita Crespo. **A true and correct copy of the April 8, 2025 email containing the subpoenas are attached hereto as Exhibit H.** I have never received from Epson's counsels any notice of deposition subpoenas to be served upon third parties Sonia Marrero or Narda Crespo at any time. At no time did Judge McCormick order Global to 'make available' Ms. Marrero and Ms. Crespo as they are not under the control of Global. On April 17, 2025, Ms. Marrero and Ms. Crespo timely responded to the subpoenas and have agreed to produce responsive, non-privileged documents. **A true and correct copy of the email containing Ms. Marrero and Ms. Crespo's responses and objections is attached hereto as Exhibit I.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of May, 2025, in Los Angeles, California.

By:  */s/ Vikram Amritraj*

Vikram Amritraj, Esq.
Attorney for Defendant Global
Aiptek Inc.

**DECLARATION OF VIKRAM AMRITRAJ, ESQ.**

# EXHIBIT A



**Vikram Amritraj <info@cohenip.com>**

---

## Fwd: Epson v. Global Aiptek, et al. | Case No. Case 8:23-cv-00222 | Introduction and Epson's Motion to Compel

---

---------- Forwarded message ---------
From: **Timm, Zach T.** <Zach.Timm@klgates.com>
Date: Wed, Dec 18, 2024 at 6:15 PM
Subject: Epson v. Global Aiptek, et al. | Case No. Case 8:23-cv-00222 | Introduction and Epson's Motion to Compel
To: mcohen@cohenip.com <mcohen@cohenip.com>, admin@cohenip.com <admin@cohenip.com>
Cc: Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>


Hi Michael,


I saw the notice of appearance you filed yesterday on behalf of Global Aiptek and wanted to reach out to introduce myself and my colleague Morgan, who is cc'd, as we represent Epson in this matter.  We look forward to working with you.


Additionally, we wanted to touch base on Epson's motion to compel that you may or may not have been made aware of prior to signing on as Global's counsel.  The content of that motion is to compel Global's compliance with prior agreements it entered into with respect to producing witnesses and documents.  We believe a phone call to let everyone get acquainted and to further discuss this issue may be beneficial.  As such, can you please let us know when you are available for a meet and confer between now and December 31 to discuss?  In the meantime, I am attaching the draft

5/12/25, 10:05 AM	Gmail - Law Group Mail Fwd: Epson Cartridge Dispute, et al. | Case No. 8:23-cv-002F22- | Production and Epson Motion t…

Case 8:23-cv-00222-FWS-DFM    Document 116-1    Filed 05/13/25    Page 8 of 66    Page ID #:1291

Joint Stipulation we previously served on Global, along with the accompanying declaration and exhibits, which provide the background information on the dispute.  A quick summary, though, is as follows:

The Parties have conducted numerous IDCs in this case.  Through one such IDC (which occurred on June 12, 2024), and continuing discussions following the same, the Parties agreed that Global would produce 3 witnesses for deposition (Frank Sheu, Allen Steinberg, and Ali Khouzema), and would also search for, collect, and produce documents pursuant to an agreed upon search protocol (which is outlined in the attached Exhibit H).

The Parties then agreed to temporarily forestall compliance with those agreements while focusing on a potential settlement.  That settlement unfortunately did not come to fruition and we resumed our efforts to obtain Global's compliance with those agreements in September, to no avail.

Following a meet and confer letter and conference, we attended another IDC regarding these same issues on October 16, 2024.  During that IDC your predecessor indicated that he would not be able to collect and produce the documents and that the three witnesses would not be appearing at depositions we had noticed for October, thus requiring us to file a Motion to Compel.

Following the October 16 IDC, we sent Global (through its prior counsel) the draft of our Joint Discovery Stipulation pursuant to Local Rule 37.  We did not receive Global's position to that stipulation from Global's prior counsel until after he withdrew as counsel (and therefore could no longer speak on its behalf).  As such, we are re-sending our draft stipulation to you for your review and to allow to you input a response on Global's behalf.

As noted, the Parties have already fully met and conferred on this issue on multiple occasions, have attended 2 separate IDCs on the issue, and we served Global (through its prior counsel) with a draft of the Joint Stipulation pursuant to Local Rule 37 back on October 25, and so we (and our client) are very eager to move this issue forward as soon as possible. That said, I understand that you just joined the case and it is the holiday season and so I don't want to jam you up.  As such, please provide us with Global's position in the Joint Stipulation no later than **January 10, 2025**, so that we can file no later than January 13.  Alternatively, if you intend to utilize the statement Milord had provided us after he withdrew as counsel, please let us know that ASAP so that we can file with the Court immediately.

Thank you,

Zach



**Zach Timm**
K&L Gates LLP
10100 Santa Monica, Blvd.
8th floor
Los Angeles, CA 90067

Phone: 310-552-5554
Fax: 310-552-5001
zach.timm@klgates.com
www.klgates.com

5/12/25, 10:04 AM          Cannon Law Group Mail - Fwd: Epson v. Global Tripleklich et al. | Case No. 8:23-cv-00222 // Production and Epson's Motion t…

Case 8:23-cv-00222-FWS-DFM   Document 116-1   Filed 05/13/25   Page 9 of 66   Page
ID #:1292

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Zach.Timm@klgates.com. -5

---



**13 attachments**

📄 **Ex. E - GAC 2-13 Discovery Letter.pdf**
296K

📄 **Ex. F - Epson v. GAC - Letter to Judge McCormick re 6.12.24 IDC.pdf**
216K

📄 **Ex. G - Email confirming depositions.pdf**
259K

📄 **Ex. H - Search and Production Protocols.pdf**
251K

📄 **Ex. I - 9.17.24 Email resuming discovery.pdf**
963K

📄 **Ex. J - Final - Epson v. GAC - Letter to Judge McCormick re 10.16.24 IDC.pdf**
399K

📄 **Epson v. GAC - Timm Decl. ISO Epson's MTC.docx**
47K

📄 **Epson v. GAC - Joint Stip re Epson's MTC Documents and Depositions (10.25.24).docx**
200K

📄 **[Proposed] Order Granting Epson's MTC.docx**
67K

📄 **Ex. A - Epson v. GAC - 10.2.24 M&C re Global's Document Productions.pdf**
408K

📄 **Ex. B - 2023.05.02 - Epson's Requests for Production of Documents to GAC.pdf**
334K

📄 **Ex. C - Epson's Second RFP to GAC.pdf**
301K

📄 **Ex. D - 10.31.23 email re search terms.pdf**
255K

# EXHIBIT B

 **Gmail**

**Vikram Amritraj <info@cohenip.com>**

---

## Epson v. Global; Discovery

**Nickerson, Morgan T.** <Morgan.Nickerson@klgates.com>                    Wed, Apr 23, 2025 at 7:43 AM
To: Vikram Amritraj <info@cohenip.com>
Cc: Michael Cohen <mcohen@cohenip.com>, Mario Goluza <admin@cohenip.com>, "Langan, Sally P."
<Sally.Langan@klgates.com>, "McKelvey, Bridget K." <Bridget.McKelvey@klgates.com>, "Timm, Zach T."
<Zach.Timm@klgates.com>

Hi Vikram,

Do you have the hit counts discussed below? I do not think you have sent them yet.

Thanks,

Morgan

---

**From:** Nickerson, Morgan T.
**Sent:** Wednesday, April 16, 2025 5:16 PM
**To:** Vikram Amritraj <info@cohenip.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Langan, Sally P.
<Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T.
<Zach.Timm@klgates.com>
**Subject:** RE: Epson v. Global; Discovery

Hi Vikram,

Kindly let me know when you have an answer on the BP**500** versus BP**5000** issue as it appears odd that that is the
only model that had no hits on the refined search. I have responded to your other questions in <span style="color:red">red</span> below.

Once we have final, agreed-upon terms, I will circulate a final version that has the hit counts for each term so that we
can reconcile this amount with the final production to ensure that everything agreed upon has been produced.

Best,

Morgan

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Tuesday, April 15, 2025 7:37 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>
**Subject:** Re: Epson v. Global; Discovery

Morgan, we'll produce the documents suggested. Also, for row 3, column E, I believe "BP5000" would have been encompassed within the previous search for "BP500" - I will double check. If it wasn't, we can re-search with "BP5000." I have a few questions:

1. Re rows 10 and 22, column E, I want to clarify that you request us to re-run with the suggested terms within 50 words of each other - correct? "Light source" within 50 words of laser for the first and for the second any document that has both bought and laser in it.

