**NOTE: CHANGES MADE BY COURT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPSON AMERICA, INC, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL AIPTEK INC. d/b/a GAC TECHNOLOGY GROUP, <br><br> Defendant. | Case No. 8:23-cv-00222-FWS-DFM <br><br> **ORDER RE PLAINTIFF EPSON AMERICA, INC.'S *EX PARTE* APPLICATION AND REQUEST FOR ORDER MODIFYING THE SCHEDULING ORDER [115]** |

///
///
///

   The court has reviewed and considered Plaintiff Epson America, Inc.'s *Ex Parte* Application and Request for Order Modifying the Scheduling Order, (Dkt. 115 ("Application")), filed by Plaintiff Epson America, Inc. ("Plaintiff") on May 12, 2025. The court has also reviewed and considered Defendant Global Aiptek Inc.'s Opposition to Plaintiff Epson America, Inc.'s *Ex Parte* Application and Request for Order Modifying the Scheduling Order (Dkt. 116 ("Opposition")), filed by Defendant Global Aiptek Inc. ("Defendant") on May 13, 2025.

   In addition, the court has reviewed the files and records of the case, including the Joint Rule 26(f) Report, (Dkt. 18), and the October 31, 2024, Operative Scheduling Order, (Dkt. 70 ("Scheduling Order")), and the applicable law, including *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995), *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203 (C.D. Cal 2013), *In re Intermagnetics Am., Inc.*, 101 B.R. 191 (C.D. Cal. 1989), Fed. R. Civ. P. 16(b)(4), *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002), and *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716 (9th Cir. 2013).

   Based on the state of the record, as applied to the applicable law, the court finds Plaintiff has made a sufficient showing in the Application, both as to satisfying the *ex parte* standard and on the merits. Accordingly, the Application is **GRANTED IN SUBSTANTIAL PART**, and the court **MODIFIES** the Scheduling Order to read as follows (with changes indicated by italics):[1]

---

[1] This Order is now the Operative Scheduling Order in this case. Given the record, including the court's Order Setting Rule 26(f) Scheduling Conference and attached Worksheet, (Dkt. 17), the previous requests for continuances granted in the case, and the Parties' Joint 26(f) Report, (Dkt. 18), the court again is disinclined to grant additional continuances of the trial date and accompanying dates, absent a strong showing. This strong showing, if any, shall comply with the applicable law, including Fed. R. Civ. P. 16(b)(4), *Johnson*, 975 F.2d at 609 (stating "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment," "the focus of the inquiry is upon the moving party's reasons for seeking

(Footnote Cont'd on Following Page)

| EVENT | DATE |
|---|---|
| Check one: [x] Jury Trial or [ ] Bench Trial **Tuesday at 8:00 a.m.** | **First Day:** *4/28/2026* |
| Parties' Estimated Trial Length | **4 days** |
| Final Pretrial Conference & Hearing on Motions in Limine **Thursday at 8:30 a.m.** | *3/5/2026* |
| Last Date to Hear Motion to Amend Pleadings /Add Parties | *6/29/2023* |
| Non-Expert Discovery Cut-Off | *8/1/2025* |
| Expert Disclosure (Initial) | *9/11/2025* |
| Expert Disclosure (Rebuttal) | *9/25/2025* |
| Expert Discovery Cut-Off | *10/9/2025* |
| Last Date to **Hear** Motions **Thursday at 10:00 a.m.** <br>• Motion for Summary Judgment due at least 6 weeks before hearing <br>• All other motions due at least 4 weeks before hearing <br>• Opposition due 2 weeks after Motion is filed <br>• Reply due 1 week after Opposition is filed | *12/4/2025* |

modification," and "[i]f that party was not diligent, the inquiry should end"), and *Zivkovic*, 302 F.3d at 1087 (stating "[t]he pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension," and "[i]f the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted") (citations and internal quotation marks omitted).  The Parties should plan accordingly.  Also, to the extent this Order does not encompass a request made in the Stipulation, the court, based on the state of the record, as applied to the applicable law, and within its discretion, has denied and/or modified that request.  *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar.").

3

| | | |
|---|---|---|
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>[ ] 1. Magistrate Judge (with Court approval)<br>[ ] 2. Court's Mediation Panel<br>[x] 3. Private Mediation | | ***12/18/2025*** |
| **Trial Filings (first round)**<br>• Motions in Limine with Proposed Orders<br>• *Daubert* Motions with Proposed Orders[2]<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only)<br>• Affirmative Deposition Designation(s) | | ***1/8/2026*** |
| **Trial Filings (second round)**<br>• Oppositions to Motions in Limine<br>• Oppositions to *Daubert* Motions[3]<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only)<br>• Objections and Counter Deposition Designation(s) | | ***1/15/2026*** |

---

[2] *Daubert* motions and oppositions to *Daubert* motions shall not exceed ten (10) pages in length.
[3] Pursuant to this court's order on pretrial and trial procedures, the parties shall not file replies to the motions in limine. (*See* Dkt. 20 at 4 ("Unless the court determines otherwise, counsel shall not file any replies.").) In addition, unless the court determines otherwise, the parties shall not file replies to any *Daubert* motions.

| | |
|---|---|
| • Objections to Counter Designation(s) and Counter-Counter Deposition Designation(s) | *1/22/2026* |

**IT IS SO ORDERED**.

Dated: May 15, 2025

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE

CC: ADR