UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-00222-FWS-DFM                        Date: June 2, 2025
Title: Epson America, Inc. v. Global Aiptek Inc. *et al*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

Not Present                                         Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [96]**

In this case, Plaintiff Epson America, Inc. ("Epson") alleges claims against Defendants Global Aiptek Inc. ("Global") and GAC Technology Group ("GAC") (together, "Defendants") arising out of Defendants' allegedly deceptive advertising of their digital projectors. (*See generally* Dkt. 61 ("Second Amended Complaint" or "SAC").)

Before the court is Global's Motion to Dismiss the Second Amended Complaint. (Dkt. 96 ("Motion" or "Mot.").) Global's Motion is supported by a declaration from Global's counsel, Michael N. Cohen. (Dkt. 96-1 ("Cohen Declaration" or "Cohen Decl.").) Epson opposes the Motion. (Dkt. 118 ("Opposition" or "Opp.").) Global did not file a reply in support of the Motion. *See* C.D. Cal. L.R. 7-10 (stating that replies must be filed 14 days before the noticed hearing, here May 29, 2025). The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for June 12, 2025, (Dkt. 96), is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the Motion is **DENIED.**

Epson contends that Global's motion should be denied because it failed to comply with Central District of California Local Rule 7-3. (Opp. at 1.) That rule provides that "counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00222-FWS-DFM   Date: June 2, 2025
Title: Epson America, Inc. v. Global Aiptek Inc. *et al*

contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. Then, "[i]f the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement" indicating compliance with the rule and the date of the required conference. *Id.*

In the Motion, Global represented that Global's "counsel met and conferred with [Epson's] counsel under Local Rule 7-3 on October 29, 2024." (Mot. at i.) However, October 29, 2024, was 149 days before Global filed the Motion, when the First Amended Complaint was the operative pleading. (*See* Opp. at 1; *see generally* Dkt.) Moreover, this meeting took place before Global's current counsel filed his appearance with the court. (Cohen Decl. at 1 ("On December 17, 2024, Dkt. 74, current counsel, Michael N. Cohen, filed his Notice of Appearance.").) Global did not file a reply brief, and has not addressed their apparent failure to comply with Local Rule 7-3. (*See generally* Dkt.)

The court finds that declining to consider Global's motion under the circumstances presented here is the appropriate remedy. When a party fails to comply with Local Rule 7-3, "[t]he Court may decline to consider [the] motion." C.D. Cal. L.R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). "Compliance with the Local Rules is not optional." *Cerelux Ltd. v. Yue Shao*, 2017 WL 4769459, at *1 (C.D. Cal. June 9, 2017). In particular, Local Rule 7-3 is not "just a piece of petty pedantry put down to trip up lawyers" or "mere formalism simply there" for lawyers to "check[] off." *Lopez v. Wells Fargo Bank, N.A.*, 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016). Rather, it serves important functions to help "secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (quoting Fed. R. Civ. P. 1); *Communities v. Centerline Hous. P'ship I, L.P.*, 2022 WL 17224665, at *2 (C.D. Cal. Aug. 9, 2022) ("The purpose of Rule 7-3 is not merely to provide notice of a pending motion, but to encourage parties to discuss their respective positions and identify any common ground. This is an essential step to conserve limited judicial resources."); *Cerelux*, 2017 WL 4769459, at *1 ("The meet-and-confer requirement of Local Rule 7-3 assists in promoting the resolution of disputes without requiring the intervention of the Court. It also serves the important purpose of

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-00222-FWS-DFM | Date: June 2, 2025 |
| Title: Epson America, Inc. v. Global Aiptek Inc. *et al* | |

providing the opposing party sufficient notice as to the contents of a proposed motion and an opportunity to negotiate on the hearing date.  This allows for the preparation of an adequate response given the otherwise short briefing schedule for motions provided for by the Local Rules."); *R.H. v. Cnty. of San Bernardino*, 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25, 2019) (cleaned up) ("The purpose of Local Rule 7-3 is to help parties reach a resolution and eliminate the necessity for a hearing, which in turn promotes judicial economy and the administration of justice.").

 Indeed, a timely meet and confer could have been particularly helpful in this case.  The complaint has been substantively amended since the parties previously met and conferred.  Moreover, Global previously filed a motion to dismiss which this court denied as moot partly because Global purported to quote from the Second Amended Complaint but "some of those quotations and references do not appear in the Second Amended Complaint at all, or do not appear at the cited locations."  (Dkt. 91 at 1.)  Epson informs the court that "this issue has not been completely addressed in" the Motion.  (Opp. at 1 n.2.)  For the reasons described above, the Motion is **DENIED.**  The court **ORDERS** Defendants to file an answer to the Second Amended Complaint on or before **June 20, 2025**.

_____