Michael N. Cohen (SBN 225348)
mcohen@cohenip.com
Vikram Amritraj (SBN 321584)
vamritraj@cohenip.com
COHEN IP LAW GROUP P.C.
9025 Wilshire Blvd., Suite 301
Los Angeles, California 90049
Tel: (310) 288-4500
Fax: (310) 246-9980

Attorneys for Defendant
Global Aiptek Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

EPSON AMERICA, INC.,
Plaintiff,

vs.

GLOBAL AIPTEK INC.; and GAC TECHNOLOGY GROUP,

Defendant.

Case No.: 8:23-cv-00222-FWS-DFM

Hon. Fred W. Slaughter

**DEFENDANT GLOBAL AIPTEK INC.'S ANSWER AND AFFIRMATIVE DEFENSES SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Defendant Global Aiptek Inc. ("GAC" or "Defendant"), in response to Plaintiff Epson American, Inc.'s ("Epson" or Plaintiff") Second Amended Complaint ("Complaint"), alleges, denies, and avers as follows:

## NATURE OF THIS ACTION

1. GAC admits that Epson purports to plead a false advertising and Section 17200 claim, but GAC denies the remaining allegations of Paragraph 1.

## JURISDICTION AND VENUE

2. GAC admits that the Court has subject matter jurisdiction based on the pleaded cause of action.

3. GAC denies that is subject to personal jurisdiction in this forum and denies the remaining allegations of Paragraph 3.

4. GAC denies the allegations of Paragraph 4.

## THE PARTIES

5. GAC admits that Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 and, therefore, denies the same.

6. GAC admits that allegations of Paragraph 6.

7. GAC admits that Epson seeks redress for alleged conduct but denies the remaining allegations of Paragraph 7.

## PLEADED FACTS

### A. Portable Consumer Projectors

8. GAC lacks knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 8 and, therefore, denies the same.

9. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 and, therefore, denies the same.

10. GAC admits the allegations set forth in Paragraph 10.

11. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and, therefore, denies the same.

12. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and, therefore, denies the same

13. GAC admits that projector light output may be measured and described in lumens amongst others, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 and, therefore, denies the same.

14. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and, therefore, denies the same.

**B. Epson Projectors**

15. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 and, therefore, denies the same.

16. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and, therefore, denies the same.

17. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and, therefore, denies the same.

**C. Epson's Allegations Against GAC's projectors**

18. GAC denies the allegations that GAC is a "direct competitor of Epson," but admits the remaining allegations of Paragraph 18.

19. GAC admits the allegations set forth in Paragraph 19.

20. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 and, therefore, denies the same.

21. GAC admits the allegations set forth in Paragraph 21.

22. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 and, therefore, denies the same.

23. GAC admits the allegations set forth in Paragraph 23.

24. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 and, therefore, denies the same.

25. GAC admits the allegations set forth in Paragraph 25.

26. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 regarding "various marketplaces" and, therefore, denies the same.

27. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 regarding "various marketplaces" and, therefore, denies the same.

28. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 regarding "prominently displayed" and, therefore, denies the same.

29. GAC denies the allegations set forth in Paragraph 29.

30. Paragraph 30 is unintelligible, and to the extent to requires a response, GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 and, therefore, denies the same.

31. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 regarding "touts the brightness" and, therefore, denies the same.

32. GAC denies the allegations set forth in Paragraph 32.

33. Paragraph 33 is unintelligible, and to the extent to requires a response, GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 and, therefore, denies the same.

34. Paragraph 34 is unintelligible, and to the extent to requires a response, GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 and, therefore, denies the same.

35. GAC denies the allegations set forth in Paragraph 35.

36. GAC denies the allegations set forth in Paragraph 36.

37. GAC denies the allegations set forth in Paragraph 37.

38. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 and, therefore, denies the same.

39. GAC denies the allegations set forth in Paragraph 39.

40. GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 regarding "online advertisements" and, therefore, denies the same.

41. GAC denies the allegations set forth in Paragraph 41.

42. GAC denies the allegations set forth in Paragraph 42.

43. GAC denies the allegations set forth in Paragraph 43.

44. GAC denies it "falsely touts" its projectors are manufactured by HP, as to the remaining allegations, GAC lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 regarding "the projectors" and, therefore, denies the same.