2. Re rows 12 - 19, column E I'm unclear what you're asking for. Do you want us to search "HP" and "brand" within 50 words of each other? Any document that has both terms "HP" and "brand" in it.

3. Re row 20, column E in Ali and Steinberg's searches, I'm unclear what you're asking for. Please clarify. I am looking for a hit count for the number of documents that contain the term "GAC Technology Group" within 50 words of "GT Technology Chongqing Limited"

Best,

On Tue, Apr 15, 2025 at 3:13 PM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

> Vikram,
>
> Thank you for passing these along. I believe we are making progress. Attached are my further suggestions – again a "P" means I think we are at a reason number and should produce. Suggested means of further editing is also found in the attached.
>
> Best,
>
> Morgan
>
> **From:** Vikram Amritraj <info@cohenip.com>
> **Sent:** Monday, April 14, 2025 9:09 PM
> **To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
> **Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Langan, Sally P.

<Sally.Langan@klgates.com>; McKelvey, Bridget R. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>

**Subject:** Re: Epson v. Global; Discovery

---

Morgan, please see the attached hit counts for the revised searches as suggested in our correspondence today.

On Mon, Apr 14, 2025 at 12:35 PM Vikram Amritraj <info@cohenip.com> wrote:

> Morgan - I didn't say that "lumens" did not narrow the search results. I'm saying that any hits resulting from the proximity search of "lumens" on those terms as you suggested will be produced, if there are any. If there aren't any such hits, then those searches are unlikely to produce any relevant results that you are looking for. Do you have a few minutes for a call at 1pm?
>
> Also, regarding the deposition of Epson's PMK, we will be requiring someone with knowledge of the following topics:
>
> 1. Consumer projector market in general
>
> 2 How light output is measured and advertised at Epson,
>
> 3. Epson's sales of projectors in North America
>
> 4. The effect of Defendant's conduct on Epson's projector sales, including calculation and computation of alleged damages.
>
> 5. Epson's sales records, costs and profits
>
> 6. Epson's testing data regarding the light output of its projectors
>
> 7. Epson's communications relating to Global
>
> 8. Epson's legal action as against third parties and lawsuits regarding alleged projector false advertising and unfair competition.
>
> Best,
>
>> On Mon, Apr 14, 2025 at 12:31 PM Nickerson, Morgan. <Morgan.Nickerson@klgates.com> wrote:
>>
>> Hi Vikram,
>>
>> We are trying to narrow terms.  In the first iteration, you stated that the proposed lumen-based term resulted in zero hits.  As a result, we have not narrowed the terms (or we over-narrowed them depending on your philosophical bend).  Thus, we need to run new terms that do a better job of narrowing.  The fact that "lumens" is another term only further evidences that it did not narrow the terms.  As always, happy to discuss if that would be helpful.
>>
>> Best,
>>
>> Morgan

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Monday, April 14, 2025 3:24 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>
**Subject:** Re: Epson v. Global; Discovery

Morgan,

We will run the following terms below and provide hit counts; however, I'm not sure why this is necessary since all the documents contemplated by your previous suggestion (with the 'lumen' proximity search) are being produced. Since we are already providing those documents, why the further searches?

- CC200 w/50 200
- BP500 w/50 4500
- BP500 w/50 6000
- BP500 w/50 2500
- CC500 w/50 500
- MP250 w/50 250
- MP2000! w/50 2000
- CC180 w/50 200

On Mon, Apr 14, 2025 at 11:40 AM Vikram Amritraj <info@cohenip.com> wrote:

Morgan, to answer your questions:

1. We have not run the 8 terms in your last mail. To reiterate from my last email, the previously run revised searches with the proximity term 'lumen' contained zero <u>new</u> hits. However, because we already ran the terms 'lumen' and 'lumens," provided hit counts for that term, and are providing those responsive documents, <u>any documents that would have potentially been responsive to the revised search terms you suggested will be encompassed within our document production.</u> Thus, subject to Global's written responses and objections, Epson will be receiving those documents responsive to the revised search terms, if any exist.

2. Can you provide some clarification as to what you are looking for with respect to the 8 terms set forth in your last email? They appear to be totally different modifiers than the revised terms you previously suggested - it appears you want those terms run with the proximity terms "200" "4500" "6000" "2500" and various other numbers. I'm confused as to what you are trying to find out.

3. We are preparing the responsive documents for the terms you marked with a "P" in column E of the attached excel sheets, which I received from you on April 9.

4. Re depositions, I will get in touch with Mr. Cohen and the deponents and get back to you regarding availability.

5. Last, can you provide availability for Global to take the deposition of Epson's PMK in May - I believe that is Rodrigo Catalan. Please let me know if I am mistaken.

Best,

On Mon, Apr 14, 2025 at 8:35 AM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

Hi Vikram,

I do not believe we ever came to an agreement on how to narrow the overly burdensome terms. As my suggestion resulted in zero hits, that obviously did not work. Have you run the terms I suggest below? Specifically, the following:

- CC200 w/50 200
- BP500 w/50 4500
- BP500 w/50 6000
- BP500 w/50 2500
- CC500 w/50 500
- MP250 w/50 250
- MP2000! w/50 2000
- CC180 w/50 200

Also, to confirm that we remain on the same page in this process, can you kindly provide me the list of the terms you agreed with me upon and what "hits" are currently being run for production?

Last point, as discussed on last week's call, we likely need to push depositions back as we have not yet received documents. If we push the depositions back exactly one week, are both your clients available on those dates (Sheu April 29) (Ali May 1)?

Best regards,

Morgan

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Friday, April 11, 2025 7:32 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>
**Subject:** Re: Epson v. Global; Discovery

Morgan, I received an answer regarding the refined searches that were previously run. I confirmed that the vendor understood your instructions were to limit the results to find the search term within 20 words of the word "lumen".  As such the vendor looked for any word that starts with lumen (lumen, lumens, etc.) within 20 words of the other search term. The syntax as disclosed in the excel sheets is correct for the vendor's search tool. The reason there were no responsive items in those searches is because the hit counts produced yesterday exclude all of the documents that we already identified in response to the previous un-revised search, i.e.,"lumen" and "lumens" were part of the keywords previously searched. Any items that would be responsive to the revised searches would contain "lumen" or "lumens" in them. Therefore they were already produced and excluded from yesterday's hit counts.

As the documents sought in connection with the revised hit counts were already accounted for and will be produced, I don't believe further refinement or searches are necessary. Please let me know if you believe otherwise. Thanks.

Best,

On Thu, Apr 10, 2025 at 2:53 PM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

Hi Vikram,

To further narrow the model hits, can you run the following searches (assuming the "lumen" searches you are checking on continue to turn up no hits)?

- CC200 w/50 200
- BP500 w/50 4500
- BP500 w/50 6000
- BP500 w/50 2500
- CC500 w/50 500
- MP250 w/50 250
- MP2000! w/50 2000
- CC180 w/50 200

And for these model terms as well as the others that are too large, can you run hit counts for the terms and .ppt?  If we limit to just powerpoints, this may be sufficient.

Kindly let me know if you have questions.

Best,

Morgan

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 10, 2025 5:19 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>
**Subject:** Re: Epson v. Global; Discovery

Morgan,

Please see the attached excel sheets reflecting the revised search terms as requested, and the additional "CC180" term. Of the revised or additional search terms, only 'CC180' returned hits across all data sources. No responsive items were identified for the remaining revised search terms. This is likely due to the inclusion of the proximity term "lumen" in the updated search criteria. However, both 'lumen' and 'lumens' were already included in the previously approved search term list (marked with a "P"). We will be producing the responsive items related to those terms subject to Global objections/written responses.

Best,

Vikram

On Wed, Apr 9, 2025 at 3:09 PM Vikram Amritraj <info@cohenip.com> wrote:

> Morgan, I believe we are actively participating in the iterative search process (hence our agreement to re-run search terms and provide updated hit counts with modifiers as you suggested). I just want to make sure that Epson does not come back later and ask for more search terms (as it has previously done) or demand further production outside of the scope that we've agreed upon.

> Nonetheless, I am informed that we are having the "CC180" term run, as well as the applicable search terms re-run with the "w/20 of Lumen!" modifier as you suggested with updated hit counts produced. We are also preparing the remainder of the documents for production.