45. GAC denies the allegations set forth in Paragraph 45.

46. GAC denies the allegations set forth in Paragraph 46.

47. GAC denies the allegations set forth in Paragraph 47.

48. GAC denies the allegations set forth in Paragraph 48.

49. GAC denies the allegations set forth in Paragraph 49.

50. GAC denies the allegations set forth in Paragraph 50.

51. GAC denies the allegations set forth in Paragraph 51.

52. GAC denies the allegations set forth in Paragraph 52.

53. GAC denies the allegations set forth in Paragraph 53.

**COUNT 1**

**False Advertising / Unfair Competition – Lanham Act**

54. GAC repeats and incorporates by reference herein his responses to Paragraphs 1 through 53.

55. GAC denies the allegations set forth in Paragraph 55.

56. GAC denies the allegations set forth in Paragraph 56.

57. GAC denies the allegations set forth in Paragraph 57.

58. GAC denies the allegations set forth in Paragraph 58.

59. GAC denies the allegations set forth in Paragraph 59.

60. GAC denies the allegations set forth in Paragraph 60.

61. GAC denies the allegations set forth in Paragraph 61.

62. GAC denies the allegations set forth in Paragraph 62.

**COUNT II**

**Violation of Business and Professions Code §§ 17200 et seq.**

63. GAC repeats and incorporates by reference herein his responses to Paragraphs 1 through 62.

64. GAC denies the allegations of Paragraph 64 to the extent that they contain opinions and legal conclusions rather than factual assertions, and, therefore, require no response. To the extent a response is required, GAC lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph

64 and, therefore, denies the same.

65. GAC denies the allegations set forth in Paragraph 65.

66. GAC denies the allegations set forth in Paragraph 66.

67. GAC denies the allegations set forth in Paragraph 67.

68. GAC denies the allegations set forth in Paragraph 68.

69. GAC denies the allegations set forth in Paragraph 69.

## PRAYER FOR RELIEF

A. In answering paragraph A, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiffs have incurred and of the damages alleged. Thus, the Plaintiffs are not entitled to the relief requested.

B. In answering paragraph B, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiffs have incurred and of the damages alleged. Thus, the Plaintiffs are not entitled to the relief requested.

C. In answering paragraph C, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiffs have incurred and of the damages alleged. Thus, the Plaintiffs are not entitled to the relief requested.

D. In answering paragraph D, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiffs have incurred and of the damages alleged. Thus, the Plaintiffs are not entitled to the relief requested.

E. In answering paragraph E, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiffs have incurred and of the damages alleged. Thus, the Plaintiffs are not entitled to the relief requested.

F. In answering paragraph F, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiffs have incurred and of the damages alleged. Thus, the Plaintiffs are not entitled to the relief requested.

G. In answering paragraph G, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiffs have incurred and of the damages alleged. Thus, the Plaintiffs are not entitled to the relief requested.

H. In answering paragraph H, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiffs have incurred and of the damages alleged. Thus, the Plaintiffs are not entitled to the relief requested.

I. In answering paragraph I, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiffs have incurred and of the damages alleged. Thus, the Plaintiffs are not entitled to the relief requested.

J. In answering paragraph J, Defendants deny that they have committed any of the wrongful acts alleged and deny that Plaintiffs have incurred and of the damages alleged. Thus, the Plaintiffs are not entitled to the relief requested.

## AFFIRMATIVE DEFENSES

By asserting the following Affirmative Defenses, GAC does not alter Epson's burden of proof. There may be defenses to Epson's causes of action that are currently unknown to GAC. GAC therefore reserves the right to amend this Answer to allege additional defenses should discovery indicate that they are appropriate. However, GAC alleges, upon current information and belief, the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

GAC alleges that the Complaint, and each of its purported causes of action, fails to state facts sufficient to constitute a cause of action against GAC.

SECOND AFFIRMATIVE DEFENSE

(Truth)

GAC alleges that the claims asserted and remedies sought by Epson are barred because GAC's representations are true and the measurements were properly tested by GAC and the projector industry has adopted Laser Lumen and LED Lumen as acceptable measurements. Attached hereto as **Exhibit A** is a white paper published by ViewSonic, Epson's competitor, detailing the measurements of projectors in both ANSI Lumens and LED Lumens.

THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

Epson does not manufacture LED projectors, instead manufacturing incandescent bulb projectors which bulbs have a substantially shorter life span than LED bulbs. Thus, to unfairly compete with LED projector manufacturers such as GAC, Epson has filed numerous lawsuits against smaller manufacturers to silence LED projector manufacturers from publishing LED brightness projector specifications. ViewSonic advertises its projectors using LED Lumens measurements and, on information and belief, because ViewSonic is a larger and evenly matched company, Epson has not filed any claims against ViewSonic. Attached hereto as **Exhibit B** is a true and correct printout of ViewSonic's X1-4K projector listing its brightness as "2900 (LED Lumen)." Thus, Epson should be precluded from any recovery.

FOURTH AFFIRMATIVE DEFENSE

(Lack of Personal Jurisdiction)

GAC alleges that the Court does not have personal jurisdiction over GAC.

FIFTH AFFIRMATIVE DEFENSE

(Good Faith)

GAC's representations regarding the brightness of its LED and laser projectors were based on good faith reliance on test results.

SIXTH AFFIRMATIVE DEFENSE

(Laches)

GAC alleges that Epson's claims for relief should be denied under the equitable doctrine of laches because Epson has been aware of GAC's products and advertisements for years and has unnecessarily delayed suit to GAC's detriment.

SEVENTH AFFIRMATIVE DEFENSE

(First Amendment)

The Complaint and the alleged causes of action in it are barred, in whole or in part, because it interferes with GAC's right of free speech, in violation of the First Amendment to the United States Constitution.

EIGHTH AFFIRMATIVE DEFENSE

(Adequate Remedy At Law)

GAC alleges that Epson's monetary damages, if any, is readily ascertainable and Epson is not entitled to any equitable relief.

NINTH AFFIRMATIVE DEFENSE

(Balance Of Equities)

GAC alleges that the balance of equities tips in GAC's favor and against Epson, thereby barring injunctive relief and disgorgement.

TENTH AFFIRMATIVE DEFENSE

(Causation)

GAC alleges that the Epson cannot show that GAC's conduct caused any harm to Epson for which it seeks redress.

ELEVENTH AFFIRMATIVE DEFENSE

(No Irreparable Harm)

GAC alleges that the claims in the Complaint fail to establish that Epson has suffered irreparable harm.

TWELFTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiff's Second Amended Complaint, and each purported cause of action and/or form of recovery therein, is barred to the extent that Plaintiff lacks standing to assert any of the causes of action and/or form of recovery contained in the Second Amended Complaint because Plaintiff has not suffered any injury-in-fact or for which Plaintiff does not have a private right of action.

THIRTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

By virtue of its conduct, Plaintiff must be estopped from asserting any of the causes of action in the Second Amended Complaint against Defendant.

FOURTEENTH AFFIRMATIVE DEFENSE

(Offset)

Defendant alleges that it has suffered damages by reason of Plaintiff's conduct, and Defendant has a right to offset its damages against the damages, if any, of Plaintiff.

FIFTEENTH AFFIRMATIVE DEFENSE

(Speculative Damages and/or Penalties)

Plaintiff is precluded from recovering the damages alleged in the Second Amended Complaint because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, uncertain, and speculative to permit recovery.

SIXTEENTH AFFIRMATIVE DEFENSE

(Mistake of Fact)

Defendant's alleged acts were predicated upon a genuine mistake of fact.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Assert Additional Defense)

GAC alleges that it has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. GAC further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to declare affirmative defenses that it determines are not applicable during the course of subsequent discovery.

**PRAYER FOR RELIEF**

WHEREFORE, GAC prays for judgment against Plaintiff as follows:

A. The dismissal of Plaintiff's Complaint against GAC, in its entirety, and with prejudice;

B. An award to GAC of its reasonable attorneys' fees and costs incurred in connection with this action; and

C.    Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 20, 2025         **COHEN IP LAW GROUP PC**

By:   */s/ Michael N. Cohen*
Michael N. Cohen
Vikram Amritraj

*Attorneys for Defendant*
*GLOBAL AIPTEK INC*

**DEMAND FOR JURY TRIAL**

Defendant Global Aiptek, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  June 20, 2025  **COHEN IP LAW GROUP PC**

By:   */s/ Michael N. Cohen*
Michael N. Cohen
Vikram Amritraj

*Attorneys for Defendant*
*GLOBAL AIPTEK INC*