> Best,

> On Wed, Apr 9, 2025 at 2:19 PM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

>> Hi Vikram,

>> That is not the process that the Court ordered. I am following the procedure set by the Court which requires an iterative process. We are attempting to narrow the scope of terms, thus I need to know what the new hit counts are before we can agree to finalize everything. However, I note that the Court ordered that the document production be rolling and you were required to start your production of documents on April 1. While this obviously did not happen, I have

nonetheless been working with you to get the documents my client needs in the most efficient way possible.


If you want to provide hit counts on the "CC180" term, we can begin the iterative process on that term as well.


Best,

Morgan

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Wednesday, April 09, 2025 3:08 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; vamritraj@cohenip.com
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>
**Subject:** Re: Epson v. Global; Discovery


Morgan, I don't have an issue with your proposal; however, I'd like to come to a definitive end to Global's document production obligations upon compliance with agreed-upon terms. I don't think it's particularly reasonable or practical to reserve the right to circle back for more documents at a later date.


Based on the foregoing, and reserving all rights and objections as set forth in Global's written responses, I propose as follows:


(1) production of the documents subject to the proposal in the excel sheets in your last email constitute the completion of Global's obligations with respect to RPD sets one and two and a partial production regarding set three; and

(2) production of documents responsive to "CC180" will constitute completion of Global's obligations under RPD Set 3.


Please let me know or if you would like to discuss further.


Best,

Vikram


Get Outlook for iOS

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Wednesday, April 9, 2025 11:11:43 AM
**To:** vamritraj@cohenip.com <vamritraj@cohenip.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>
**Subject:** RE: Epson v. Global; Discovery


Vikram,


Without waiver of my positions below, please see my thoughts on narrowing or producing from each of the three custodians.  I added a column to each sheet.  If I placed a "P" next to the hit count, I am proposing that the number is reasonable and those documents should be produced. If it says "w/20 of lumen!" I am asking for these hits to be narrowed and that new hit counts with this search run on the results be provided.  Lastly, if there is nothing in the column, I am proposing that we scrap that search term and only come back to it if we need to later.


Kindly let me know if you have any questions regarding my notes.


Best,

Morgan


---

**From:** Vikram Amritraj <vamritraj@cohenip.com>
**Sent:** Tuesday, April 08, 2025 5:42 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>
**Subject:** Re: Epson v. Global; Discovery


Morgan, please see the attached documents with hit counts for Steinberg, and updated hit counts for Sheu and Ali. We've provided an additional document with hit counts tabulated across all the email accounts, which also contains the amount of files after duplicates have been removed.


Each spreadsheet lists the keywords along with the number of items, exclusives, and families responsive. The 'Items' column shows the number of items in the source that are responsive to the keyword. The 'Exclusive' column shows the number of items responsive to the keyword that are only responsive to that single keyword - No other keyword on the list appears in the document - This column is helpful when trying to find keywords that are inflating the number of results. The 'Families' column shows the number of document families responsive to the keyword. A document family is a

set of items that are all related; for example, if you have an email which has 2 attachments that entire email would be 1 family, but that family contains 3 items - 1 email and 2 attachments.

There are likely discrepancies between the previous hit counts provided (which were done manually) and these hit counts provided as a result of the searches of the .pst files. Also, please note that the e-discovery platform could not search within a paragraph with the "/p" function, so those connector terms were run with a limitation that they be used within 100 words of one another - which should practically suffice.

In total, there are 14,567 de-duplicated documents responsive to these search terms across all 3 accounts. This still appears to be overly broad and an unnecessary/impractical production for both parties. If you have a few moments to discuss today let me know. I would propose we narrow these further prior to the full production.

I believe you mentioned that Epson was mostly concerned with documents responsive to the "lumens" search - that would significantly narrow things.

Best,


**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

Cohen **IP** Law Group PC

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com


CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.


On Tue, Apr 8, 2025 at 10:30 AM Vikram Amritraj <vamritraj@cohenip.com> wrote:

Morgan,

The e-discovery vendor should provide us with the remaining hit counts by later today.
Documents resulting from the hits will also be provided by the Court's deadline tomorrow.

As you know, and as we discussed last week that there may be an opening for settlement prior to
undertaking costly discovery, we took a few days last week to try and give the parties one more
shot at reaching a resolution before needing to produce all the documents. Unfortunately that did
not work out, and we got slightly delayed on hitting the milestones; however, we are working to
get everything produced timely.

We don't have an issue with running the search term "CC180" prior to the depositions.

Best,

**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

Cohen **IP** Law Group PC

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic
communication within the meaning of the Electronic Communications Privacy Act,
18 USC 2510, and its disclosure is strictly limited to the recipient intended by the
sender of this message. This communication may contain confidential and
privileged material for the sole use of the intended recipient and receipt by anyone
other than the intended recipient does not constitute a loss of the confidential or
privileged nature of the communication. Any review or distribution by others is
strictly prohibited. If you are not the intended recipient please contact the sender
by return electronic mail and delete all copies of this communication.

On Tue, Apr 8, 2025 at 8:52 AM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

Hi Vikram,

I am following up on the email below as I still have not heard bac from you.  As explained in
greater detail below, we still need:

- Initial hit counts for Mr. Steinberg;
- Initial hit counts on missing terms and revised hit counts on discussed terms for Mr.
  Sheu and Mr. Ali.
- Production of documents for the terms on which there was no dispute

As stated below, the Court set very firm deadlines which I do not believe have been complied with.  We set deposition dates with an understanding that, at this point, my client would at least have some documents to review.  We have received none despite the Court's order.

Also, while there was no order from the court requiring it, we asked that sales information and hit counts for the term "CC180" be produced as these are responsive to Epson most recent requests.  Are you able to provide the same before the depositions?

Kindly let me know at your earliest convenience whether and if you intend to remedy the above deficiencies.

As always, I am happy to hop on a call and discuss.

Best,

Morgan

---

**From:** Nickerson, Morgan T.
**Sent:** Thursday, April 03, 2025 4:12 PM
**To:** 'vamritraj@cohenip.com' <vamritraj@cohenip.com>
**Cc:** 'Michael Cohen' <mcohen@cohenip.com>; 'Mario Goluza' <admin@cohenip.com>; Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>
**Subject:** RE: Epson v. Global; Discovery

Hi Vikram,

The Court ordered that hit counts for Mr. Steinberg be sent to Epson by March 26.  We have still not received the same.  Kindly send them to me as soon as possible.  Also, kindly send the remaining original hit counts for Mr. Sheu that you were originally unable to produce due to the technical issues (as set forth in your email below).

The Court also ordered that hit counts on the requested re-running or refinement of search terms (see below) be produced by April 1.  We have not received the same.  Kindly send them to me as soon as possible.

Per the Court's order, for all the terms below that did not require refinement, documents were supposed to be produced "by no later than April 1."  We have not yet received a single

document despite their being many uncontested terms for Mr. Sheu and Mr. Ali.  As we have depositions upcoming, we are prejudiced by the fact that the Court's order was not complied with and ask that document production begin today to ensure that we have adequate time to prepare for depositions.

Also, as set forth below, kindly let me know if you intend to run the search term "CC180" to locate documents responsive to Epson's latest set of document requests.  I also note that Epson's latest set of document requests seeks sales information from your client.  Kindly let me know when you intend to provide the same.  We, of course, would need the sales information prior to the depositions.

As always, I am happy to set up a call to discuss.

Best regards,

Morgan

---

**From:** Nickerson, Morgan T.
**Sent:** Friday, March 28, 2025 11:31 AM
**To:** vamritraj@cohenip.com; Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** RE: Epson v. Global; Discovery

Hi Vikram,

In an effort to make our call as productive as possible today, my thoughts on the "hits" are below.  I also note for conversation on our call, that we have not discussed search terms for Epson's latest set of document request.  However, I believe we can add the term "CC180" and capture much of what we need for these request.  I am happy to discuss.

Mr. Sheu:

As you noted, there are a few terms missing.  We await results on those.  As an initial step on the hits provided, I proposed that you produced hits on the following terms:

6.ANSI - 2753

7.ANSI lumen(s) -2043

8.Lumen(s) - 2991

9. Laser source lumen(s) - 1454

10. Optical source lumen(s) - 1402

11. Illuminate(s) - 102

12. Brightness - 3017

13. Bright - 3128

14. Luminous flux brightness – 46

19. Broken -318

21. Amazon - 4903

22. AMZN – 109

25. O'Rourke - 47

26. Walmart – 4984

30. Bought -355

31. Complaint - 592

32. Warranty - 3225

33. Epson -1258

34. ASIN -306

35. "HP Marks" OR "HP Trademarks" - 797

36. Quality Control – 1382

37. QC - 440

38. "Best Buy" -  4985


That new hit counts be provided as follows on these terms (mu proposed changes in <span style="color:red">red</span>):


15. Dim – 3201  The Search includes Dimension <span style="color:red">( add -dimension and see how it impacts hits)</span>

16. Not bright – 2787  - most hits are " not "  <span style="color:red">(put in parentheses to limit to only this exact phrase)</span>

17. Light output – 1196 <span style="color:red">(put in parentheses to limit to only this exact phrase)</span>

18. Light source -2215 <span style="color:red">(put in parentheses to limit to only this exact phrase)</span>

20. Change -8455 <span style="color:red">(add to within 10 word of web!)</span>

27. Test Report – 1700 <span style="color:red">(put in parentheses to limit to only this exact phrase)</span>

28. GT Technology Chongqing Limited  - 8319 <span style="color:red">(put in parentheses to limit to only this exact phrase)</span>

Mr. Ali

| | | |
|---|---|---|
| CC200 | 877 | |
| BP5000 | 2036 | |
| CC500 | 1942 | |
| MP250 | 1702 | |
| MP2000PRO | 1091 | |
| ANSI | 383 | |
| ANSI lumen | 332 | |
| ANSI lumen(s) | 321 | |
| Lumen | 71 | |
| Lumen(s) | 666 | |
| Laser source lumen | 216 | |
| Laser source lumens | 206 | |
| Optical source lumen | 222 | |
| Optical source lumens | 212 | |
| Illuminate | 41 | |
| Illuminates | 11 | |
| Brightness | 386 | |
| Bright | 476 | |
| Luminous flux brightness | 12 | |

| | | |
|---|---|---|
| Dim | 1399 | Same as above |
| Not bright | 13 | |
| Light output | 32 | |
| Light source | 244 | |
| Broken | 223 | |
| Change | 4535 | Same as above |
| Amazon | 3560 | |
| AMZN | 80 | |
| HP /p light | 226 | |
| HP/p source | 212 | |
| HP /p agreement | 203 | |
| HP /p agreements | 10 | |
| HP /p contract | 244 | |
| HP /p contracts | 60 | |
| HP /p sale | 693 | |
| HP /p sales | 663 | |
| HP /p revenue | 11 | |
| HP /p complaint | 39 | |
| HP /p complaints | 20 | |
| HP /p return | 768 | |
| HP /p returns | 435 | |

| | | |
|---|---|---|
| Bhphoto | 34 | |
| O'Rourke | 1234 | |
| Walmart | 997 | |
| GT Technology Chongqing Limited | 788 | |
| Purchase | 993 | |
| Bought | 227 | |
| Complaint | 236 | |
| Warranty | 997 | |
| Epson | 150 | |
| ASIN | 315 | |
| "HP Marks" OR "HP Trademarks" | 23 | |
| Quality Control | 223 | |
| QC | 117 | |
| "Best Buy" | 833 | |
| "Bestbuy" | 532 | |
| Bestbuy w/10 .ppt | 12 | |
| Bestbuy AND propos! | 42 | |
| Bestbuy AND pitch | 17 | |
| Best Buy w/10 .ppt | 34 | |
| Best Buy AND propos! | 369 | |
| Best Buy AND pitch | 49 | |
| AMZN w/10 .ppt | 13 | |

| AMZN AND propos! | 14 | |
| AMZN AND pitch | 13 | |

We await the hits on the other custodians and the remainder of the terms on the above.  I look forward to talking about these hits in a little over an hour.

Best,

Morgan

**From:** Vikram Amritraj <vamritraj@cohenip.com>
**Sent:** Wednesday, March 26, 2025 7:15 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Epson v. Global; Discovery

Counsels, please see the attached documents for the "hit" numbers for each of the search terms. I am still awaiting hit results for Mr. Steinberg, which I'm told should be completed in the next 24-48 hours.

There have been some issues running the connector terms for "HP" - however, we are working to troubleshoot it if possible.

We have started compiling documents; however, it appears that we are looking at a production of tens of thousands of emails. I look forward to meeting and conferring regarding narrowing the production. Please let me know when a good time for you this Friday, March 28.

Best,

**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

Cohen IP Law Group pc

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Morgan.Nickerson@klgates.com.

# EXHIBIT C

 Gmail

**Vikram Amritraj <info@cohenip.com>**

---

## Epson v. Global; Defendant Document Production

Vikram Amritraj <info@cohenip.com>                                               Thu, Apr 24, 2025 at 8:57 AM
To: "Nickerson, Morgan T." <Morgan.Nickerson@klgates.com>, "vamritraj@cohenip.com" <vamritraj@cohenip.com>
Cc: "Timm, Zach T." <Zach.Timm@klgates.com>, Michael Cohen <mcohen@cohenip.com>, Mario Goluza
<admin@cohenip.com>, "Lefkowitz, Shaina M." <Shaina.Lefkowitz@klgates.com>

Morgan, your emails this morning appear to admit that the terms you provided result in an overbroad production
containing materials that are likely irrelevant (which we've been consistently informing you of since the beginning of this
process), so much so that you've represented you won't even review the documents. Yet, you are still demanding that we
either (a) continue to drag out this process and guess as to what documents you want via more rounds of hit-or-miss
search terms or (b) go through the time consuming process of producing the entire production de-designated without even
knowing what you consider to be necessary for plaintiff's purposes in this action. First, why do you want a production of
everything, when you are alleging that it is too broad? Second, the actual documents plaintiff intends to use could very
well be a fraction of the production. It doesn't make sense to waste time designating each and every document at this
point.

The fastest way to get from A to B is for your firm to identify what it needs out of this production. We will then produce
them bates labeled with the appropriate designation - this process is expressly agreed upon in the confidentiality order.

Get Outlook for iOS

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Thursday, April 24, 2025 8:38:14 AM
**To:** Vikram Amritraj <info@cohenip.com>; vamritraj@cohenip.com <vamritraj@cohenip.com>
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza
<admin@cohenip.com>; Lefkowitz, Shaina M. <Shaina.Lefkowitz@klgates.com>
**Subject:** RE: Epson v. Global; Defendant Document Production


Vikram,


I appreciate your efforts, but this is all backwards.  You produced an admittedly too large document set, without any
bates numbers, all marked AEO and have asked my client to tell you which documents its wants.  If this is how you
wish to proceed, my client is not going to waste time and resource parsing through the document and instead wants
all the documents identified.  Accordingly, kindly produce the document set with bates numbers and with whatever
document designation you think is appropriate keeping in mind that mass designation is not permitted under the
protective order.



Thanks,

Morgan

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 24, 2025 11:34 AM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; vamritraj@cohenip.com
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza

<admin@cohenip.com>
**Subject:** Re: Epson v. Global; Defendant Document Production

Morgan, if we were doing the narrowing on our side with more search terms, your client still wouldn't be able to view anything (as has been the case since we started this process).

Further, it is a legal determination as to what documents you will need in connection with this action. I'm sure you and your firm are more than capable of reviewing the production and determining what you reasonably intend to use to prove the alleged claims.

Get Outlook for iOS

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Thursday, April 24, 2025 8:27:43 AM
**To:** Vikram Amritraj <info@cohenip.com>; vamritraj@cohenip.com <vamritraj@cohenip.com>
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** RE: Epson v. Global; Defendant Document Production

How can my client narrow the documents produced if it cannot even view them?

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 24, 2025 11:20 AM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; vamritraj@cohenip.com
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v. Global; Defendant Document Production

All the documents in that table have been produced.

You can identify them by the EML number. There is also a column specifying the attachments in each email. So you can say for example, EML 00019638 with or without "X" attachment(s).

The data in the privilege logs was generated automatically via the e-vendor's software. The review of documents and selection of the entries in the logs was done manually.

Get Outlook for iOS

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Thursday, April 24, 2025 8:07:12 AM
**To:** Vikram Amritraj <info@cohenip.com>; vamritraj@cohenip.com <vamritraj@cohenip.com>
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** RE: Epson v. Global; Defendant Document Production

To clarify, all of the documents in the attached have been produced?

None of the documents have bates labels, if we were to go through and identify documents we want produced, how do we specify the documents without bates labels?

Were the privilege logs created manually or automatically.  If automatically, how were they created?

Morgan

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 24, 2025 10:48 AM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; vamritraj@cohenip.com
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v. Global; Defendant Document Production

Morgan, these documents are responsive to what you asked for pursuant to the search terms you demanded. I don't see the difference in whether you run your own further terms or if we do so. I imagine it is quicker and more efficient for you to have control over that process.

Everything in tables 1-5 has been produced in .eml format. Nothing has been withheld other than due to attorney-client privileges.

Best,

Vikram

Get Outlook for iOS

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Thursday, April 24, 2025 7:36:38 AM
**To:** vamritraj@cohenip.com <vamritraj@cohenip.com>
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza

<admin@cohenip.com>
**Subject:** RE: Epson v. Global; Defendant Document Production

Hi Vikram,

The Court ordered us to go through an iterative process – not dump all the documents on my client and ask us to determine what is responsive and what is not.  Either way, my client wants to be able to view all documents produced and again, formally asks that proper designations be provided.

It also appears that several thousand documents have been withheld on the basis of being "potentially AEO."  Table 3, 4, 5.  Do you plan to produce these documents or are you withholding them?

Thanks,

Morgan

---

**From:** Vikram Amritraj <vamritraj@cohenip.com>
**Sent:** Thursday, April 24, 2025 10:32 AM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v. Global; Defendant Document Production

Morgan, you have access to the search terms and hit counts via the link. The emails and attachments are OCR'd. You can run any number of search terms on them you like instead of us going back and forth guessing as to what is going to yield an adequate number of hits (if you recall, on April 10 we ran search terms you suggested, which resulted in no hits).  It seemed clear to me the Court wanted this to be completed immediately - that is what we have done.

Best,

**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

Cohen IP Law Group,PC

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Thu, Apr 24, 2025 at 7:12 AM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

> Hi Vikram,
>
> We have been ordered to narrow the volume using search terms. Instead of doing that, you just produced everything ("Due to time constraints, instead of continuing to run further search terms, we've instead provided the entirety of those documents for your review."). This is exactly what we both told the Court that neither party wanted. If you send me the hit terms in an email (rather than behind a secure transfer portal which I cannot access), we can comply with the Court's order and continue the process of whittling down the documents. If you insist on producing everything, we object to marking it all AEO.
>
> Best,
>
> Morgan
>
> ---
>
> **From:** Vikram Amritraj <vamritraj@cohenip.com>
> **Sent:** Thursday, April 24, 2025 10:06 AM
> **To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
> **Cc:** Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
> **Subject:** Re: Epson v. Global; Defendant Document Production
>
> ---
>
> Morgan,
>
> All the documents resulting from the search terms have been produced for your inspection. That is 15,224 emails plus attachments (22 GB). We've also provided indexes for the entire production.
>
> The Court ordered an iterative process to whittle down the total number of responsive documents to the search terms. The last round of hits yielded 11,454 emails, which is 17 GB of documents. Due to time constraints, instead of continuing to run further search terms, we've instead provided the entirety of those documents for your review.

We request that you actually review the production and provide a list of documents you intend to use. This is highly reasonable given the breadth of production.

Best,

**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

## Cohen IP Law Group<sub>PC</sub>

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Thu, Apr 24, 2025 at 6:42 AM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

Hi Vikram,

The entire purpose of this process is that we want all documents that hit on terms produced. If that was not clear, pursuant to the terms of the protective order, we formally request that all documents that hit on terms be produced. As such, kindly provide your confidentiality designations asap as the protective order is clear that "Mass, indiscriminate, or routinized designations are prohibited." *See* Section 5.1.

Best,

Morgan

**From:** Vikram Amritraj <vamritraj@cohenip.com>
**Sent:** Thursday, April 24, 2025 1:52 AM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>

**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Epson v. Global; Defendant Document Production

---

Counsels, please use the link and password below for Defendant's further document production.

2025-04-23 HIGHLY CONFIDENTIAL - AEO - Produced by Global for Inspection

█████████████

Please be advised the link previously provided on 4/16 is now inactive.

A brief explanation of the document production below:

On April 8, 2025 we provided hit counts to you for search terms as ordered by the Court. On April 9, 2025, we received from you a request to produce certain documents resulting from those hit counts, and also to run further search terms.

On April 16, 2025, we made an initial document production resulting from the unrevised April 9 terms. The link contains this initial document production (Production 1) and a second production of the remaining responsive documents to the April 9 search terms (Production 2). For clarity, the link also includes a folder of the search terms/hit counts for Production 1 and 2:

"2025-04-16 Prod. 1 and 4-23 Prod. 2 Hit Counts"

"2025-04-16 Production 1 and 4-23 Production 2 Emails"

We provided further hit counts on April 10, 2025 and received further search terms from you. On April 14, 2025, we provided further hit counts; on April 15 we received from you a request to produce certain documents resulting from those hit counts, and also to run further search terms.

Thereafter, we discovered that the .pst files used by the e-discovery vendor for the previous searches on Messrs. Sheu and Ali, and document production resulting therefrom, did not contain all the necessary data going back to the origin of the accounts. We have since procured the .pst files containing all the data.

We then re-ran all the search terms as requested by Epson on April 9 and April 14 upon the new data set. These search terms and hit counts are contained in the folder "2025-04-23 Prod. 3-5 Hit Counts"

We have produced all responsive emails resulting from the search terms in their original native format  (See folders entitled Production 3, Production 4, and Production 5, respectively). Further, please be advised that GAI has not withheld any documents on the basis of any privilege except for the attorney-client communication privilege (see Privilege Logs included in the link). Notwithstanding the foregoing, GAI's production shall not constitute a waiver of any privilege asserted in its written responses and objections.

In addition, the documents in the link are produced as <u>Highly Confidential - Attorneys Eyes Only</u>, pursuant to Section 5.2(a) of the Confidentiality Order, which provides as follows:

"A Party or Non-Party that makes original documents available for inspection
need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins)."

Please let me know which documents you want copied and produced, and we will provide them as bates-labeled PDFs with the appropriate legend and designation.

Please let me know if you have any questions or issues accessing the link.

Best,

**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

<u>vamritraj@cohenip.com</u>

Cohen IP Law Group pc

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Morgan.Nickerson@klgates.com.

# EXHIBIT D

 **Gmail**

Vikram Amritraj <info@cohenip.com>

## Epson v GAC - Emails

**Vikram Amritraj** <vamritraj@cohenip.com>                                    Mon, Apr 28, 2025 at 12:38 PM
Reply-To: vamritraj@cohenip.com
To: "Nickerson, Morgan T." <Morgan.Nickerson@klgates.com>
Cc: Michael Cohen <mcohen@cohenip.com>, Mario Goluza <admin@cohenip.com>

I also note I didn't get an answer to the following question from my earlier email:

The 7,556 emails (many of which contain attachments) in Productions 1 and 2 are from March 2024 to 2025. Can you explain how you intend to use any of these documents given their complete irrelevance to Epson's claims? There is no alleged false advertising with respect to the projectors at issue during this time period.

Best,

**Vikram Amritraj, Esq.**
Cohen IP Law Group, PC
vamritraj@cohenip.com

Cohen IP Law Group PC
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Mon, Apr 28, 2025 at 12:33 PM Vikram Amritraj <info@cohenip.com> wrote:
    Morgan, as I previously stated, each email is contained in the link previously provided. They are named by their EML number. You can download and access each of them.

    I note you didn't answer the question in my last emails:

    1. Have you inspected each of the documents provided and requested what Epson actually intends to use in connection with this action?

    2. If you have inspected each document, are you alleging that the 12,300 documents set forth in your last email are going to be used or are relevant to the claims in this action?

    3. If you have not reviewed the documents, then how do you know you need them or that they are relevant?

    Last, what sales data are you referring to? I addressed the stipulation issue in another email thread.

    Best,
    Vikram

    On Mon, Apr 28, 2025 at 12:19 PM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

        Hi Vikram,

My team tells me that when uploaded our system creates a new number and that the EML is lost.  I do not understand how or why – not my department – it is what I am told.  I am happy to review any concerns with any specific documents that you have concerns with it you attach it to the email.

We still have not received sales data. When will that be produced?  And when can I expect the draft of the stipulation?

Thanks,

Morgan

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Monday, April 28, 2025 3:15 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Subject:** Re: Epson v GAC - Emails

Morgan,

First, if you have not reviewed the documents, then how do you know you need them or that they are relevant?

Second, the filename for each Email is named by its EML number - they are all in the link provided. You can open each one. Also, the data for each email is identified in each of the tables and organized by EML number.

Best,

On Mon, Apr 28, 2025 at 12:11 PM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

> Vikram,
>
> Our system does not track by EML number so I cannot review the documents you sent.  If you wish to attach them so I can review, please do.
>
> Best,
>
> Morgan

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Monday, April 28, 2025 3:04 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Subject:** Re: Epson v GAC - Emails

Morgan, couple of questions:

1. Have you inspected each of the documents provided and requested what Epson actually intends to use in connection with this action?

2. If you have inspected each document, are you alleging that the 12,300 documents set forth in your last email are going to be used or are relevant to the claims in this action? For example, can you explain how any of the following are relevant or why Epson would need to use them (this is not an exhaustive list):

EML00008616-8633

EML00008653

EML00008657-8659

EML00008712

EML00008751

EML00008764-8780

EML00008791-8792

EML00008801

EML00008946

EML00008955

EML00008959

EML00008963

EML00009128

EML00009680

EML00009953

EML00010063-10069

EML00010009

EML00010157

EML00010187

EML00010200

EML00010229-10231

EML00010246

EML00010259

EML00010263

EML00010313-10315

EML00010422

EML00019614-19628

EML00020099

EML00020103-20107

EML00020111-20113

EML00020411

EML00020413

EML00020415

EML00020434

EML00020455-20463

3. The 7,556 emails (many of which contain attachments) in Productions 1 and 2 are from March 2024 to 2025. Can you explain how you intend to use any of these documents given their complete irrelevance to Epson's claims? There is no alleged false advertising with respect to the projectors at issue during this time period.

Best,

Vikram

On Mon, Apr 28, 2025 at 7:33 AM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

Vikram,

We intend on using the following – please provide designations and bates numbers for the same:

Production 1 & Production 2 – all documents (7,556 total).
Production 4 (Ali Emails): all document (3,242 total)
Production 5 (Steinburg Emails): all documents (1,502 total)

We are going through to narrow the scope of Mr. Sheu's emails.

Best,

Morgan



**Morgan T. Nickerson**
Partner
K&L Gates LLP
1 Congress Street

Boston, MA 02111
T-617.261.3134
F-617.261.3175
morgan.nickerson@klgates.com

www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and
are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying,
distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at
Morgan.Nickerson@klgates.com.

# EXHIBIT E

 Gmail

Vikram Amritraj <info@cohenip.com>

---

## Depositions

**Vikram Amritraj** <info@cohenip.com>                    Mon, Apr 28, 2025 at 12:25 PM
To: "Nickerson, Morgan T." <Morgan.Nickerson@klgates.com>
Cc: Michael Cohen <mcohen@cohenip.com>, Mario Goluza <admin@cohenip.com>

Morgan, to be clear, I am not requiring you to do anything. The documents provided for inspection are pursuant to the search terms you and Epson have demanded. I (and prior counsel) have informed you consistently that the search terms amount to a fishing expedition and are likely to result in a voluminous production. The record is clear that you did not heed these warnings and demanded the production anyway. We have obliged. It is disingenuous to now claim you have too many documents.

There is no guarantee that the Court is going to grant the stipulation so I think we need to at least set dates now just in case.

We've provided options for all the depositions on dates which you stated you are available in May. To reiterate from my last email, we can do Steinberg's deposition remotely on May 6 or 7 as you previously suggested, and we can have Ali's deposition in LA on May 12, 13 or 21 (the last date is offered in case you another attorney at your firm can conduct the deposition as I understand you are not available on the 21st). We are currently scheduled to conduct the deposition of Epson's PMK on May 22, but are willing to swap that date to have Frank's deposition conducted that day on the condition you confirm the deposition of Epson's PMK for either May 5, 6, 7, 12, or 13 and Epson provides the documents as requested in the notice. However, you would need to let me know asap so Frank can rearrange his international travel schedule accordingly.

Regarding the proposed stipulation, I tried reaching out to you previously for input but never heard back. If the discovery deadline is pushed back, the remaining dates should also be pushed back, which would include a trial continuance. If you want to prepare a stipulation with suggested dates, I am happy to take a look at it.

Best,

On Mon, Apr 28, 2025 at 7:35 AM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

> Given the volume of emails you are requiring us to review, I do not see how any of the early May dates will work.  I believe we need to ask the Court to push back the date as previously discussed.  Are you still intending to circulate a proposed stipulation?
>
>
> Morgan
>
> ---
>
> **From:** Vikram Amritraj <info@cohenip.com>
> **Sent:** Friday, April 25, 2025 7:52 PM
> **To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
> **Subject:** Re: Depositions
>
> ---
>
> Morgan, if you can confirm the deposition of Epson's PMK for either May 5, 6, 7, 12, or 13, we may be able to have Frank's deposition in LA on May 22 instead of the Epson PMK that day as currently noticed.

As previously offered, we can do Steinberg's deposition remotely on May 6 or 7 (still waiting for you to confirm one of those dates), and we can have Ali's deposition in LA on May 12, 13 or 21. I understand you are not available on May 21 but I thought I would mention it again if there is a way you, Zach or another attorney would like to do Frank and Ali's depositions back to back on May 21 and 22.


Best,

Vikram


On Fri, Apr 25, 2025 at 10:11 AM Vikram Amritraj <info@cohenip.com> wrote:

Morgan,


I'm not sure when they will both be here at the same time.


Which day do you want to confirm for Steinberg's deposition - May 6 or 7? Please let me know so we can block the date.


Ali is available to be in LA on May 12 or 13. Please confirm which date you will take his deposition.


I also need to know whether Epson's 30(b)(6) deposition will go forward on May 22. When can you let me know?


Best,

Vikram


Get Outlook for iOS

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Thursday, April 24, 2025 3:03:46 PM
**To:** Vikram Amritraj <info@cohenip.com>
**Subject:** RE: Depositions


What are the earliest dates that Mr. Ali and Mr. Sheu can be in LA at close to the same time?

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 24, 2025 5:45 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Subject:** Re: Depositions

I've already explained that he is not in the country just as you wont be in the country from May 14-20.


Get Outlook for iOS

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Thursday, April 24, 2025 2:42:58 PM
**To:** Vikram Amritraj <info@cohenip.com>
**Subject:** RE: Depositions


Is there a specific reason he cannot come back on those dates?

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 24, 2025 5:41 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Subject:** Re: Depositions


Mr. Sheu lives in Australia. I don't believe he can return to the US on any of those dates. What do you propose?


Get Outlook for iOS

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Thursday, April 24, 2025 2:37:35 PM
**To:** Vikram Amritraj <info@cohenip.com>
**Subject:** RE: Depositions


May 21 doesn't work as I am in Europe until the 20th.  I need time to prepare and travel to LA.  May 22nd works for me, but waiting on Epson witness availability.  As I have made clear many times, remote is not an option for Mr. Sheu.  It needs to be in person.  Kindly let me know if May 1, 2, 5, 6 or 7 work for him.


Thanks,

Morgan

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 24, 2025 5:32 PM

**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Subject:** Re: Depositions

Mr. Ali can do May 21 in LA.

Please confirm May 6 or 7 for Mr. Steinberg's deposition.

Please also confirm the Epson 30(b)(6) deposition for May 22 as set forth in the deposition notice.

If those 3 dates are set, the only remaining dates in May, considering your lack of availability prior to the cutoff are May 1, 2, 5, 6 or 7 (depending which date you can confirm for Steinberg), 12 and 13.

I will try and get an in-person date for Mr. Sheu but he may need to be deposed remotely if it will be prior to May 22.

Best,

Vikram

Get Outlook for iOS

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Thursday, April 24, 2025 1:39:59 PM
**To:** Vikram Amritraj <info@cohenip.com>
**Subject:** RE: Depositions

I am in South Carolina May 8-9 and Europe May 14-20

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 24, 2025 4:31 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Subject:** Re: Depositions

What dates are you unavailable in May?

On Thu, Apr 24, 2025 at 1:20 PM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

> No – those dates do not work as I am in Europe until the 20th

Best,

Morgan

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 24, 2025 4:19 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Subject:** Re: Depositions

---

Mr. Ali can be in LA for deposition on May 19 or 20. Do either of those dates work?

On Thu, Apr 24, 2025 at 1:00 PM Vikram Amritraj <info@cohenip.com> wrote:

> Morgan,
>
> Mr. Steinberg is available on either May 6 or 7. Will let you know as soon as I get confirmation of dates for Sheu and Ali.
>
> Best,
>
> On Thu, Apr 24, 2025 at 11:52 AM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:
>
>> I propose depositions dates of May 5 for Mr. Sheu and May6/7 for Mr. Ali. I propose Mr. Steinberg remotely on May 6/7. Kindly let me know at your earliest convenience if these dates work. If the dates do not work, kindly provide alternative dates within the discovery period.
>>
>> Best regards,
>>
>> Morgan
>>
>> 
>>
>> **Morgan T. Nickerson**
>> Partner
>> K&L Gates LLP
>> 1 Congress Street
>>
>> Boston, MA 02111
>> T-617.261.3134
>> F-617.261.3175
>> morgan.nickerson@klgates.com
>>
>> www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Morgan.Nickerson@klgates.com.

# EXHIBIT F

 Gmail

**Vikram Amritraj <info@cohenip.com>**

---

## Epson v GAC - Outstanding Discovery Issues

**Nickerson, Morgan T.** <Morgan.Nickerson@klgates.com>                              Mon, May 5, 2025 at 10:16 AM
To: Vikram Amritraj <info@cohenip.com>, "vamritraj@cohenip.com" <vamritraj@cohenip.com>, "Langan, Sally P."
<Sally.Langan@klgates.com>, "McKelvey, Bridget K." <Bridget.McKelvey@klgates.com>, "Timm, Zach T."
<Zach.Timm@klgates.com>
Cc: Michael Cohen <mcohen@cohenip.com>, Mario Goluza <admin@cohenip.com>, "Lefkowitz, Shaina M."
<Shaina.Lefkowitz@klgates.com>

Thanks Vikram – I understand your changed position. As discussed with the Judge, given the volume of documents
you produced 8 months after they were due to be produced, the May dates will not work. Accordingly, we will
prepare the motion with the Court and note that you now oppose a three month extension to conduct discovery. We
reserve the right to seek fees for the motion given the change in your position.

Best,

Morgan

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Monday, May 05, 2025 12:15 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>; vamritraj@cohenip.com; Langan, Sally P.
<Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T.
<Zach.Timm@klgates.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Epson v GAC - Outstanding Discovery Issues

Morgan, we provided all the remaining documents Epson demanded by April 23, 2025 and provided dates for the
depositions on multiple occasions that all the deponents and counsels are available for prior to the current cutoff, yet
Epson refused to confirm any of them, including May 6, 7, 12, 13, 21 and 22. As such Global does not agree to the
stipulation.

Best,

Vikram

Get Outlook for iOS

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Monday, May 5, 2025 8:35:01 AM

**To:** vamritraj@cohenip.com <vamritraj@cohenip.com>
**Subject:** RE: Epson v GAC - Outstanding Discovery Issues

Hi Vikram,

Do you have any edits to the stipulation?  Or does Epson need to file a motion to extend its deadline to take depositions?

Best,

Morgan

---

**From:** Vikram Amritraj <vamritraj@cohenip.com>
**Sent:** Thursday, May 01, 2025 3:52 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>
**Subject:** Re: Epson v GAC - Outstanding Discovery Issues

--------

Can you spare 10-15 minutes anytime today or tomorrow? If need be I will call you at 615am PST tomorrow but I would appreciate another more reasonable time.


**Vikram Amritraj, Esq.**

Cohen IP Law Group, PC

vamritraj@cohenip.com

Cohen IP Law Group PC

9025 Wilshire Blvd., Suite 301

Beverly Hills, California 90211

Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com


CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

On Thu, May 1, 2025 at 12:51 PM Vikram Amritraj <vamritraj@cohenip.com> wrote:

> These issues are urgent and shouldn't take more than 10-15 minutes. I want to make sure we are moving forward on
> doc production and depositions in the event there is no extension on the deadlines.
>
>
> Best,
>
>
> **Vikram Amritraj, Esq.**
>
> Cohen IP Law Group, PC
>
> vamritraj@cohenip.com
>
> Cohen **IP** Law Group PC
>
> 9025 Wilshire Blvd., Suite 301
>
> Beverly Hills, California 90211
>
> Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com
>
>
> CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the
> meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly
> limited to the recipient intended by the sender of this message. This communication may contain
> confidential and privileged material for the sole use of the intended recipient and receipt by anyone
> other than the intended recipient does not constitute a loss of the confidential or privileged nature of
> the communication. Any review or distribution by others is strictly prohibited. If you are not the
> intended recipient please contact the sender by return electronic mail and delete all copies of this
> communication.
>
>
> On Thu, May 1, 2025 at 12:47 PM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:
>
>> Unless you can talk before 930am est tomorrow, I am tied up until Monday.  Is there a time Monday that works?
>> If you want to send me proposed edits to stip, I can look at those before the call.
>>
>> _____
>>
>> **From:** Vikram Amritraj <info@cohenip.com>
>> **Sent:** Thursday, May 01, 2025 3:45 PM
>> **To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
>> **Cc:** Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>;
>> Timm, Zach T. <Zach.Timm@klgates.com>
>> **Subject:** Re: Epson v GAC - Outstanding Discovery Issues
>>
>> _____
>>
>> Morgan, just tried calling and left a voicemail to discuss the items in your email and as discussed at the conference
>> today. I'm free until 1pm PST and then again after about 2pm PST. My cell is 818-606-8175.

Best,


On Thu, May 1, 2025 at 8:15 AM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

Vikram,


In advance of our hearing with the Judge, I wanted to provide on update on a few outstanding issues. In no particular order:


- I have attached a draft of a stipulation that kicks back all deadlines by 3 months. I believe this will allow us to schedule depositions more easily and conveniently for the parties. Kindly let me know your thoughts on the same.
- Epson's 30b6 witness is available June 3 – kindly let me know if this date works for you as soon as possible so that I may block off this date.
- Given the volume of emails sent to us, we will not be able to have documents ready for depositions this month. We believe the stipulation is needed for this additional reason.
- If the schedule is moved back, can you kindly provide dates in June for the depositions of Mr. Ali and Mr. Sheu in the same week in the Los Angeles area. We need a date for Steinberg that is after these depositions (if possible). After those depositions, we can determine a date and time for additional depositions should they be needed. Specifically, we can determine if depositions from Crespo and Marrero are needed.
- In relation to the motion to compel pending with the Court, we still need the following:
  - GAC's sales data – we are looks for sales data related to how much of the accused product was sold in the United States broken down by month, product, and retailer. This information is sought on page 21 of the motion to compel.
  - For Crespo and Marrero each responded that they "will conduct good faith, reasonable search and will provide such responsive documents as are in her possession or control." We need a date certain for the production of these documents. Can you kindly provide the same?


I note that, while not yet due, we are still waiting on the corporate formation documents for GAC as requested in our latest set of document requests. We request that these additional documents be provided before Mr. Sheu's deposition.


As always, kindly let me know if you have any questions regarding the above.


Best,

Morgan



**Morgan T. Nickerson**
Partner
K&L Gates LLP
1 Congress Street

Boston, MA 02111
T-617.261.3134
F-617.261.3175
morgan.nickerson@klgates.com

www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Morgan.Nickerson@klgates.com. ⌐

# EXHIBIT G

 Gmail

**Vikram Amritraj <info@cohenip.com>**

## Depositions Next Week

Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>                     Mon, May 5, 2025 at 9:57 AM
To: Vikram Amritraj <info@cohenip.com>
Cc: "vamritraj@cohenip.com" <vamritraj@cohenip.com>, "Langan, Sally P." <Sally.Langan@klgates.com>, "McKelvey,
Bridget K." <Bridget.McKelvey@klgates.com>, "Timm, Zach T." <Zach.Timm@klgates.com>, Michael Cohen
<mcohen@cohenip.com>, Mario Goluza <admin@cohenip.com>, "Lefkowitz, Shaina M." <Shaina.Lefkowitz@klgates.com>

Thanks Vikram – I understand your client's position.


Best,

Morgan


**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Monday, May 05, 2025 12:57 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** vamritraj@cohenip.com; Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K.
<Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen
<mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Lefkowitz, Shaina M.
<Shaina.Lefkowitz@klgates.com>
**Subject:** Re: Depositions Next Week



Morgan, to again clear the record, I represented that we may file a counterclaim but have not yet made that determination.
The record is also clear that you never agreed to the stipulation for the purpose of tabling the motion to compel or
providing Global further time to review and produce documents. In the event the pending motion to dismiss is denied and
we see fit to file a counterclaim, it would make sense to reopen discovery at that time. However, as of now, there is no
reason for the stipulation as proposed. If Epson files a motion to continue the present discovery cutoff, we will oppose it.


Best,

Vikram


Get Outlook for iOS

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Monday, May 5, 2025 9:48:26 AM
**To:** Vikram Amritraj <info@cohenip.com>
**Cc:** vamritraj@cohenip.com <vamritraj@cohenip.com>; Langan, Sally P. <Sally.Langan@klgates.com>;
McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>; Michael
Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>; Lefkowitz, Shaina M.

<Shaina.Lefkowitz@klgates.com>
**Subject:** RE: Depositions Next Week


Hi Vikram,


I do not agree with your representations below.  To ensure that they record is clear, at last Thursday's hearing, I made clear that it would take three weeks to a month to review the documents.  This was in line with what you represented to the Court it would take you to review the same documents.   Thus, it was not possible to conduct the depositions in May.


Moreover, we discussed with the Court that the parties had agreed to extend the discovery (I will be ordering a transcript to confirm the same).  The Judge said that he had no dog in that fight and would leave our stipulation to consideration by Judge Slaughter.  Indeed, I believe the transcript from the prior hearing will make clear that you requested the extension given your intention to file a counterclaim against Epson.  I will let the transcripts speak for themselves.


Best regards,

Morgan


**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Monday, May 05, 2025 12:38 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** vamritraj@cohenip.com; Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** Re: Depositions Next Week


Morgan, as you are well aware from our discussion regarding last Thursday regarding this issue, we were happy to prepare a extension nearly a month ago (and offered one earlier this year during meet and confer efforts prior to a Epson's filing of the motion to compel) when it would have permitted Global to work through Epson's oppressive and overbroad discovery demands and for the parties to reach a reasonable agreement on document production. However, as Epson refused to be accommodating in any way, and instead filed their motion to compel and demanded immediate production of thousands of emails (including unrelated documents) to which we have fully complied, there is now no reason for such a stipulation.


Notwithstanding the fact that Epson has received multiple rounds of document production in 2024, and was apparently prepared to file the motion to compel in October 2024 prior to my firm coming aboard, since filing the motion to compel, you received further documents on April 16, 2025 (which you confirmed during the hearing on April 17, 2025 wouldn't take you very long to review), and received the entirety of the remaining documents on April 23, 2025. During the hearing on May 1, 2025 you represented it would take your team "3 weeks" to review everything. Even if that were accurate, 3 weeks from April 24 is May 7, which is a date you suggested and we confirmed in writing for the first deposition (Mr. Steinberg). There is no reason the remaining depositions couldn't have been scheduled accordingly based on the dates you provided and we agreed to prior to May 22.

Best,


Vikram


Get Outlook for iOS

---

**From:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Sent:** Monday, May 5, 2025 9:19:42 AM
**To:** Vikram Amritraj <info@cohenip.com>
**Cc:** vamritraj@cohenip.com <vamritraj@cohenip.com>; Langan, Sally P. <Sally.Langan@klgates.com>; McKelvey, Bridget K. <Bridget.McKelvey@klgates.com>; Timm, Zach T. <Zach.Timm@klgates.com>; Michael Cohen <mcohen@cohenip.com>; Mario Goluza <admin@cohenip.com>
**Subject:** RE: Depositions Next Week


Hi Vikram,


I am just confirming that you have now changed course and are no longer "happy to prepare a stipulation as suggested" as written below.


Best,

Morgan

---

**From:** Vikram Amritraj <info@cohenip.com>
**Sent:** Thursday, April 17, 2025 3:12 PM
**To:** Nickerson, Morgan T. <Morgan.Nickerson@klgates.com>
**Cc:** Lefkowitz, Shaina M. <Shaina.Lefkowitz@klgates.com>
**Subject:** Re: Depositions Next Week

---

Hey Morgan,


Thanks for the email. I think that's a good idea and I'm happy to prepare a stipulation as suggested. I'll call you in a few minutes to discuss particulars if that works for you.


Best,


On Thu, Apr 17, 2025 at 12:07 PM Nickerson, Morgan T. <Morgan.Nickerson@klgates.com> wrote:

Hi Vikram,

In alignment with what we just discussed with the Court, please take this as formal notice that the depositions next week are not going forward as scheduled and we will need to reschedule the same.

You made a good point regarding the pending motion to dismiss / potential counterclaim.  If you'd like to prepare a stipulation to extend the schedule and if its allowed by the Court, that would allow us to minimize travel burden on your client.  Feel free to circulate a proposal if you think that is a viable go forward plan.

Best,

Morgan



**Morgan T. Nickerson**
Partner
K&L Gates LLP
1 Congress Street

Boston, MA 02111
T-617.261.3134
F-617.261.3175
morgan.nickerson@klgates.com

www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Morgan.Nickerson@klgates.com.

# EXHIBIT H



Vikram Amritraj <info@cohenip.com>

---

## Epson v. GAC - Notice of Subpoena [KLG-USE_ACTIVE01.FID3504754]

**Lefkowitz, Shaina M.** <Shaina.Lefkowitz@klgates.com>　　　　　　　　　　Tue, Apr 8, 2025 at 9:18 AM
To: Michael Cohen <mcohen@cohenip.com>, "vamritraj@cohenip.com" <vamritraj@cohenip.com>, Mario Goluza <admin@cohenip.com>, "info@cohenip.com" <info@cohenip.com>
Cc: "Nickerson, Morgan T." <Morgan.Nickerson@klgates.com>, "Timm, Zach T." <Zach.Timm@klgates.com>

Counsel:

Attached please find Epson America Inc.'s notice pursuant to Fed. R. Civ. P. 45(a)(4), that it intends to serve the attached subpoenas commanding the production of documents.

Regards,

Shaina



**Shaina M. Lefkowitz**
K&L Gates LLP
1 Congress Street
Suite 2900
Boston, MA 02114-2023
Phone: (617) 951-9105
Fax: (617) 261-3175
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Shaina.Lefkowitz@klgates.com.

---

**2 attachments**



📄 **2025.04.08 - Epson v. GAC - Notice of Subpoena Duces Tecum Narda Crespo(322995787.2).pdf**
　　534K

📄 **2025.04.08 - Epson v. GAC - Notice of Subpoena Duces Tecum Sonia Marrero(322995785.2).pdf**
　　533K

# EXHIBIT I



**Vikram Amritraj <info@cohenip.com>**

---

# Epson v. Global; Responses and Objections to Subpoenas
1 message

---

**Vikram Amritraj** <vamritraj@cohenip.com>          Thu, Apr 17, 2025 at 6:56 PM
Reply-To: vamritraj@cohenip.com
To: "Nickerson, Morgan T." <Morgan.Nickerson@klgates.com>, "Timm, Zach T." <Zach.Timm@klgates.com>
Cc: Michael Cohen <mcohen@cohenip.com>, Mario Goluza <admin@cohenip.com>

Counsels, as I previously informed you, I was able to confirm my firm's representation of Ms. Crespo and Ms. Marerro in responding to the subpoenas. Please see the attached responses and objections on behalf of Global, and each of the non-parties Ms. Crespo and Ms. Marrero.

Best,

**Vikram Amritraj, Esq.**
Cohen IP Law Group, PC
vamritraj@cohenip.com



9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Tel 310.288.4500 | Fax 310.246.9980 | cohenip.com

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

---

**4 attachments**

**2025-04-17 GAI Objections to Crespo SDT.pdf**
158K

**2025-04-17 Marrero Responses and Objections to Epson SDT.pdf**
163K

**2025-04-17 Crespo Responses and Objections to Epson SDT.pdf**
163K

**2025-04-17 GAI Objections to Marrero SDT.pdf**
156K